| | |
|---|---|
| John Morrison | Morris Dees* |
| Robert Farris-Olsen | J. Richard Cohen* |
| MORRISON, SHERWOOD, | David C. Dinielli* |
| WILSON, & DEOLA, PLLP | SOUTHERN POVERTY LAW CENTER |
| 401 N. Last Chance Gulch St. | 400 Washington Avenue |
| Helena, MT 59601 | Montgomery, AL 36104 |
| ph. (406) 442-3261 | ph. (334) 956-8200 |
| fax (406) 443-7294 | fax (334) 956-8481 |
| john@mswdlaw.com | morris.dees@splcenter.org |
| rfolsen@mswdlaw.com | richard.cohen@splcenter.org |
| *Attorneys for Plaintiff Tanya Gersh* | david.dinielli@splcenter.org |
| | *Attorneys for Plaintiff Tanya Gersh* |
| | *Admitted Pro Hac Vice |

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | |
| | Case No.:  9:17-cv-00050-DLC-JCL |
| Plaintiff, | |
| | |
| vs. | |
| | |
| ANDREW ANGLIN, publisher of the *Daily Stormer*, | |
| | |
| Defendant. | MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE AND TO VACATE ORDER SETTING PRELIMINARY PRETRIAL CONFERENCE |

## I. Introduction

Plaintiff Tanya Gersh submits this update regarding her efforts to effect service on Defendant Andrew Anglin since filing her Complaint on April 18, 2017. Plaintiff has been unable to serve Mr. Anglin as of the date of this filing, despite

(1) the diligent efforts outlined below; (2) Mr. Anglin's public pronouncements that he has retained counsel; (3) and counsel's confirmation to the press of his retention.

Because of this delay, and because of the additional time required to conduct service by publication in Ohio (the location of several residential and business addresses associated with Mr. Anglin), Plaintiff moves pursuant to Fed. R. Civ. P. 4(m) for additional time to effect service. The ninety-day deadline for filing proof of service otherwise would run on July 17, 2017.

Plaintiff additionally asks that the Order issued April 18, 2017 (Docket No. 6), which sets a Preliminary Pretrial Conference for August 1, 2017 and imposes a series of deadlines including a July 11, 2017 deadline to complete the early meeting of counsel pursuant to Fed. R. Civ. P. 26(f), be vacated. Plaintiff suggests that a new order issue once service is effected and/or counsel for Mr. Anglin enters an appearance.

## II.  Plaintiff's Unsuccessful Efforts To Serve Mr. Anglin

Plaintiff began her attempts to serve Mr. Anglin immediately upon filing her Complaint. These efforts are detailed in the "Declaration Regarding Service," attached hereto as Exhibit A.[1]

---

[1] This Declaration appears with a case caption for the Franklin County, Ohio, Court of Common Pleas. The Clerk of that court has opened a miscellaneous administrative matter in connection

In short, Plaintiff utilized public records to identify four addresses in Franklin County, Ohio to which Mr. Anglin appears to have a connection. One appears to be a residential address; two are addresses used to register an LLC associated with Mr. Anglin's publication, *The Daily Stormer*; and the fourth is an address Mr. Anglin recently used to register to vote. *See* Ex. A at ¶ 9 (listing addresses and the bases for Plaintiff's belief that Mr. Anglin might be found at each of those addresses).

Plaintiff retained an Ohio registered process server, who made multiple attempts to serve Mr. Anglin at each of these addresses, pursuant to Fed. R. Civ. P. 4(e)(2), beginning the day Plaintiff filed the Complaint. None of these efforts was successful. *See* Ex. B (process server declarations).

The Federal Rules provide that, as an alternative to personal service, plaintiffs may effect service on a defendant within the United States by "following state law for serving a summons." *See* Fed. R. Civ. P. 4(e)(1). Ohio law provides that service may be effected by certified mail sent by a court clerk. *See* Ohio R. Civ. P. 4.1(A)(1)(a). Accordingly, Plaintiff asked the Clerk for the Franklin County, Ohio, Court of Common Pleas to send the Summons and Complaint by certified mail to each of the addresses associated with Mr. Anglin. The Clerk did

---

with Plaintiff's efforts to effect service in Ohio, and this declaration has been prepared in connection with a request to that court to effect service by publication.

so on May 19, 2017. Each of these mailings was returned as undeliverable and unclaimed. *See* Ex. A at ¶ 10.

Ohio law provides that if the certified mailings are returned, then the clerk will send the summons and complaint by regular mail upon written request. *See* Ohio R. Civ. P. 4.6(D). Plaintiff requested that the Clerk do so on June 27, 2017 and is awaiting the Clerk's response. *See* Ex. A at ¶ 11.

