John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW ANGLIN, publisher of the *Daily Stormer*,<br><br>Defendant. | Case No.: 9:17-cv-00050-DLC-JCL<br><br>**SECOND MOTION FOR EXTENSION OF TIME TO EFFECT SERVICE AND TO VACATE ORDER SETTING PRELIMINARY PRETRIAL CONFERENCE** |

### I. Introduction

Plaintiff Tanya Gersh submits this update regarding her efforts to effect service on Defendant Andrew Anglin in the time since the Court granted her Motion for Extension of Time To Effect Service on July 10, 2017, thereby extending the date until September 15, 2017.

Since the prior extension, Plaintiff has worked diligently to comply with the steps necessary to effect service under Ohio law, including working with the Clerk for the Franklin County, Ohio, Court of Common Pleas to effect service by publication. As of this filing, the Clerk has now placed a legal notice of this action in a newspaper of general circulation in Franklin County, Ohio, where Defendant's last known address is located. That notice will run for six consecutive weeks, at which point service will be deemed complete pursuant to Ohio law.

Plaintiff therefore requests a further extension, until October 27, 2017, to file a proof of service confirming the completion of publication, as well as all other steps necessary to effect service under Ohio law. Plaintiff further requests that the scheduling order entered at the time this Court granted the prior extension be vacated, and that a new scheduling order be entered based on the expectation that Plaintiff will file a proof of service on October 27, 2017.

## II.  Efforts To Complete Service

Plaintiff previously demonstrated to the Court the efforts undertaken to effect service within the original 90-day deadline imposed by Fed. R. Civ. P. 4(m). *See generally* Motion for Extension of Time To Effect Service and To Vacate Order Setting Preliminary Pretrial Conference (Doc. No. 13).

In that motion, Plaintiff explained that Fed. R. Civ. P. 4(e) directs plaintiffs to comply with state law regarding service of process for the state in which the

defendant resides. *See* Doc. No. 13 at 3. Plaintiffs further indicated that the next step required under Ohio law would be to direct the Clerk of the Franklin County Clerk of Common Pleas to place a legal notice in an appropriate publication, to run for six consecutive weeks. *See id.* at 6.

At the time the first motion for an extension was filed, Plaintiff anticipated that publication would be made in short order, and that the six-week consecutive publication period would be complete by September 15, 2017. In fact, the process took much longer than anticipated.

Plaintiff's counsel contacted the Clerk for the Franklin County, Ohio, Court of Common Pleas with a request to initiate service by publication on July 25, 2017. The initial request was administratively returned to Plaintiff's counsel on August 7, 2017, with instructions to e-file. Plaintiff's counsel is not able to utilize the electronic services of the Franklin County, Ohio, court system, however. On August 8, 2017, Plaintiff's counsel reached out to the General Division Manager of the Clerk's office, who was assisting Plaintiff's counsel with the service process since the Spring, and has since continued to work with the Clerk's office to finalize publication of the legal notice. *See* Declaration of David C. Dinielli ¶¶ 5–12.

We now have been notified that legal notice has been placed in *The Daily Reporter* in Franklin County, Ohio. *See* Dinielli Decl. ¶¶ 3–4, 14. Under Ohio law, and therefore also pursuant to Fed. R. Civ. P. 4(e), service will be deemed effective

at the conclusion of six consecutive weeks of publication. *See* Ohio R. Civ. P. 4.4; Fed. R. Civ. P. 4(e). Plaintiff intends to confirm that publication was made as expected, and file a proof of service in this Court by October 27, 2017.

## III.   Efforts To Contact Counsel for Mr. Anglin

We noted in our prior extension request that Plaintiff's counsel had made several efforts to contact Marc Randazza, Esq., who Mr. Anglin announced had been retained for the defense of this lawsuit and who had at that time confirmed his representation of Mr. Anglin to the press. *See* Doc. No. 13 at 4–5; *see also* Doc. No. 13-5, Ex. E ("First Amendment lawyer defending neo-Nazi website publisher") (June 9, 2017) (AP report quoting Marc Randazza's confirmation of his retention).

As of this filing, however, neither Mr. Randazza nor anyone from his firm has responded to telephone messages or emails or made any contact with or communicated with Plaintiff's counsel in any way,[1] nor has he or any other attorney entered an appearance on Mr. Anglin's behalf in this matter. *See* Dinielli Decl. ¶¶ 15–18.

Mr. Randazza continues to hold himself out publicly as counsel for Mr. Anglin in this matter, however. He recently gave television interviews about his

---

[1] The one exception is that David Dinielli, one of the counsel for Plaintiff, received an automated direct message from the Twitter account of the Randazza Legal Group (@randazza_legal) on September 11, 2017, urging "check out my blogs." *See* Dinielli Decl. ¶ 17.

Page 4

representation of Mr. Anglin to VICE News,[2] for example, and to ABC's Nightline news magazine.[3] *See* Dinielli Decl. ¶ 19.

Mr. Randazza also recently gave an interview to The New York Times, published on August 20, 2017, in which he placed the entirety of the blame for the inability to serve Mr. Anglin on Plaintiff's counsel. *See* Dinielli Decl. ¶¶ 20–22; Dinielli Decl. Ex. B ("To Sue Founder of Daily Stormer, a Neo-Nazi Site, First He Must Be Found") (Aug. 20, 2017). In that interview, Mr. Randazza was asked whether his client is avoiding being served. Mr. Randazza is quoted as having replied, "Would you say that touchdowns are avoiding being scored in a shutout football game? Or would you say that the offense is not scoring them?" *See id*. As this Court is aware, service of process is not intended to be a game of hide-and-seek. To the contrary, Federal Rule of Civil Procedure 4(c)(1) places an obligation to avoid "unnecessary expenses of serving the summons" squarely on the party subject to service—in this case Mr. Anglin, who is apparently represented by counsel.

Moreover, Mr. Randazza has publicly denied that he was contacted by Plaintiff's counsel, despite the sworn evidence submitted in this Court to the contrary. *See* Decl. Regarding Service, Doc. No. 13-1 ¶ 12; *see also* Dinielli Decl.

---

[2] *See* https://news.vice.com/story/meet-the-lawyer-defending-notorious-neo-nazi-trolls.
[3] *See* http://abcnews.go.com/Nightline/video/real-estate-agent-neo-nazi-website-devotees-troll-49411993.

Ex. B (reporting that Mr. Randazza asserted that "he did not know Mr. Dinielli and had not ignored any calls or messages from him").

For these reasons, Plaintiff reiterates that she reserves the right to seek costs and fees associated with the effort to effect service, and to take other actions appropriate as a result of the failure of Mr. Anglin and his counsel to cooperate in the completion of service and their decision instead to engage in conduct that appears designed to frustrate the "just, speedy, and inexpensive determination" of this action. *See* Fed. R. Civ. P. 1.

## IV.  Conclusion

For all the foregoing reasons, Plaintiff asks that the Court grant a further extension of time to effect service of process, until October 27, 2017. Plaintiff further requests that this Court vacate its prior scheduling order and enter a new order, on the expectation that Plaintiff will file a proof of service on October 27, 2017.

DATED this September 15, 2017.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

/s/ John Morrison
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing document was sent via U.S. mail to the following:

Andrew Anglin
6827 N High Street, Suite 121
Worthington, OH 43085

Marc Randazza, Esq.
Randazza Legal Group
4035 S. El Capitan Way
Las Vegas, NV 89147

on this September 15, 2017.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff