Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

RANDAZZA | LEGAL GROUP

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | **DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE REGARDING JURISDICTIONAL DISCOVERY** |
| ANDREW ANGLIN, | |
| Defendant. | |

## DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE REGARDING JURISDICTIONAL DISCOVERY

Plaintiff well exceeded the bounds of merely notifying this Court whether she seeks jurisdictional discovery or not.  (Dkt. No. 60).  She says she does not want jurisdictional discovery.  That should have been the end of the notice.  Instead, Plaintiff filed a surreply without obtaining leave to do so.

Local Rule 7.1(d)(1)(D) requires leave prior to filing a surreply.  The reason for such a rule is obvious – in the absence of such a rule, the docket simply becomes an ever-expanding file.  The only limit, in this hypothetical circumstance, being counsel's willingness to continue to stuff the docket.  Accordingly, the filing should be disregarded.

To the extent Plaintiff's Notice is actually a motion for leave to file a surreply, it should be denied.  There is no need to do so—Plaintiff is free to make her arguments at a hearing.  However, they are futile.  Plaintiff challenges the admissibility of the Absentee Ballot declaration, but it is as admissible as the declaration of Mr. Cremeans.  It was signed under penalty of perjury and is self-authenticating.  Moreover, it definitively sets forth Defendant's Russian address, explicitly stating that he has no intent to return.  If Mr. Anglin had not severed his Ohio domicile of his youth previously, he most certainly can be said to have done so as late as October 2016.

Plaintiff presented no credible evidence that Mr. Anglin thereafter became an Ohio citizen, as of the date of the filing of the lawsuit.  At most, they presented the affidavit of Mr. Cremeans who simply claims (with questionable credibility) to

- 1 -

have seen him in a grocery store eight months later.  Plaintiff correctly notes that the video creates a question of fact as to whether Defendant was in Ohio on December 10, 2017, but that it does "not support, even weakly, the assertion that Defendant had established a particular domicile[.]"  Though Plaintiff uses that language to purportedly refute his domicile in Russia, they apply with more force as to the materials she submitted to attempt to establish Ohio domicile at the time the Complaint was filed.  Let us presume that Mr. Cremeans really saw Mr. Anglin in a grocery store on December 10, 2017 – there has never been a case that supports the proposition that shopping at a grocery store creates domicile or supports the exercise of jurisdiction.

Plaintiff says she does not want jurisdictional discovery.  She attempts to hedge, in Footnote 2, claiming she would want it if the Court thought "more evidence" is warranted, but by saying this, she admits that if more evidence is warranted, she has not met her evidentiary burden of proving jurisdiction.  That is not how civil procedure works; parties do not ordinarily get multiple attempts to prove a matter when they failed to do so the first time.

Plaintiff's request for leave to file a surreply and to take discovery, should she lose on the question of subjection matter jurisdiction should be denied.

Dated: January 16, 2018.        Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147

- 2 -

/s/ Jay M. Wolman
Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,
Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 16, 2018, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF. I further certify

that a true and correct copy of the foregoing document being served via

transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jay M. Wolman
Jay M. Wolman

- 3 -