Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

**RANDAZZA** | LEGAL GROUP

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| TANYA GERSH, | ) | Case No. 9:17-cv-50-DLC-JCL |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S OPPOSITION** |
| vs. | ) | **TO PLAINTIFF'S MOTION** |
| | ) | **TO VACATE MARCH 16, 2018** |
| ANDREW ANGLIN, | ) | **DEADLINE FOR AMENDING** |
| | ) | **PLEADINGS** |
| Defendant. | ) | |
| | ) | |

## <u>DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO VACATE MARCH 16, 2016 DEADLINE FOR AMENDING PLEADINGS</u>

Defendant, Andrew Anglin, hereby opposes Plaintiff's Motion to Vacate March 16, 2018 Deadline for Amending Pleadings (Dkt. No. 72).[1]  Plaintiff fails to show the "good cause" to modify required under Fed. R. Civ. P. 16(b)(4).  Although the Court stayed discovery pending a decision on the motion to dismiss, save for jurisdictional discovery (Order of Dec. 15, 2017, Dkt. No. 41), such is independent of the deadline to amend.

"Rule 16(b)(4)'s 'good cause' standard primarily considers the diligence of the party seeking modification."  *Ratcliff v. City of Red Lodge*, No. CV 12-79-BLG-DWM-JCL, 2013 U.S. Dist. LEXIS 155021, at *4 (D. Mont. Oct. 29, 2013) (Lynch, U.S.M.J.) citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  "If the party seeking a modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609). Plaintiff was not diligent.

According to the docket, Plaintiff filed her Complaint on April 18, 2017 (Dkt. No. 1).  In the eleven months since, including the eight months preceding the December 15, 2017 order, Plaintiff undertook no discovery.  Although, ordinarily, discovery does not commence until the parties conduce their conference under Fed. R. Civ. P. 26(f), this Court can and does permit a plaintiff to take early discovery

---

[1]  This pleading is filed without admission of subject matter jurisdiction or personal jurisdiction, and all objections to such jurisdiction are hereby preserved.

upon appropriate circumstances.  *See, e.g., Wallway v. Doe*, No. CV 17-71-M-DLC-JCL, 2017 U.S. Dist. LEXIS 95802 (D. Mont. June 21, 2017) (Lynch, U.S.M.J.).

Plaintiff specifically states that her expectation upon an extension is to add additional parties.  Dkt. No. 72 at p. 2.  Identification of unknown defendants is precisely the type of early discovery this Court permitted in *Wallway*.  She does not explain why she could not have taken discovery sooner.  Further, she does not even explain why she did not name John Doe defendants in the ten months since filing this case.  The stay entered on December 15, 2017 does not excuse her prior inaction.

For months, Plaintiff complained of an inability to serve Defendant (because she tried to serve him in Ohio, where he neither resides nor is domiciled).  *See* Dkt. Nos. 13 & 15.  In all that time, rather than attempt to show a "need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party", Plaintiff did nothing.  *Wallway*, supra at *3-4, quoting *Evans v. Unknown Names of Department of Corrections Officers*, 2007 U.S. Dist. LEXIS 3071, 2007 WL 30597, *2 (N.D. Cal. 2007).

Further the motion is lacking in detail as to the discovery necessary.  In a situation where a party needs discovery to enable specific motion practice, the Court might look to the standard governing motions for discovery under Fed. R. Civ. P. 56(d) for guidance.  There, the party seeking discovery must show "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential[.]"  *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortgage Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  Notably, Plaintiff has failed to set forth what discovery she might take, what

existing, specific facts she hopes to elicit, and why that is essential.  The Court might otherwise consider, as noted above, that, presumably, this essential discovery could have been taken over the eight-month period.

Finally, the motion need not be considered at this time.  Although Defendant recognizes that Plaintiff may have felt an urgency to seek an extension to avoid the "excusable neglect" standard of Fed. R. Civ. P. 6(B)(1)(B), the issue is not ripe.  The motion to dismiss remains pending; dismissal will obviate and render moot any potential amendment.  Neither is there need for a further status conference; the parties were able to agree on pretrial deadlines in their Rule 26(f) report (Dkt. No. 34) and it is likely they can do so again among themselves.

WHEREFORE Defendant respectfully requests this Honorable Court deny the motion to vacate the deadline.

Dated: March 12, 2018.         Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147

/s/ Jay M. Wolman
Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,*
*Andrew Anglin*

- 4 -

Case No. 9:17-cv-50-DLC-JCL

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza