John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW ANGLIN, publisher of the *Daily Stormer*,<br><br>    Defendant. | Case No.:  9:17-cv-00050-DLC-JCL<br><br>Plaintiff's Request for Clarification Regarding  Discovery  Stay |

Plaintiff Tanya Gersh respectfully requests clarification on the status of the stay of discovery issued pursuant to this Court's Order dated December 15, 2017. Under the Order, "discovery is stayed pending a decision on the motion to

Page 1

dismiss." ECF No. 41. Plaintiff seeks to begin discovery immediately but is uncertain whether the District Court Order adopting the findings and recommendation and denying Defendant's motion to dismiss on the basis of service of process and personal and subject matter jurisdiction, ECF No. 86, constitutes a "decision" on the motion to dismiss triggering the conclusion of the discovery stay.

There is good reason to think that the District Court Order operated to lift the discovery stay. A colloquy during the December 14, 2017, preliminary pretrial conference between the Court and counsel for Defendant suggests that the basis for the Court-ordered stay was the jurisdictional challenges outlined in the Motion To Dismiss, and not the Rule 12(b)(6) challenge. Tr. of Prelim. Pretrial Conf., ECF No. 45, at 16–19. Defense counsel, during the conference, argued that if Defendant "is not subject to jurisdiction in this court, . . . discovery should not proceed, at least nothing beyond jurisdictional discovery." Tr. of Prelim. Pretrial Conf., ECF No. 45, at 17:9–11. In response, the Court considered that the law would indeed require the case to end if diversity jurisdiction did not exist. Tr. of Prelim. Pretrial Conf., ECF No. 45, at 18:1–4. No other argument or theory was advanced or discussed regarding a reason to stay discovery.

Moreover, a Rule 12(b)(6) motion does not traditionally warrant a stay of discovery. *See Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990)

("Had the Federal Rules contemplated that a motion to dismiss under Fed.R.Civ.Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect."). Because the District Court Order denied the jurisdictional challenges in the Motion to Dismiss, it could be interpreted to lift the stay imposed due to those considerations.

In addition, if the District Court's Order adopting the recommendations regarding the motion to dismiss based on jurisdictional grounds did not operate to lift the stay, it is unclear to Plaintiff whether the findings and recommendations regarding the Rule 12(b)(6) motion did so, or whether the stay remains in place pending the District Court's decision on that recommendation as well or even pending the resolution of the 90-day intervention period granted the Attorney General of the State of Montana in regards to the constitutional challenge against the Montana Anti-Intimidation Act.

Plaintiff therefore respectfully requests that the Court clarify whether the stay on discovery is still in place, and, if it is, what actions are required before its termination.

DATED May 11, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

/s/ John Morrison
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record, including:

    Mathew M. Stevenson
    STEVENSON LAW OFFICE
    1120 Kensington, Suite B
    Missoula, Montana 59801
    matstevenson@bigskylegal.com
    *Attorney for Defendant Andrew Anglin*

    Marc J. Randazza
    RANDAZZA LEGAL GROUP, PLLC
    2764 Lake Sahara Drive, Suite 109
    Las Vegas, Nevada 89117
    mjr@randazza.com; ecf@randazza.com
    *Attorney for Defendant Andrew Anglin*

    Jay M. Wolman
    RANDAZZA LEGAL GROUP, PLLC
    100 Pearl Street, 14th Floor
    Hartford, Connecticut 06103
    jmw@randazza.com; ecf@randazza.com
    *Attorney for Defendant Andrew Anglin*

on this May 11, 2018.

                        /s/ David C. Dinielli
                        Attorney for Plaintiff Tanya Gersh
                        on behalf of all Attorneys for Plaintiff