Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

# UNITED STATES DISTRICT COURT

## DISTRICT OF MONTANA

## MISSOULA DIVISION

| | | |
|---|---|---|
| TANYA GERSH, | ) | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT ANDREW ANGLIN'S RESPONSE TO PLAINTIFF'S REQUEST FOR CLARIFICATION REGARDING DISCOVERY STAY** |
| ANDREW ANGLIN, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF POINTS AND AUTHORITIES

The Court stayed discovery pending resolution of the motion to dismiss. Dkt. No. 41. Now that the Court has partially adjudicated that motion, Plaintiff now seeks a "clarification" of the stay order. Dkt. No. 87.

The request for clarification is akin to a motion for reconsideration. "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." *Resolution Trust Corp. v. KPMG Peat Marwick, et al.*, No. 92-1373, 1993 U.S. Dist. LEXIS 16546, 1993 WL 211555, at *2 (E.D. Pa. June 8, 1993); *see also SAI v. Transp. Sec. Admin.*, 2015 U.S. Dist. LEXIS 192323, *7-8 (D. D.C. Apr. 9, 2015) ("the purpose of a motion for clarification is not to re-litigate a matter that the court has considered and decided.") There is nothing ambiguous or vague about the stay order—the stay will be lifted once the motion to dismiss (Dkt. No. 31) is decided. Although Judge Christensen has adopted the recommendation regarding the jurisdictional issues raised in the motion, the substantive and constitutional issues remain pending. Thus, the stay remains in effect.

Reconsideration of the stay order is not warranted as there is no good cause to do so. "Notwithstanding the wide latitude of Rule 54(b), previous ruling will not be reconsidered absent good cause, such as 'if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Estate of Peterson v. City of Missoula*, No. CV 12-123-M-DWM, 2017 U.S. Dist. LEXIS

184486, at *9 (D. Mont. Nov. 7, 2017) quoting *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  None of those factors are present here.

The initial decision was correctly made.  Such order may be issued as a scheduling order pursuant to Fed. R. Civ. P. 16 &/or pursuant to Fed. R. Civ. P. 26(c) as a protective order.  *See Jimenez v. Liberty Nw. Ins. Corp.*, 2015 U.S. Dist. LEXIS 58032, at *4 (D. Mont. May 4, 2015) (Lynch, U.S.M.J.).

That order was neither clear error nor manifestly unjust, and Plaintiff does not make such a claim.[1]  Here, the Court is able to take a "preliminary peek" at the merits of the motion to dismiss, as it has been filed.  *Barber v. Remington Arms Co.*, 2012 U.S. Dist. LEXIS 146938, at *2-3 (D. Mont. Oct. 11, 2012) (Christensen, U.S.D.J.) quoting *F.T.C. v. AMG Servs., Inc.*, 2012 U.S. Dist. LEXIS 121935, 2012 WL 3730561 (D. Nev. 2012).  Although the Magistrate Judge has recommended denial of the motion to dismiss (Dkt. No. 85), Defendant's objections thereto (Dkt. No. 91) demonstrate that, upon the Judge Christensen's *de novo* review, the Court will that Plaintiff will be unable to state a claim for relief.

The claims against Defendant violate his First Amendment rights.  Defendant is not liable for the speech of third-parties, which was itself protected.  And, the claims themselves are otherwise deficient, as (a) the alleged harm was not foreseeable; (b) the information allegedly published was public; and (c) Defendant's speech does not threaten or intimidate.

---

[1]   Plaintiff presents no newly discovered evidence or change in controlling law either.

A brief extension of the stay to resolve the remainder of the motion will not delay the speedy resolution of this dispute.  Once Plaintiff purported to complete service on November 9, 2017, Defendant's counsel took steps to meet all pending deadlines, including participation in the Rule 26(f) conference before he was presumably required to respond to the Complaint.  Discovery in this case will not likely be otherwise cumbersome, affording the parties a sufficient opportunity to take all necessary discovery should the Court deny the motion to dismiss.  In the interim, however, it would be unjust to mandate discovery in a proceeding where dismissal on the merits is likely.

In light of the foregoing, the reconsideration motion/requested clarification should be denied.

Dated: May 18, 2018.          Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147

/s/ Jay M. Wolman
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,*
*Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to D. Mont. L.R. 7.1(d)(2)(E), undersigned counsel hereby certifies compliance with the said Rule and states that the number of words in this brief, as per the count of Microsoft Word, is 660.

/s/ Marc J. Randazza
Marc J. Randazza

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 18, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza

RANDAZZA | LEGAL GROUP