Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

# UNITED STATES DISTRICT COURT

# DISTRICT OF MONTANA

# MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| ANDREW ANGLIN, | |
| Defendant. | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Pending before this Court are Defendant's Objections to the Findings and Recommendations of the Magistrate Judge (Dkt. No. 91) as to his Motion to Dismiss (Dkt. No. 31). In the Objections, Defendant argues that the speech sought to be restricted does not fall into any historical category of unprotected speech and no new category should be created. Dkt. No. 91 at pp. 3-4. In doing so, Defendant cited to the plurality opinion in *United States v. Alvarez*, 567 U.S. 709 (2012).

Today, the U.S. Supreme Court adopted the *Alvarez* plurality opinion as part of its holding as to whether "professional speech" may be carved out as a separate unprotected category. Specifically, it held:

> But this Court has not recognized "professional speech" as a separate category of speech. Speech is not unprotected merely because it is uttered by "professionals." This Court has "been reluctant to mark off new categories of speech for diminished constitutional protection." *Denver Area Ed. Telecommunications Consortium, Inc. v. FCC*, 518 U.S. 727, 804 (1996) (Kennedy, J., concurring in part, concurring in judgment in part, and dissenting in part). And it has been especially reluctant to "exemp[t] a category of speech from the normal prohibition on content-based restrictions." *United States v. Alvarez*, 567 U.S. 709, 722 (2012) (plurality opinion). This Court's precedents do not permit governments to impose content-based restrictions on speech without "'persuasive evidence … of a long (if heretofore unrecognized) tradition'" to that effect. *Ibid*. (quoting *Brown v. Entertainment Merchants Assn.*, 564 U. S. 786, 792 (2011)).

*Nat'l Inst. of Family & Life Advocates v. Becerra*, No. 16-1140, 2018 U.S. LEXIS 4025, at *16-17 (June 26, 2018) (slip op. at 8).

In *Alvarez,* the Supreme Court specifically identified "defamation" as a category of unprotected speech. 567 U.S. at 717. Plaintiff seeks to create a brand-

new category of "tortious speech" (Dkt. No. 98 at 14); although Plaintiff lumps in defamation into this group, the Supreme Court did not generalize the tort of defamation to mandate that all so-called tortious speech is unprotected. There is no long, heretofore unrecognized tradition of restricting allegedly harassing speech, *let alone a tradition of restricting the speech that allegedly inspired harassing speech*.

Defendant hereby advises the Court by notice of supplemental authority pursuant to Local Rule 7.4. The authority was not previously cited as the decision had not yet then-issued. This decision reversed the Ninth Circuit Court of Appeals' decision in *Nat'l Inst. of Family & Life Advocates v. Harris*, 839 F.3d 823 (9th Cir. 2016). Today's ruling is dispositive and the Complaint must be dismissed.

Dated: June 26, 2018.    Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147

/s/ Jay M. Wolman
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,
Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza