Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

Attorneys for Defendant
Andrew Anglin

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MONTANA**

**MISSOULA DIVISION**

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | **DEFENDANT ANDREW ANGLIN'S BRIEF IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER** |
| ANDREW ANGLIN, | |
| Defendant. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

On June 7, 2018, Plaintiff served Mr. Anglin with two sets of written discovery requests: (1) Plaintiff's First Set of Interrogatories to Defendant Andrew Anglin (the "First Ints"); and (2) Plaintiff's First Requests for Production of Documents to Defendant Andrew Anglin (the "First RPDs"). (*See* First Ints, attached as **Exhibit 1**; *see also* First RPDs, attached as **Exhibit 2**.) On July 5, 2018, counsel for Mr. Anglin contacted counsel for Plaintiff and requested a 60-day extension of time in which to respond to the requests, given that Mr. Anglin lives overseas and it would likely not be possible to gather all responsive documents and information in time. (*See* July 5, 2018 email from Jay Wolman, attached as **Exhibit 3**.) Plaintiff's counsel refused this request, offering only a 14-day extension of time, after which Mr. Anglin's counsel spoke with Plaintiff's counsel telephonically on July 6, 2018 and discussed the necessity of seeking a protective order with the Court. (*See* Declaration of Jay M. Wolman ["Wolman Decl."], attached as **Exhibit 4** at ¶¶ 8–11.)

The First RPDs consist of 110 document requests, and are so broad in scope that they request all documents ever written by anyone, at any time, about dozens of different subjects or people. Numerous requests also seek all financial, travel, and residency-related documentation of Mr. Anglin over several years, including, *inter alia*, passports, paystubs, leasing agreements, insurance agreements, bank accounts,

and tax documents.  The First Ints consist of 20[1] interrogatories that seek the same categories of information.

As he and his counsel have informed Plaintiff and the Court multiple times, Mr. Anglin is not located in the United States.  While the Court may have found there is a sufficient basis to exercise personal jurisdiction over him, Mr. Anglin is not located within this country.  He is abroad, and there are no convenient means for lengthy communication between him and his counsel, who are located in the United States.  The Court has previously been provided evidence that Mr. Anglin has lived overseas for many years.  Locating all responsive documents to Plaintiff's voluminous requests will be an extremely time-consuming process for Mr. Anglin, and it will additionally take significant time for his counsel to confer with him on which documents need to be disclosed.  (*See* Wolman Decl. at ¶ 12.)  Mr. Anglin and his counsel will also need to have in-depth discussions about how to fully respond to Plaintiff's Ints.  (*See* Wolman Decl. at ¶ 13.)  Due to these circumstances, it will not be possible to respond fully to Plaintiff's discovery requests by even July 23, 2018.  (*See* Wolman Decl. at ¶ 14.).

There has been no lack of diligence.  On July 9, 2018, counsel for Defendant served timely objections to the First Ints and objections and initial responses to the First RPDs.  (*See* Wolman Decl. at ¶ 15.)  But providing substantive responses subject to or notwithstanding those objections is logistically oppressive within the current time frame.

---

[1] Plaintiff states there are 12 interrogatories, but several of them consist of multiple discrete sub-parts.

Fed. R. Civ. P. 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Trial courts have broad discretion in determining whether good cause exists, what constitutes good cause, and what protections are appropriate. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (stating "broad discretion [is conferred] on the trial court to decide when a protective order is appropriate and what degree of protection is required"). One of the suggested forms of a protective order under Rule 26 is "specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(B).

Mr. Anglin is not within the United States, and Plaintiff is aware of this. Plaintiff's requests seek potentially thousands of documents, including documents that are not necessarily within Mr. Anglin's immediate possession or control. Requiring Mr. Anglin to provide responses to all of Plaintiff's First Ints and First RPDs by July 23, 2018 would subject him to extreme expense and burden, and it may be outright impossible for him to respond to them by this time. There is thus good cause for issuing a protective order excusing Mr. Anglin from responding to Plaintiff's First Ints and First RPDs until he has had sufficient time to collect responsive documents and information, and confer with his counsel. Mr. Anglin should be given until September 7, 2018 to respond to these discovery requests.

Dated: July 9, 2018.    Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,
Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2)(E), undersigned counsel hereby certifies compliance with the said Rule and states that the number of words in this brief, as per the count of Microsoft Word, is 758.

/s/ Jay M. Wolman
Jay M. Wolman

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 9, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jay M. Wolman
Jay M. Wolman

## INDEX OF EXHIBITS

**Exhibit 1**:   Plaintiff's First Set of Interrogatories to Defendant Andrew Anglin

**Exhibit 2**:   Plaintiff's First Requests for Production of Documents to Defendant Andrew Anglin

**Exhibit 3**:   July 5, 2018 email from Jay Wolman

**Exhibit 4**:   Declaration of Jay M. Wolman