# EXHIBIT 1

Plaintiff's First Set of Interrogatories
to Defendant Andrew Anglin

John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

TANYA GERSH,

    Plaintiff,

    vs.

ANDREW ANGLIN, publisher of
the *Daily Stormer*,

    Defendant.

Case No.:  9:17-cv-00050-DLC-JCL

**Plaintiff's First Set of Interrogatories
to Defendant Andrew Anglin**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and

Rule 26 of the Local Rules of the U.S. District Court for the District of Montana,

Plaintiff Tanya Gersh, through counsel, hereby requests that Defendant Andrew

Anglin, within thirty (30) days of the date of service hereof, respond to these

Interrogatories.  Each Interrogatory should be answered separately, fully, in writing, and under oath.   Responses should be served upon counsel of record for the Plaintiff at the Southern Poverty Law Center, 400 Washington Avenue, Montgomery, AL 36104. These Interrogatories should be read, interpreted, and responded to in accordance with the instructions and definitions set forth herein, as well as in the Federal Rules of Civil Procedure and the Local Rules of the District of Montana.  These interrogatories are continuing, and you are hereby requested and instructed to provide any and all supplemental information in response to any of these interrogatories that may become available after service of your initial answers.

## I.      Definitions and Instructions

As used in these Interrogatories, the following terms shall have the meaning set forth below:

1.      "Defendant," "you," and "your" mean Defendant Andrew Anglin.

2.      "Electronically stored information" ("ESI"), as used herein, is used in its broadest sense and means all things meeting the definition of Fed. R. Civ. P. 34(a)(1)(A), including but not limited to information stored in a computer system, computer hard drives, computer tape backups, floppy diskettes, flash drives, CD-ROMs, and e-mail. The term likewise includes all documents originating or received from official e-mail accounts. The term also includes all associated metadata.

3.     "Relating to" or "related to" means constituting, mentioning, recording, discussing, describing, reflecting, identifying, dealing with, consisting of, explaining, referring to, containing or enumerating.

4.     "Identify" means:

a.     with respect to factual issues, to state all facts, acts or events, documents, and/or Persons with knowledge that relate to the subject of the Interrogatory and describe, in detail, the way in which they relate to the subject of the Interrogatory;

b.     when used in reference to a natural person, means to state his or her full name; present or last known business and home address and business, home, and/or mobile/cellular telephone numbers; title or position and place of employment; electronic mailing address; Daily Stormer forum username; social media username and/or handle; and, if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable; and

c.     when used in reference to a business entity or association, means to set forth that entity's legal name, and on the first occasion that such individual is identified, the following: last known addresses and last known telephone numbers.

5.      If you are unable to answer or object to a portion of any Interrogatory,

or to any subpart thereof, the remainder of the Interrogatory, or the non-objected-to

subparts, must nonetheless by answered fully and completely and the reason(s) for

the inability to provide a complete response should be clearly stated.

6.      Should a privilege be asserted with respect to any part of any

discussion, document, or other communication concerning information requested

by any of the following interrogatories, you are requested to answer the

interrogatories in the manner indicated herein, except that the contents of the part

deemed privileged need not be summarized; instead, indicate that a privilege is

claimed for such part and state the nature of the privilege claimed and the facts

upon which such claim is based in sufficient detail to permit the Court to

adjudicate the validity of the claim.

7.      If, in responding to these Interrogatories, you encounter any

ambiguities when construing a request or definition, the response shall set forth the

matter deemed ambiguous and the construction used in your response.

## II.     Interrogatories

1.      List any and all usernames under which you posted any comments in

the forums for the Daily Stormer.

2.      Identify all social media accounts, including the name of the social

media platform and the username or handle associated with the account, from

which you have posted any messages, whether publicly or privately, between November 2016 and the present.

3.     Identify each and every person who you believe participated in the "troll storm" (as dubbed in your December 16, 2016, article entitled "Jews Targeting Richard Spencer's Mother For Harassment and Extortion – Take Action!") against Tanya Gersh and describe the reason for your belief, including any interactions that you have had with each identified person.

4.     Identify each and every person who possesses knowledge about, or who was involved in writing, researching, publishing or who otherwise assisted in, the publishing on the Daily Stormer of any article that relates to or references Whitefish, Montana or Tanya Gersh in any manner, and describe in detail the specific knowledge these individuals possess, or their role in the writing, researching, publishing, or otherwise assisting in the articles.

5.     Identify every communication (by indicating the date, the form (e.g., email, text message, direct message through an internet service, etc.), the parties to, and the subject of, the communication) you had with anyone regarding Sherry Spencer's December 15, 2016, blog post on Medium, or about its drafting, development, or purpose, or its actual or intended effect.

6.     Identify all e-mail accounts used by you or to which you have had access between November 2016 and the present.

7.      Identify all computers and devices, including but not limited to desktop computers, laptop computers, tablets, cellular telephones, smart phones, and smart watches and/or fitness trackers with GPS capability used by you or to which you have had access between November 2016 and the present and the current location of each such device.

8.      Identify all computers, servers, and devices used by the Daily Stormer to publish its content and/or maintain its user forums between November 2016 and the present and the current location of each computer, server, and device.

9.      Identify all land-line or cellular telephone numbers and the associated telephone carriers you have used between November 2016 and the present.  For each telephone number identified, please provide the registered user for the number on the telephone bill, the dates of service for the number, as well as the dates of any change in the telephone carrier.

10.     List all bank and/or crypto-currency accounts by account number, account holder, bank name, and bank location, used by you or for which you had access at any time between 2013 and the present.  This includes, but is not limited to, any and all Bitcoin, Monero, or other crypto-currency accounts you have used or for which you had access at any time between 2013 and the present.

11.     For any users whose permission to use the Daily Stormer forums was temporarily suspended and/or terminated at any time between 2013 and the

present, please identify each user by username, real name and contact information,

date of suspension and/or termination of account, and reason for suspension and/or

termination.

12.     Identify all steps you have taken to preserve evidence related in any

way to this litigation and when you took each of those steps.


DATED June 7, 2018.

_____
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was sent via email

and first class U.S. Mail to counsel for the Defendant, as follows:

Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, Montana 59801
matstevenson@bigskylegal.com
*Attorney for Defendant Andrew Anglin*

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
mjr@randazza.com;  ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
jmw@randazza.com;  ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

on this 7th day of June, 2018.

Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff