# EXHIBIT 2

Plaintiff's First Requests for Production of
Documents to Defendant Andrew Anglin

John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

TANYA GERSH,

      Plaintiff,

      vs.

ANDREW ANGLIN, publisher of
the *Daily Stormer*,

      Defendant.

Case No.:  9:17-cv-00050-DLC-JCL

**Plaintiff's First Requests for
Production of Documents to Defendant
Andrew Anglin**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and

Rule 26 of the Local Rules of the U.S. District Court for the District of Montana,

Plaintiff Tanya Gersh, through counsel, hereby requests that Defendant Andrew

Anglin, within thirty (30) days of the date of service, respond to these Requests for

Production of Documents and produce for inspecting and copying all documents in his possession, custody, or control responsive to the following Requests at the offices of the Southern Poverty Law Center, 400 Washington Avenue, Montgomery, AL 36104. These Requests should be read, interpreted, and responded to in accordance with the instructions and definitions set forth herein, as well as in the Federal Rules of Civil Procedure and the Local Rules of the District of Montana. Plaintiff reserves the right to serve supplemental document requests at a later date.

## I. Definitions

As used in these Requests, the following terms shall have the meaning set forth below:

1.     "Defendant," "you," and "your" mean Defendant Andrew Anglin.

2.     As used herein, "document" shall have the broadest possible definition and scope and should include any document, item, or thing within the scope of Fed. R. Civ. P. 26 and 34(a)(1). Without limiting the generality of the foregoing, "document" should be understood as including (but not necessarily limited to) the original, any non-identical copy, and every draft of all written, printed, recorded, or graphic matter, photographic matter, sound reproductions, electronically stored information ("ESI") as that term is defined in the next paragraph, text messages, papers, books, records, letters, tangible things,

correspondence, communications, memoranda, notes, notations, records of telephone or other conversations, statements, contracts, agreements, photographs, schedules, journals, diaries, receipts, bills, canceled checks, vouchers, ledger sheets, statements of witnesses, findings of investigations, insurance policies, claim forms, records kept by any electronic or mechanical means, or appointment calendars. Any document with any marks, such as initials, comments, or notations of any kind, is not deemed to be identical to one without such marks and is to be produced as a separate document.

Where a document may be scanned or copied by a computing device, such as a computer, text processor, word processor, or any similar device, a machine-readable copy must be produced, in a form that may be read and used by a similar computing device.

3.      "Electronically stored information" ("ESI"), as used herein, is used in its broadest sense and means all things meeting the definition of Fed. R. Civ. P. 34(a)(1)(A), including but not limited to information stored in a computer system, computer servers, computer hard drives, computer tape backups, floppy diskettes, flash drives, CD- ROMs, and e-mail. The term likewise includes all documents originating or received from e-mail accounts. Any and all attachments or enclosures that accompany requested Documents shall be produced in response to these demands. The term also includes all associated metadata.

Page 3

4.      The term "communication" is used in the broadest possible sense and means any transmission of information in the form of facts, ideas, inquiries, or otherwise, in any format, including, without limitation, electronic communications, e-mails, text messages, private messages that utilize services associated with websites or web domains, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include, without limitation, instances where one party addresses the other party but the other party does not necessarily respond.

5.      "Relating to" or "related to" means constituting, mentioning, regarding, discussing, describing, reflecting, identifying, dealing with, consisting of, explaining, referring to, containing or enumerating.

6.      "Identify" means:

a.      when used in reference to a document, (i) if the document has been produced as a part of this litigation—whether by a party, subpoena recipient, or otherwise—to identify the document by its Bates number(s); or (ii) if the document has not been produced as part of this litigation, to identify the author of the document, the date of the document, each addressee or copy addressee of the document, the subject matter of the

document, the present location of the document, and the name of the present

custodian of the document;

      b.    when used in reference to a natural person, means to state his or

her full name; present or last known business and home address and business

and home telephone numbers; title or position and place of employment;

electronic mailing address, and, if previously or presently employed by you,

the date he or she was hired and the date he or she was terminated, if

applicable; and

      c.    when used in reference to a business entity or association,

means to set forth that entity's legal name, and on the first occasion that such

individual is identified, the following: last known addresses and last known

telephone numbers.

7.    "Driver's license" means a license issued to you that authorizes you to

operate a motor vehicle on highways and includes a temporary instruction permit.

8.    The following rules of construction apply to all document requests

made herein:

      a.    The connectives "and" and "or" shall be construed either

disjunctively or conjunctively as necessary to bring within the scope of this

document request all responses that might otherwise be construed to be

outside of its scope.

b.      The terms "any," "each" and "all" mean both any and all as necessary to make the request inclusive rather than exclusive.

c.      The use of the singular form of any word includes the plural and vice versa.

d.      All words and phrases shall be construed in accordance with normal custom and usage in the industries or field of commerce to which they apply.

## II.      Instructions

1.      These Requests for Production of Documents shall be deemed continuing requests requiring the filing of additional or supplemental answers and production by Defendant when additional, supplemental, further, or different information responsive to any of these requests becomes known or available either directly or indirectly to Defendant and/or his counsel.  If any such additional document(s) or any portion thereof is withheld from production upon a claim of privilege, you are to promptly serve a privilege log in accordance with Instruction 5.

2.      Responses to these requests must be made in writing, and otherwise in compliance with the Federal Rules of Civil Procedure and all other applicable laws, statutes, and rules of court, and sent through email to Plaintiff's counsel or, if

impossible to send through e-mail, to the Southern Poverty Law Center, 400

Washington Avenue, Montgomery, AL 36104.

3.      In responding to these requests for production you should furnish all

non- privileged documents (unless such privilege has been waived) that are within

your possession, custody or control, or are within the possession, custody or

control of your agents, employees, representatives or investigators, or the

possession, custody or control of your attorneys or their agents, employees,

representatives, or investigators, or are within the possession, custody or control of

entities you control, whether or not owned by you, including by not limited to

Moonbase Holdings and The Daily Stormer.

4.      If any or all documents or things identified herein are no longer in

your possession, custody, or control as defined in Instruction 3 hereof, because of

destruction, loss or any other reason, with respect to each and every such document

or thing: (1) describe the nature of the document or thing (i.e., letter, e-mail,

passport, etc.); (2) state the date when you believe such document or thing to have

been created; (3) state in as much detail as possible the contents of the document or

thing; (4) state the manner and date of the disposition of the document or thing;

and (5) state the present location, or identify the present custodian, of the document

or thing.

5.     If in response to any of these discovery requests you withhold information otherwise discoverable by claiming that such information is privileged or subject to protection as trial preparation material, then you must identify each such document or portion of document, and provide, with respect to each such document or portion thereof in a privilege log, (a) the reason(s) for withholding, (b) the date of the document, (c) the identity of each person who drafted or assisted in the preparation of the document, (d) the identity of each person who received or had access to the document or copies thereof, or to whom any portion of the contents has been communicated, (e) the type of document and a brief description of the nature and subject matter of the document, and (f) a statement of the facts that constitute the basis for the claim of privilege. Make any such claim of privilege expressly and describe the nature of the information, documents, or things not disclosed in a manner that, without revealing the information itself privileged or protected, will enable Plaintiff and the Court to assess the applicability of the privilege or protection.

6.     If, in responding to these requests for production, you encounter any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in your response.

7.     The documents requested must be produced in their entirety, without redaction or alteration, except where necessary to protect privileged material.

When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. Any such claim of privilege preventing the full production of a document must be explained in a privilege log in accordance with Instruction 5.

8.     If an objection is interposed with respect to any request or part of any request, the reason(s) for the objection shall be stated in full and production should be made of all documents or things to which the objection does not relate. If production of any requested document(s) is objected to on the grounds that production is unduly burdensome, describe with particularity the burden or expense of the proposed discovery.

9.     If producing ESI, produce the ESI in the native format in which it is ordinarily maintained without any modification of the data, including all metadata. All documents should be produced as they are kept in the ordinary course of business or should be organized and labeled as to correspond with the categories in this request.

### III.   Requests for Production

1.     All documents, including but not limited to your passport(s) and any visa(s), reflecting or demonstrating any permission to enter and remain in Greece between 2013 and the present.

2.      All documents, including but not limited to paystubs, employment agreements, bank account records, and crypto-currency records, reflecting or demonstrating your employment in Greece at any time between 2013 and the present, including but not limited to any employment with the Athens International Youth Hostel.

3.      All documents, including but not limited to leasing agreements, hotel bills, payment confirmations, credit card records, bank account records, and crypto-currency records, reflecting your right or permission to stay at any residence or similar location, and the dates of your stay at each location, while in Greece at any time between 2013 and the present.

4.      All documents, including but not limited to your passport(s) and any visa(s), reflecting or demonstrating any permission to enter and remain in Cambodia between 2017 and the present.

5.      All documents, including but not limited to paystubs, employments agreements, credit card records, bank account records, and crypto-currency records, reflecting or demonstrating your employment or source(s) of income between 2013 and the present while you were present in Cambodia.

6.      All documents, including but not limited to leasing agreements, hotel bills, payment confirmations, credit card records, bank account records, and crypto-currency records, reflecting your right or permission to stay at any

residence or similar location, and the dates of your stay in each location, while in Cambodia at any time between 2017 and the present. This request includes but is not limited to any documents related to any stay(s) at the Damnak Villa Boutique in Siem Reap City.

7.      Your current and any previous passport(s) that were valid between 2013 and the present, including any and all additional pages.

8.      All visas issued to you that were valid for any length of time and for any country between 2013 and the present.

9.      All documents, including but not limited to entry and exit documents and any airplane, bus, train or similar tickets or receipts, evidencing your entry or exit from any country, including but not limited to the United States, between 2013 and the present.

10.      All documents, including but not limited to IRS forms W-2 and 1099, paystubs, employment agreements, bank account records, crypto-currency records, and dividend payments reflecting or demonstrating your employment and/or sources of income between 2013 and the present.

11.      All documents, including but not limited to deeds, mortgages, lease agreements, canceled checks, credit card statements, bank account records, and/or crypto-currency records, that evidence or tend to evidence the payment by you (or by a third party on your behalf) of any sums for housing at any location between

2013 and the present.

12.     All documents, including but not limited to transportation itineraries or confirmations, plane, bus, or trains tickets, credit card records, bank account records, and crypto-currency records, that evidence or tend to evidence any travel by you between any two countries for any length or increment of time between 2013 and the present.

13.     All drivers' licenses in your name valid on April 18, 2017.

14.     All documents related to the registration of any vehicles in your name that were valid on April 18, 2017.

15.     All insurance agreements issued to you or covering you or your belongings, including but not limited to insurance agreements covering motor vehicles, renter's insurance, homeowner's insurance, health insurance, and dental insurance, that were valid on April 18, 2017.

16.     All documents related to your court appearance in Columbus, Ohio in or around February of 2017.

17.     All communications between you and Richard Spencer that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Richard Spencer.

18.     All communications between you and Andrew Auernheimer (aka Weev) that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Andrew Auernheimer (aka Weev).

19.     All communications between you and Sherry Spencer that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Sherry Spencer.

20.     All communications between you and Rand Spencer that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Rand Spencer.

21.     All communications between you and David Duke that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching David Duke.

22.    All communications between you and Robert Ray (aka Azzmador) that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Robert Ray (aka Azzmador).

23.    All communications between you and Sara Torgerson that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Sara Torgerson.

24.    All communications between you and Eric Striker that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

25.    All documents or communications received, created, stored, or which you otherwise possessed on or before December 16, 2016, that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

26.    All documents and communications that support any statement or opinion expressed in any or all articles written or published by you on the Daily Stormer or any other location about or with reference to Tanya Gersh or anyone in

her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

27.    All drafts of any articles or other documents written by you about or with reference to Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

28.    All documents, including but not limited to any and all communications sent or received by you, that relate in any way to the Daily Stormer and that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes but is not limited to any and all articles that were published on the Daily Stormer that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).  This requests includes but is not limited to any and all correspondence sent or received by you that involve Daily Stormer forum users/members that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

29.    A complete record of all Daily Stormer forum postings for any and all forum threads/discussions that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses,

or properties).  This request seeks not just the posts that directly relate to Tanya

Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of

its residents, businesses, or properties), but a complete record of all of the posts in

each discussion thread if that thread/discussion at some point relates to or

references Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish,

Montana (or any of its residents, businesses, or properties).

30.    All documents that provide any and all user information or data,

including but not limited to name, address, email address, telephone number,

and/or IP address, with respect to those users who posted in any of the

discussion(s)/thread(s) on the Daily Stormer forum that are responsive to Request

No. 29.

31.    All documents relating to communications between you and any of

the individuals who wrote, posted, or sent any of the communications referenced in

Plaintiff's Complaint.

32.    All documents that relate in any way to any terms of use or rules

related to permission for registered users of the Daily Stormer forums to utilize and

post in those forums.

33.    All documents, including but not limited to any and all

communications sent or received by you, that relate in any way to any instance in

which you or the Daily Stormer withdrew permission (either temporarily or

permanently) from any registered users to post in the Daily Stormer forums.

34.     All documents providing instructions on the style, tone, or format of articles posted or to be posted on the Daily Stormer's website.

35.     All documents, including but not limited to any and all communications sent or received by you between 2013 and the present, that include any of the following words: "troll", "troll storm", and/or "troll storms".

36.     All documents, including but not limited to any and all communications sent or received by you, that include any of the following phrases: "Operation Jew Wife" and/or "OperationJewWife".

37.     All documents, including but not limited to any and all communications sent or received by you, that include any of the following phrases: "MizzouProtest" and/or "Mizzou Protest".

38.     All documents, including any and all communications sent or received by you, that include any of the following words: "GamerGate", "Zoe Quinn", "Chelsea Van Valkenburg", and/or "Alison Rapp".

39.     All documents, including any and all communications sent or received by you, that relate in any way to the article "Thank you for Trolling Alex Jones" published on the Daily Stormer on or about July 30, 2014.

40.     All documents, including any and all communications sent or received by you, related in any way to the article "#FreeAnglin: Following Twitter Ban,

Andrew Anglin Goes on Hunger Strike, Demands Shaun King Resign" published on the Daily Stormer on or about November 12, 2015.

41.     All documents, including any and all communications sent or received by you, related in any way to the article "Game Over: Feminist Child-Sex Advocate Alison Rapp Fired from Nintendo!" published on the Daily Stormer on or about March 31, 2016.

42.     All documents, including any and all communications sent or receied by you, related in any way to the article "Empress Melania Attacked by Filthy Russian Kike Julia Ioffe in GQ" published on the Daily Stormer on or about April 28, 2016.

43.     All documents, including any and all communications sent or received by you, related in any way to the article "Oz: Filthy Haji Slut Mariam Veiszadeh Gets Her Feelings Hurt on the Internet Again" published on the Daily Stormer on or about July 5, 2016.

44.     All documents, including any and all communications sent or received by you, related in any way to the article "Send the Military to Arrest Treasonous Federal Judge Ann Donnelly for Trying to Flood America with Terrorists" published on the Daily Stormer on or about January 29, 2017.

45.     All documents, including any and all communications sent or receied by you, related in any way to the article "Nigger-Fucking Polish Whore Magdalena

Pegowska Called the Cops on Me!" published on the Daily Stormer on or about July 21, 2017.

46.    All documents, including any and all communications sent or received by you, related in any way to the article "TAKE ACTION: Another Jew Celebrating Vegas Deaths – Let's Tell Him What We Think of This!" published on the Daily Stormer on or about October 5, 2017.

47.    All documents, including any and all communications sent or received by you, related in any way to the article "Shit-Tier Bluecheck Moo-Cow Calls for Whites to Stop Breeding to End Supremacy!" published on the Daily Stormer on or about October 29, 2017.

48.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Erin Shrode.

49.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Julia Ioffe.

50.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Jonah Goldberg.

51.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard David French.

52.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Mariam Veiszadeh.

Page 19

53.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Magdalena Pegowska.

54.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Jessie Daniels.

55.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Greg Morelli.

56.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Taylor Dumpson.

57.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Scott Ernest.

58.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Joel Oliphint.

59.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Andy Downing.

60.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Olivia Flak.

61.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Chris Sampson.

62.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Jennifer Dalton.

63.    All documents, including any and all communications sent or received by you, that relate to or reference in any regard Michael Hirsh.

64.    All documents and communications between you and Twitter and/or sent to you from Twitter that relate to abuse reports or complaints.

65.    All documents and communications between you and Twitter and/or sent to you from Twitter that relate to termination of service.

66.    All documents and communications between you and GoDaddy and/or sent to you from GoDaddy that relate to abuse reports or complaints.

67.    All documents and communications between you and GoDaddy and/or sent to you from GoDaddy that relate to termination of service

68.    All documents and communications between you and Google and/or sent to you from Google that relate to abuse reports or complaints.

69.    All documents and communications between you and Google and/or sent to you from Google that relate to termination of service.

70.    All documents and communications between you and Cloudflare and/or sent to you from Cloudflare that relate to abuse reports or complaints.

71.    All documents and communications between you and Cloudflare and/or sent to you from Cloudflare that relate to termination of service.

72.    All documents and communications between you and DigitalOcean and/or sent to you from DigitalOcean that relate to abuse reports or complaints.

73.     All documents and communications between you and DigitalOcean and/or sent to you from DigitalOcean that relate to termination of service.

74.     All documents, including any and all communications sent or received by you, related to or that reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

75.     All communications sent by you from any account related to or about PureWest (Tanya Gersh's employer) or any of its employees.

76.     All communications sent by you from any account related to or about Viscomi & Gersh, PLLP or any of its employees.

77.     All communications sent by you from any account to any resident of, business located in, property owner in, or government official of Whitefish, Montana.

78.     All complaints related to real estate licensing prepared by you related to Tanya Gersh.

79.     Your phone records from November 1, 2016 to the present.

80.     Direct messages received or sent from any account associated with you, or to which you have access and have ever used, that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).  This request includes any and all platforms, including but not limited to Twitter, Facebook, Gab, Instagram, Reddit,

Discord, and the Daily Stormer's servers and/or forum features.

81.     All documents, including any and all communications sent or received by you, related in any way to the "Whitefish March" originally scheduled for January of 2017. This request includes but is not limited to any and all applications for permits that you either prepared or submitted.

82.     All communications between you and groups classified as terrorist organizations by the United States government (including without limitation Hamas) related to Tanya Gersh or Whitefish, Montana.

83.     All documents and communications related to William Edward Atchison.

84.     All documents and communications related to Dylann Roof.

85.     All documents and communications related to James Harris Jackson.

86.     All documents and communications related to Thomas Mair.

87.     All documents and communications related to Devon Arthurs.

88.     All documents and communications related to Unite the Right Rally.

89.     All income tax and any other tax returns (both state and federal) filed by you for the years 2013 to the present, including all schedules and attachments thereto.

90.     All documents and records concerning any checking account, savings account, money market account, investment account, crypto-currency account, or

any other type of account, foreign or domestic, maintained by you at any time between 2013 and the present, including but not limited to monthly account statements and check registers.

91.    All monthly account statements/bills related to any credit cards you have used at any time between 2013 and the present.

92.    All documents related to any joint ventures or partnerships entered into between you and any other person or entity between 2013 and the present.

93.    All documents that evidence safe-deposit boxes, lock boxes, and storage facilities of any kind to which you have access.

94.    All documents concerning any interest in, or claimed title to, any certificates of deposit, bonds, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits or escrow funds owned or held by you at any time between 2013 and the present.

95.    All documents related to any loan agreements you entered into or attempted to enter into with any banks, financial institutions, or other entities or individuals, including copies of any applications or other documents signed and/or submitted by you to secure said loans at any time between 2013 and the present.

96.    All documents related to any account in which any of your earnings or other income has been deposited into, at any time between 2013 and the present, whether you continue to have an interest in it or not.

97.     All documents that evidence any trusts and the assets contained therein for trusts of which you are a grantor, beneficiary, or trustee.  This includes but is not limited to trust creation and governance documents, as well as any documents that evidence the beneficiaries of any trust in which you are a grantor, beneficiary, or trustee.

98.     All original notes, deeds, title certificates, mortgages or security instruments of any kind showing or tending to show the existence of debts owed to you or property in which you have a security interest.

99.     All writings or financial records evidencing or tending to evidence all money due to you, including any records evidencing or tending to evidence all people and/or entities who owe you money.

100.   All assessment notices, tax statements, deeds, mortgages and other documents evidencing or tending to evidence any ownership interest or equitable interest you currently have in any real property.

101.   All documents that refer in any way, directly or indirectly, to any and all motorized vehicles (including automobiles, trucks, watercraft, aircraft, recreational vehicles, and motorcycles) in which you own or claim an interest.

102.   All documents that refer in any way, directly or indirectly, to any items of personal property valued at over $1,000 in which you own or claim an interest.

103.   All bills of sale, receipts, deeds, contracts and other documents showing transfer by you to any other person or entity, from 2013 to the present, of any money, property, or other thing of value in excess of $1,000.

104.   All certificates of stock or other securities owned or beneficially held by you either alone or jointly with any other person or persons in any corporation or corporations.

105.   All documents evidencing investments of any kind by you.

106.   All documents identified in your Federal Rule of Civil Procedure 26 disclosures and any supplements or amendments thereto.

107.   All documents constituting and/or reflecting any communication between you and any party identified in your Federal Rule of Civil Procedure 26 disclosures, and any amendments and/or supplements thereto.

108.   Any and all affidavits, declarations, witness statements, notes of conversations, and correspondence related to this litigation that is not privileged or otherwise protected from disclosure.  As detailed in the instructions, if any document is withheld under a claim of privilege, please provide the necessary privilege log.

109.   Any and all insurance policies that may apply to this case.

110.   All documents reviewed and/or relied upon to assist you in responding to Plaintiff's First Set of Interrogatories, as well as any supplemental or amended

responses thereto.

DATED June 7, 2018.

_____
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was sent via email

and first class U.S. Mail to counsel for the Defendant, as follows:

Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, Montana 59801
matstevenson@bigskylegal.com
*Attorney for Defendant Andrew Anglin*

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
mjr@randazza.com;  ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
jmw@randazza.com;  ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

on this 7th day of June, 2018.

_____
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

Page 27