John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees[*]
J. Richard Cohen[*]
David C. Dinielli[*]
James M. Knoepp[*]
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
[*]Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW ANGLIN, publisher of the *Daily Stormer*,<br><br>    Defendant. | Case No. 9:17-cv-00050-DLC-JCL<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER |

## INTRODUCTION

One day before Defendant's responses and objections to Plaintiff's first discovery requests were due, Defendant filed the instant motion for a protective order. Defendant asks for a two-month extension so he may *start* locating

1

responsive documents and provide Plaintiff appropriate, non-boilerplate objections to her document requests and interrogatories.

Defendant may indeed find himself in a crunch, but it is one that is self-inflicted, and one that does not come close to constituting the good cause necessary for the protective order he seeks. It appears that, to date, Defendant has taken no steps to gather and prepare documents for production—not even the documents identified in his initial disclosures—even though this Court lifted the discovery stay on May 24, 2018 (at Plaintiff's request), which gave fair warning that formal discovery requests were sure to follow. And because Defendant apparently has taken no steps to gather responsive documents, he also has served written responses to Plaintiff's document requests and interrogatories that consist almost exclusively of boilerplate objections that Defendant himself appears to concede in his motion must be redrafted at a later date once he knows what documents he has and what information they contain.

The request for a two-month extension should be denied. Plaintiff requests that the Court instead set a schedule by which Defendant must provide appropriate responses and objections to Plaintiff's discovery requests, a date by which Defendant must begin his production (on a rolling basis if necessary), and a date by which Defendant must complete his production.

## ARGUMENT

A protective order specifying the time for discovery production requires good cause. Fed. R. Civ. P. 26(c)(1)(B). "For good cause to exist," Defendant "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips ex rel. Estates of Byrde v. GM Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). His "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). At best, Defendant has "show[n] that discovery may involve some inconvenience and expense," but that "does not suffice to establish good cause for issuance of a protective order." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). This Court must "consider the relative convenience of and hardships to the parties when determining whether there is good cause to grant a protective order." *Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008).

Defendant and his counsel assert that good cause exists because Defendant purports to be abroad; he and his counsel purport not to have "convenient means for lengthy communication"; locating responsive documents "*will* be an extremely time-consuming process"; and he and his counsel "*will* also need to have in-depth discussions about how to fully respond to Plaintiff's" discovery requests. Def.'s

Br. in Supp. of Mot. for Protective Order at 2, ECF 101 ("Mot.") (emphasis added); *accord* Wolman Decl. ¶¶ 8, 12–13, ECF 101-4.[1]

Yet Defendant makes no mention of any efforts already undertaken to comply with Plaintiff's discovery requests. In fact, defense counsel appears to suggest that they and Defendant have not even *started* searching for responsive documents or communicating about how to comply with Defendant's discovery obligations in the more than thirty days since they were served.

Defendant's explanation for how he found himself in this crunch is unconvincing. It is difficult to understand why Defendant and his counsel cannot communicate via email, phone, or online video messaging, for example, or why the necessity to do so somehow makes responding to Plaintiff's discovery requests unduly burdensome.[2] Even assuming for the sake of argument that Defendant is

---

[1] Defendant's motion is supported by a declaration from Defendant's counsel, but there is no declaration from Defendant himself. Thus, there is no evidence in the record to suggest that Defendant himself has even reviewed the discovery requests, much less that it would have been impossible for *him* (as opposed to his counsel) to comply with the requests by the deadline, or by the proposed extended deadline Plaintiff offered during the meet and confer process.

[2] Defendant has managed to participate in hours-long online conversations as recently as April, using, for example, Google Hangouts. *See, e.g.*, The Daily Shoah, *Waffelhausen Division*, Right Stuff (Apr. 23, 2018), https://therightstuff.biz/2018/04/23/tds284-waffelhausen-division/; *Sargon of Akkad vs Andrew Anglin Debate [Mirror]*, Bit Chute (Feb. 25, 2018), https://www.bitchute.com/video/iS2InojanMEr/. "With Google Hangouts," Defendant and his counsel "can exchange chat messages or hold video meetings with multiple people across the globe at once. All [they] need is a computer, tablet, or phone that has a camera, speaker,

abroad and that he and his counsel legitimately cannot communicate effectively because of the distance, Defendant and his counsel have known that Defendant is purportedly abroad since long before Plaintiff served her first discovery requests. As Defendant himself reminds the Court, he has "informed Plaintiff and the Court multiple times" that he "is not located in the United States." Mot. at 2, ECF 101. Yet defense counsel waited until five days before Defendant's responses were due to raise the issue with Plaintiff's counsel.[3]

Defendant's written responses and objections to Plaintiff's document requests and interrogatories also suggest that no effort to gather documents has begun. Defendant served written objections to Plaintiff's document requests that literally object to the production of anything other than documents already attached to prior filings. *See* Def.'s Objs. to Pl.'s First Reqs. for Produc. of Docs. at 55 (attached as Ex. A) ("Def.'s RFP Objs."); *see also* Def.'s Objs. to Pl.'s First Interrogs. (attached as Ex. B). These signed responses appear to be nothing more than placeholders, written quickly after Defendant declined to agree to a two-month extension. Defendant cannot seriously contend, for example, that a request

---

and microphone." G Suite Learning Center, *What Can You Do with Hangouts?*, Google, https://gsuite.google.com/learning-center/products/hangouts/get-started/#!/

[3] Plaintiff served her first discovery requests on June 7, 2018, by U.S. mail. Defendant's responses were due July 10, 2018. *See* Fed. R. Civ. P. 6(d), 33(b)(2), 34(b)(2)(A).

seeking production specifically of those documents identified in Defendant's initial disclosures is "irrelevant." *See* Def.'s RFP Objs. at 55 (Ex. A).

Defendant's frivolous boilerplate objections to every discovery request further belie his and his counsel's asserted "diligence" in trying to meet their discovery deadline. "The recitation of 'boilerplate, shotgun-style objections' are not consistent with the requirements of discovery rules." *Russell v. Daiichi-Sankyo, Inc.*, No. CV 11-34-BLG-CSO, 2012 WL 1161435, at *1 (D. Mont. Apr. 6, 2012) (Ostby, J.); *see also* L.R. 26.3(a)(2)–(3) ("Each objection must be followed by a statement of reasons.").

A mere sampling of Defendant's objections is illustrative:

- Defendant objected to Plaintiff's request (No. 13) for his driver's licenses valid on April 18, 2017, as "unduly burdensome." Def.'s RFP Objs. at 10 (Ex. A).
- Defendant objected to Plaintiff's request (No. 19) for Defendant's communications with Sherry Spencer about Plaintiff as "overbroad," "unduly burdensome," and "irrelevant." *Id.* at 13.
- Defendant objected to Plaintiff's request (No. 31) for communications between Defendant and anyone who wrote, posted, or sent the harassing communications Plaintiff complains of "as irrelevant and disproportionate to the needs of the case." *Id.* at 19.

- Defendant objected to Plaintiff's requests (Nos. 75 and 76) for all communications from Defendant to Plaintiff's or her husband's employers as "irrelevant," "vague," and "overbroad." *Id.* at 38–39.

- Defendant objected to Plaintiff's request (No. 106) for "[a]ll documents identified in your Federal Rule of Civil Procedure 26 disclosures and any supplements or amendments thereto" as "irrelevant" and "vague." *Id.* at 55.

- Defendant objected to Plaintiff's request (No. 110) for all documents Defendant reviewed or relied upon in responding to Plaintiff's first set of interrogatories "irrelevant" and "unduly burdensome." *Id.* at 57.

Whereas deficient discovery responses and objections might normally warrant a meet-and-confer and motion to compel, Defendant tries to use these facially frivolous responses and objections as a reason for this Court to excuse his own inactivity. Mot. at 2, ECF 101. He essentially admits that his responses and objections are deficient, arguing that the then-"current time frame" of one day before the deadline made it "logistically oppressive" to "provid[e] substantive responses subject to or notwithstanding" his boilerplate objections. *Id.* Defendant must simply start over.

The present circumstances do not establish good cause for a two-month extension; they do on the other hand establish good cause for an order from this

Court requiring Defendant to serve amended, appropriate objections and responses to Plaintiff's discovery requests, and requiring Defendant to produce responsive documents, on a rolling basis if necessary, beginning by a date certain and concluding by a date certain. Plaintiff recommends a deadline of July 24, 2018 (the deadline under the extension Plaintiff was willing to grant without Court involvement) to serve amended responses and objections to the document requests and interrogatories with production to begin the same date, and a deadline of August 23, 2018 (thirty days later) to complete production of documents responsive to Plaintiff's first set of requests for production of documents.

## CONCLUSION

For the foregoing reasons, the motion should be denied.

July 12, 2018

/s/ David C. Dinielli
David C. Dinielli

/s/ John Morrison
John Morrison

*Attorneys for Plaintiff Tanya Gersh*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document complies with Local Rule 7.1(d)(2) because it contains 1,521 words, excluding the portions excepted under the Rule.

July 12, 2018                                          /s/ David C. Dinielli
                                                       David C. Dinielli
                                                       *Attorney for Plaintiff Tanya Gersh*

# CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record, including:

Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, Montana 59801
matstevenson@bigskylegal.com
*Attorney for Defendant Andrew Anglin*

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
mjr@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
jmw@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

on this July 12, 2018.

/s/ David C. Dinielli
David C. Dinielli
*Attorney for Plaintiff Tanya Gersh*