# Exhibit A

Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

Attorneys for Defendant
Andrew Anglin

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| TANYA GERSH, | ) | Case No. 9:17-cv-50-DLC-JCL |
| | ) | |
| Plaintiff, | ) | **DEFENDANT ANDREW** |
| | ) | **ANGLIN'S OBJECTIONS AND** |
| vs. | ) | **INITIAL RESPONSES TO** |
| | ) | **PLAINTIFF'S FIRST REQUESTS** |
| ANDREW ANGLIN, | ) | **FOR PRODUCTION OF** |
| | ) | **DOCUMENTS** |
| Defendant. | ) | |
| | ) | |

## <u>DEFENDANT ANDREW ANGLIN'S</u>
## <u>OBJECTIONS AND INITIAL RESPONSES TO PLAINTIFF'S</u>
## <u>FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Andrew Anglin ("Anglin" or "Defendant") hereby responds to Plaintiff's First Requests for Production of Documents. Counsel for Plaintiff has agreed to an additional two weeks for Defendant to respond to these requests. Defendant intends to seek a sixty-day extension. These responses are to be deemed initial in nature and shall be seasonably supplemented.

These responses are made solely for the purpose of, and in relation to, this action. Each response is given subject to all appropriate objections (including but not limited to objections concerning competency, relevancy, materiality, propriety, and admissibility), which would require the exclusion of any statement contained herein if the request were asked of, or any statement contained herein was made by, a witness present and testifying in court. All such objections and grounds therefore are reserved and may be interposed at the time of trial.

Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any request herein has been responded upon should not be taken as an admission, or a concession, of the existence of any facts set forth or assumed by such request, or that such response constitutes evidence of any fact thus set forth or assumed. All responses must be construed as given on the basis of present recollection.

## GENERAL OBJECTIONS

1.      Anglin objects to the subject requests to the extent that they request the disclosure of information protected by the attorney-client privilege, the work-product doctrine, or any other recognized privilege or immunity.

2.      Anglin objects to the subject requests to the extent that they are not reasonably calculated to lead to the discovery of admissible evidence.  The providing of documents in response to any request is not to be deemed or construed as an admission by Anglin that the information is in fact relevant to this action.

3.      Anglin objects to the subject requests to the extent that they call for the production of documents not in the possession, custody, or control of Anglin.

4.      To the extent words or phrases used in the requests are vague, ambiguous, or otherwise overbroad, Anglin shall respond in a manner in which they believe, in good faith, to be requested thereby.

5.      Anglin states that discovery in this matter is continuing and ongoing and that it is possible that additional information responsive to the requests will be identified subsequent to the date of this response.

6.      All responses made herein are based upon the best knowledge, information and belief held by Anglin at the time of the response.

7.      Defendant objects to the Definitions to the extent they conflict with the definitions applicable in the Federal Rules of Civil Procedure and/or Local Civil Rule 26.

8.    Defendant objects to the Instructions to the extent they impose any obligation beyond that required by the Federal Rules of Civil Procedure or the Local Rules of this Court.

9.    Defendant objects to the requests to the extent they encompass documents subject to attorney-client privilege created subsequent to the initiation of this litigation and will neither produce nor create a privilege log as to same. Defendant objects to any request to the extent it may violate the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.* All such documents are withheld.

10.   Anglin incorporates these General Objections into each and every specific response as if fully set forth therein.

11.   Anglin objects to the term "associated metadata" in Definition 3 as vague and overbroad.

12.   Anglin objects to the rule of construction in Definition 8(a) as unduly burdensome. The words "and" and "or" shall be interpreted according to their ordinary usage in the conjunctive and disjunctive, respectively.

13.   Anglin objects to the rule of construction in Definition 8(b) as unduly burdensome. The words "any", "each", and "all" shall be interpreted according to their ordinary usage.

14.   Anglin objects to the rule of construction in Definition 8(c) as unduly burdensome. Singular and plural forms shall be interpreted according to their ordinary usage.

15.     Anglin objects to Instruction 3 as neither Moonbase Holdings nor The Daily Stormer are parties to these proceedings and he will not respond on their behalves and he is not obligated to seek documents from them.

16.     Anglin objects to Instruction 2 as exceeding the requirements of the rules and he reserves the right to produce responsive documents in any permissible manner or method.

Subject to and without waiving the foregoing General Objections, Anglin specifically responds to each numbered Request as follows:

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

All documents, including but not limited to your passport(s) and any visa(s), reflecting or demonstrating any permission to enter and remain in Greece between 2013 and the present.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this request as irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such in an answer.  Subject to the foregoing, Defendant states that he previously filed any such responsive documents with the Court.

**REQUEST NO. 2:**

All documents, including but not limited to paystubs, employment agreements, bank account records, and crypto-currency records, reflecting or demonstrating your employment in Greece at any time between 2013 and the

present, including but not limited to any employment with the Athens International Youth Hostel.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this request as irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such in an answer.  Subject to the foregoing, Defendant states that no such responsive documents are within his possession, custody, or control.

**REQUEST NO. 3:**

All documents, including but not limited to leasing agreements, hotel bills, payment confirmations, credit card records, bank account records, and crypto-currency records, reflecting your right or permission to stay at any residence or similar location, and the dates of your stay at each location, while in Greece at any time between 2013 and the present.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this request as irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such in an answer.  Subject to the foregoing, Defendant states that no such responsive documents are within his possession, custody, or control.

**REQUEST NO. 4:**

All documents, including but not limited to your passport(s) and any visa(s), reflecting or demonstrating any permission to enter and remain in Cambodia between 2017 and the present.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this request as irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such in an answer. Subject to the foregoing, Defendant states that he previously filed any such responsive documents with the Court.

**REQUEST NO. 5:**

All documents, including but not limited to paystubs, employments agreements, credit card records, bank account records, and crypto-currency records, reflecting or demonstrating your employment or source(s) of income between 2013 and the present while you were present in Cambodia.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this request as irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such in an answer. Subject to the foregoing, Defendant states that no such responsive documents are within his possession, custody, or control.

**REQUEST NO. 6:**

All documents, including but not limited to leasing agreements, hotel bills, payment confirmations, credit card records, bank account records, and crypto-currency records, reflecting your right or permission to stay at any residence or similar location, and the dates of your stay in each location, while in Cambodia at any time between 2017 and the present. This request includes but is not limited to

any documents related to any stay(s) at the Damnak Villa Boutique in Siem Reap City.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request as irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such in an answer.  Subject to the foregoing, Defendant states that no such responsive documents are within his possession, custody, or control.

**REQUEST NO. 7:**

Your current and any previous passport(s) that were valid between 2013 and the present, including any and all additional pages.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this request as irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such in an answer.  Subject to the foregoing, Defendant states that he previously filed any such responsive documents with the Court.

**REQUEST NO. 8:**

All visas issued to you that were valid for any length of time and for any country between 2013 and the present.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this request as irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such

in an answer.  Subject to the foregoing, Defendant states that he previously filed any such responsive documents with the Court.

**REQUEST NO. 9:**

All documents, including but not limited to entry and exit documents and any airplane, bus, train or similar tickets or receipts, evidencing your entry or exit from any country, including but not limited to the United States, between 2013 and the present.

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this request as irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such in an answer.  Subject to the foregoing, Defendant states that he previously filed any such responsive documents with the Court.

**REQUEST NO. 10:**

All documents, including but not limited to IRS forms W-2 and 1099, paystubs, employment agreements, bank account records, crypto-currency records, and dividend payments reflecting or demonstrating your employment and/or sources of income between 2013 and the present.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case; the requested information is not related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it seeks a large volume of documents with no attempt to tailor such request to any

RANDAZZA | LEGAL GROUP

relevant information.     Defendant objects to this request to the extent it unconstitutionally or otherwise unlawfully requires him to disclose donors to his legal defense.

**REQUEST NO. 11:**

All documents, including but not limited to deeds, mortgages, lease agreements, canceled checks, credit card statements, bank account records, and/or crypto-currency records, that evidence or tend to evidence the payment by you (or by a third party on your behalf) of any sums for housing at any location between 2013 and the present.

**RESPONSE TO REQUEST NO. 11:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case; the requested information is not related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

**REQUEST NO. 12:**

All documents, including but not limited to transportation itineraries or confirmations, plane, bus, or trains tickets, credit card records, bank account records, and crypto-currency records, that evidence or tend to evidence any travel by you between any two countries for any length or increment of time between 2013 and the present.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this request as irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such in an answer.  Subject to the foregoing, Defendant states that he previously filed any such responsive documents with the Court.

**REQUEST NO. 13:**

All drivers' licenses in your name valid on April 18, 2017.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case; the requested information is not related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome.

**REQUEST NO. 14:**

All documents related to the registration of any vehicles in your name that were valid on April 18, 2017.

**RESPONSE TO REQUEST NO. 14:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case; the requested information is not related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome.

**REQUEST NO. 15:**

All insurance agreements issued to you or covering you or your belongings, including but not limited to insurance agreements covering motor vehicles, renter's

insurance, homeowner's insurance, health insurance, and dental insurance, that were valid on April 18, 2017.

**RESPONSE TO REQUEST NO. 15:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case; the requested information is not related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

**REQUEST NO. 16:**

All documents related to your court appearance in Columbus, Ohio in or around February of 2017.

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case; the requested information is not related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome. Defendant objects to this request as lacking foundation.

**REQUEST NO. 17:**

All communications between you and Richard Spencer that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Richard Spencer.

**RESPONSE TO REQUEST NO. 17:**

Defendant objects to this request as overbroad, vague, and unduly burdensome. Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

**REQUEST NO. 18:**

All communications between you and Andrew Auernheimer (aka Weev) that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Andrew Auernheimer (aka Weev).

**RESPONSE TO REQUEST NO. 18:**

Defendant objects to this request as overbroad, vague, and unduly burdensome. Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

**REQUEST NO. 19:**

All communications between you and Sherry Spencer that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Sherry Spencer.

**RESPONSE TO REQUEST NO. 19:**

Defendant objects to this request as overbroad, vague, and unduly burdensome.  Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

**REQUEST NO. 20:**

All communications between you and Rand Spencer that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Rand Spencer.

**RESPONSE TO REQUEST NO. 20:**

Defendant objects to this request as overbroad, vague, and unduly burdensome.  Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

**REQUEST NO. 21:**

All communications between you and David Duke that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching David Duke.

**RESPONSE TO REQUEST NO. 21:**

Defendant objects to this request as overbroad, vague, and unduly burdensome. Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

**REQUEST NO. 22:**

All communications between you and Robert Ray (aka Azzmador) that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Robert Ray (aka Azzmador).

**RESPONSE TO REQUEST NO. 22:**

Defendant objects to this request as overbroad, vague, and unduly burdensome. Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

**REQUEST NO. 23:**

All communications between you and Sara Torgerson that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes without limitation all communications sent with the purpose of reaching Sara Torgerson.

**RESPONSE TO REQUEST NO. 23:**

Defendant objects to this request as overbroad, vague, and unduly burdensome. Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

**REQUEST NO. 24:**

All communications between you and Eric Striker that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

**RESPONSE TO REQUEST NO. 24:**

Defendant objects to this request as overbroad, vague, and unduly burdensome. Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

**REQUEST NO. 25:**

All documents or communications received, created, stored, or which you otherwise possessed on or before December 16, 2016, that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

**RESPONSE TO REQUEST NO. 25:**

Defendant objects to this request as overbroad, vague, and unduly burdensome. Defendant objects to this request as disproportionate to the needs of

the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.

**REQUEST NO. 26:**

All documents and communications that support any statement or opinion expressed in any or all articles written or published by you on the Daily Stormer or any other location about or with reference to Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

**RESPONSE TO REQUEST NO. 26:**

Defendant objects to this request as overbroad, vague, and unduly burdensome.  Defendant objects to this request as disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.

Subject to the foregoing objection, Defendant has produced such responsive documents as exhibits to his motion to dismiss.

**REQUEST NO. 27:**

All drafts of any articles or other documents written by you about or with reference to Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

**RESPONSE TO REQUEST NO. 27:**

Defendant objects to this request as overbroad, vague, and unduly burdensome.  Defendant objects to this request as disproportionate to the needs of

the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.

Subject to the foregoing objection, Defendant has produced such responsive documents as exhibits to his motion to dismiss.

**REQUEST NO. 28:**

All documents, including but not limited to any and all communications sent or received by you, that relate in any way to the Daily Stormer and that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes but is not limited to any and all articles that were published on the Daily Stormer that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This requests includes but is not limited to any and all correspondence sent or received by you that involve Daily Stormer forum users/members that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

**RESPONSE TO REQUEST NO. 28:**

Defendant objects to this request as overbroad, vague, and unduly burdensome.  Defendant objects to this request as disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request to the extent it seeks

documents protected by attorney-client privilege and/or work product doctrine created following the filing of this suit.

**REQUEST NO. 29:**

A complete record of all Daily Stormer forum postings for any and all forum threads/discussions that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request seeks not just the posts that directly relate to Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties), but a complete record of all of the posts in each discussion thread if that thread/discussion at some point relates to or references Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

**RESPONSE TO REQUEST NO. 29:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome.  Defendant objects to this request to the extent it may violate the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.*

**REQUEST NO. 30:**

All documents that provide any and all user information or data, including but not limited to name, address, email address, telephone number, and/or IP address,

with respect to those users who posted in any of the discussion(s)/thread(s) on the Daily Stormer forum that are responsive to Request No. 29.

**RESPONSE TO REQUEST NO. 30:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome.  Defendant objects to this request because it seeks to infringe on the First Amendment right to anonymous speech of third parties.  Defendant objects to this request to the extent it may violate the Stored Communications Act, 18 U.S.C. §§ 2701 *et seq.*

**REQUEST NO. 31:**

All documents relating to communications between you and any of the individuals who wrote, posted, or sent any of the communications referenced in Plaintiff's Complaint.

**RESPONSE TO REQUEST NO. 31:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome.

**REQUEST NO. 32:**

All documents that relate in any way to any terms of use or rules related to permission for registered users of the Daily Stormer forums to utilize and post in those forums.

**RESPONSE TO REQUEST NO. 32:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome.

**REQUEST NO. 33:**

All documents, including but not limited to any and all communications sent or received by you, that relate in any way to any instance in which you or the Daily Stormer withdrew permission (either temporarily or permanently) from any registered users to post in the Daily Stormer forums.

**RESPONSE TO REQUEST NO. 33:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome.

**REQUEST NO. 34:**

All documents providing instructions on the style, tone, or format of articles posted or to be posted on the Daily Stormer's website.

**RESPONSE TO REQUEST NO. 34:**

       Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome.

**REQUEST NO. 35:**

       All documents, including but not limited to any and all communications sent or received by you between 2013 and the present, that include any of the following words: "troll", "troll storm", and/or "troll storms".

**RESPONSE TO REQUEST NO. 35:**

       Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that includes these words.

**REQUEST NO. 36:**

       All documents, including but not limited to any and all communications sent or received by you, that include any of the following phrases: "Operation Jew Wife" and/or "OperationJewWife".

**RESPONSE TO REQUEST NO. 36:**

       Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any

claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that includes these words.

## REQUEST NO. 37:

All documents, including but not limited to any and all communications sent or received by you, that include any of the following phrases: "MizzouProtest" and/or "Mizzou Protest".

## RESPONSE TO REQUEST NO. 37:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that includes these words.

## REQUEST NO. 38:

All documents, including any and all communications sent or received by you, that include any of the following words: "GamerGate", "Zoe Quinn", "Chelsea Van Valkenburg", and/or "Alison Rapp".

## RESPONSE TO REQUEST NO. 38:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and

unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that includes these words.

**REQUEST NO. 39:**

All documents, including any and all communications sent or received by you, that relate in any way to the article "Thank you for Trolling Alex Jones" published on the Daily Stormer on or about July 30, 2014.

**RESPONSE TO REQUEST NO. 39:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this article.

**REQUEST NO. 40:**

All documents, including any and all communications sent or received by you, related in any way to the article "#FreeAnglin: Following Twitter Ban, Andrew Anglin Goes on Hunger Strike, Demands Shaun King Resign" published on the Daily Stormer on or about November 12, 2015.

**RESPONSE TO REQUEST NO. 40:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and

unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this article.

**REQUEST NO. 41:**

All documents, including any and all communications sent or received by you, related in any way to the article "Game Over: Feminist Child-Sex Advocate Alison Rapp Fired from Nintendo!" published on the Daily Stormer on or about March 31, 2016.

**RESPONSE TO REQUEST NO. 41:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this article.

**REQUEST NO. 42:**

All documents, including any and all communications sent or receied [sic] by you, related in any way to the article "Empress Melania Attacked by Filthy Russian Kike Julia Ioffe in GQ" published on the Daily Stormer on or about April 28, 2016.

**RESPONSE TO REQUEST NO. 42:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and

unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this article.

**REQUEST NO. 43:**

All documents, including any and all communications sent or received by you, related in any way to the article "Oz: Filthy Haji Slut Mariam Veiszadeh Gets Her Feelings Hurt on the Internet Again" published on the Daily Stormer on or about July 5, 2016.

**RESPONSE TO REQUEST NO. 43:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this article.

**REQUEST NO. 44:**

All documents, including any and all communications sent or received by you, related in any way to the article "Send the Military to Arrest Treasonous Federal Judge Ann Donnelly for Trying to Flood America with Terrorists" published on the Daily Stormer on or about January 29, 2017.

**RESPONSE TO REQUEST NO. 44:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and

unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this article.

**REQUEST NO. 45:**

All documents, including any and all communications sent or receied [sic] by you, related in any way to the article "Nigger-Fucking Polish Whore Magdalena Pegowska Called the Cops on Me!" published on the Daily Stormer on or about July 21, 2017.

**RESPONSE TO REQUEST NO. 45:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this article.

**REQUEST NO. 46:**

All documents, including any and all communications sent or received by you, related in any way to the article "TAKE ACTION: Another Jew Celebrating Vegas Deaths – Let's Tell Him What We Think of This!" published on the Daily Stormer on or about October 5, 2017.

**RESPONSE TO REQUEST NO. 46:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and

RANDAZZA | LEGAL GROUP

unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this article.

## REQUEST NO. 47:

All documents, including any and all communications sent or received by you, related in any way to the article "Shit-Tier Bluecheck Moo-Cow Calls for Whites to Stop Breeding to End Supremacy!" published on the Daily Stormer on or about October 29, 2017.

## RESPONSE TO REQUEST NO. 47:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this article.

## REQUEST NO. 48:

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Erin Shrode.

## RESPONSE TO REQUEST NO. 48:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 49:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Julia Ioffe.

**RESPONSE TO REQUEST NO. 49:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 50:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Jonah Goldberg.

**RESPONSE TO REQUEST NO. 50:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 51:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard David French.

**RESPONSE TO REQUEST NO. 51:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 52:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Mariam Veiszadeh.

**RESPONSE TO REQUEST NO. 52:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 53:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Magdalena Pegowska.

**RESPONSE TO REQUEST NO. 53:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and

unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 54:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Jessie Daniels.

**RESPONSE TO REQUEST NO. 54:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 55:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Greg Morelli.

**RESPONSE TO REQUEST NO. 55:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 56:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Taylor Dumpson.

**RESPONSE TO REQUEST NO. 56:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 57:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Scott Ernest.

**RESPONSE TO REQUEST NO. 57:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 58:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Joel Oliphint.

**RESPONSE TO REQUEST NO. 58:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 59:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Andy Downing.

**RESPONSE TO REQUEST NO. 59:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 60:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Olivia Flak.

**RESPONSE TO REQUEST NO. 60:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and

RANDAZZA | LEGAL GROUP

unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

## REQUEST NO. 61:

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Chris Sampson.

## RESPONSE TO REQUEST NO. 61:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

## REQUEST NO. 62:

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Jennifer Dalton.

## RESPONSE TO REQUEST NO. 62:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 63:**

All documents, including any and all communications sent or received by you, that relate to or reference in any regard Michael Hirsh.

**RESPONSE TO REQUEST NO. 63:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 64:**

All documents and communications between you and Twitter and/or sent to you from Twitter that relate to abuse reports or complaints.

**RESPONSE TO REQUEST NO. 64:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 65:**

All documents and communications between you and Twitter and/or sent to you from Twitter that relate to termination of service.

**RESPONSE TO REQUEST NO. 65:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 66:**

All documents and communications between you and GoDaddy and/or sent to you from GoDaddy that relate to abuse reports or complaints.

**RESPONSE TO REQUEST NO. 66:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 67:**

All documents and communications between you and GoDaddy and/or sent to you from GoDaddy that relate to termination of service.

**RESPONSE TO REQUEST NO. 67:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 68:**

All documents and communications between you and Google and/or sent to you from Google that relate to abuse reports or complaints.

**RESPONSE TO REQUEST NO. 68:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 69:**

All documents and communications between you and Google and/or sent to you from Google that relate to termination of service.

**RESPONSE TO REQUEST NO. 69:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 70:**

All documents and communications between you and Cloudflare and/or sent to you from Cloudflare that relate to abuse reports or complaints.

**RESPONSE TO REQUEST NO. 70:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any

claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

## REQUEST NO. 71:

All documents and communications between you and Cloudflare and/or sent to you from Cloudflare that relate to termination of service.

## RESPONSE TO REQUEST NO. 71:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

## REQUEST NO. 72:

All documents and communications between you and DigitalOcean and/or sent to you from DigitalOcean that relate to abuse reports or complaints.

## RESPONSE TO REQUEST NO. 72:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

## REQUEST NO. 73:

All documents and communications between you and DigitalOcean and/or sent to you from DigitalOcean that relate to termination of service.

**RESPONSE TO REQUEST NO. 73:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 74:**

All documents, including any and all communications sent or received by you, related to or that reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties).

**RESPONSE TO REQUEST NO. 74:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to these subjects.

**REQUEST NO. 75:**

All communications sent by you from any account related to or about PureWest (Tanya Gersh's employer) or any of its employees.

**RESPONSE TO REQUEST NO. 75:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any

claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 76:**

All communications sent by you from any account related to or about Viscomi & Gersh, PLLP or any of its employees.

**RESPONSE TO REQUEST NO. 76:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 77:**

All communications sent by you from any account to any resident of, business located in, property owner in, or government official of Whitefish, Montana.

**RESPONSE TO REQUEST NO. 77:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 78:**

All complaints related to real estate licensing prepared by you related to Tanya Gersh.

**RESPONSE TO REQUEST NO. 78:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 79:**

Your phone records from November 1, 2016 to the present.

**RESPONSE TO REQUEST NO. 79:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 80:**

Direct messages received or sent from any account associated with you, or to which you have access and have ever used, that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana (or any of its residents, businesses, or properties). This request includes any and all platforms, including but not limited to Twitter, Facebook, Gab, Instagram, Reddit, Discord, and the Daily Stormer's servers and/or forum features.

**RESPONSE TO REQUEST NO. 80:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any

claim or defense of any party. Defendant objects to this request as vague, overbroad and unduly burdensome.

## REQUEST NO. 81:

All documents, including any and all communications sent or received by you, related in any way to the "Whitefish March" originally scheduled for January of 2017. This request includes but is not limited to any and all applications for permits that you either prepared or submitted.

## RESPONSE TO REQUEST NO. 81:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as vague, overbroad and unduly burdensome. Subject to the foregoing objection, Defendant has produced responsive documents as exhibits to his motion to dismiss.

## REQUEST NO. 82:

All communications between you and groups classified as terrorist organizations by the United States government (including without limitation Hamas) related to Tanya Gersh or Whitefish, Montana.

## RESPONSE TO REQUEST NO. 82:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 83:**

All documents and communications related to William Edward Atchison.

**RESPONSE TO REQUEST NO. 83:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 84:**

All documents and communications related to Dylann Roof.

**RESPONSE TO REQUEST NO. 84:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 85:**

All documents and communications related to James Harris Jackson.

**RESPONSE TO REQUEST NO. 85:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and

unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 86:**

All documents and communications related to Thomas Mair.

**RESPONSE TO REQUEST NO. 86:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 87:**

All documents and communications related to Devon Arthurs.

**RESPONSE TO REQUEST NO. 87:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this person.

**REQUEST NO. 88:**

All documents and communications related to Unite the Right Rally.

**RESPONSE TO REQUEST NO. 88:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that relate to this subject.

**REQUEST NO. 89:**

All income tax and any other tax returns (both state and federal) filed by you for the years 2013 to the present, including all schedules and attachments thereto.

**RESPONSE TO REQUEST NO. 89:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as vague, overbroad and unduly burdensome. Defendant objects to such production as privileged and unnecessary; they are not relevant and there is no compelling need for the returns and related documents. *Compare Kelley v. Billings Clinic,* No. CV 12-74-BLG-RFC-CSO, 2013 U.S. Dist. LEXIS 50370, at *15-18 (D. Mont. Apr. 8, 2013). Defendant objects to pre-judgment asset discovery as irrelevant. *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.").

**REQUEST NO. 90:**

All documents and records concerning any checking account, savings account, money market account, investment account, crypto-currency account, or any other type of account, foreign or domestic, maintained by you at any time between 2013 and the present, including but not limited to monthly account statements and check registers.

**RESPONSE TO REQUEST NO. 90:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**REQUEST NO. 91:**

All monthly account statements/bills related to any credit cards you have used at any time between 2013 and the present.

**RESPONSE TO REQUEST NO. 91:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad

and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

## REQUEST NO. 92:

All documents related to any joint ventures or partnerships entered into between you and any other person or entity between 2013 and the present.

## RESPONSE TO REQUEST NO. 92:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

## REQUEST NO. 93:

All documents that evidence safe-deposit boxes, lock boxes, and storage facilities of any kind to which you have access.

**RESPONSE TO REQUEST NO. 93:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**REQUEST NO. 94:**

All documents concerning any interest in, or claimed title to, any certificates of deposit, bonds, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits or escrow funds owned or held by you at any time between 2013 and the present.

**RESPONSE TO REQUEST NO. 94:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless

such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**REQUEST NO. 95:**

All documents related to any loan agreements you entered into or attempted to enter into with any banks, financial institutions, or other entities or individuals, including copies of any applications or other documents signed and/or submitted by you to secure said loans at any time between 2013 and the present.

**RESPONSE TO REQUEST NO. 95:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**REQUEST NO. 96:**

All documents related to any account in which any of your earnings or other income has been deposited into, at any time between 2013 and the present, whether you continue to have an interest in it or not.

**RESPONSE TO REQUEST NO. 96:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**REQUEST NO. 97:**

All documents that evidence any trusts and the assets contained therein for trusts of which you are a grantor, beneficiary, or trustee.  This includes but is not limited to trust creation and governance documents, as well as any documents that evidence the beneficiaries of any trust in which you are a grantor, beneficiary, or trustee.

**RESPONSE TO REQUEST NO. 97:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless

such discovery is relevant to the merits of the pending claim, or in response to a defense.")

## REQUEST NO. 98:

All original notes, deeds, title certificates, mortgages or security instruments of any kind showing or tending to show the existence of debts owed to you or property in which you have a security interest.

## RESPONSE TO REQUEST NO. 98:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as vague, overbroad and unduly burdensome. Defendant objects to pre-judgment asset discovery as irrelevant. *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

## REQUEST NO. 99:

All writings or financial records evidencing or tending to evidence all money due to you, including any records evidencing or tending to evidence all people and/or entities who owe you money.

## RESPONSE TO REQUEST NO. 99:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any

RANDAZZA | LEGAL GROUP

claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

### REQUEST NO. 100:

All assessment notices, tax statements, deeds, mortgages and other documents evidencing or tending to evidence any ownership interest or equitable interest you currently have in any real property.

### RESPONSE TO REQUEST NO. 100:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**REQUEST NO. 101:**

All documents that refer in any way, directly or indirectly, to any and all motorized vehicles (including automobiles, trucks, watercraft, aircraft, recreational vehicles, and motorcycles) in which you own or claim an interest.

**RESPONSE TO REQUEST NO. 101:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")  Subject to the foregoing objection, Defendant previously produced a declaration referring to a motorcycle as Dkt. No. 64-1.

**REQUEST NO. 102:**

All documents that refer in any way, directly or indirectly, to any items of personal property valued at over $1,000 in which you own or claim an interest.

**RESPONSE TO REQUEST NO. 102:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as

irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**REQUEST NO. 103:**

All bills of sale, receipts, deeds, contracts and other documents showing transfer by you to any other person or entity, from 2013 to the present, of any money, property, or other thing of value in excess of $1,000.

**RESPONSE TO REQUEST NO. 103:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**REQUEST NO. 104:**

All certificates of stock or other securities owned or beneficially held by you either alone or jointly with any other person or persons in any corporation or corporations.

**RESPONSE TO REQUEST NO. 104:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as vague, overbroad and unduly burdensome. Defendant objects to pre-judgment asset discovery as irrelevant. *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**REQUEST NO. 105:**

All documents evidencing investments of any kind by you.

**RESPONSE TO REQUEST NO. 105:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as vague, overbroad and unduly burdensome. Defendant objects to pre-judgment asset discovery as irrelevant. *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**REQUEST NO. 106:**

All documents identified in your Federal Rule of Civil Procedure 26 disclosures and any supplements or amendments thereto.

**RESPONSE TO REQUEST NO. 106:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case.  Defendant objects to this request as vague, overbroad and unduly burdensome.   Subject to the foregoing object, Defendant produced responsive documents as exhibits to his motion to dismiss and will timely produce for inspection and copying:

- Results of Attorney Directory Search, The Supreme Court of Ohio website;
- Online Records, Franklin County Clerk of Courts, *Gersh v. Anglin*, Case No. 17 MS 000343;
- Documents regarding Plaintiff on the Daily Stormer website.

**REQUEST NO. 107:**

All documents constituting and/or reflecting any communication between you and any party identified in your Federal Rule of Civil Procedure 26 disclosures, and any amendments and/or supplements thereto.

**RESPONSE TO REQUEST NO. 107:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 108:**

Any and all affidavits, declarations, witness statements, notes of conversations, and correspondence related to this litigation that is not privileged or otherwise protected from disclosure.  As detailed in the instructions, if any document is withheld under a claim of privilege, please provide the necessary privilege log.

**RESPONSE TO REQUEST NO. 108:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case.  Defendant objects to this request as vague, overbroad and unduly burdensome.

**REQUEST NO. 109:**

Any and all insurance policies that may apply to this case.

**RESPONSE TO REQUEST NO. 109:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party.  Defendant objects to this request as vague.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")  Subject to the foregoing objection, Defendant states that no such responsive document is in his possession, custody, or control.

**REQUEST NO. 110:**

All documents reviewed and/or relied upon to assist you in responding to Plaintiff's First Set of Interrogatories, as well as any supplemental or amended responses thereto.

**RESPONSE TO REQUEST NO. 110:**

Defendant objects to this request as irrelevant and disproportionate to the needs of the case. Defendant objects to this request as vague, overbroad and unduly burdensome.

Dated: July 9, 2018.                      Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,*
*Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 9, 2018, a copy of the foregoing was served via electronic mail and U.S. Mail on counsel for Plaintiff as follows:

John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
john@mswdlaw.com
rfolsen@mswdlaw.com

Morris Dees
J. Richard Cohen
David C. Dinielli
Jim Knoepp
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org

*Attorneys for Plaintiff Tanya Gersh*

/s/ Marc J. Randazza
Marc J. Randazza

Anglin Objections and Initial Responses to Plaintiff's First Requests for Production
9:17-cv-50-DLC-JCL