# Exhibit B

Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

Attorneys for Defendant
Andrew Anglin

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| TANYA GERSH, | ) | Case No. 9:17-cv-50-DLC-JCL |
| | ) | |
| Plaintiff, | ) | **DEFENDANT ANDREW** |
| | ) | **ANGLIN'S OBJECTIONS TO** |
| vs. | ) | **PLAINTIFF'S FIRST SET OF** |
| | ) | **INTERROGATORIES** |
| ANDREW ANGLIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### <u>DEFENDANT ANDREW ANGLIN'S OBJECTIONS TO</u><br><u>PLAINTIFF'S FIRST SET OF INTERROGATORIES</u>

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Andrew Anglin ("Anglin" or "Defendant") hereby objects to Plaintiff's First Set of Interrogatories.  Counsel for Plaintiff has agreed to an additional two weeks for Defendant to answer to these interrogatories. Defendant intends to seek a sixty-day extension.  Answers to the Interrogatories, to the extent permissible, shall be seasonably provided.

### <u>GENERAL OBJECTIONS</u>

1.      Anglin objects to each instruction, definition, and/or Interrogatory to the extent it seeks to impose duties on Anglin beyond the scope of the Federal Rules of Civil Procedure or the Local Rules of this Court.

2.      Anglin objects to each Interrogatory to the extent it seeks confidential, proprietary, or sensitive business information.

3.      Anglin objects to each Interrogatory to the extent it seeks information protected by the attorney-client privilege or work product doctrine.  To the extent any Interrogatory may be broadly interpreted to seek such information subsequent to the filing of this litigation, Defendant will assume such information is not sought.

4.      Anglin objects to each Interrogatory to the extent it seeks information not within the possession, custody, or control of Anglin.

5.      Anglin objects to Plaintiff's Interrogatories to the extent that they are vague, ambiguous, overly broad, or seek to impose on Anglin an unduly

burdensome search for and disclosure of information that is neither relevant to the subject matter of this action, nor proportional to the needs of the case.

6.      Anglin reserves the right to supplement, amend, and correct the responses set forth below, consistent with, and only with, Fed. R. Civ. P. 26(e)(1). Anglin's investigation is ongoing and the information contained in these answers is preliminary.

7.      Anglin hereby incorporates by reference these general objections into each specific response.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

List any and all usernames under which you posted any comments in the forums for the Daily Stormer.

### RESPONSE TO INTERROGATORY NO. 1:

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party.  Defendant objects to this interrogatory as overbroad and unduly burdensome, as it is not limited in scope to any claim or defense, or even the general subject matter of this litigation.

### INTERROGATORY NO. 2:

Identify all social media accounts, including the name of the social media platform and the username or handle associated with the account, from which you

have posted any messages, whether publicly or privately, between November 2016 and the present.

**RESPONSE TO INTERROGATORY NO. 2:**

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party.  Defendant objects to this interrogatory as overbroad and unduly burdensome, as it is not limited in scope to any claim or defense, or even the general subject matter of this litigation.

**INTERROGATORY NO. 3:**

Identify each and every person who you believe participated in the "troll storm" (as dubbed in your December 16, 2016, article entitled "Jews Targeting Richard Spencer's Mother For Harassment and Extortion – Take Action!") against Tanya Gersh and describe the reason for your belief, including any interactions that you have had with each identified person.

**RESPONSE TO INTERROGATORY NO. 3:**

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party.  Defendant objects to this interrogatory as overbroad and unduly burdensome, as the portion of the Interrogatory requesting a narrative of "any interactions" with third parties is not limited by time or scope.  This Interrogatory is compound and consists of two separate and distinct parts, and thus will be considered two separate Interrogatories.

**INTERROGATORY NO. 4:**

Identify each and every person who possesses knowledge about, or who was involved in writing, researching, publishing or who otherwise assisted in, the publishing on the Daily Stormer of any article that relates to or references Whitefish, Montana or Tanya Gersh in any manner, and describe in detail the specific knowledge these individuals possess, or their role in the writing, researching, publishing, or otherwise assisting in the articles.

**RESPONSE TO INTERROGATORY NO. 4:**

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party.  Defendant objects to this interrogatory as overbroad and unduly burdensome.  This Interrogatory is compound and consists of two separate and distinct parts, and thus will be considered two separate Interrogatories.

**INTERROGATORY NO. 5:**

Identify every communication (by indicating the date, the form (e.g., email, text message, direct message through an internet service, etc.), the parties to, and the subject of, the communication) you had with anyone regarding Sherry Spencer's December 15, 2016, blog post on Medium, or about its drafting, development, or purpose, or its actual or intended effect.

RANDAZZA | LEGAL GROUP

**RESPONSE TO INTERROGATORY NO. 5:**

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party. Defendant objects to this interrogatory as vague, overbroad and unduly burdensome. Defendant objects to this interrogatory as unintelligible. To the extent it is intelligible, this Interrogatory is compound and consists of four separate and distinct parts, and thus will be considered four separate Interrogatories.

**INTERROGATORY NO. 6:**

Identify all e-mail accounts used by you or to which you have had access between November 2016 and the present.

**RESPONSE TO INTERROGATORY NO. 6:**

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party. Defendant objects to this interrogatory as vague, overbroad and unduly burdensome.

**INTERROGATORY NO. 7:**

Identify all computers and devices, including but not limited to desktop computers, laptop computers, tablets, cellular telephones, smart phones, and smart watches and/or fitness trackers with GPS capability used by you or to which you have had access between November 2016 and the present and the current location of each such device.

**RESPONSE TO INTERROGATORY NO. 7:**

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party.  Defendant objects to this interrogatory as vague, overbroad and unduly burdensome.

**INTERROGATORY NO. 8:**

Identify all computers, servers, and devices used by the Daily Stormer to publish its content and/or maintain its user forums between November 2016 and the present and the current location of each computer, server, and device.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party. Defendant objects to this interrogatory as vague, overbroad and unduly burdensome.

**INTERROGATORY NO. 9:**

Identify all land-line or cellular telephone numbers and the associated telephone carriers you have used between November 2016 and the present. For each telephone number identified, please provide the registered user for the number on the telephone bill, the dates of service for the number, as well as the dates of any change in the telephone carrier.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party.  Defendant objects to this interrogatory as vague, overbroad and unduly burdensome.  Defendant objects to this interrogatory as unintelligible.  To the extent it is intelligible, this Interrogatory is compound and consists of four separate and distinct parts, and thus will be considered four separate Interrogatories.

**INTERROGATORY NO. 10:**

List all bank and/or crypto-currency accounts by account number, account holder, bank name, and bank location, used by you or for which you had access at any time between 2013 and the present. This includes, but is not limited to, any and all Bitcoin, Monero, or other crypto-currency accounts you have used or for which you had access at any time between 2013 and the present.

**RESPONSE TO INTERROGATORY NO. 10:**

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party.  Defendant objects to this interrogatory as vague, overbroad and unduly burdensome.  Defendant objects to pre-judgment asset discovery as irrelevant.  *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ("discovery concerning an opposing party's assets is not ordinarily

permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.")

**INTERROGATORY NO. 11:**

For any users whose permission to use the Daily Stormer forums was temporarily suspended and/or terminated at any time between 2013 and the present, please identify each user by username, real name and contact information, date of suspension and/or termination of account, and reason for suspension and/or termination.

**RESPONSE TO INTERROGATORY NO. 11:**

Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party.  Defendant objects to this interrogatory as vague, overbroad and unduly burdensome.  Defendants objects to this Interrogatory because it seeks to infringe on the First Amendment right to anonymous speech of third parties.

**INTERROGATORY NO. 12:**

Identify all steps you have taken to preserve evidence related in any way to this litigation and when you took each of those steps.

**RESPONSE TO INTERROGATORY NO. 12:**

Defendant objects to this interrogatory to the extent it seeks information protected by attorney-client privilege and/or the work product doctrine.

Dated: July 9, 2018.                    As to objections,

                                        /s/ Marc J. Randazza
                                        Marc J. Randazza (*pro hac vice*)
                                        RANDAZZA LEGAL GROUP, PLLC
                                        2764 Lake Sahara Drive, Suite 109
                                        Las Vegas, Nevada 89117

                                        /s/ Jay M. Wolman
                                        Jay M. Wolman (*pro hac vice*)
                                        RANDAZZA LEGAL GROUP, PLLC
                                        100 Pearl Street, 14th Floor
                                        Hartford, Connecticut 06103

                                        /s/ Mathew M. Stevenson
                                        Mathew M. Stevenson
                                        STEVENSON LAW OFFICE
                                        1120 Kensington, Suite B
                                        Missoula, MT 59801

                                        *Attorneys for Defendant,*
                                        *Andrew Anglin*

RANDAZZA | LEGAL GROUP

Case No. 9:17-cv-50-DLC-JCL

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 9, 2018, a copy of the foregoing was served

via electronic mail and U.S. Mail on counsel for Plaintiff as follows:

John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
john@mswdlaw.com
rfolsen@mswdlaw.com

Morris Dees
J. Richard Cohen
David C. Dinielli
Jim Knoepp
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org

*Attorneys for Plaintiff Tanya Gersh*

/s/ Marc J. Randazza
Marc J. Randazza