Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MONTANA**

**MISSOULA DIVISION**

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| ANDREW ANGLIN, | |
| Defendant. | |

## NOTICE OF SUPPLEMENTAL AUTHORITY

Pending before this Court are Defendant's Objections to the Findings and Recommendations of the Magistrate Judge (Dkt. No. 91) as to his Motion to Dismiss (Dkt. No. 31). In the Objections and Motion, Defendant argues that he cannot be held liable for any of the statements of third parties because such statements are protected speech and Defendant could not provide any "substantial assistance" to any third parties. (*See, e.g.,* Dkt. No. 91 at pp. 12-17.) As noted therein, Defendant explicitly denounced and discouraged any unlawful behavior by third parties. (*See* Dkt. No. 32 at 28; Dkt. No. 32-5 at 4; Dkt. No. 32-6 at 3; Dkt. No. 32-7 at 11; Dkt. No. 32-8 at 9; Dkt. No. 91 at 12.)

Yesterday, the U.S. Court of Appeals for the Sixth Circuit decided that then-presidential candidate Donald Trump's statements (at a campaign rally regarding protesters), "get 'em out of here," followed by "don't hurt 'em," did not give rise to a plausible claim by allegedly injured protestors for relief in tort or for a claim for incitement to riot under Kentucky law. *See Nwanguma v. Trump*, No. 17-6290, 2018 U.S. App. LEXIS 25686, *10 (6th Cir. Sept. 11, 2018) reversing *Nwanguma v. Trump*, 273 F. Supp. 3d 719 (W.D. Ky. 2017). Specifically, it held:

> The notion that Trump's direction to remove a handful of disruptive protestors from among hundreds or thousands in attendance could be deemed to implicitly incite a riot is simply not plausible – especially where any implication of incitement to riotous violence is explicitly negated by the accompanying words, "don't hurt 'em." **If words have meaning the admonition "don't hurt 'em" cannot be reasonably construed as an urging to "hurt 'em."**
>
> . . .

RANDAZZA | LEGAL GROUP

> The suggestion that "don't hurt 'em" could reasonably be understood as encouraging violence poses a sheer possibility that "stops short of the line between possibility and plausibility of entitlement to relief."

*Id*. at *9-10 (citations omitted) (emphasis added). Like Candidate Trump, Mr. Anglin made a similar denunciation of threats and violence.

Furthermore, Defendant argued that, under the First Amendment, Defendant's speech does not constitute incitement to unlawful action, citing, *inter alia*, *Brandenburg v. Ohio*, 395 U.S. 444 (1969). (*See* Dkt. No. 32 at 11, 29; Dkt. No. 91 at 2.) The *Nwanguma* court similarly found that Trump's rally statements were protected under the First Amendment and rejected the notion of implicit incitement, concluding that "[t]he analysis employed in *Brandenburg, Hess, Snyder*, and *Bible Believers* evidences an unmistakable and consistent focus on the actual words used by the speaker in determining whether speech was protected." *Nwanguma*, *supra*, at *11-16, 20, 22-23. "[T]he subjective reaction of any particular listener cannot dictate whether the speaker's words enjoy constitutional protection." *Id.* at *21.

Defendant hereby advises the Court by notice of supplemental authority pursuant to Local Rule 7.4. The authority was not previously cited as the Sixth Circuit's decision had not yet issued. Though not binding on this Court, it is highly persuasive authority on a dispositive issue, and the Court should dismiss the Complaint accordingly.

Dated: September 12, 2018. Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,
Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 12, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza