John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

TANYA GERSH,

      Plaintiff,

      vs.

ANDREW ANGLIN, publisher of
the *Daily Stormer*,

      Defendant.

Case No.:  9:17-cv-00050-DLC-JCL

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY**

     Plaintiff Tanya Gersh submits this response to Defendant Andrew Anglin's

Notice of Supplemental Authority, dkt. no. 104,  in which he brings the case

*Nwanguma v. Trump*, No. 17-6290, 2018 WL 4323966 (6th Cir. Sept. 11, 2018), to

the Court's attention. For the reasons set forth below, Plaintiff maintains that the cited authority has no relevance to the matter before the Court.

Plaintiff alleges that Defendant invaded her privacy by repeatedly posting her and her family's contact information on his well-trafficked website in conjunction with urgings that his followers use the information to harass plaintiff, urgings that he knew his followers would heed due to the notoriety of his previous troll campaigns.  Dkt. No. 1 at 2-3, 59-60, 62.

Plaintiff alleges that Defendant's behavior constitutes intentional infliction of emotional distress because posting her and her family's contact information and launching a troll storm was designed to inflict maximum emotional distress on Plaintiff, especially in light of the fact that Defendant involved her 12-year-old son in the storm. Dkt. No. 1 at 2-3, 60-61, 62.

Finally, Plaintiff alleges that Defendant's use of violent Holocaust imagery that incorporated the image of not only herself but also of her adolescent son together with urgings that his followers visit Plaintiff in person constitute threat and intimidation under the Montana Anti-Intimidation Act. Dkt. No. 1 at 2-3, 61.

What Plaintiff does not allege is that Defendant incited third parties to violent action, which is the subject of the Sixth Circuit's decision noticed by Defendant as supplemental authority.

In *Nwanguma*, the Sixth Circuit considered whether then-candidate Donald Trump could be held liable for the assault committed by rally attendees after he told the audience "get 'em out of here" and "don't hurt 'em" in reference to the assaulted hecklers. No. 17-6290, 2018 WL 4323966, at *1. Plaintiffs relied on Kentucky's "incitement to riot" statute in seeking to hold Trump responsible. *Id.*

The Sixth Circuit determined that, to be consistent with the First Amendment, the statute would need to be interpreted in accordance with the definition of "incitement" as laid out in *Brandenburg v. Ohio*, 395 U.S. 444 (1969). *Id.* at *4. That is, in order to be actionable, Trump's speech would have had to explicitly or implicitly encourage the use of violence or lawless action. *Id.*

Given this criteria, the court found that Trump's speech could not be classified as "incitement" because not "a single word in Trump's speech . . . could be perceived as encouraging violence or lawlessness." *Id.* at *5. More specifically, the court found that "Trump's admonition not to harm" neutralized the inciting tendency of his words. *Id.* at *6.

The rule articulated in *Nwanguma*, therefore, is that a person cannot incite another to violence where he expressly asks the other not to act violently. *Id.* That ruling is inapplicable to this case.

Here, the question is whether Defendant can be held liable for invasion of privacy and other torts where he provided his followers with Plaintiff's contact

information and expressly and repeatedly asked them to contact her and her family in order to harass Plaintiff. Unlike in *Nwanguma*, Defendant does not claim he sought to dissuade his followers from taking the unlawful actions that are at subject in this lawsuit.[1] To the contrary, Plaintiff alleges that Defendant's followers did precisely as they were directed: they trolled her which resulted in the harms outlined in the Complaint.

In sum, unlike in *Nwanguma*, where the issue concerned whether Trump could be held liable for violent actions taken by his followers where he admonished them not to be violent, here, the distinct issue is whether Defendant can be held liable for his followers acting *exactly* as he directed.

Not only does this case not involve a situation in which subsequent words neutralize the potential harm of a previous utterance, but Plaintiff reminds the Court that she has primarily relied on a "substantial assistance" theory and not on an "incitement" theory. Dkt. 50 at 26. As Plaintiff has repeatedly argued, *N.A.A.C.P. v. Claiborne Hardware Co.*, 458 U.S. 996, 927 (1982), explicitly exempts speech that "authorizes, directs, or ratifies" tortious conduct from First

---

[1] The gravamen of the offenses alleged here is not violence but the receipt of hundreds upon hundreds of messages through Plaintiff's private channels of personal communication at Defendant's direction and repeated urging. The offense is the course of hounding conduct that substantially burdened Plaintiff's life which Defendant intended to cause and did not disclaim. Unless Defendant understands his and his followers' actions in hounding Plaintiff as illegal, then his disclaimer against illegal activity is moot.

Amendment protection, and Defendant did just that in calling forth a troll storm against Plaintiff. That Defendant conflates the two categories of unprotected speech does not make *Nwanguma* relevant to this case.

The Supreme Court treats "substantial assistance" and "incitement" in a doctrinally different way. The *Claiborne* Court analyzed the defendant's liability under both an incitement and a substantial assistance theory thereby showing that these two categories of unprotected speech are analyzed differently. Because the Sixth Circuit in *Nwanguma* analyzed incitement, this Court should not consider its holding when determining whether Defendant substantially assisted his followers in invading Plaintiff's privacy.

Further, in addition to substantial assistance, Plaintiff has argued that Defendant's speech was integral to tortious conduct and thus should be unprotected in accordance with Ninth Circuit jurisprudence. Dkt. No. 50 at 27, 28. It goes without explication that this too is a different doctrinal theory than incitement.

Defendant brings to the Court's notice an irrelevant case from another circuit. Plaintiff hereby asks the Court to recognize the distinctions and appropriately disregard *Nwanguma* when resolving the pending motion to dismiss.

DATED October 8, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

Page 5

/s/ John Morrison

Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed through

the Court's CM/ECF filing system, and by virtue of this filing notice will be sent

electronically to all counsel of record

on this October 8, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff