Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

# UNITED STATES DISTRICT COURT

## DISTRICT OF MONTANA

### MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO NOTICE OF SUPPLEMENTAL AUTHORITY** |
| ANDREW ANGLIN, | |
| Defendant. | |

**Defendant's Reply to Plaintiff's Response
to Notice of Supplemental Authority**

Contrary to Plaintiff's assertions (Dkt. No. 109), *Nwanguma v. Trump*, No. 17-6290, 2018 U.S. App. LEXIS 25686 (6th Cir. Sep. 11, 2018) is relevant to Defendant's pending motion to dismiss.[1]  The Court reviews the Magistrate Judge's Findings and Recommendation *de novo* under Fed. R. Civ. P. 72(b)(3); thus, attention to what is and what is not within the bounds of previously recognized categories of unprotected speech is warranted.

Plaintiff summarizes her claim as seeking to hold Defendant "liable for his followers acting exactly as he directed."  (Dkt. No. 109 at 4.)

Plaintiff claims that she is relying on a "substantial assistance" theory, not an "incitement" theory.  However, in the context of this case, what is Defendant's "substantial assistance or encouragement,"[2] but an incitement claim?  Plaintiff's invocation of *NAACP v. Claiborne Hardware Co.* provides no support, as the Ninth Circuit has recognized, to wit:

> *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969), makes it clear that the First Amendment protects speech that advocates violence, so long as the speech is not directed to inciting or producing imminent lawless action and is not likely to incite or produce such action. So do *Hess v. Indiana*, 414 U.S. 105 (1973) (overturning disorderly conduct conviction of antiwar protestor who yelled "We'll take the fucking street later (or again)"), and *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886 (1982). If ACLA had merely endorsed or encouraged the violent actions of others, its speech would be protected.

*Planned Parenthood of the Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1071-72 (9th Cir. 2002) ("ACLA").  In fact, *NAACP* itself cited *De Jonge v. Oregon*, 299 U.S. 353 (1937), in which "assistance" during the course of

---

[1] By Order of September 28, 2018, the Court permitted Defendant to file this reply.  (*See* Dkt. No. 108.)

[2] *Sloan v. Fauque*, 239 Mont. 383, 385, 784 P.2d 895, 896 (1989) quoting *Restatement (Second) of Torts* § 876 (1979).

otherwise lawful conduct (there, holding a meeting under the auspices of the Communist Party) does not lose First Amendment protection. 458 U.S. at 908. Thus, per *ACLA,* even if Mr. Trump, or Andrew Anglin, endorsed or encouraged violence, such speech is protected. Of course, Mr. Anglin neither endorsed nor encouraged violence, and is not even alleged to have done so. Therefore, we know that even encouraging violence would be protected, but Plaintiff seems to believe that encouraging First Amendment protected expression would not be.

In *Nwanguma*, Donald Trump said, generally, that some person should "get [the plaintiff-protestors] out of here," but admonished the crowd not to harm anyone. 2018 U.S. App. LEXIS 25686, at *7. The crowd behaved as it saw fit, and some members of the crowd did harm the plaintiffs. *See id.* at *3. Mr. Trump's speech did not rise to the level of incitement. *See id.* at * 9. Here, similarly, Andrew Anglin admonished his readers to abide by the law. Incitement is not limited to "violence," but to "imminent lawless action."[3] *ACLA, supra.* Plaintiff's claims arise solely from Defendant's alleged publication of her contact information[4] and encouragement of his followers to contact her. (*See* Dkt. No. 109 at 2.) But, as she admits that her

---

[3] At no point has Plaintiff shown that any of Mr. Anglin's readers engaged in lawless action. Rather, they simply shared nasty opinions with her, all of which itself was First Amendment protected speech, no matter how horrible, revolting, or insulting. Thus, to the extent Mr. Anglin incited or gave substantial assistance to anything, it was incitement/assistance to lawful conduct.

[4] The Court should recall that none of Ms. Gersh's contact information was actually private; all was previously published by herself or by other public sources. (*See, e.g.*, Dkt. No. 32-3 at 2 (Ms. Gersh publishing her contact information in business communications); or Montana Secretary of State, "Tanya Gersh, LLC", attached as **Exhibit 1** (publication of contact information by Montana Secretary of State).) Accordingly, claims that Mr. Anglin published her "private" information are already proven false by the record in this case and public records, of which the Court may take judicial notice. *See Lee v. City of L.A.*, 250 F.3d 668, 688-89 (9th Cir. 2001).

claims do not fit within the incitement standard under *Brandenburg* (Dkt. No. 109 at 4), her Complaint must be dismissed.

Her similar claim that Mr. Anglin's speech is unprotected because it is "integral to tortious conduct" (Dkt. No. 109 at 5) has no basis at law. Her citation to her earlier brief relies on *United States v. Mendelsohn*, 896 F.2d 1183, 1186 (9th Cir. 1990) in which the Ninth Circuit reiterated the premise that speech integral to *criminal* conduct is an unprotected category. *See, e.g.*, *United States v. Stevens*, 559 U.S. 460, 468-69, 130 S. Ct. 1577, 1584 (2010) (listing traditional categories of unprotected speech). Such category is "well-defined and narrowly limited" and has never been expanded to include speech integral to tortious conduct. *Id.*, quoting *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571-572 (1942).

Moreover, just as another "well-defined" category, defamation (see *Chaplinsky, supra*) is privileged where a public figure is the plaintiff absent actual malice (*see Gertz v. Robert Welch*, 418 U.S. 323, 351 (1974)), so too would Mr. Anglin's speech be privileged here. Plaintiff's response draws attention to her claim of "privacy" (Dkt. No. 109 at 2, 3, & 4 n. 1), but she admits that, under *Gertz*, a limited-purpose public figure is one who "affirmatively invite[s] attention and comment." (Dkt. No. 50 at 36.) She is such a figure.

The Court will recall the primary basis for liability is the article at Dkt. No. 32-2. (*See* Dkt. No. 1 at 20, ¶ 93.) That article does not refer at all to Mrs. Spencer's Medium.com article (though Plaintiff implies as much at Dkt. No. 1 at 18, ¶ 80). Instead, it primarily discusses an article in the Daily Mail,[5] providing the hyperlink.

---

[5] "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v.*

(*See Dk.t No. 32-2* linking to Liam Quinn, "White supremacist and alt-right leader Richard Spencer's mom claims her real estate business in rural Montana is being ruined by the angry backlash against her son for his 'extreme positions,'" DAILY MAIL (Dec. 15, 2016), attached as **Exhibit 2**.)[6]  The Daily Mail article itself links to a December 13, 2016 report by ABC Fox Montana in which Ms. Gersh spoke out in the press about Mrs. Spencer, saying "She (Sherry) is profiting off of the people of the local community, all the while having facilitated Richard's work spreading hate by letting him live and use her home address for his organization."  (*See* "We Investigate: Whitefish, family torn apart by white nationalist's notoriety," ABC FOX MONTANA (Dec. 12, 2016), attached as **Exhibit 3**.)[7]  Plaintiff reached out to the media and, thus, voluntarily thrust herself into the media spotlight surrounding this public controversy.  Even if she did not, Ms. Spencer's editorial on Medium.com might have *involuntarily* put her in the spotlight.  However, even involuntary public figures are public figures.  *See Gertz*, 418 U.S. at 345; *see also Barry v. Time, Inc.*, 584 F. Supp. 1110, 1115 n.6 (N.D. Cal. 1984); *and see Blaine Larsen Processing, Inc. v. Hapco Farms, Inc.*, 1999 U.S. Dist. LEXIS 23519, *20 n.7 (D. Idaho Oct. 18, 1999).  No matter whether she was a voluntary public figure or an involuntary public figure, she was a public figure by the time Mr. Anglin learned of her identity and wrote about her.  Thus, as Plaintiff is a limited-purpose public figure, the articles

---

*Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Such is the case here, which necessarily includes the hyperlinked articles.

[6]  Available at: https://www.dailymail.co.uk/news/article-4037140/White-supremacist-Richard-Spencer-s-mother-says-suffering-financially.html (last accessed October 17, 2018).

[7]  Available at: http://www.abcfoxmontana.com/story/34036263/a-community-and-a-family-torn-apart-by-richard-spencers-notoriety (last accessed October 17, 2018.)

were published without actual malice, the speech is not incitement or otherwise unprotected, and, consistent with *Nwanguma*, the matter should be dismissed.

Dated: October 17, 2018.    Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,
Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 17, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza

RANDAZZA | LEGAL GROUP