John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>    Plaintiff,<br><br>  vs.<br><br>ANDREW ANGLIN, publisher of the *Daily Stormer*,<br><br>    Defendant. | Case No.: 9:17-cv-00050-DLC-JCL<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO ANSWER INTERROGATORIES AND FOR SANCTIONS; CERTIFICATE OF GOOD FAITH CONFERRAL** |

    Pursuant to Federal Rules of Civil Procedure 26, 33 and 37, Plaintiff Tanya Gersh respectfully moves the Court to compel Defendant Andrew Anglin to immediately answer in full, and supplement as necessary his answers to, Plaintiff's Interrogatories Nos. 2, 3, 4, 6, 7, 8, 9, 10, 11. Plaintiff also requests the Court

Page 1

award costs and fees incurred in making this motion as allowed under Rule 37(a)(5). Finally, Plaintiff moves the Court for an order of sanctions against Defendant for his willful violation of this Court's Order dated July 13 pursuant to Rule 37(b). The grounds for this Motion are as follows:

1. Plaintiff served her First Set of Interrogatories on Defendant Andrew Anglin on June 7, 2018.

2. On July 5, 2018, counsel for the Defendant requested a 60-day extension purportedly because Defendant lives abroad. Plaintiff agreed to a two-week extension.

3. Defendant moved for a protective order with this Court on July 9, 2018.

4. On the same day, Defendant served Plaintiff his initial objections to her First Set of Interrogatories. Each of Defendant's objections relied on boilerplate objections to relevancy, overbreadth, burdensomeness, and vagueness without more.

5. After briefing by both parties, this Court issued an order on July 13, 2018, requiring Defendant to "provide complete responses to Plaintiff's First Set of Interrogatories no later than August 10, 2018."

6. On the afternoon of August 11, 2018, Defendant provided Plaintiff with supplemental responses to her First Set of Interrogatories. Defendant's

supplemental responses were incomplete, evasive, or asserted objections that are waived due either to the untimeliness of the responses or to their boilerplate nature.

7. On August 16, 2018, Plaintiff sent Defendant a meet and confer letter highlighting how each of Defendant's responses is materially inadequate.

8. Plaintiff has in good faith attempted to resolve this discovery dispute with Defendant without court action as is required under Fed. R. Civ. P. 37(a)(1).

9. On August 21, 2018, the parties met and conferred telephonically. During the meet and confer, Defendant's counsel assured Plaintiff that they would follow-up with Defendant on issues identified by Plaintiff in her meet and confer letter. Defendant's counsel, however, refused to set-up a future time to meet to discuss Defendant's follow-up.

10. On August 23, 2018, and October 23, 2018, Plaintiff sent emails to Defendant's counsel to follow-up with the issues identified by Plaintiff in Defendant's supplemental responses. Defendant has not responded to either email.

11. This motion is supported by an accompanying memorandum of law.

For the foregoing reasons, Plaintiff requests the Court compel Defendant to immediately and completely respond to Plaintiff's First Set of Requests for Production in its entirety. Plaintiff also requests the Court award attorney's fees and costs incurred in bringing this Motion in accordance with Fed. R. Civ. P.

37(b)(5). Plaintiff further moves for sanctions against Defendant as Defendant directly violated this Court's Order dated July 13, 2018, under Rule 37(b).

DATED October 31, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

/s/ John Morrison
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record, including:

Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, Montana 59801
matstevenson@bigskylegal.com
*Attorney for Defendant Andrew Anglin*

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
mjr@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
jmw@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Dale M. Schowengerdt
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
dales@mt.gov
*Attorney for Intervenor State of Montana*

Jonathan W. Bennion
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
jonbennion@mt.gov
*Attorney for Intervenor State of Montana*

Matthew T. Cochenour
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
mcochenour2@mt.gov
*Attorney for Intervenor State of Montana*

on this 31st day of October, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff