John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted Pro Hac Vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

TANYA GERSH,

  Plaintiff,

  vs.

ANDREW ANGLIN, publisher of
the *Daily Stormer*,

  Defendant.

Case No.:  9:17-cv-00050-DLC-JCL

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO
COMPEL DEFENDANT TO
ANSWER INTERROGATORIES
AND FOR SANCTIONS;
CERTIFICATE OF GOOD FAITH
CONFERRAL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................3

INTRODUCTION AND SUMMARY OF ARGUMENT .......................................4

   I.  Factual Background..................................................................6

   II.   Legal Standard..................................................................8

   III.   Argument..................................................................11

     1.   Defendant's failure to timely respond to Interrogatories waives all grounds for objections asserted after August 10, 2018....................................11

     2.   All of Defendant's objections to Interrogatories, even if timely made, are unavailing and waived. ..................................................................13

     3.   Several of Defendant's answers to Interrogatories are demonstrably false, evasive and/or incomplete..................................................................23

     4.   An order compelling responses is required..........................................27

   IV.   Conclusion..................................................................28

EXHIBIT INDEX ..................................................................29

CERTIFICATE OF COMPLIANCE..................................................................30

CERTIFICATE OF SERVICE ..................................................................31

# TABLE OF AUTHORITIES

## CASES

*Baker v. CNA Ins. Co.*,
  123 F.R.D. 322, 330 (D. Mont. 1988) ................................................................21

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*,
  408 F.3d 1142, 1149 (9th Cir. 2005) ...............................................................13

*Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973) ..........................9

*Continental Illinois Nat'l Bank & Trust Co. v. Caton*,
  136 F.R.D. 682, 684 (D.Kan.1991) ..................................................................23

*Essex Builders Grp., Inc. v. Amerisure Ins. Co.*,
  230 F.R.D. 682, 685 (M.D. Fla. 2005) .............................................................23

*Fresenius Medical Care Holding Inc. v. Baxter International, Inc.*,
  224 F.R.D. 644, 651 (N.D. Cal. 2004) .............................................................27

*Fretz v. Keltner*,
  109 F.R.D. 303, 309 (D. Kan. 1985) ................................................................14

*Hansel v. Shell Oil Corp.*,
  169 F.R.D. 303, 305 (E.D. Pa. 1996) ...............................................................24

*Hickman v. Taylor,* 329 U.S. 495, 507 (1947).............................................................9

*Hobley v. Chicago Police Commander Burge*,
  No. 03 C 3678, 2003 WL 22682362, at *4 (N.D. Ill. Nov. 12, 2003) ................12

*In re Anonymous Online Speakers*,
  661 F.3d 1168, 1178 (9th Cir. 2011) ...............................................................22

*Mancia v. Mayflower Textile Servs. Co.*,
  253 F.R.D. 354, 364 (D.Md.2008) ...................................................................13

*Massaro v. Dunham*,
  603 P.2d 249, 252 (Mont. 1979)..........................................................................9

*McKenzie v. Scheeler*,
  949 P.2d 1168, 1171 (Mont. 1997)...................................................................28

*Moe v. System Transport, Inc.*, 270 F.R.D. 613 (D. Mont. 2010) ..........................21

*Nei v. Travelers Home & Marine Ins. Co.*,
  326 F.R.D. 652 (D. Mont. 2018) ......................................................................13

*Perry v. Golub*,
  74 F.R.D. 360, 363 (N.D.Ala.1976) .................................................................14

*Pilling v. General Motors Corp.*,
  45 F.R.D. 366, 369 (D. Utah 1968)..................................................................25

*Rivera v. Bell*,
  No. CV 05-165-M-JCL, 2007 WL 9635868, at *3 (D. Mont. Oct. 23, 2007).....23

*Russell v. Daiichi-Sankyo, Inc.*,
   No. CV 11-34-BLG-CSO, 2012 WL 1161435, at *2 (D. Mont. Apr. 6, 2012)...13
*Shenker v. Sportelli*,
   83 F.R.D. 365, 366 (E.D.Pa.1979) ........................................................14
*State ex rel. Guarantee Insurance Company v. District Court of the Eighth Judicial*
   *District*,
   634 P.2d 648, 650-51 (Mont. 1981) ...................................................10
*Stephens v. Tormey Bewley Corp*.,
   No. CIV 08-614 WDS/DJS, 2009 WL 10708148, at *2 (D.N.M. June 24, 2009)
   .........................................................................................................14
*United States v. Procter & Gamble*,
   356 U.S. 677, 683 (1958) ...................................................................24

## RULES

Fed. R. Civ. P. 26(b)(1)........................................................................9
Fed. R. Civ. P. 33(b)(2)........................................................... 10, 11, 23
Fed. R. Civ. P. 33(b)(3)...............................................................9, 23
Fed. R. Civ. P. 33(b)(4)........................................................... 10, 12, 13
Fed. R. Civ. P. 37(a)..........................................................................10
Fed. R. Civ. P. 37(a)(3)(B)(iii)........................................................10
Fed. R. Civ. P. 37(a)(4)....................................................................10
Fed. R. Civ. P. 37(a)(5)(A)..............................................................11
Montana Code § 27-1-221 ..............................................................21

## OTHER AUTHORITIES

Black's Law Dictionary
   (10th ed. 2014).............................................................................13

## INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Federal Rules of Civil Procedure 26, 33 and 37, Plaintiff Tanya Gersh respectfully moves the Court to compel Defendant Andrew Anglin to immediately answer in full, and supplement as necessary, his answers to Plaintiff's Interrogatories Nos. 1-11. Plaintiff also moves the Court to enter sanctions pursuant to Rule 37(b) against Defendant for his having violated this Court's order.

In this Court's Order dated July 13, 2018, Defendant Andrew Anglin was ordered to provide complete responses to Plaintiff's First Set of Interrogatories "no later than August 10, 2018." Dkt. No. 103. On August 11, 2018, Defendant provided Plaintiff with answers to her Interrogatories – answers that were either evasive or incomplete, which under Rule 37(a)(4) is the legal equivalent to Defendant having provided no answers at all, or that asserted objections that Defendant waived all rights to make under Rule 33(b)(4).

Plaintiff has in good faith attempted to confer with Defendant through his counsel to resolve this conflict without court action. However, as detailed below, Plaintiff's efforts bore no fruit. For this reason, Plaintiff is left with little choice but to request this Court enter an order compelling Defendant to answer in full and without further objection Plaintiff's Interrogatories Nos. 1-11.

## I.     FACTUAL BACKGROUND

Plaintiff filed this above-captioned action on April 18, 2017, alleging that Defendant invaded her privacy, intended to and did inflict emotional distress on her, and violated the Montana Anti-Intimidation Act.

Plaintiff's allegations arise out of a series of thirty articles posted on Defendant's website in which he directs his followers to harass Plaintiff using the contact information that he provided. The articles provided telephone numbers, physical addresses, social media handles, and email addresses for Plaintiff, her husband, her then-12-year-old son, her associates, and other members of the Whitefish, Montana community based on their perceived affiliation with Plaintiff. As a result of Defendant's actions, Plaintiff received over 700 harassing and/or threatening communications.

Defendant first appeared, through counsel, in this action on November 14, 2017, after months of eluding service. Dkt. No. 20. Soon thereafter, Defendant asked the Court to stay discovery during the preliminary pretrial conference on December 14, 2017, arguing that his challenge to this Court's subject matter jurisdiction necessitated such a stay. Tr. Of Preliminary Pretrial Conference at 21: 20-23, Dkt. No. 39. This Court then issued an Order staying discovery on December 15, 2017. Dkt. No. 41.

On May 24, 2018, this Court lifted its Order staying discovery after denying Defendant's jurisdictional challenges. Dkt. No. 95. On June 7, 2018, Plaintiff served her First Set of Interrogatories on Defendant. A true and correct copy of this discovery request is attached as "Exhibit A." Pursuant to Fed. R. Civ. P. 33(b)(2), Defendant had 30 days, until July 9, 2018, to respond to the Interrogatories.

On July 5, 2018, Defendant, for the first time, notified Plaintiff that he needed an additional sixty days to respond to Plaintiff's discovery requests. Defendant claimed that Defendant's lead counsel needed additional time to travel abroad to whatever foreign country Defendant claimed to be currently visiting and counsel could not yet do so due to the priority of counsel's other cases. Plaintiff's counsel immediately responded that due to the numerous delays already experienced in this case, Plaintiff could not agree to an extension beyond two weeks. Plaintiff agreed to give Defendant until July 24, 2018, to respond to the discovery requests. A true and correct copy of this email exchange is attached as "Exhibit B."

Ultimately, Defendant rejected Plaintiff's offer for an extension and moved for a protective order with this Court on July 9, 2018. Dkt. No. 100. On the same day, Defendant served Plaintiff initial responses to her Interrogatories. Dkt. No. 102-2. However, Defendant's responses amounted to nothing more than improper boilerplate objections to relevancy, overbreadth, burdensomeness and vagueness.

After briefing by both parties, this Court, on July 13, 2018, entered an order requiring Defendant to respond to Plaintiff's Interrogatories by August 10, 2018. Dkt. No. 103.

Plaintiff then received, on August 11, 2018, supplemental responses from Defendant to her Interrogatories, including objections. A true and correct copy of "Defendant Andrew Anglin's Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories" is attached as "Exhibit C." Under Rule 33(b)(4), Defendant waived any grounds for an objection because any such objection was not timely made.

The parties met and conferred telephonically on August 21, 2018, the outcome of which was an agreement by defense counsel to confer with their client to ensure the accuracy and completeness of Defendant's answers. Since that time, Plaintiff's counsel has repeatedly attempted to set-up a follow-up meeting with Defendant's counsel; however, Defendant's counsel initially refused and has since been unresponsive to any further attempt to resolve the issues with Defendant's answers to the interrogatories. A true and correct copy of this email exchange is attached as "Exhibit D."

## II.    LEGAL STANDARD

Rule 33 permits parties to serve interrogatories on any other party, subject to the scope of Rule 26(b). Under Rule 26(b), parties may obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The information sought "need not be admissible in evidence to be discoverable." *Id.* In addition to the federal rules, Local Rule 26.3 provides further instruction on a party's obligations in responding to discovery requests. "[T]he party resisting discovery bears of the burden of showing that the discovery should not be allowed." *Marshall v. The Billings Clinic*, No. CV-14-93-BLG-SPW-CSO, 2015 WL 7574758, at *4 (D. Mont. Nov. 25, 2015). The purpose of discovery is to "promote the ascertainment of truth" and "assure the mutual knowledge of all relevant facts gathered by both parties which are essential to proper litigation." *Massaro v. Dunham,* 603 P.2d 249, 252 (Mont. 1979) (citing *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)). "The discovery provisions of the Federal Rules of Civil Procedure allow the parties to develop fully and crystalize concise factual issues for trial. Properly used, they prevent prejudicial surprises and conserve precious judicial energies." *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973). "The United States Supreme Court has said that they are to be broadly and liberally construed." *Id.* (citations omitted).

       With regard to discovery procedures, interrogatories must be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). The party to whom interrogatories are directed is under an obligation to answer within 30 days

after being served the interrogatories or within the timeframe ordered by the Court or stipulated to by the parties. Fed. R. Civ. P. 33(b)(2). The responding party may object to an interrogatory by stating the grounds for the objection with specificity. However, any grounds "not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4).

The District Court has inherent discretionary authority to control trial administration, and it may supervise and control pretrial discovery matters. *State ex rel. Guarantee Insurance Company v. District Court of the Eighth Judicial District,* 634 P.2d 648, 650-51 (Mont. 1981). When necessary, the Court may issue an order compelling a party to appropriately answer discovery requests upon motion by a party. Fed. R. Civ. P. 37(a). The Court may use its power to compel where a party fails to answer interrogatories submitted under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii). The rules mandate that the Court treat an evasive or incomplete answer as a failure to answer. Fed. R. Civ. P. 37(a)(4). In addition, Rule 26(e)(1) allows a Court to order a party to supplement his answers to an interrogatory. Further, Rule 37(d) permits this Court to impose sanctions against a party who fails to answer interrogatories under Rule 33.

If the motion to compel is granted or if the "requested discovery is produced after the motion was filed," the Court must, after a hearing, require the non-

disclosing party or attorney, or both, to pay reasonable expenses and attorneys' fees incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A).

## III.   ARGUMENT

### 1. Defendant's failure to timely respond to Interrogatories waives all grounds for objections asserted after August 10, 2018.

Under Rule 33 of the Federal Rules of Civil Procedure, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be . . . ordered by the court." Fed. R. Civ. P. 33(b)(2). This Court, in its Order dated July 13, 2018, ordered Defendant to "provide complete responses to Plaintiff's First Set of Interrogatories no later than August 10, 2018."

Despite the clear provisions of the Federal Rules and the Order of this Court, Defendant served his responses on August 11, 2018, asserting a new ground for failing to answer three of Plaintiff's interrogatories. Specifically, Defendant asserted that he would not respond to Plaintiff's Interrogatories Nos. 6, 7, 9 absent a protective order that would exclude attorneys for the Plaintiff from viewing the information.

Under Rule 33, a party may only answer or object to an interrogatory. Fed. R. Civ. P. 33(b)(2). As Defendant did not answer Interrogatories No. 6, 7, 9, Plaintiff treats Defendant's refusal to answer as an objection.

Federal Rule 33(b)(4) and Local Rule 26.3(a)(4) prohibits a party from asserting grounds for an objection not timely made. "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also, e.g., Hobley v. Chicago Police Commander Burge*, No. 03 C 3678, 2003 WL 22682362, at *4 (N.D. Ill. Nov. 12, 2003) ("Objections must not only be timely, they must be proper, or the result is waiver").

The Court should not excuse Defendant's failure to timely assert the above meritless objection to Interrogatories Nos. 6, 7, 9. Defendant provided no authority for his unprecedented objection seeking to shield his responses from Plaintiff's attorneys. No factual basis underlies the objection, and when asked during a meet and confer, Defendant's counsel was unable to provide Plaintiff with a basis. Under Local Rule 26.3(a)(2), all objections must be followed by a statement of reasons. Defendant's objection fails to comply with the federal and local rules because it lacks a basis in either fact or law.

Further, Defendant had sixty-four (64) days to bring his concerns to the notice of Plaintiff, or even to the notice of the Court in his Motion for Protective Order, dkt. no. 100, but instead chose to wait until after the timeframe established by the Court had passed before making this unwarranted objection, causing yet more undue delay.

Defendant's objection to Interrogatories Nos. 6, 7, 9 is baseless, untimely, and prohibited under the federal and local rules. Fed. R. Civ. P. 33. Local Rule 26.3.

### 2. All of Defendant's objections to Interrogatories, even if timely made, are unavailing and waived.

A party must state any grounds for objection to an interrogatory with specificity. Fed. R. Civ. P. 33(b)(4). Local Rule 26.3(a)(2) also requires that each objection be followed by a statement of reasons. "Just stating the bare objection is not sufficient to preserve the objection." *Russell v. Daiichi-Sankyo, Inc.*, No. CV 11-34-BLG-CSO, 2012 WL 1161435, at *2 (D. Mont. Apr. 6, 2012).

Given these rules, the "recitation of 'boilerplate objections or blanket refusals' is [] not consistent with the requirements of the discovery rules." *Nei v. Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652 (D. Mont. 2018) (citing *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Ct.*, 408 F.3d 1142, 1149 (9th Cir. 2005)). The exclusive reliance on boilerplate objections "waives any legitimate objection Defendant [] may have had." *Id.* (quoting *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D.Md.2008)). Black's defines "boilerplate" to mean "[r]eady-made or all-purpose language that will fit in a variety of documents." Black's Law Dictionary (10th ed. 2014). As example of a boilerplate objection, the court in *Nei* gives the following: responding party "objects to this Interrogatory as irrelevant, overly broad, burdensome, oppressive, not proportional

to the needs of the case, seeking non-discoverable expert information beyond that allowed by Rule 26(b)(4) of the Federal Rules of Civil Procedure." *Nei*, 326 F.R.D. at 652.

All but one of Defendant's objections to Plaintiff's Interrogatories amounts to nothing more than boilerplate objections lacking the specificity required under the federal and local rules. Defendant, on July 9, 2018, submitted generalized objections to each of Plaintiff's Interrogatories, except for Interrogatory No. 12, on the following grounds: "Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party. Defendant objects to this interrogatory as [vague,] overbroad and unduly burdensome."

Defendant's supplemental responses sent to Plaintiff on August 11, 2018, were all subject to the above-quoted boilerplate objection. Given Defendant's attempt to preserve objections while providing some answers, Plaintiff cannot determine whether the answers are complete.[1] Accordingly, Plaintiff addresses each form objection as follows:

---

[1] Where Defendant included responses along with boilerplate objections, such objections are improper. "There is no provision in the federal rules for preserving objections." *Fretz v. Keltner*, 109 F.R.D. 303, 309 (D. Kan. 1985); *see also Stephens v. Tormey Bewley Corp.*, No. CIV 08-614 WDS/DJS, 2009 WL 10708148, at *2 (D.N.M. June 24, 2009) (same); *Shenker v. Sportelli*, 83 F.R.D. 365, 366 (E.D.Pa.1979) (same); *Perry v. Golub*, 74 F.R.D. 360, 363 (N.D.Ala.1976) (collecting cases).

1) *Plaintiff's interrogatories are not vague, overly broad, or unduly burdensome and seek relevant information apparent on their face.*

> **Interrogatory No. 1.** Plaintiff asks Defendant to "[l]ist any and all usernames under which you posted any comments in the forums for the Daily Stormer."

Given that Defendant's online activity, including the posts in his online forum in which users built upon his call for a troll storm by repeatedly urging each other to harass Plaintiff, information that tends to reveal which username(s) belong to Defendant is relevant to the claims and defenses in this litigation, necessary in preparation for the trial, proportional to the needs of the case, not unduly burdensome, and not overbroad.

> **Interrogatory No. 2.** Plaintiff asks Defendant to "[i]dentify all social media accounts, including the name of the social media platform and the username or handle associated with the account, from which you have posted any messages, whether publicly or privately, between November 2016 and the present."

Whereas this case centrally concerns Defendant's online activity and the cyber- and real-life harassment that he caused Plaintiff to suffer, information about Defendant's social media accounts within the timeframe of the actions relevant to this litigation is certainly relevant to the claims and defenses in this litigation, necessary in preparation for the trial, proportional to the needs of the case, not unduly burdensome, and not overbroad. As an example, Plaintiff alleges that she and her family received harassing and threatening messages via Twitter. Dkt. No. 1 at 31. It would be important to know, for example, if any of those messages came

from Defendant himself, a question that cannot be answered without a complete list of user names and handles he has used.

> **Interrogatory No. 3.** Plaintiff asks Defendant to "[i]dentify each and every person that you believe participated in the 'troll storm' (as dubbed in your December 16, 2016, article entitled 'Jews Targeting Richard Spencer's Mother For Harassment and Extortion – Take Action!') against Tanya Gersh and describe the reason for your belief, including any interactions which you have had with each identified person."

The gravamen of this case concerns Defendant's actions in directing his horde of baited followers to harass Plaintiff. Defendant's knowledge of the persons who may have participated in the troll storm and the grounds for his belief that those persons participated is certainly relevant to the claims and defenses in this litigation necessary in preparation for the trial, proportional to the needs of the case, not unduly burdensome, and not overbroad. If Defendant knows the identities of any of the participants, Plaintiff might want to take their depositions to learn about their interactions with the Defendant and to ask how they interpreted his call for a troll storm.

Defendant further objects to this Interrogatory on the grounds that it asks Defendant about "any interactions" with third parties. In fact, the plain language of the interrogatory asks Defendant to state the basis for his belief that any identified person participated in the troll storm, including if that basis is based upon any interactions between Defendant and the identified person.

**Interrogatory No. 4.** Plaintiff asks Defendant to "[i]dentify each and every person who possesses knowledge about, or who was involved in writing, researching, publishing or who otherwise assisted in, the publishing on Daily Stormer of any article that relates to or references Whitefish, Montana or Tanya Gersh in any manner, and describe in detail the specific knowledge these individuals possess, or their role in the writing, researching, publishing, or otherwise assisting in the articles."

Because this case concerns Defendant's publishing false and misleading information about Plaintiff, the identity of those persons who assisted Defendant in researching and writing the articles that form the basis of the Complaint, or who have knowledge about Defendant's own research efforts for the maligning articles, is directly relevant to the claims and defenses in this litigation, and necessary for Plaintiff's preparation for the trial. The information sought here is also proportional to the needs of the case, not unduly burdensome, and not overbroad.

**Interrogatory No. 5.** Plaintiff asks Defendant to "[i]dentify every communication (by indicating the date, the form (e.g., email, text message, direct message through an internet service, etc.), the parties to, and the subject of, the communication) you had with anyone regarding Sherry Spencer's December 15, 2016, blog post on Medium, or about its drafting, development, or purpose, or its actual or intended effect."

Because the claims in this litigation allege that Defendant published false and misleading information about Plaintiff on his website, information about the origin of his claims – including communications about the Sherry Spencer piece that was that posted on Medium one day prior to the launch of the troll storm, the factual allegations in which served as the purported basis for Defendant's troll

Page 17

storm is relevant to the claims and defenses in this litigation,  necessary for

Plaintiff's preparation for the trial, proportional to the needs of the case, not unduly

burdensome, and not overbroad.

Defendant further objects to this interrogatory on the grounds that it is

unintelligible without further elaboration. This interrogatory simply asks for every

communication that Defendant had with anyone regarding the December 15

Medium post published under the name "Sherry Spencer," a request clear on its

face.

>**Interrogatory No. 6.** Plaintiff asks Defendant to "[i]dentify all e-mail
>accounts used by you or to which you have had access between
>November 2016 and the present."

The allegations in this case center on Defendant's responsibility for Plaintiff

receiving numerous harassing and threatening email communications. Information

regarding Defendant's email accounts that may have sent harassing

communications, or communicated with others who did, is relevant to the claims

and defenses in this litigation and necessary to the preparation for the trial. The

information sought is also proportional to the needs of the case, not unduly

burdensome, and not overbroad.

In addition to the boilerplate objections, Defendant improperly objected to

this interrogatory on the grounds that a protective order is needed to protect

Defendant from all persons affiliated with Southern Poverty Law Center. Ex. C. As

discussed in the previous section, *see* Sec. III.A, *supra*, this objection is

unsupported, improper and was waived.

> **Interrogatory 7.** Plaintiff asks Defendant to "[i]dentify all computers and devices, including but not limited to desktop computers, laptop computers, tablets, cellular telephones, smart phones, and smart watches and/or fitness trackers with GPS capability used by you or to which you have had access between November 2016 and the present and the current location of each such device."

Plaintiff's ability to identify which computers Defendant used during the

timeframe of this action, because it may be necessary to perform a forensic

inspection of the electronic devices as allowed under the federal rules, is certainly

relevant to Plaintiff's claims, proportional to the needs of the case, not unduly

burdensome, and not overbroad.

In addition to the boilerplate objections, Defendant improperly objected to

this interrogatory on the grounds that a protective order is needed to protect

Defendant from all persons affiliated with Southern Poverty Law Center. Ex. C. As

discussed in the previous section, *see* Sec. III.A, *supra*, this objection is improper,

unsupported and was waived. It also is premature. To the extent that Defendant has

concerns about his electronic devices being scoured for reasons unrelated to this

litigation, he should raise that objection when and if Plaintiff requests access to

those devices, not when Plaintiff simply asks Defendant to identify them.

> **Interrogatory No. 8.** Plaintiff asks Defendant to "[i]dentify all computers, servers, and devices used by the Daily Stormer to publish its content and/or maintain its user forums between November 2016

and the present and the current location of each computer, server, and device."

Plaintiff's ability to identify which computers Defendant used during the timeframe of this action, because it may be necessary to conduct a forensic inspection of the electronic devices as allowed under the federal rules, is certainly relevant to Plaintiff's claims, proportional to the needs of the case, not unduly burdensome, and not overbroad.

> **Interrogatory No. 9.** Plaintiff asks Defendant to "[i]dentify all land-line or cellular telephone numbers and the associated telephone carriers you have used between November 2016 and the present. For each telephone number identified, please provide the registered user for the number on the telephone bill, the dates of service for the number, as well as the dates of any change in the telephone carrier."

Because this case concerns Defendant's responsibility for the numerous harassing telephone calls, text messages, and voicemails, information that identifies whether any harassing communications originated from telephone numbers associated with the Defendant, or with the individuals that sent the harassing communications, is relevant to the claims and defenses in this litigation, and necessary for the preparation of the trial. The information sought is also proportional to the needs of the case, not unduly burdensome, and not overbroad.

Defendant further objects without elaboration that this interrogatory is unintelligible. This objection is groundless given that the interrogatory simply asks for the phone number and other information associated with each land-line or

cellular communication device that Defendant used between November 2016 and the present.

In addition to the boilerplate objections, Defendant improperly objected to this interrogatory on the grounds that a protective order is needed to protect Defendant from all persons affiliated with Southern Poverty Law Center. Ex. C. As discussed in the previous section, *see* Sec. III.A, *supra*, this objection is improper, unsupported and was waived.

> **Interrogatory No. 10.** Plaintiff asks Defendant to "[l]ist all bank and/or crypto-currency accounts by account number, account holder, bank name, and bank location, used by you or for which you had access at any time between 2013 and the present. This includes, but is not limited to, any and all Bitcoin, Monero, or other crypto-currency accounts you have used or for which you had access at any time between 2013 and the present."

Plaintiff alleges Malice under Montana Code § 27-1-221 and has a claim for punitive damages. A listing of Defendant's financial accounts is certainly necessary and relevant to her preparation for trial. *See Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 330 (D. Mont. 1988) ("Where a claim for punitive damages is made, however, a party's financial status is relevant to the subject matter of the action and thus a proper subject of pretrial discovery"); *see also Moe v. System Transport, Inc.*, 270 F.R.D. 613 (D. Mont. 2010) (finding that plaintiff was entitled to prejudgment asset discovery since Montana law permits consideration of a defendant's net worth in assessing an appropriate amount of a punitive damage

award). The information sought here is relevant to Plaintiff's claims, proportional to the needs of the case, not unduly burdensome, and not overbroad.

> **Interrogatory No. 11.**  Plaintiff asks Defendant to "[i]dentify each user by username, real name and contact information, date of suspension and/or termination of account, and reason for suspension and/or termination for any users whose permission to use the Daily Stormer forums was temporarily suspended and/or terminated at any time between 2013 and the present."

Because Defendant has repeatedly asserted a disclaimer against violence on his website as a defense against liability, Defendant's enforcement of this disclaimer – and specifically whether he ever has kicked anyone out of the forums hosted by the Daily Stormer – is relevant to Plaintiff's claims as well as Defendant's objections, and necessary in preparation for the trial. The information sought here is also proportional to the needs of the case, not unduly burdensome, and not overbroad.

Defendant further objects without elaboration that this interrogatory infringes upon the First Amendment rights to anonymous speech of third parties. Defendant provides no case law or basis for this objection. As such, Plaintiff is unable to provide a specific response. However, the Ninth Circuit does not provide blanket protection against the disclosure of third parties' identities in discovery but rather leaves the discretion of the details of fashioning the appropriate scope and procedures for disclosure of the identity of the anonymous speakers to the district court. *In re Anonymous Online Speakers*, 661 F.3d 1168, 1178 (9th Cir. 2011).

### 3. Several of Defendant's answers to Interrogatories are demonstrably false, evasive and/or incomplete.

Under Rule 33, each interrogatory must be answered fully in writing. Fed. R. Civ. P. 33(b)(3). Responding parties must do more than provide information based on personal and immediate knowledge. Rather "[a] party responding to interrogatories is obligated to provide information available to the party, and which can be produced without undue labor and expense." *Rivera v. Bell*, No. CV 05-165-M-JCL, 2007 WL 9635868, at *3 (D. Mont. Oct. 23, 2007) (citations omitted). "If an appropriate interrogatory is propounded, the answering party will be required to give the information available to him, if any, through his attorney, investigators employed by him or on his behalf or other agents or representative whether personally known to the answering party or not." *Essex Builders Grp., Inc. v. Amerisure Ins. Co.*, 230 F.R.D. 682, 685 (M.D. Fla. 2005) (quoting *Continental Illinois Nat'l Bank & Trust Co. v. Caton,* 136 F.R.D. 682, 684 (D.Kan.1991)). "If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information." *Id.*

Although Plaintiff has in good faith attempted to work with Defendant to address her specific concerns about his provided answers to the interrogatories, Plaintiff notes that Defendant is obligated to provide complete responses without her prodding. Fed. R. Civ. P. 33(b)(2). Plaintiff should not be obligated to present

information to Defendant to note where his answers are evasive or incomplete in order that he might supplement his responses in a piecemeal fashion in response to Plaintiff's independently discovered information.  "It is axiomatic that the purpose of discovery is to make a trial 'less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible.'" *Hansel v. Shell Oil Corp.*, 169 F.R.D. 303, 305 (E.D. Pa. 1996) (quoting *United States v. Procter & Gamble*, 356 U.S. 677, 683 (1958)).

Defendant provides, at best, incomplete responses to the following interrogatories:

> **Interrogatory No. 3.** Plaintiff asks Defendant to "[i]dentify people believed to have participated in the 'troll storm' against Plaintiff, the reason for such beliefs, and any interactions with each identified person. *See* Sec. III (B).

Defendant answered Interrogatory No. 3, subject to his baseless objections, by identifying only "Andrew Aurnheimer" in response to this interrogatory. Plaintiff set forth the definition of "identify" to include the individual's full name, as well as "Daily Stormer forum username; social media username and/or handle; and, if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable."

Plaintiff has attached as Exhibit E a true and correct copy of the Daily Stormer comments page for the article "Operation Whitefish: New List of Collaborators with Jew Racketeers – TAKE ACTION" published December 23,

2016. Pages 13, 14, 15, 17, 18, 21, and 35 reflect that Defendant (username:

AndrewAnglin) regularly encouraged his followers to participate in the troll storm

he launched against Plaintiff and received several comments from his followers

that they did in fact send harassing communications to Plaintiff. Despite this

information pulled from the restricted-access sections of Defendant's own website

being readily available to him, Defendant listed none of these individuals as

possible participants in the troll storm.

> **Interrogatory No. 4.** Plaintiff asks Defendant to [i]dentify persons
> with knowledge about the publication on Daily Stormer of any
> article that relates to or references Whitefish, Montana or Plaintiff,
> and to describe their knowledge, their roles etc. *See* Sec. III (B),
> *supra*.

Defendant answered Interrogatory No. 4, subject to his baseless objections,

in part, by referring generally to previously filed exhibits. This response is not

allowed under the Rules. Under the federal rules, "[i]nsofar as practical, answers

should be complete within themselves. Material outside of the answers and

addendum ordinarily should not be incorporated by reference." *Pilling v. General

Motors Corp.*, 45 F.R.D. 366, 369 (D. Utah 1968).

In addition, and as a non-exhaustive illustration of the failure to adequately

and fully respond to Interrogatory No. 4, among Defendant's referenced exhibits,

"Eric Striker" is listed as contributing research to or writing some of the articles.

Despite this readily available information, Defendant did not identify any of these

individuals in his response.  Plaintiff set forth the definition of "identify" to include the individual's full name, as well as "Daily Stormer forum username; social media username and/or handle; and, if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable." *Id.*

> **Interrogatories No. 8 and 11.** In Interrogatory 8, Plaintiff asks Defendant to "[i]dentify all computers, servers, and devices used by the Daily Stormer to publish its content and/or maintain its user forums between November 2016 and the present and the current location of each computer, server, and device."
>
> In Interrogatory 11, Plaintiff asks Defendant to "[i]dentify each user, by username, real name and contact information, suspended or terminated from the Daily Stormer and circumstances surrounding for the past 5 years."

Defendant answered Interrogatories Nos. 8 and 11, subject to his baseless objections, by stating that he lacks personal knowledge of the information requested. Because Defendant is the publisher of the Daily Stormer, his responses are demonstrably false and/or evasive. It is not reasonable to believe that the Defendant does not know which computers or servers are used in publishing articles on his website, or that he lacks personal knowledge of which if any users have been suspended from its forums.

Responses to interrogatories are not limited to subjects within Defendant's personal knowledge. Defendant is also obligated to provide any information responsive to Plaintiff's interrogatory that is readily available to Defendant. *See Fresenius Medical Care Holding Inc. v. Baxter International, Inc.*, 224 F.R.D. 644,

651 (N.D. Cal. 2004) ("When responding to interrogatories, a party has a duty to respond with all the information under its custody and control"). Information regarding his business activities should be readily available to Defendant, even if he does not currently remember it. Plaintiff set forth the definition of "identify" to include the individual's "Daily Stormer forum username" and "if previously or presently employed by you, the date he or she was hired and the date he or she was terminated, if applicable."

Defendant's responses are inadequate. "If a party does not have sufficient information to 'fully' answer an interrogatory, the party may not simply refuse to provide an answer; rather, the party must state under oath that he or she is unable to provide the information, and must set forth in detail the efforts the party made to obtain the information." *Rivera*, 2007 WL 9635868, at *3 (citations omitted).

### 4.  An order compelling responses is required.

Before seeking court intervention, Plaintiff's counsel attempted to resolve the various issues in Defendant's answers to the interrogatories with Defendant's counsel during the meet and confer discussion. After the meeting on August 21, 2018, Defendant's counsel agreed to follow-up with their client on the incompleteness of his answers overall and to address the specific issues identified by Plaintiff during the conference. Despite repeated attempts by Plaintiff to receive from Defendant's counsel the information it undertook to gain, seventy-one (71)

days have passed without response or further cooperation by Defendant and his
counsel.

Defendant has been given one hundred forty-six (146) days to cooperate
with discovery in this case and has failed to do so. Plaintiff's counsel has met and
conferred, followed up and otherwise attempted to avoid seeking the Court's
assistance. Unfortunately, their efforts have been fruitless, and Plaintiff is left no
further choice but to request that this Court compel Defendant to provide complete
and immediate answers and award fees and costs. "[A] party's abuse
of discovery procedures which results in needless delay of a case should not be
dealt with leniently; transgressors should be punished rather than patiently
encouraged to cooperate in the discovery process." *McKenzie v. Scheeler*, 949 P.2d
1168, 1171 (Mont. 1997).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff moves the Court to enter an order
compelling Defendant to answer in full Plaintiff's Interrogatories Nos. 2, 3, 4, 6, 7,
8, 9, 10, 11 pursuant to Federal Rule 37(a)(3)(B)(iii), (a)(4). In addition, Plaintiff
requests reasonable expenses and attorney's fee incurred in making this motion
pursuant to Rule 37(a)(5). Plaintiff further moves for sanctions against Defendant
as Defendant directly violated this Court's Order dated July 13, 2018, under Rule
37(b).

DATED October 31, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

/s/ John Morrison
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## EXHIBIT INDEX

| Ex. | Description |
| --- | --- |
| A | Plaintiff's First Set of Interrogatories to Defendant Andrew Anglin |
| B | Emails Between Counsel re Discovery Request Extensions |
| C | Defendant Andrew Anglin's Supplemental Answers and Objections to Plaintiff's First Set of Interrogatories |
| D | Emails Between Counsel re Summary of Meet and Confer |
| E | Andrew Anglin, *Operation Whitefish: New List of Collaborators with Jew Racketeers – TAKE ACTION*, Daily Stormer, December 22, 2016 |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with Local Rule 7.1(d)(2). It contains 5680 words, excluding the caption, certificates of service and compliance, tables of contents and authorities, and exhibit index.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record, including:

Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, Montana 59801
matstevenson@bigskylegal.com
*Attorney for Defendant Andrew Anglin*

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
mjr@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
jmw@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Dale M. Schowengerdt
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
dales@mt.gov
*Attorney for Intervenor State of Montana*

Jonathan W. Bennion
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
jonbennion@mt.gov
*Attorney for Intervenor State of Montana*

Matthew T. Cochenour
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
mcochenour2@mt.gov
*Attorney for Intervenor State of Montana*

on this 31st day of October, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff