# **EXHIBIT D**

| | |
|---|---|
| **From:** | Jessica Lewis |
| **To:** | "mjr@randazza.com"; "matstevenson@bigskylegal.com"; "jmw@randazza.com" |
| **Cc:** | john; David Dinielli; Jim Knoepp |
| **Subject:** | RE: Gersh v. Anglin - Summary of Meet and Confer - First Set of Interrogatories |
| **Date:** | Friday, October 05, 2018 9:41:41 AM |

Counsel –

I write to follow-up on the issues outlined below. Specifically, during the August 21st meet and confer, we discussed the need for follow-up on the following issues:

1. Whether Defendant has or had a VK account between Nov. 2016 and present;
2. Whether Defendant has used or has had access to any Twitter account during the timeframe outlined in Interrogatory No. 2, even if the account was not registered in his name or maintained by him;
3. Whether the Twitter account with handle @SnekNoExist belongs to Defendant;
4. Whether the response to Interrogatory No. 3 needs to be supplemented given that the definition of "identify" includes identifying known persons' usernames;
5. Whether responses to Interrogatory No. 4 and 10 are complete and accurate;
6. You agreed to ask Defendant to identify Eric Striker, with "identify" being defined in accordance with the discovery request;
7. You agreed to ask Defendant to identify which computers he (or some other party under his direction) uses to upload and maintain content on the Daily Stormer;
8. Whether Defendant maintains a "Monero" account, and, if so, provide that information along with other information that is responsive Interrogatory No. 10; and
9. Plaintiff's counsel renews the request that Defendant give a definitive answer to Interrogatory No. 11.

We remain open to a follow-up conversation on these issues. We have general availability next Thursday, October 11 as well as the afternoon of Friday, October 12. In any event, we appreciate your prompt response and attention to the items outlined above and below and look forward to receiving your follow-up response addressing those issues by October 19.

You should expect to receive a separate email from us in regards to a protective order and the non-responses to Interrogatories 6, 7, and 9.

Regards,
Jessica Lewis

---

**From:** Jessica Lewis
**Sent:** Thursday, August 23, 2018 2:58 PM
**To:** mjr@randazza.com; matstevenson@bigskylegal.com; 'jmw@randazza.com'
**Cc:** john; David Dinielli; Jim Knoepp
**Subject:** Gersh v. Anglin - Summary of Meet and Confer - First Set of Interrogatories

Counsel:

Please find below a summary of the meet and confer, which took place via telephone on Tuesday, August 21, 2018, lasting approximately between 1:00 PM CDT and 1:50 PM CDT, in connection with Defendant's answers to Plaintiff's first set of interrogatories.

During the call, Jay Wolman and Alex Shepard of Randazza Legal Group discussed with David Dinielli, Jim Knoepp, and Jessica Lewis of Southern Poverty Law Center the questions and

concerns highlighted in an email sent Thursday, August 16, 2018, from David Dinielli to Alex Shepard. This summary, like the phone call itself, is formatted to align with that previous email and summarizes the discussed resolution to each of the issues raised.

A time to follow-up on the issues that will need to be readdressed with Defendant has not been set. Defense counsel refused to schedule a future time to meet and confer on the issues. Plaintiff's counsel would like to schedule a follow-up call for next week.

**Interrogatory No. 2**:

Issue -- We understand Mr. Anglin may have been kicked off Twitter in 2015. Can you confirm that he has not used Twitter since that time? Also, we have reason to believe that he may have used VK, and also Skype, during the time period relevant to this interrogatory. Can you confirm whether Mr. Anglin used VK, Skype, or any other social media platform?

Resolution -- Defense counsel will address with Defendant whether he has or had a VK account between November 2016 and the present. Additionally, defense counsel will raise with Defendant whether he has used or has had access to any Twitter account during the relevant timeframe, even if the account was not registered in his name or maintained by him. Specifically, Plaintiff's counsel asked whether Defendant had access to the Twitter account @SnekNoExist.

**Interrogatory No. 3**:

Issue -- The interrogatory asks Mr. Anglin to "identify" anyone he knows who participated in the troll storm, and "identify" is defined to include providing a person's user name on the Daily Stormer comment boards. With that clarification, can Mr. Anglin identify any participants, even if he does not know those individual's real names?

Resolution -- Defense counsel identified the user name "Weev" as belonging to Andrew Auernheimer, who Defendant believes participated in the troll storm. Defense counsel will ask client to reconsider the answer to this interrogatory with the clarification that the definition of "identify" includes identifying persons by usernames even if real name is unknown.

**Interrogatory No. 4**:

Issue -- Certain of the postings on the Daily Stormer about Tanya Gersh include the byline Eric Striker. Please confirm whether this response should identify Eric Striker (along with his real name and all other information called for by our definition of "identify"), or anyone else.

Resolution -- Defense counsel will confirm with Defendant that the response to this interrogatory is complete and accurate. Defense counsel will also ask Defendant to identify Eric Striker (and any other individual responsive to this interrogatory) in accordance with the definition of "identify" as provided in the discovery request.

**Interrogatories Nos. 6, 7, 9**:

Issue -- We will not agree to a protective order that prohibits the Southern Poverty Law Center, which is counsel of record, from accessing information produced in discovery. We are open to negotiating an umbrella protective order providing protections to certain sorts of information produced by parties or nonparties in the case, however. If you have particular concerns relating to the particular information sought in these interrogatories, we will listen to them.

Resolution -- Defense counsel clarified that the main objection here is the use of this information by non-lawyers or for non-litigation purposes. Defense counsel objects to discovery being public

believing that the burden of open discovery outweighs the relevancy of the sought-after information to the case. Defense counsel asked that Southern Poverty Law Center establish an internal firewall to prevent all non-lawyers from being able to view or access Defendant's responses to these interrogatories. Plaintiff's counsel will not agree to the establishment of such a firewall that would prevent Southern Poverty Law Center personnel from accessing or working with the discovery documents. Plaintiff's counsel is willing to agree to and will draft an umbrella protective order with two levels that depend on the sensitive nature of the document: one level protecting some documents as confidential and another level protecting a limited subset of documents for "attorney's eyes only."

**Interrogatory No. 8**:

Issue -- This interrogatory asks Mr. Anglin to identify computers, servers, and devices used by the Daily Stormer to publish its content. It may be that Mr. Anglin cannot identity all pieces of hardware utilized in the worldwide distribution of the content he creates, but it is implausible that Mr. Anglin has no personal knowledge of any such hardware. His own laptop, for example, is likely responsive to this interrogatory. Mr. Anglin should supplement this response.

Resolution – Defense counsel will ask Defendant to identify which computers he (or some other party under his direction) uses to upload and maintain content on the Daily Stormer.

**Interrogatory No. 10**:

Issue -- This interrogatory requests information about bank and crypto-currency accounts, and Mr. Anglin has provided information only for the crypto-currency account through which he publicly solicits funds. We have reason to believe that Mr. Anglin maintains additional crypto-currency accounts, and it seems unlikely that he maintains literally no traditional bank accounts. Please confirm whether this response is complete.

Resolution – Defense counsel will ask Defendant whether this answer is complete and accurate. Specifically, defense counsel has agreed to inquire about whether Defendant maintains a "Monero" account and, if so, provide that information along with other information that is responsive to this interrogatory.

**Interrogatory No. 11**:

Issue -- Mr. Anglin should be able to identify whom (if anyone) he or his colleagues has suspended from the Daily Stormer forums. We don't understand how this information would be publicly available and ask that Mr. Anglin reconsider this response.

Resolution -- Defense counsel objects to this interrogatory as irrelevant and burdensome. Plaintiff's counsel explained that this question goes towards Defendant's credibility. Defense counsel has agreed to revisit this interrogatory. Plaintiff's counsel asked that Defendant give a definitive answer to this question.

Regards,

Jessica Lewis, Law Fellow
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue, Montgomery, Alabama 36104
t: 334.531.3954 | f: 334.956.8481
e: jessica.lewis@splcenter.org

*Admitted to practice in Alabama.*