# EXHIBIT 1

Declaration of Jay M. Wolman

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>   Plaintiff,<br><br>vs.<br><br>ANDREW ANGLIN,<br><br>   Defendant. | Case No. 9:17-cv-50-DLC-JCL<br><br>**DECLARATION OF<br>JAY M. WOLMAN IN SUPPORT<br>OF OPPOSITION TO<br>PLAINTIFF'S MOTION TO<br>COMPEL AND FOR SANCTIONS** |

I, Jay M. Wolman, declare:

1.   I am over 18 years of age and have first-hand knowledge of the facts set forth herein, and if called as a witness could and would testify competently thereto.

2.   I am an attorney permitted to practice in this case *pro hac vice*.

3.   I am an attorney of record for Defendant Andrew Anglin in this matter, and I submit this Declaration in support of Mr. Anglin's Opposition to Plaintiff's Motion to Compel and for Sanctions, filed herewith.

4.   As explained to counsel for Ms. Gersh multiple times, and to this Court in Mr. Anglin's Motion for a Protective Order (Dkt. No. 100), the fact that Mr. Anglin does not live in the U.S. made it difficult to coordinate with him on the responses to Ms. Gersh's First Set of Interrogatories (the "1st Rogs").

5.   Due to this difficulty, my office was not able to secure a signature on and serve these supplemental responses until August 11, 2018 at 12:32 p.m. Mountain time, the day after the deadline set by the Court's July 13, 2018 order (Dkt. No. 103).

6.   Furthermore, the primary paralegal for my office had recently left the firm, further complicating the logistics of having the responses properly executed in time.

7.   During the meet-and-confer conference with Ms. Gersh's counsel on August 21, 2018, and in follow-up communications with them about the sufficiency of Mr. Anglin's responses to the 1st Rogs, Ms. Gersh's counsel never raised or sought to confer about the unintended 12 hour delay in serving these responses.

8. During the meet-and-confer conference and in follow-up communications, neither I nor Ms. Gersh's counsel ever discussed any alleged inadequacy in Mr. Anglin's response to Interrogatory No. 1.

9. During the meet-and-confer conference and in follow-up communications, Ms. Gersh's counsel never stated the basis for relevancy of the information requested in Interrogatory No. 2 that she articulated in her Motion to Compel.

10. During the meet-and-confer conference and in follow-up communications, neither I nor Ms. Gersh's counsel ever discussed any alleged inadequacy in Mr. Anglin's response to Interrogatory No. 5.

11. During the meet-and-confer conference and in follow-up communications, I suggested that a protective order would need to have a sufficient "firewall" in place between counsel for Ms. Gersh and non-attorney staff for the Southern Poverty Law Center ("SPLC"), as such staff were not admitted in this matter and did not have the same ethical obligations to the Court as admitted attorneys did.

12. Ms. Gersh's counsel rejected this proposal outright, despite having well-experienced local counsel in John Morrison who would have access to such information under the proposed protective order.

13. During the meet-and-confer conference, I informed counsel for Ms. Gersh that Mr. Anglin is not known to have any traditional bank accounts.

14. During the meet-and-confer conference, I asked Ms. Gersh's counsel the basis for alleged relevancy of the information requested in Interrogatory No. 11.

Ms. Gersh's counsel failed to provide any explanation of evidentiary relevance beyond stating it generically went to Mr. Anglin's "credibility."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 14, 2018.

/s/Jay M. Wolman<br>Jay M. Wolman

RANDAZZA | LEGAL GROUP