# **EXHIBIT 3**

Mr. Anglin's First Set of Interrogatories

Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

Attorneys for Defendant
Andrew Anglin

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | **DEFENDANT ANDREW ANGLIN'S FIRST SET OF INTERROGATORIES TO PLAINTIFF TANYA GERSH** |
| vs. | |
| ANDREW ANGLIN, | |
| Defendant. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Andrew Anglin ("Anglin" or "Defendant") hereby propounds his First Set of Interrogatories on Plaintiff Tanya Gersh ("Gersh" or "Plaintiff"). Plaintiff shall serve her written reply to these requests within 34[1] days of the date of service thereof.

## DEFINITIONS

1. "Documents" refers to all written, printed, recorded or graphic matter, photographic matter, sound reproductions or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, digitally, or otherwise) and any other data compilation from which information can be obtained or translated, if necessary, by the respondent into reasonably useful form from whatever source derived and however and by whomever prepared, produced, disseminated, or made; without limiting the generality of the foregoing, the word "Documents" includes correspondence, memoranda, facsimiles, reports, transcripts, notes, diaries, calendars, notebooks, minutes, diagrams, computer printouts, diskettes, CD-ROMs, DVD-ROMs, hard drives, drawings, videos, receipts, videotapes, artwork, exemplars, and any other writings of any nature whatsoever, whether or not divulged to other parties.

2. "You" or "Your" includes Gersh and all of her employees, agents, representatives, officers, directors, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, all or any of them.

---

[1] Defendant is adding four additional days beyond the 30 days set by the applicable rules to respond out of recognition of multiple religious holidays in September and early October during which Plaintiff may be prohibited from attending to these discovery requests.

3. "Identify" when referring to an individual, corporation, or other entity shall mean to set forth the name and telephone number, and known address and, if a corporation or other entity, its principle place of business.

4. The "Incident" refers to the "troll storm" referred to in Your Complaint, consisting of statements, whether oral or written, by third parties directed at You, members of Your family, or Your colleagues, either as a response or related to the alleged dispute between You and Sherry Spencer.

## INSTRUCTIONS

1. You must answer each Interrogatory separately and fully in writing under oath, unless it is objected to.

2. If You object to any part of an Interrogatory, You must state the reasons for Your objection and answer to the extent the Interrogatory is not objectionable.

3. Your answers must first set forth each interrogatory asked, followed by Your answer or response.

4. Your answers must be signed by the person making them, and the objections signed by the attorney making them.

5. Unless otherwise stated, these Interrogatories refer to the time, place, and circumstances of the Incident.

6. You must state all grounds for an objection to an Interrogatory with specificity. Any ground not stated in a timely objection is waived unless Your failure to object is excused by the Court for good cause shown.

RANDAZZA | LEGAL GROUP

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please identify Your present employer and any other employers for the past ten years, including, but not limited to, stating their name(s), their address(es), the date each employment began and ended, Your job duties and approximate annual earnings for each position held.

**INTERROGATORY NO. 2:**

Please identify the nature and extent of each injury that You contend You suffered as a result of the Incident, and, for each such injury:

(a) Identify all persons and/or facilities that provided any medical, psychological, or therapeutic care or treatment for such injury;

(b) State the known diagnosis/prognosis for such injury; and

(c) State the name, address, policy number, and claim number for any insurance coverage which was/is available for payment of medical expenses relative to the injuries described above and state the amount (if any) of unreimbursed medical expenses incurred by You to date for such injury.

**INTERROGATORY NO. 3:**

Please describe the nature of all medical, psychological, and/or therapeutic care and treatment of every condition (other than as already addressed in response to the preceding Interrogatory) that You received preceding the Incident until today, identifying the name and address of any treating personnel or facility from whom

medical treatment was sought or received, and stating the nature and extent of any residual effects or disabilities from any of the above-described medical conditions.

**INTERROGATORY NO. 4:**

If You have ever been involved in any other incident or accident (including any type of assault, vehicular accident, a trip and fall accident, an altercation, or any other incident in which You sustained bodily, mental, and/or emotional injuries), please provide a description of the incident or accident, including the date and location of the incident or accident and identify each person involved in the incident or accident, including Your medical providers, if any, the nature of any injuries sustained by You and, if any claims of any nature were made, the name and address of the person(s) against whom the claim was made.

**INTERROGATORY NO. 5:**

Please describe the nature and amount of all damages or expenses incurred as a result of the Incident.

**INTERROGATORY NO. 6:**

Please identify every witness You believe may and/or does have knowledge regarding the events described in Your Complaint and/or the alleged injuries sustained by You in the Incident, including a brief summary of the anticipated testimony or knowledge of such witness.  If you do not possess the name of a witness, please provide other identifying information, including alter ego(s), user name(s), handle(s), account name(s), and the media on which such are used.

**INTERROGATORY NO. 7:**

Please state whether You intend to utilize the services of any experts in preparation for trial of this lawsuit and/or to support or investigate any of the allegations made by You and, for such expert(s), please describe and identify him or her, the expert's complete educational and professional background, and the nature and substance of said expert's opinion or findings.

**INTERROGATORY NO. 8:**

If You contend that Mr. Anglin was in any way at fault for causing Your alleged injuries described in the Complaint, describe the action(s) or inaction(s) which You contend constitute fault on behalf of Mr. Anglin and which You contend was a cause of the alleged injuries, identify all persons whom You believe may or will support Your contention, and identify all known documents that you believe support this contention.

**INTERROGATORY NO. 9:**

If You contend that any third party who sent You, a member of You family, or a colleague of Yours one or more messages as part of the alleged "troll storm" was in any way at fault for causing Your alleged injuries described in the Complaint, describe the action(s) or inaction(s) which You contend constitute fault on behalf of the third party and which You contend was a cause of the alleged injuries and the degree, amount, and/or percentage of such third party's fault.

**INTERROGATORY NO. 10:**

If You believe that any of Your actions or inactions caused or contributed to the Incident and/or the resulting alleged injuries, describe in detail those actions or

inactions You believe caused or contributed to the Incident and/or alleged injuries, and why You believe this.

**INTERROGATORY NO. 11:**

If You are claiming any lost wages and/or impairment to Your earning capacity as a result of the Incident giving rise to this lawsuit, please describe such loss, stating the name and address of each employer from which You lost or will lose employment time, the dates You were unable to work, the time You lost or will lose from each employer, and the wages You lost or will lose as a result of the Incident.

**INTERROGATORY NO. 12:**

If You have made a claim for any benefits, under any policy of insurance relating to the injuries, unemployment, losses, or damages arising out of the Incident and, please describe such claim, stating the following as to each policy: provide the name and address of the insurance company or organization to whom the claim was made, the date of the claim or application, and the policy number.

**INTERROGATORY NO. 13:**

Please describe with specificity any statement, conversation, or comment You have made to or had with any journalist, blogger, or other media entity concerning the facts alleged in and/or persons or entities referenced in Your Complaint filed in this matter (ECF No. 1), including, but not limited to, any conversations You have had with ABC Fox Montana.

**INTERROGATORY NO. 14:**

Please identify and describe with specificity each communication, including the date, time, method, and content thereof, You, a member of Your family, your employer, your co-workers, your friends, your acquaintances, or your colleagues have received, whether verbal or written, that is part of the alleged "troll storm" that You claim caused or contributed to any injuries You claim to have suffered.

**INTERROGATORY NO. 15:**

Please identify and describe with specificity all communications You have had with Sherry Spencer from January 1, 2016 to the present.

Dated: September 21, 2018.   Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,
Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 21, 2018, a copy of the foregoing was served via electronic mail and U.S. Mail on counsel for Plaintiff as follows:

John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
john@mswdlaw.com
rfolsen@mswdlaw.com

Morris Dees
J. Richard Cohen
David C. Dinielli
Jim Knoepp
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org

*Attorneys for Plaintiff Tanya Gersh*

/s/ Marc J. Randazza
Marc J. Randazza