# EXHIBIT 4

Mr. Anglin's First Set of Requests for
Production of Documents

Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

Attorneys for Defendant
Andrew Anglin

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | | |
|---|---|---|
| TANYA GERSH, | ) | Case No. 9:17-cv-50-DLC-JCL |
| | ) | |
| Plaintiff, | ) | **DEFENDANT ANDREW** |
| | ) | **ANGLIN'S FIRST SET OF** |
| vs. | ) | **REQUESTS FOR PRODUCTION** |
| | ) | **OF DOCUMENTS TO PLAINTIFF** |
| ANDREW ANGLIN, | ) | **TANYA GERSH** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Andrew Anglin ("Anglin" or "Defendant") hereby propounds his First Set of Requests for Production of Documents on Plaintiff Tanya Gersh ("Gersh" or "Plaintiff").  It is requested that you produce and permit inspection and copying of the documents described below.  Plaintiff shall serve her written reply to these requests within 34[1] days of the date of service thereof.  The place of production shall be the offices of Mr. Anglin's counsel, Randazza Legal Group, PLLC, 2764 Lake Sahara Drive, Suite 109, Las Vegas, Nevada 89117, or at a location mutually agreed upon by the parties.  The following is the designation of documents and/or tangible things to be produced for inspection:

### DEFINITIONS

1.     "Documents" refers to all written, printed, recorded or graphic matter, photographic matter, sound reproductions or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, digitally, or otherwise) and any other data compilation from which information can be obtained or translated, if necessary, by the respondent into reasonably useful form from whatever source derived and however and by whomever prepared, produced, disseminated, or made; without limiting the generality of the foregoing, the word "Documents" includes correspondence, memoranda, facsimiles, reports, transcripts, notes, diaries, calendars, notebooks, minutes, diagrams, computer printouts, diskettes, CD-ROMs, DVD-ROMs, hard drives, drawings, videos, receipts,

---

[1] Defendant is adding four additional days beyond the 30 days set by the applicable rules to respond out of recognition of multiple religious holidays in September and early October during which Plaintiff may be prohibited from attending to these discovery requests.

videotapes, artwork, exemplars, and any other writings of any nature whatsoever, whether or not divulged to other parties.

2.      "Things" include objects, specimens, samples, products, labels, advertising, promotional materials, packaging, and other items.

3.      "You" or "Your" includes Gersh and all of her employees, agents, representatives, officers, directors, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, all or any of them.

4.      "Referred to," for the purposes of these requests (except where otherwise defined) includes reviewing, reading, referencing, examining, evaluating, or consulting.

5.      The "Incident" refers to the alleged "troll storm" referred to in Your Complaint, consisting of statements, whether oral or written, by third parties directed at You, members of Your family, or Your colleagues, either as a response or related to the alleged dispute between You and Sherry Spencer.

## **INSTRUCTIONS**

1.      These requests are continuing in nature and include all Documents and information prepared or received by You between the date of receipt of these requests and the date of trial.  Your responses to these requests should be supplemented not later than 30 days prior to any hearing addressing the merits of any parties' claims or defenses.

2.      Unless otherwise stated, these requests refer to the time, place, and circumstances of the Incident.

3.      Documents that, in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form.  Documents responsive to each numbered paragraph are to be grouped by paragraph.  If any portion of a Document is responsive to this request, the entire Document shall be produced.  In order to facilitate review and avoid any possibility of misinterpretation, place all Documents produced in file folders bearing the number of the paragraph to which they are responsive.

4.      For each Document you contend you are entitled to withhold, identify the Document and state with specificity the reason for the withholding.  For any Document withheld under a claim of privilege, state:

a.      the name and title of the author(s);

b.      the name and title of the person(s) to whom a copy of the Document or its contents, or any part thereof, was sent or conveyed or to whom the Document or a copy, or any part thereof, was showed;

c.      its date;

d.      the name and title of the person(s) to whom the Document was addressed;

e.      the number of pages;

f.      a brief description of the subject matter;

g.      the nature of the privilege claimed; and

h.      the paragraph(s) to which the Document is otherwise responsive.

5.      If any Document requested was formerly in the possession, custody, or control of the recipient of these Requests for Production and has been lost or

destroyed, the recipient is requested to submit in lieu of each Document a written statement that:

      a.     describes in detail the nature of the Document and its contents;

      b.     identifies the person who prepared or authorized the Document and, if applicable, the person to whom the Document was sent;

      c.     specifies the date upon which the Document was prepared or transmitted (or both); and

      d.     specifies, to the extent possible, the date upon which the Document was lost or destroyed, and if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

6.     If an objection is made to any request herein, all Documents covered by the request not subject to the objection should be produced.  Similarly, if an objection is made to the production of any portion of a Document, the portion(s) subject to the objection should be produced with the portion(s) objected to redacted and indicated clearly.

7.     For any request for a document evidencing a communication, you must produce records of such communication within your possession, custody, or control, including, but not limited to, a copy of the communication itself as well as records that would tend to show the communication occurred (such as telephone billing records and computer server logs).

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Please produce any and all Documents identified or referenced in Your responses to Defendant Andrew Anglin's First Set of Interrogatories to Gersh.

**REQUEST NO. 2:**

Please produce any and all communications You sent to or received from any journalists, bloggers, and/or other media entities concerning the facts alleged in or the persons or entities mentioned in Your Complaint filed in this matter (ECF No. 1).

**REQUEST NO. 3:**

Please produce all copies of all documents evidencing each of the "hundreds of hateful and threatening anti-Semitic phone calls, voicemails, text messages, emails, letters, social media comments, and false online business reviews" referred to in paragraph 4 of Your Complaint.

**REQUEST NO. 4:**

Please produce all copies of all documents evidencing each of the "hundreds of anti-Semitic, hateful, harassing communications – including death threats – to Ms. Gersh, her family members, her friends, and her colleagues" referred to in paragraph 10 of Your Complaint.

**REQUEST NO. 5:**

Please produce all copies of all documents evidencing each of the "countless slurs and threats designed to inflict maximum emotional damage on Ms. Gersh" referred to in paragraph 11 of Your Complaint.

**REQUEST NO. 6:**

Please produce all documents evidencing the "tsunami of threats [that] arrived by email, social media, and voicemail" referred to in paragraph 12 of Your Complaint.

**REQUEST NO. 7:**

Please produce all documents evidencing the allegation that one or more persons "harassed Ms. Gersh's son," as alleged in paragraph 13 of Your Complaint.

**REQUEST NO. 8:**

Please produce all documents evidencing the "threatening, hateful, and harassing phone calls, voicemails, false online reviews of [Gersh's husband's] law firm and emails" referred to in paragraph 14 of Your Complaint.

**REQUEST NO. 9:**

Please produce all documents that support Your contention in paragraph 16 of Your Complaint that "Whitefish residents' discontent with the Spencer family had been simmering for years and reached a fever pitch when the 'Hail Trump' video of Richard Spencer went viral."

**REQUEST NO. 10:**

Please produce all documents that support Your contentions in paragraph 17 of Your Complaint that "[t]he video's viral release prompted discussion among Whitefish residents," and that "[s]ome members of the community … considered protesting in front of a mixed-used commercial building Ms. Spencer owns of Lupfer Avenue in downtown Whitefish."

**REQUEST NO. 11:**

Please produce all documents that support Your contention in paragraph 18 of Your Complaint that "When members of the community approached Ms. Gersh . . . about the possible protests, she and others contacted the building's commercial tenants to warn them that a protest might occur outside the Lupfer Avenue building."

**REQUEST NO. 12:**

Please produce all documents evidencing communications between You and Sherry Spencer from January 1, 2016 to the present, including but not limited to any voicemails, text messages, social media messages, or emails relating to each of Your allegations in paragraphs 18-24 of Your Complaint.

**REQUEST NO. 13:**

Please produce all documents evidencing the "deluge of threatening, hateful, and harassing communications Ms. Gersh has endured" referred to in paragraph 26 of Your Complaint.

**REQUEST NO. 14:**

Please produce all documents evidencing Your contention in paragraph 27 of Your Complaint that "Mr. Anglin has published thirty such articles, the majority of which urge his readers to continue their harassment of Ms. Gersh and her family and associates."

**REQUEST NO. 15:**

Please produce all documents evidencing Your claim of an "ongoing campaign of terror," as alleged in paragraph 28 of Your Complaint.

**REQUEST NO. 16:**

Please produce all documents that support Your contention in paragraph 29 of Your Complaint that You have "experienced serious and severe emotional and physical distress as a result of the harassment . . . ."

**REQUEST NO. 17:**

Please produce all documents that support Your contentions in paragraph 30 of Your Complaint that You have suffered physical symptoms and that You "feel[] like an entirely different person than [You] did before the troll storm, as though [You] ha[ve] been permanently altered."

**REQUEST NO. 18:**

Please produce all documents that support Your contention in paragraph 58 of Your Complaint that You "grew concerned that a protest would actually take place, and [You] tried to warn several of [Your] friends who rented space as commercial tenants in Ms. Spencer's building."

**REQUEST NO. 19:**

Please produce all documents evidencing Your contentions in paragraph 59 of Your Complaint that "[a]t least one tenant had received warnings from a number of individuals in addition to [You]," that "[t]hat tenant called [You] asking for advice," and that "the tenant called again asking [You] to call Ms. Spencer, who wanted to talk to [You]," including but not limited to any voicemails, text messages, social media messages, or emails between You and the unidentified tenant, or any warnings received by the tenant.

**REQUEST NO. 20:**

Please produce any and all documents that evidence, reflect, summarize, or comprise communications between You and Sherry Spencer including, but not limited to, those referred to in paragraphs 61 to 73 of Your Complaint, and those referenced in the article "We Investigate: Whitefish, family torn apart by white nationalist's notoriety," ABC FOX MONTANA (Dec. 12, 2016).[3]

**REQUEST NO. 21:**

Please produce all documents that support your contention that "the blog post" published by Sherry Spencer on December 15, 2016 "was ghostwritten by Ms. Spencer's son, Richard Spencer."

**REQUEST NO. 22:**

Please produce all documents that support Your contention in paragraphs 76 to 79 of Your Complaint that statements contained in Ms. Spencer's December 15, 2016 blog post were false.

**REQUEST NO. 23:**

Please produce all copies of documents evidencing the "hundreds of threatening communications, including phone calls, voicemails, text messages, emails, letters, social media comments, and malicious Christmas cards" alleged in paragraph 93 of Your Complaint.

**REQUEST NO. 24:**

Please produce all emails referred to in paragraph 94 of Your Complaint.

---

[3] Available at: http://www.abcfoxmontana.com/story/34036263/a-community-and-a-family-torn-apart-by-richard-spencers-notoriety.

**REQUEST NO. 25:**

Please produce all emails referred to in paragraph 95 of Your Complaint.

**REQUEST NO. 26:**

Please produce all emails referred to in paragraph 96 of Your Complaint.

**REQUEST NO. 27:**

Please produce all documents evidencing Your claim in paragraphs 97 to 99 of Your Complaint that You were "subjected to vile threats" via telephone calls.

**REQUEST NO. 28:**

Please produce all voicemails referred to in paragraph 100 of Your Complaint.

**REQUEST NO. 29:**

Please produce all text messages referred to in paragraph 101 of Your Complaint.

**REQUEST NO. 30:**

Please produce all "harassing letters and postcards" referred to in paragraphs 102 to 104 of Your Complaint.

**REQUEST NO. 31:**

Please produce all "packets of tourist information for different states" referred to in paragraph 105 of Your Complaint.

**REQUEST NO. 32:**

Please produce all "malicious Christmas cards" referred to in paragraphs 106 to 107 of Your Complaint.

**REQUEST NO. 33:**

Please produce all tweets which tagged Your personal Twitter account, as alleged in paragraph 108 of Your Complaint.

**REQUEST NO. 34:**

Please produce all "harassing comments on [Your] YouTube page" referred to in paragraph 110 of Your Complaint.

**REQUEST NO. 35:**

Please produce all "hateful messages on Facebook" referred to in paragraph 111 of Your Complaint.

**REQUEST NO. 36:**

Please produce all "hateful and harassing comments on [Your] personal website, tanyagersh.com," referred to in paragraph 112 of Your Complaint.

**REQUEST NO. 37:**

Please produce all documents supporting Your contention in paragraph 115 of Your Complaint that "[a]s a result of Mr. Anglin's troll storm, someone published a fabrication about Ms. Gersh on a website called shesahomewrecker.com suggesting that Mr. Gersh lured another woman's husband to bed."

**REQUEST NO. 38:**

Please produce all "subscription notices for far-right news media that individuals had maliciously signed up for using [Your] email address as a result of Mr. Anglin's troll storm, as well as password reset requests showing that individuals were trying to hack into her accounts" referred to in paragraph 116 of Your Complaint.

RANDAZZA | LEGAL GROUP

**REQUEST NO. 39:**

Please produce all "hateful comments" You allege to have received "through [Your] realtor profiles on the websites realtor.com and Zillow.com as a result of Mr. Anglin's troll storm" referred to in paragraph 117 of Your Complaint.

**REQUEST NO. 40:**

Please produce all "threatening, hateful, and harassing emails about [You]," received by Mr. Gersh, referred to in paragraph 118 of Your Complaint.

**REQUEST NO. 41:**

Please produce all voicemails that Mr. Gersh received referred to in paragraph 119 of Your Complaint.

**REQUEST NO. 42:**

Please produce all letters Mr. Gersh received at his law office referred to in paragraphs 120 to 121 of Your Complaint.

**REQUEST NO. 43:**

Please produce all "harassing tweets" concerning Your son referred to in paragraph 122 of Your Complaint.

**REQUEST NO. 44:**

Please produce all "harassing comments" Your son received on YouTube referred to in paragraph 123 of Your Complaint.

**REQUEST NO. 45:**

Please produce the "threatening email" You allege to have received in paragraph 142 of Your Complaint.

**REQUEST NO. 46:**

Please produce copies of all known documents and things that You may or will rely upon in support of any claim for liability and/or economic and non-economic damages in this litigation.

**REQUEST NO. 47:**

Please complete (including the identity of custodians of records, your address and social security number, where applicable) and execute the enclosed authorizations to allow Mr. Anglin to obtain all medical and psychiatric (for all physicians/facilities providing any treatment whatsoever for the past 10 years), employment, health insurance, and Medicare (if applicable) records.

**REQUEST NO. 48:**

Please produce copies of all statements of any witness, including You, with knowledge of any of the matters at issue in this litigation.

**REQUEST NO. 49:**

Please produce color copies of all photographs, videos, or other visual depictions regarding Your alleged injuries.

**REQUEST NO. 50:**

Please produce all documents evidencing the following damages:

(a) Medical and hospital costs and expenses (whether paid by you or someone else);

(b) Personal injuries (physical and mental), including but not limited to photographs, videotapes, and other visual representations that depict the injuries;

(c) Loss of household or other services, consortium, society, comfort, companionship, nurture, care, and guidance;

(d) Loss of employment income;

(e) Inability to do now, because of the Incident, activities that you were able to do before the Incident; and

(f) Any other damages alleged by You.

**REQUEST NO. 51:**

Please produce all documents concerning payments or reimbursements from Medicare in satisfaction of any medical expenses from any healthcare provider involved in the treatment of the injuries You are claiming in this lawsuit.

**REQUEST NO. 52:**

Please produce all pleadings, documents, and transcripts (either deposition or trial) for any claim and/or case for a personal injury of any type that You have ever filed.

**REQUEST NO. 53:**

Please produce all documents relating to any and all experts You have retained or will retain in this matter, including but not limited to any documents provided to the expert for use in his or her evaluation of the matter, any and all expert curricula vitae, and previous deposition and/or trial testimony given by each expert for any previous matters with similar facts, and any and all publications in which each expert has been either a contributing or sole author.

**REQUEST NO. 54:**

Please produce all documents which You contend support Your assertion that Your "physical appearance has changed as a result of the harassment from Mr. Anglin's troll storm and related activities" in paragraph 205 of Your Complaint, including but not limited to all photographs, videos, or other visual depictions of You that were created from April 18, 2012 to the present.

**REQUEST NO. 55:**

Please produce all documents that evidence Your passions and hobbies, as described in paragraph 207 of Your Complaint, that You pursued or currently pursue from April 18, 2012 to the present.

**REQUEST NO. 56:**

Please produce all documents which You claim evidence any alleged financial losses You have suffered as a result of the Incident.

**REQUEST NO. 57:**

Please produce all documents which You contend support Your assertion that any injuries you suffered as a result of the Incident are the cause of statements or other conduct by Mr. Anglin.

**REQUEST NO. 58:**

Please produce all documents which You contend support Your assertion that Mr. Anglin knew third parties would cause Your alleged injuries in response to statements Mr. Anglin allegedly made concerning You and Sherry Spencer.

RANDAZZA | LEGAL GROUP

**REQUEST NO. 59:**

Please identify and produce all documents relating to Your membership in and/or involvement with Love Lives Here.

**REQUEST NO. 60:**

Please produce all communications between You and Your employer regarding the Incident.

**REQUEST NO. 61:**

Please produce any and all communications You sent to or received from Cowles Company d/b/a ABC Fox Montana referenced in the article "We Investigate: Whitefish, family torn apart by white nationalist's notoriety," ABC FOX MONTANA (Dec. 12, 2016).[4]

**REQUEST NO. 62:**

Please produce any and all communications You sent via social media, including, but not limited to, Twitter, LinkedIn, FaceBook, MySpace, SnapChat, and Instagram, from November 8, 2016, through April 17, 2017.

**REQUEST NO. 63:**

Please produce all non-privileged communications between You and any and all other persons regarding the Incident.

**REQUEST NO. 64:**

Please produce all non-privileged communications between You and any and all other persons regarding Richard Spencer.

---

[4]  Available at: http://www.abcfoxmontana.com/story/34036263/a-community-and-a-family-torn-apart-by-richard-spencers-notoriety.

**REQUEST NO. 65:**

Please produce all non-privileged communications between You and any and all other persons regarding Sherry Spencer.

**REQUEST NO. 66:**

Please produce all non-privileged communications between You and any and all other persons regarding the 2016 Presidential Election.

**REQUEST NO. 67:**

Please produce all non-privileged communications between You and any and all other persons regarding Donald Trump.

**REQUEST NO. 68:**

Please produce all non-privileged communications between You and any and all other persons regarding Love Lives Here.

**REQUEST NO. 69:**

Please produce all non-privileged communications between You and any and all other persons regarding the building and/or premises located at 22 Lupfer Avenue, in Whitefish, Montana.

**REQUEST NO. 70:**

Please produce all documents regarding the building and/or premises located at 22 Lupfer Avenue, in Whitefish, Montana.

**REQUEST NO. 71:**

Please produce all documents regarding Your license from the Montana Board of Realty Regulation.

**REQUEST NO. 72:**

Please produce all non-privileged communications between You and any and all other persons regarding Andrew Anglin.

**REQUEST NO. 73:**

Please produce all non-privileged communications between You and any and all other persons regarding the Daily Stormer.

**REQUEST NO. 74:**

Please produce all non-privileged communications between You and any and all other persons regarding the Southern Poverty Law Center.

**REQUEST NO. 75:**

Please produce all communications between You and Jeff Cremeans.

**REQUEST NO. 76:**

Please produce all documents sent to or received from Jeff Cremeans.

**REQUEST NO. 77:**

Please produce all documents You intend to introduce as an exhibit or show to a witness at any deposition in this matter.

**REQUEST NO. 78:**

Please produce all documents You intend to introduce as an exhibit or show to a witness at any evidentiary hearing or trial in this matter.

**<u>REQUEST NO. 79:</u>**

Please produce all documents You have received from any third parties in response to any subpoena You have served in this matter.

Dated: September 21, 2018.     As to objections,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,*
*Andrew Anglin*

Anglin First Set of Requests for Production of Documents to Gersh
9:17-cv-50-DLC-JCL

Case No. 9:17-cv-50-DLC-JCL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 21, 2018, a copy of the foregoing

was served via electronic mail and U.S. Mail on counsel for Plaintiff as follows:

John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
john@mswdlaw.com
rfolsen@mswdlaw.com

Morris Dees
J. Richard Cohen
David C. Dinielli
Jim Knoepp
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*


/s/ Marc J. Randazza
Marc J. Randazza

Anglin First Set of Requests for Production of Documents to Gersh
9:17-cv-50-DLC-JCL

## <u>AUTHORIZATION FOR THE RELEASE OF PROTECTED HEALTH INFORMATION</u>

**TO:**

I hereby authorize the above named facility, any parent company, and any other health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment, or services to me or on my behalf to release all medical information to **Randazza Legal Group, PLLC**, 2764 Lake Sahara Drive, Suite 109, Las Vegas, Nevada 89117 for use in pending litigation.

This document authorizes the release of all medical information including Immunodeficiency disorders (HIV/AIDS), substance abuse and treatment, mental health/psychiatric treatment, radiology films, pathology materials, billing and insurance records, patient histories, prescription records, diagnosis, prognosis, admission notes, messages, correspondence, CDs, DVDs, floppy disks, photos and all other documents, electronic media, and tangible items maintained by the facility as a designated record set pertaining to:

_____, _____-_____-_____, _____/_____/_____
(NAME)                                                                              (SSN)                     (DOB)


_____   _____
(ADDRESS)                                                                        (PHONE)


The treatment dates to be released: (Check One)      ___ From___/___/___ to ___/___/___
                                                                                 ___ All records retained by the facility

This authorization is continuing in nature and remains effective until the conclusion of litigation without the necessity for further authorization.

A copy of this authorization shall be considered as effective as the original.

I, the undersigned, have read the above and authorize the staff of the above named facility to disclose such information as herein contained.  I have the right to revoke this authorization in writing at any time except to the extent that action has been taken in reliance upon it.  I understand that when this information is used for disclosure pursuant to this authorization, it may be subject to re-disclosure and may no longer be protected.


_____   _____
(DATE)                          (SIGNATURE OF PATIENT)

## <u>AUTHORIZATION FOR THE RELEASE OF PROTECTED HEALTH INFORMATION</u>

**TO:**


I hereby authorize the above named facility, any parent company, and any other health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment, or services to me or on my behalf to release all medical information to **Randazza Legal Group, PLLC**, 2764 Lake Sahara Drive, Suite 109, Las Vegas, Nevada 89117 for use in pending litigation.

This document authorizes the release of all medical information including Immunodeficiency disorders (HIV/AIDS), substance abuse and treatment, mental health/psychiatric treatment, radiology films, pathology materials, billing and insurance records, patient histories, prescription records, diagnosis, prognosis, admission notes, messages, correspondence, CDs, DVDs, floppy disks, photos and all other documents, electronic media, and tangible items maintained by the facility as a designated record set pertaining to:

_____, _____-_____-_____, _____/_____/_____
(NAME)                                                                (SSN)                    (DOB)


_____   _____
(ADDRESS)                                                                  (PHONE)


The treatment dates to be released: (Check One)     ___ From___/___/___ to ___/___/___
                                                                              ___ All records retained by the facility

This authorization is continuing in nature and remains effective until the conclusion of litigation without the necessity for further authorization.

A copy of this authorization shall be considered as effective as the original.


I, the undersigned, have read the above and authorize the staff of the above named facility to disclose such information as herein contained.  I have the right to revoke this authorization in writing at any time except to the extent that action has been taken in reliance upon it.  I understand that when this information is used for disclosure pursuant to this authorization, it may be subject to re-disclosure and may no longer be protected.


_____   _____
(DATE)                        (SIGNATURE OF PATIENT)

## <u>AUTHORIZATION FOR THE RELEASE OF PROTECTED HEALTH INFORMATION</u>

**TO:**

I hereby authorize the above named facility, any parent company, and any other health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment, or services to me or on my behalf to release all medical information to **Randazza Legal Group, PLLC**, 2764 Lake Sahara Drive, Suite 109, Las Vegas, Nevada 89117 for use in pending litigation.

This document authorizes the release of all medical information including Immunodeficiency disorders (HIV/AIDS), substance abuse and treatment, mental health/psychiatric treatment, radiology films, pathology materials, billing and insurance records, patient histories, prescription records, diagnosis, prognosis, admission notes, messages, correspondence, CDs, DVDs, floppy disks, photos and all other documents, electronic media, and tangible items maintained by the facility as a designated record set pertaining to:

_____, _____-_____-_____, _____/_____/_____
(NAME)                                                         (SSN)                  (DOB)


_____   _____
(ADDRESS)                                                       (PHONE)


The treatment dates to be released: (Check One)     ___ From___/___/___ to ___/___/___
                                                                          ___ All records retained by the facility

This authorization is continuing in nature and remains effective until the conclusion of litigation without the necessity for further authorization.

A copy of this authorization shall be considered as effective as the original.

I, the undersigned, have read the above and authorize the staff of the above named facility to disclose such information as herein contained.  I have the right to revoke this authorization in writing at any time except to the extent that action has been taken in reliance upon it.  I understand that when this information is used for disclosure pursuant to this authorization, it may be subject to re-disclosure and may no longer be protected.


_____   _____
(DATE)                        (SIGNATURE OF PATIENT)

## <u>AUTHORIZATION FOR THE RELEASE OF PROTECTED HEALTH INFORMATION</u>

**TO:**


I hereby authorize the above named facility, any parent company, and any other health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment, or services to me or on my behalf to release all medical information to **Randazza Legal Group, PLLC**, 2764 Lake Sahara Drive, Suite 109, Las Vegas, Nevada 89117 for use in pending litigation.

This document authorizes the release of all medical information including Immunodeficiency disorders (HIV/AIDS), substance abuse and treatment, mental health/psychiatric treatment, radiology films, pathology materials, billing and insurance records, patient histories, prescription records, diagnosis, prognosis, admission notes, messages, correspondence, CDs, DVDs, floppy disks, photos and all other documents, electronic media, and tangible items maintained by the facility as a designated record set pertaining to:

_____, _____-_____-_____, _____/_____/_____
(NAME)                                                              (SSN)                    (DOB)


_____  _____
(ADDRESS)                                                          (PHONE)


The treatment dates to be released: (Check One)     ___ From___/___/___ to ___/___/___
                                                                               ___ All records retained by the facility

This authorization is continuing in nature and remains effective until the conclusion of litigation without the necessity for further authorization.

A copy of this authorization shall be considered as effective as the original.


I, the undersigned, have read the above and authorize the staff of the above named facility to disclose such information as herein contained.  I have the right to revoke this authorization in writing at any time except to the extent that action has been taken in reliance upon it.  I understand that when this information is used for disclosure pursuant to this authorization, it may be subject to re-disclosure and may no longer be protected.


_____     _____
(DATE)                         (SIGNATURE OF PATIENT)

## **AUTHORIZATION FOR THE RELEASE OF PROTECTED HEALTH INFORMATION**

**TO:**

I hereby authorize the above named facility, any parent company, and any other health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment, or services to me or on my behalf to release all medical information to **Randazza Legal Group, PLLC**, 2764 Lake Sahara Drive, Suite 109, Las Vegas, Nevada 89117 for use in pending litigation.

This document authorizes the release of all medical information including Immunodeficiency disorders (HIV/AIDS), substance abuse and treatment, mental health/psychiatric treatment, radiology films, pathology materials, billing and insurance records, patient histories, prescription records, diagnosis, prognosis, admission notes, messages, correspondence, CDs, DVDs, floppy disks, photos and all other documents, electronic media, and tangible items maintained by the facility as a designated record set pertaining to:

_____, _____-_____-_____, _____/_____/_____
(NAME)                                                              (SSN)                        (DOB)

_____   _____
(ADDRESS)                                                               (PHONE)

The treatment dates to be released: (Check One)     ___ From___/___/___ to ___/___/___
                                                                                      ___ All records retained by the facility

This authorization is continuing in nature and remains effective until the conclusion of litigation without the necessity for further authorization.

A copy of this authorization shall be considered as effective as the original.

I, the undersigned, have read the above and authorize the staff of the above named facility to disclose such information as herein contained.  I have the right to revoke this authorization in writing at any time except to the extent that action has been taken in reliance upon it.  I understand that when this information is used for disclosure pursuant to this authorization, it may be subject to re-disclosure and may no longer be protected.

_____   _____
(DATE)                         (SIGNATURE OF PATIENT)

**<u>AUTHORIZATION FOR THE RELEASE OF PROTECTED HEALTH INFORMATION</u>**

**TO:**


I hereby authorize the above named facility, any parent company, and any other health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment, or services to me or on my behalf to release all medical information to **Randazza Legal Group, PLLC**, 2764 Lake Sahara Drive, Suite 109, Las Vegas, Nevada 89117 for use in pending litigation.

This document authorizes the release of all medical information including Immunodeficiency disorders (HIV/AIDS), substance abuse and treatment, mental health/psychiatric treatment, radiology films, pathology materials, billing and insurance records, patient histories, prescription records, diagnosis, prognosis, admission notes, messages, correspondence, CDs, DVDs, floppy disks, photos and all other documents, electronic media, and tangible items maintained by the facility as a designated record set pertaining to:

_____, _____-_____-_____, _____/_____/_____
(NAME)                                                           (SSN)                      (DOB)


_____   _____
(ADDRESS)                                                              (PHONE)


The treatment dates to be released: (Check One)     ___ From___/___/___ to ___/___/___
                                                                              ___ All records retained by the facility

This authorization is continuing in nature and remains effective until the conclusion of litigation without the necessity for further authorization.

A copy of this authorization shall be considered as effective as the original.


I, the undersigned, have read the above and authorize the staff of the above named facility to disclose such information as herein contained.  I have the right to revoke this authorization in writing at any time except to the extent that action has been taken in reliance upon it.  I understand that when this information is used for disclosure pursuant to this authorization, it may be subject to re-disclosure and may no longer be protected.


_____   _____
(DATE)                       (SIGNATURE OF PATIENT)

tk

## <u>AUTHORIZATION FOR THE RELEASE OF PROTECTED HEALTH INFORMATION</u>

**TO:**


I hereby authorize the above named facility, any parent company, and any other health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment, or services to me or on my behalf to release all medical information to **Randazza Legal Group, PLLC**, 2764 Lake Sahara Drive, Suite 109, Las Vegas, Nevada 89117 for use in pending litigation.

This document authorizes the release of all medical information including Immunodeficiency disorders (HIV/AIDS), substance abuse and treatment, mental health/psychiatric treatment, radiology films, pathology materials, billing and insurance records, patient histories, prescription records, diagnosis, prognosis, admission notes, messages, correspondence, CDs, DVDs, floppy disks, photos and all other documents, electronic media, and tangible items maintained by the facility as a designated record set pertaining to:

_____, _____-_____-_____, _____/_____/_____
(NAME)                                                                          (SSN)                        (DOB)


_____  _____
(ADDRESS)                                                                         (PHONE)


The treatment dates to be released: (Check One)      ___ From___/___/___ to ___/___/___
                                                                                    ___ All records retained by the facility

This authorization is continuing in nature and remains effective until the conclusion of litigation without the necessity for further authorization.

A copy of this authorization shall be considered as effective as the original.

I, the undersigned, have read the above and authorize the staff of the above named facility to disclose such information as herein contained.  I have the right to revoke this authorization in writing at any time except to the extent that action has been taken in reliance upon it.  I understand that when this information is used for disclosure pursuant to this authorization, it may be subject to re-disclosure and may no longer be protected.


_____  _____
(DATE)                         (SIGNATURE OF PATIENT)

## <u>AUTHORIZATION FOR THE RELEASE OF PROTECTED HEALTH INFORMATION</u>

**TO:**

I hereby authorize the above named facility, any parent company, and any other health plan, physician, health care professional, hospital, clinic, laboratory, pharmacy, medical facility, or other health care provider that has provided payment, treatment, or services to me or on my behalf to release all medical information to **Randazza Legal Group, PLLC**, 2764 Lake Sahara Drive, Suite 109, Las Vegas, Nevada 89117 for use in pending litigation.

This document authorizes the release of all medical information including Immunodeficiency disorders (HIV/AIDS), substance abuse and treatment, mental health/psychiatric treatment, radiology films, pathology materials, billing and insurance records, patient histories, prescription records, diagnosis, prognosis, admission notes, messages, correspondence, CDs, DVDs, floppy disks, photos and all other documents, electronic media, and tangible items maintained by the facility as a designated record set pertaining to:

_____, _____-_____-_____, _____/_____/_____
(NAME)                                                              (SSN)                      (DOB)

_____   _____
(ADDRESS)                                                            (PHONE)

The treatment dates to be released: (Check One)   ___ From___/___/___ to ___/___/___
                                                                              ___ All records retained by the facility

This authorization is continuing in nature and remains effective until the conclusion of litigation without the necessity for further authorization.

A copy of this authorization shall be considered as effective as the original.

I, the undersigned, have read the above and authorize the staff of the above named facility to disclose such information as herein contained.  I have the right to revoke this authorization in writing at any time except to the extent that action has been taken in reliance upon it.  I understand that when this information is used for disclosure pursuant to this authorization, it may be subject to re-disclosure and may no longer be protected.

_____   _____
(DATE)                       (SIGNATURE OF PATIENT)