John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted Pro Hac Vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

TANYA GERSH,

     Plaintiff,

     vs.

ANDREW ANGLIN, publisher of
the *Daily Stormer*,

     Defendant.

Case No.:  9:17-cv-00050-DLC-JCL

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND FOR SANCTIONS**

## INTRODUCTION

This motion concerns Defendant's insufficient responses to Plaintiff's first set of interrogatories. As set out more fully in Plaintiff's brief in support of her motion to compel, Dkt. No. 113, ("Initial Brief"), after Defendant provided only repetitious boilerplate objections to Plaintiff's First Set of Interrogatories, the

1

Court entered an Order requiring him to provide complete responses no later than August 10, 2018. Defendant provided supplemental objections and responses on August 11, 2018, in which he supplemented and reiterated his boilerplate objections and provided incomplete and evasive supplemental responses.

In his opposition to Plaintiff's motion to compel, Dkt. No. 117, ("Response Brief"), Defendant does not deny that his objections are boilerplate but argues that the Court must nonetheless consider each; seeks to excuse his failure to timely respond; and claims his responses are complete while maintaining that they are subject to all objections raised.  Defendant's arguments are without merit, and the Court should once again order complete responses, award costs and fees for this motion, and issue sanctions.

## ARGUMENT AND AUTHORITY

### A. No Good Cause Exists To Excuse Defendant's Untimely Objections to Interrogatories Nos. 6, 7, and 9.

Defendant sent his Supplemental Answers and Objections on August 11, 2018, a day after the Court-ordered deadline and 64 days after he received the Interrogatories. He reiterated the litany of boilerplate objections and added an additional objection to Interrogatories Nos. 6, 7, and 9. *See* Sec. B, *infra.*

The failure to respond within the Court ordered deadline "constitutes a waiver of any objection." Mont. L.R. 26.3(a)(4). *And s*ee, *e.g., Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time frame

2

required constitutes a waiver of any objection."); *Usrey v. Deyott,* No. CV 12-00092-H-DLC, 2013 WL 2561591, at *1 (D. Mont. June 11, 2013) (noting Defendants' failure to timely respond, including missing a court ordered deadline by one day; "By failing to timely respond to Mr. Usrey's discovery requests, Defendants waived their right to object to those requests.").

Defendant's alleged "overseas residence" hardly excuses his inability to provide responses. Defendant has claimed international residency and travel since April 2017, when this case was filed. He and his attorneys have had adequate time to determine a means for him to respond to the requirements of this litigation and within the confines of court deadlines.

Defendant's additional excuse that his attorney did not have adequate staffing is equally unavailing. Such an inconvenience is insufficient, especially given the deliberate delay Defendant's gamesmanship has created. *See*, *e.g.*, *Thai v. AMCO Ins. Co.*, No. 816CV01214DOCKESX, 2017 WL 8180584, at *4 (C.D. Cal. July 12, 2017) ("personal issues and financial pressures affecting [] practice" are insufficient excuse for untimely discovery response); *Edwards v. City of Detroit Police Dep't*, No. CIV. 06-14390, 2007 WL 1585631, at *2 (E.D. Mich. June 1, 2007) (involvement in "several high profile, fact intensive, litigation matters" insufficient to excuse untimely discovery response).

**B. Defendant's Supplemental Objections Are Insufficient.**

Defendant supplemented his boilerplate objections with the following

objection to Interrogatories Nos. 6, 7, and 9:

> *Defendant will provide this information subject to an appropriate*
> *protective order that excludes any person affiliated with the*
> *Southern Poverty Law Center from obtaining such information due*
> *to the dangerous propensities of its members.*

To the extent the Court excuses Defendant's failure to provide timely

responses, his newly asserted objection is baseless and should be rejected.

Defendant has failed to make a showing that a protective order prohibiting

Plaintiff's lawyers from reviewing information produced in discovery is warranted

or appropriate.

Defendant argues that because Plaintiff is represented by a non-profit legal

advocacy organization that employs non-lawyers, he may withhold discovery to

ensure that Plaintiff's attorneys do not permit "misuse" of the information by those

non-lawyers. The argument is without basis, and Defendant cites no authority to

support it. Defendant's argument would mean that attorneys employed by such

organizations as the American Civil Liberties Union, the Christian Legal Society,

the National Women's Law Center, the Republican National Lawyers Association,

the Innocence Project, and the Southern Environmental Law Center – to name but

a few of the hundreds of similarly situated legal advocacy organizations – could be

barred from reviewing discovery. Defendant's argument is unprecedented,

unworkable and doctrinally unsound. The SPLC, like similar legal advocacy organizations, is a law firm as that phrase is defined under the Montana rules.[1] To the extent the court grants a protective order, the rules governing attorneys apply to Plaintiff's lawyers.

### C. Defendant's Supplemental Responses Are Incomplete and Evasive.

An order compelling complete responses and imposing sanctions is warranted because Defendant continues to provide incomplete and evasive answers, which "must be treated as a failure to disclose, answer or respond." Fed. R. Civ. P. 37(4). Plaintiff identified several clear indications that Defendant's Supplemental Responses are incomplete and evasive in her Initial Brief. *See* Dkt. No. 113, at 24-27. Additional indicia of evasiveness and Defendant's failure to comply with discovery rules include, without limitation, Defendant's response to Interrogatory No. 10, which sought "all bank and/or crypto-currency accounts …. used by you or for which you had access at any time between 2013 and the present." In his Response Brief, Defendant noted that: 1) he supplemented his response "by identifying a cryptocurrency wallet belonging to him"; 2) "counsel for Mr. Anglin informed counsel for Ms. Gersh that Mr. Anglin is not known to

---

[1] *See* Mont. Prof. Conduct R. 1.0(e) (setting out that "'law firm' or 'firm' denotes a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in … the legal department of a corporation *or other organization*") (emphasis added).

have any traditional bank accounts," an assertion averred to by Defendant's counsel; and 3) "Mr. Anglin has attested to its accuracy." *See* Dkt. No. 117, at 14. However, deposition testimony by Defendant's father in *Obeidallah v. Anglin*, No. 2:17-cv-720, (S.D. Ohio Oct 31, 2018), attached hereto as Exhibit A, reflects that Defendant's assertions to this Court and to Plaintiff in his supplemental response, are demonstrably false:

> Q. And I believe you testified earlier that you would pick up this mail. And my follow-up question was: What would you do with it after you picked it up?
>
> A. If there were -- I would deposit it into his bank account.
>
> Q. Okay. And what bank is that?
>
> A. [Redacted]
>
> Q. And what is the name of the account holder?
>
> A. Andrew Anglin.
>
> Q. And do you have the account number?
>
> A. I have it somewhere. I don't know it. I'm sure I could retrieve it.

Ex. A, at 24-25; *see also id*., at 25 ("The deposits you would make are in an account held in Mr. Andrew Anglin's name, is that correct?  A. That's correct.").

### D. The Court Should Overrule All of Defendant's Boilerplate Objections to Interrogatories Nos. 1-11.

As set out in Plaintiff's Initial Brief, Defendant's objections to Interrogatories Nos. 1-11 are almost exclusively non-specific and categorically

boilerplate and should be overruled. Defendant's responses to these interrogatories include one or more of the following: 1) "Defendant objects to this interrogatory as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to information related to any claim or defense of any party." ("Boilerplate Objection 1"); 2) "Defendant objects to this interrogatory as overbroad and unduly burdensome, as it is not limited in scope to any claim or defense, or even the general subject matter of this litigation." ("Boilerplate Objection 2"); 3) "Defendant objects to this interrogatory as vague, overbroad and unduly burdensome." ("Boilerplate Objection 3"); and 4) "Defendant objects to this interrogatory as unintelligible." ("Boilerplate Objection 4"). Specifically, Defendant responded as follows:

> Interrogatories 1, 2. Boilerplate Objections 1 and 2.
>
> Interrogatory 3. Boilerplate Objection 1 and "Defendant objects to this interrogatory as overbroad and unduly burdensome, as the portion of the Interrogatory requesting a narrative of 'any interactions' with third parties is not limited by time or scope."[2]
>
> Interrogatory 4. Boilerplate Objection 1 and "Defendant objects to this interrogatory as overbroad and unduly burdensome."
>
> Interrogatories 5, 9. Boilerplate Objections 1, 2, and 4.
>
> Interrogatories 6, 7, 8. Boilerplate Objections 1 and 3.
>
> Interrogatory 10: Boilerplate Objections 1, 3 and "Defendant objects to pre-judgement asset discovery as irrelevant."

---

[2] Although Defendant's response to Interrogatory No. 3 provides specificity missing in the other responses, it is baseless.

    <u>Interrogatory 11</u>: Boilerplate Objections 1, 3 and "Defendant objects to this Interrogatory because it seeks to infringe on the First Amendment right to anonymous speech of third parties."

    Contrary to Defendant's arguments, such boilerplate objections are more than disfavored, they are contrary to the federal and local rules. Indeed, the authority Defendant cites as supportive of his position that boilerplate objections are merely "disfavored," Resp. Br., at 3, supports the opposite conclusion: "[Defendant's boilerplate] objections fail to comply with Rule 34 and can be overruled on those grounds alone," *Nei v. Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652, 657 (D. Mont. 2018), noting that "[t]he Local Rules also require specific reasons for discovery objections." *Id.* at 656 (citing Local Rule 26.3(a)(2)-(3) (requiring an objection "be followed by a statement of reasons")).

    Case law is replete with authority recognizing that the non-specific boilerplate objections outlined above are treated as evasive and waive any legitimate objection the responding party may have had. *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 188 (C.D. Cal. 2006) ("[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper—especially when a party fails to submit any evidentiary declarations supporting such objections."); *Nerium Skincare, Inc. v. Olson*, No. 3:16-cv-1217-B, 2017 WL 277634 at *1 (N.D. Tex. Jan. 20, 2017) ("General or boilerplate objections are invalid...."); *Buskirk v. Wiles*, No. 3:15-03503, 2016 WL 7118288 at *2 (S.D. W. Va. Dec. 6, 2016) ("boilerplate objections regurgitating words and phrases from

Rule 26 are completely unacceptable"); *Asphalt Paving Sys., Inc. v. General Combustion Corp.*, No. 6:15-cv-49-Orl-41TBS, 2016 WL 3167712 at *2 (M.D. Fla. June 7, 2016) ("The Court does not consider frivolous, conclusory, general, or boilerplate objections.").

The recent amendments to Rule 33 make this particularly clear. *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment (relocation of the proportionality requirement in 2015 amendment is not "intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional"); *see also Ramos v. Town of East Hartford*, No. 3:16-cv-166 (VLB), 2016 WL 7340282 at *2 (D. Conn. Dec. 19, 2016) ("The Court notes that the 2015 revision of the Federal Rules precludes the use of the type of boilerplate objections on which Defendants rely.").

### E. Interrogatories Nos. 1, 2, 6, and 9 Seek Relevant Information and Defendant's Objections to the Contrary Are Insufficient.

In his Response Brief, Defendant argues only that Interrogatories Nos 1, 2, 6, and 9 are irrelevant.[3]  To the extent the Court considers the substance of these objections, it should overrule them.

Although the federal rules have been amended to limit requests based on proportionality, the contours of *relevancy* did not change. Relevancy is to be

---

[3] Defendant shoehorns his other objections into relevancy. *See*, *e.g.,* Resp. Brf. at 6 ("Due to this lack of relevance, the interrogatory is not proportionate and is unduly burdensome").

"construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense. *IN RE: EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.,* No. 17-MD-2785-DDC-TJJ, 2018 WL 6061669, at *2 (D. Kan. Nov. 19, 2018) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)); *see also, e.g.*, *McColl v. Am. Naturopathic Council*, No. CV 17-40-H-SEH-TJC, 2018 WL 5267818, at *1 (D. Mont. Oct. 23, 2018)) ("The relevance standard is commonly recognized as one that is necessarily broad in scope . . . .").

As set out in Plaintiff's Initial Brief, each of her interrogatories meets this broad standard of relevancy.

      i.   Interrogatory No. 1 Seeks Relevant Information

Interrogatory No. 1 seeks information concerning Defendant's usernames. A username is a name that identifies someone on a computer system; a computer may be setup with multiple accounts, with different usernames for each account. Not only is it possible to have several usernames and post comments under each, Defendant has advocated, and explained, how to set up such fake accounts.[4]

---

[4] *See e.g.,* Andrew Anglin, "How to be a [Racial Epithet] on Twitter", The Daily Stormer (December 9, 2016) available at <https://dailystormer.name/how-to-be-a-nigger-on-twitter/> (describing how to create chaos by creating multiple fake accounts and describing how to do so: "Hopefully, you already have multiple fake black person accounts on twitter. If you do not, go ahead an [sic] make several.").

10

The information sought is relevant to, at a minimum, determine whether Defendant made comments on the Daily Stormer website or elsewhere that added further fuel to the fire his articles lit; whether his comments on forums contributed to the harassment complained of; and whether he knew that his articles would, or did, cause harm.

ii.    Interrogatory No. 2 Seeks Relevant Information

Interrogatory No. 2 seeks information about Defendant's social media accounts. This information is relevant to determine, without limitation: whether Defendant sent any of the harassing messages Plaintiff received; whether his activity on other websites contributed to the harassment complained of; whether he called for a "troll storm" knowing the harm that would ensue; and whether he planned for, boasted about, or knew of the harm and harassment his articles caused.

iii.    Interrogatory No. 6 Seeks Relevant Information

Interrogatory No. 6 seeks information about Defendant's email accounts. This information is relevant to determine whether Defendant sent any of the harassing email messages Plaintiff received and whether Defendant communicated with any of the trolls who harassed and threatened Plaintiff. As set out in the Complaint, Plaintiff received a threatening email message signed with Defendant's initials. Defendant's email information is relevant to determine whether Defendant, in fact, sent this, or other similar, messages; whether Defendant was in

communication with any of the harassers; whether he communicated with other potential witnesses in the case (including Sherry Spencer, or her son, Richard Spencer); or sent any email messages to help fabricate the false information underlying his articles.

iv.   Interrogatory No. 9 Seeks Relevant Information

Interrogatory No. 9 seeks information about Defendant's phone numbers. This information is relevant, at a minimum, to determine whether Defendant made any of the harassing telephone calls Plaintiffs received; whether he spoke directly with any of the people who made harassing phone calls; whether he communicated with other potential witnesses in the case (including Sherry Spencer, or her son, Richard Spencer); and whether the Court has subject matter jurisdiction, a defense raised by Defendant, not abandoned, and one capable of consideration *sua sponte* at any stage of this litigation.

**F. Defendant's Objections, Responses and Arguments to Interrogatory No. 11 Are Unavailing.**

Interrogatory No. 11 seeks information concerning enforcement of Defendant's website's policy that purportedly bans users who suggest violence. Defendant claims to lack personal knowledge and that the information is equally available to Plaintiff claims, that the information sought is irrelevant, and that providing the requested documentation would violate the First Amendment rights of anonymous speech. Defendant's responses are plainly insufficient and his objections should be overruled.

12

The information sought is relevant to overcome, at a minimum, Defendant's defense that his speech is protected based on this policy. For example, to the extent this policy was not enforced despite known violations, Defendant's defense based on this policy would lack merit. To the extent the information shows the opposite, it is relevant to Plaintiff's claims that Defendant knew his actions would cause harm.

Defendant also transforms his original objection, which claimed a right to anonymous speech, into an objection based on the right to associate. Resp. Br., at 15. This objection is waived as untimely. To the extent First Amendment rights are, in fact, implicated, Defendant could have provided redacted information. His response claiming a lack of personal knowledge and that the information is equally available to Plaintiff are disingenuous and insufficient. Defendant has a legal right to the information, which is not publicly available.

### G. Defendant's Supplemental Responses Require Compelled Answers Because Responses "Subject to" Boilerplate Objections are Evasive.

In his Response Brief, Defendant fails to support his objections to Interrogatories Nos. 3, 4, 5 and 8. Instead, he points to his supplemental responses, which, as noted above, are demonstrably incomplete and evasive, *see* Sec. D, *supra*, and all of which are purportedly "subject to" his boilerplate objections. Defendant's attempt to have it both ways – to answer while objecting – is also

13

evasive gamesmanship.[5] Plaintiff is left guessing whether she has received a complete response or not. *See*, *e.g.*, *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 248 (M.D.N.C. 2010) ("by reiterating that they produced documents 'subject to' certain objections, Plaintiffs' foregoing response confuses more than it clarifies"). As the court explained in *Athridge v. Aetna Cas. & Sur. Co*., 184 F.R.D. 181, 190 (D.D.C. 1998):

> This type of answer hides the ball. It leaves the plaintiff wondering what documents are being produced and what documents are being withheld. Furthermore, it permits the defendant to be the sole arbiter of that decision. Such an objection is really no objection at all as it does not address why potentially responsive documents are being withheld. … Asserting a relevance objection, then proceeding to agree to produce "relevant, non-privileged" documents "[s]ubject to and without waiving" that objection, serves only to obscure potentially discoverable information and provides no mechanism for either plaintiffs or the Court to review defendant's decisions.

In other words, responding to discovery requests while reserving objections constitutes an "evasive or incomplete" response in that neither Plaintiff nor the Court can tell what information is being provided and what information is being withheld. *See Reinsdorf v. Skechers U.S.A., Inc*., No. CV 10-7181 DDP (SSX), 2013 WL 12116416, at *10 (C.D. Cal. Sept. 9, 2013) ("The use of such phrases as

---

[5] Defendant's attempt to excuse his actions by claiming that Plaintiff engaged in similar actions is inaccurate and a gross mischaracterization. Plaintiff's provided sufficient and comprehensive responses to Defendant's First Set of Interrogatories that number 50 pages. Moreover, unlike Defendant, Plaintiff listed her specific objections, and provided information about how she was limiting her response based on each objection.

'subject to' and 'to the extent that,' [along with] blanket assertions of broad grounds for objecting, without specific reference to the facts or language providing the basis for an objection, is improper. Such objections do not inform the requesting party or the Court whether the responding party intends to withhold relevant documents and improperly provide the responding party alone the right to decide whether certain information fits its undisclosed definition of relevance, vagueness, or burdensomeness.").

## CONCLUSION

For the foregoing reasons, the Court should overrule Defendant's objections, order him to provide complete answers to each interrogatory or assurances no further information exists, and to pay attorneys' fees associated with bringing this action.

Dated this 28th day of November, 2018.

Morrison Sherwood Wilson Deola, PLLP
Southern Poverty Law Center

By:   /s/ John M. Morrison
      John M. Morrison
      Morris Dees*
      J. Richard Cohen*
      David C. Dinielli*
      Jim Knoepp*
      *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 7.1(d)(2)(E) of the Montana Federal Local Rules of Procedure, I certify that the foregoing document is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double spaced; and the word count calculated by Microsoft Word 2018 for Mac is **3,171** excluding caption and certificate of compliance.

Dated this 28th day of November, 2018, 2018.

> Morrison Sherwood Wilson Deola, PLLP
> Southern Poverty Law Center
>
> By:   /s/ John M. Morrison
>       John M. Morrison
>       Morris Dees*
>       J. Richard Cohen*
>       David C. Dinielli*
>       Jim Knoepp*
>       *Attorneys for Plaintiff*