John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANDREW ANGLIN, publisher of the *Daily Stormer*,<br><br>    Defendant. | Case No.: 9:17-cv-00050-DLC-JCL<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO REQUESTS FOR PRODUCTION AND FOR SANCTIONS; CERTIFICATE OF GOOD FAITH CONFERRAL** |

Pursuant to Federal Rules of Civil Procedure 37(a)(3)(B)(iv) and 37(a)(4), Plaintiff Tanya Gersh respectfully moves this Court for an order compelling Defendant Andrew Anglin to produce documents, electronically stored information (ESI), and other things sought through Plaintiff's First Requests for Production of Documents. Plaintiff also moves the Court for the imposition of sanctions against

Defendant pursuant to Rule 37(b) for his continued lack of cooperation with discovery in the face of this Court's Order dated July 13, 2018. The grounds for this Motion are as follows:

1. Plaintiff served her First Requests for Production of Documents on Defendant Andrew Anglin on June 7, 2018.

2. On July 5, 2018, counsel for the Defendant requested a 60-day extension purportedly because Defendant lives abroad. Plaintiff agreed to a two-week extension.

3. Defendant then moved for a protective order with this Court on July 9, 2018.

4. On the same day, Defendant served Plaintiff his objections to her First Requests for Production. Each of Defendant's objections relied on boilerplate objections to relevancy, overbreadth, burdensomeness, and vagueness without more.

5. After briefing by both parties, this Court issued a text order on July 13, 2018, requiring Defendant to "provide complete responses to Plaintiff's First Requests for production no later than August 27, 2018."

6. On August 27, 2018, Defendant provided Plaintiff with supplemental responses to her First Requests for Production. In over 78% of his responses, Defendant either refused to produce responsive documents or claimed that no such documents were within his "possession, custody or control."

7.	Defendant further claimed, in his supplemental responses, that he would produce documents responsive to Requests numbered 17, 29, 30, and 33. This incomplete response not only violates this Court's Order dated July 13 but Defendant has also yet to produce and has since refused to produce any of those documents in further violation of Fed. R. Civ. P. 34(b)(2)(B).

8.	In the remaining requests, Defendant only produced articles available through his website, Daily Stormer, and no other documents responsive to the requests. Given the continued game-playing engaged in by Defendant in this litigation, Plaintiff has reason to doubt the veracity and completeness of Defendant's responses to these Requests, numbered 32, 34, 39, 40-47, 53-59, 63, 83, 85, and 87.

9.	Plaintiff has in good faith attempted to resolve discovery disputes with Defendant without court action as is required under Fed. R. Civ. P. 37(a)(1).

10.	Plaintiff sent an email requesting a meet and confer on October 22, 2018, with a request that Defendant's counsel respond by October 26, 2018.

11.	Having received no response to this request, Plaintiff then telephoned Defendant's counsel and left a message on October 30, 2018, again requesting to meet and confer. Plaintiff then sent another email to Defendant's counsel later in the day on October 30, 2018, requesting the same to which Defendant's counsel responded.

12.     Parties attempted to meet and confer to discuss all disputed issues in Defendant's discovery responses telephonically on November 2, 2018, and November 9, 2018. Unable to work through each issue during those two telephone calls, Plaintiff opted to continue the meet and confer discussion through detailed, comprehensive correspondence. Plaintiff sent such correspondence to Defendant's counsel on November 15, 2018, and requested a response by November 21, 2018. Plaintiff received no response.

13.     Despite these good faith attempts to resolve disputed issues, the parties were unable to reach agreement on any issue, and Plaintiff is now forced to seek court intervention in the matter.

14.     This motion is supported by an accompanying memorandum of law.

For the foregoing reasons, Plaintiff requests the Court compel Defendant to immediately and completely respond to Plaintiff's First Requests for Production in its entirety. Plaintiff also requests the Court award attorney's fees and costs incurred in bringing this Motion in accordance with Fed. R. Civ. P. 37(b). Plaintiff also moves this Court to impose sanctions pursuant to Rule 37(b).

DATED December 10, 2018.

/s/ John Morrison
*Attorney for Plaintiff Tanya Gersh*
*on behalf of all Attorneys for Plaintiff*