Meanwhile, Mr. Anglin and others have published countless articles and comments on *The Daily Stormer* reacting to the lawsuit and third-party efforts to raise funds to help Mr. Anglin defend himself. *See, e.g.*, Ex. C ("SPLC is Suing Anglin! Donate Now to STOP THESE KIKES") (April 27, 2017).

On June 10, 2017, Mr. Anglin announced via an article posted on *The Daily Stormer* that he had hired counsel. *See* Ex. D ("Andrew Anglin has Retained America's #1 First Amendment Lawyer to Represent Him Against SPLC") (June 10, 2017). Mr. Anglin's announcement quoted an Associated Press story from the day before, reporting that an attorney named Marc Randazza had confirmed he had been retained to defend Mr. Anglin in this lawsuit. *See id.*; *see also* Ex. E ("First Amendment lawyer defending neo-Nazi website publisher") (June 9, 2017) (AP report quoting Marc Randazza's confirmation of his retention).

Counsel for Plaintiff reached out to Mr. Randazza soon after these public announcements to see if Mr. Randazza was authorized to accept service. Twice,

Plaintiff's counsel called Mr. Randazza's law firm's Las Vegas office. Both times, the person who answered agreed to ask Mr. Randazza if he was authorized to accept service. Plaintiff's counsel followed up with two emails to the firm's general contact email address with the same message for Mr. Randazza. *See* Ex. F.[2] As of the date of this filing Plaintiff has not received any response from Mr. Randazza or anyone else at his law firm.

### III.   Additional Time Is Required To Effect Service by Publication

The Federal Rules of Civil Procedure require the Court to dismiss without prejudice a complaint that is not served within ninety days of filing. *See* Fed. R. Civ. P. 4(m). Plaintiff filed her Complaint on April 18, 2017, making July 17, 2017 the ninety-day deadline. This same rule, however, provides that the Court "must" extend this deadline for an appropriate period "if the plaintiff shows good cause for the failure." *See id*.

There is good cause here. Plaintiff resumed her efforts to effect service on Mr. Anglin utilizing Ohio procedures as soon as it became clear that efforts to contact Mr. Randazza had failed. As noted, Plaintiff asked the Ohio Court Clerk to send the summons and complaint by regular mail on June 27, 2017. Under Ohio

---

[2] These emails notified Mr. Randazza that if he did not respond with a confirmation that he could accept service, Plaintiff would resume her efforts to effect service of process on Mr. Anglin, and would reserve the right to seek fees and costs for doing so.

law, the next step will be service by publication, to be initiated by the Ohio Court Clerk upon request.

Even assuming the Clerk promptly publishes a legal notice, however, it will be impossible for Plaintiff to file a proof of service by the current deadline of July 17, 2017. This is because Ohio law requires that such notices be published for at least six successive weeks, *see* Ohio R. Civ. P. 4.4(A)(1), pushing us well beyond the current July 17, 2017 deadline for filing a proof of service.

Plaintiff therefore requests, pursuant to Fed. R. Civ. P. 4(m), that the July 17, 2017 deadline for filing a proof of service be extended by 60 days, to September 15, 2017.

### IV. The Court Should Vacate the Current Order Setting a Preliminary Pretrial Conference and Issue a Revised Order When Mr. Anglin Is Served or Appears

Plaintiff asks for similar reasons that the Order issued on April 18, 2017 (Docket No. 6) be vacated, and that a Revised Order setting a new date for the Preliminary Pretrial Conference be issued once service is effected and/or counsel for Mr. Anglin appears.

This Court's April 18 Order sets a Preliminary Pretrial Conference for August 1, 2017, and also imposes deadlines in advance of that conference, including a July 11, 2017 deadline to conduct a Rule 26(f) conference, and a July

25, 2017 for the filing of a discovery plan, a preliminary pretrial statement, and a statement of stipulated facts pursuant to L.R. 16.2(b).

Because it is impossible to complete service by publication until sometime in August at the earliest, and because it seems unlikely that counsel for Mr. Anglin will enter an appearance in the near future, these various dates are unworkable. Plaintiff suggests that the Court issue a Revised Order after service by publication is complete. Plaintiff will promptly notify the Court and provide proof of service at that time. If counsel for Mr. Anglin enters an appearance, however, the Court could immediately issue a Revised Order setting an accelerated schedule for the Preliminary Pretrial Conference and related obligations.

## V.   Conclusion

Despite diligence, Plaintiff has not yet effected service of the Summons and Complaint. Plaintiff therefore requests a sixty-day extension, until September 15, 2017, to do so. Plaintiff also requests that the Court's April 18 Order be vacated, with a Revised Order to issue upon the completion of service and/or the appearance of counsel for Mr. Anglin.

DATED July 7, 2017.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff


/s/ John Morrison
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing document was sent via U.S. mail to the following:

Andrew Anglin
6827 N High Street, Suite 121
Worthington, OH 43085

on this July 7, 2017.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff