John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

TANYA GERSH,

    Plaintiff,

    vs.

ANDREW ANGLIN, publisher of
the *Daily Stormer*,

    Defendant.

Case No.:  9:17-cv-00050-DLC-JCL

**BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO
COMPEL DEFENDANT TO
RESPOND TO REQUESTS FOR
PRODUCTION AND FOR
SANCTIONS; CERTIFICATE OF
GOOD FAITH CONFERRAL**

## TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................... 2

TABLE OF AUTHORITIES ................................................................. 3

INTRODUCTION AND SUMMARY OF ARGUMENT ....................................... 5

   I.   Factual Background.................................................................. 6

   II.   Legal Standard ................................................................. 10

   III.   Argument.......................................................................... 12

     A.   Defendant's objections to Requests lack the specificity required under the Rules and are thereby waived. ................................................. 12

     B.   Defendant improperly objects to document requests related to his defense that he is not subject to this court's subject-matter jurisdiction....................... 19

     C.   Defendant again failed to provide adequate responses in his supplemental responses. .................................................................................. 21

     D.   An order compelling responses is required............................................ 30

   IV.   Conclusion.................................................................. 31

EXHIBIT INDEX ....................................................................... 32

CERTIFICATE OF COMPLIANCE................................................... 33

# TABLE OF AUTHORITIES

## CASES

*Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 330 (D. Mont. 1988) .............................. 26

*Burke v. Ruttenberg*, 102 F. Supp. 2d 1280 ............................................................ 20

*Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005) ...................................................................................... 12

*Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 695 F. Supp. 2d 1149, 1152 (D. Kan. 2010) ................................................................................................ 26

*Capron v. Van Noorden*, 6 U.S. 126, 127 (1804) ................................................... 19

*Charter Practices Int'l, LLC v. Robb*, No. 3:12CV1768 RNC, 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014) .................................................................................. 28

*Christ Covenant Church v Town of Southwest Ranches*, 2008 WL 2686860 *5 (S.D. Fla. June 29, 2008) ........................................................................................ 20

*City Consumer Services v. Horne*, 100 F.R.D. 740, 747 (D.Utah 1983) ............... 28

*Cont'l Illinois Nat. Bank & Tr. Co. of Chicago v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991) ............................................................................................................. 30

*Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) ........................................................ 26

*Fortson v. City of Baldwin*, 699 F. App'x 906, 907 (11th Cir. 2017) .................... 23

*Fosselman v. Gibbs*, No. C 06–0375, 2008 WL 745122, at *4 (N.D. Cal. Mar. 18, 2008) ...................................................................................................................... 28

*Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D.Md.2008) ........ 12

*Marshall v. The Billings Clinic*, No. CV-14-93-BLG-SPW-CSO, 2015 WL 7574758, at *4 (D. Mont. Nov. 25, 2015) ............................................................ 11

*Moe v. System Transport, Inc.*, 270 F.R.D. 613 (D. Mont. 2010) .................... 26, 27

*National Academy of Recording Arts & Sciences, Inc. v. On Point Events*, LP, 256 F.R.D. 678, 682 (C.D. Cal.2009) .......................................................................... 28

*Nei v. Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652 (D. Mont. 2018) ........ 12

*Pacific Coast Steel v. Leany*, No. 2:09-cv-02190-KLD-PAL, 2011 WL 4572008, *4 (D. Nev. Sept. 30, 2011) ...................................................................................... 24

*Paul Reinsurance Co. v. Commer. Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) ...................................................................................................................... 28

*Russell v. Daiichi-Sankyo, Inc.*, No. CV 11-34-BLG-CSO, 2012 WL 1161435, at *2 (D. Mont. Apr. 6, 2012) .................................................................................. 11

*Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ....................... 25

## RULES

Fed. R. Civ. P. 26(a)(1)(A)(iv) ............................................................................... 14

Fed. R. Civ. P. 26(b) ................................................................................... 10, 20, 26

Fed. R. Civ. P. 26(b)(1) ........................................................................................... 10

Fed. R. Civ. P. 34(b)(2)(A) ................................................................................. 7, 10

Fed. R. Civ. P. 34(b)(2)(B) ................................................................. 8, 21
Fed. R. Civ. P. 34(b)(2)(C) ................................................................. 11, 12
Fed. R. Civ. P. 37(a) ..................................................................... 11, 12, 32
Fed. R. Civ. P. 37(a)(3)(B)(iv) ....................................................... 11, 31
L.R. 26.3(a)(3) .............................................................................. 10, 11
Mont. Code § 27-1-221 ......................................................................... 26

## OTHER AUTHORITIES

8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice &
  Procedure § 2014 (3rd. ed.2010) ....................................................... 29
Black's Law Dictionary (10th ed. 2014) ................................................ 13

## INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Federal Rules of Civil Procedure 26, 34, and 37, Plaintiff Tanya Gersh respectfully moves the Court to compel Defendant Andrew Anglin to immediately produce documents responsive to Plaintiff's First Requests for Production of Documents ("Requests").

Even though Plaintiff Tanya Gersh served her discovery demands on Defendant Andrew Anglin on June 7, 2018, and this Court ordered Defendant to provide complete responses to Plaintiff's Requests no later than August 27, 2018, Defendant has not come close to complying with the response obligations imposed by the federal and local rules. Instead, Defendant has provided wholly frivolous or improper responses to all but one of Plaintiff's Requests. For this reason, Plaintiff respectfully requests that this Court enter an order compelling Defendant to immediately respond without further objection to Plaintiff's First Requests for Production and impose sanctions under Fed. R. Civ. P. 37(b).

Prior to seeking court involvement in this discovery matter, Plaintiff has in good faith attempted to confer with Defendant through his counsel to resolve this conflict as detailed below.

# I.    FACTUAL BACKGROUND

Plaintiff filed this above-captioned action on April 18, 2017, alleging that Defendant invaded her privacy, intended to and did inflict emotional distress on her, and violated the Montana Anti-Intimidation Act.

Plaintiff's allegations arise out of a series of thirty articles posted on Defendant's website in which he directs his followers to harass Plaintiff using the contact information that he provided. In his articles, Defendant provided telephone numbers, physical addresses, social media handles, and email addresses for Plaintiff, her husband, her then-12-year-old son, her associates, and other members of the Whitefish, Montana community based on their perceived affiliation with Plaintiff.

Defendant first appeared, through counsel, in this action on November 14, 2017, after months of eluding service. Dkt. Nos. 13-20. Soon thereafter, Defendant asked the Court to stay discovery during the preliminary pretrial conference on December 14, 2017, arguing that his challenge to this Court's subject matter jurisdiction necessitated such a stay. Tr. Of Preliminary Pretrial Conference at 21: 20-23, Dkt. No. 39. This Court then issued an order staying discovery on December 15, 2017. Dkt. No. 41.

On May 24, 2018, this Court lifted its order staying discovery after denying Defendant's jurisdictional challenges. Dkt. No. 95. On June 7, 2018, Plaintiff served her First Requests for Production of Documents on Defendant. A true and

correct copy of this discovery request is attached as "Exhibit A." Pursuant to Fed. R. Civ. P. 34(b)(2)(A), Defendant had 30 days, until July 9, 2018, to respond to the Requests.

On July 5, 2018, Defendant, for the first time, notified Plaintiff that he needed an additional sixty days to respond to Plaintiff's discovery requests. Defendant claimed that Defendant's lead counsel needed additional time to travel abroad to whatever foreign country Defendant claimed to be currently visiting and counsel could not yet do so due to the priority of counsel's other cases. Plaintiff's counsel immediately responded that due to the numerous delays already experienced in this case, Plaintiff could not agree to an extension beyond two weeks. Plaintiff agreed to give Defendant until July 24, 2018, to respond to the discovery requests. A true and correct copy of this email exchange is attached as "Exhibit B."

Ultimately, Defendant rejected Plaintiff's offer for an extension and moved for a protective order with this Court on July 9, 2018. Dkt. No. 100. On the same day, Defendant served Plaintiff his responses to her Requests. A true and correct copy of "Defendant Andrew Anglin's Initial Objections and Responses to Plaintiff's First Requests for Production of Documents" is attached as "Exhibit C." However, Defendant's responses amounted to nothing more than improper boilerplate objections to relevancy, overbreadth, burdensomeness and vagueness. After briefing by both parties, this Court, on July 13, 2018, entered an order

requiring Defendant to respond to Plaintiff's Requests by August 27, 2018.  Dkt.

No. 103. Plaintiff then received, on August 27, 2018, supplemental responses from

Defendant to her Requests. A true and correct copy of "Defendant Andrew

Anglin's Supplemental Objections and Responses to Plaintiff's First Requests for

Production of Documents" is attached as "Exhibit D."

In over 78% of his responses, Defendant either refused to produce

responsive documents or claimed that no such documents were within his

"possession, custody or control." Of note, Defendant objected to the definition

Plaintiff gave for "possession, custody or control" in the discovery request, a

definition which comports with the federal rules and Ninth Circuit case law.

Defendant further claimed, in his supplemental responses, that he would

produce documents responsive to Requests numbered 17, 29, 30, and 33 without

identifying a timeframe within which he would do so. These incomplete responses

not only violate this Court's July 13 Order but Defendant has yet to produce any of

those documents in further violation of Fed. R. Civ. P. 34(b)(2)(B). Rule

34(b)(2)(B) requires that documents be produced within the time ordered by the

Court or within a timeframe specified in the response. It does not allow for

Defendant to set for itself an unqualified future promise of production. Over 100

days have passed without a production of documents from Defendant. In addition,

Defendant has since repudiated his statement that he would produce, asserting

objections based on relevancy and burden.

In the small percentage of requests to which Defendant provided documents, he produced only articles publicly available through his website, Daily Stormer. Given the continued lack of cooperation and evasiveness by Defendant in this litigation, Plaintiff has reason to doubt the veracity and completeness of Defendant's responses to these Requests, numbered 32, 34, 39, 40-47, 53-59, 63, 83, 85, and 87.

On October 22, 2018, Plaintiff sent a request to meet and confer with Defendant's counsel accompanied with a detailed letter outlining Plaintiff's concerns. A true and correct copy of "Plaintiff's Meet and Confer Letter" is attached as "Exhibit E." The letter requested a response by October 26. Defendant did not respond to this initial request. Soon thereafter, on October 30, 2018, Plaintiff telephoned Defendant's counsel to set-up a meet and confer and left a message. She sent another email later that day to which Defendant responded. Parties then met and conferred telephonically on November 2 and 9, 2018. A true and correct copy of an email summary of those meet and confer discussions is attached as "Exhibit F." Parties were unable to discuss all of Plaintiff's concerns during those first two meet and confer discussions; therefore, Plaintiff opted to continue to discuss the issues through a detailed, comprehensive correspondence to be exchanged by the parties between November 15 and 23, 2018. A true and correct copy of that correspondence to facilitate that remaining meet and confer

discussions is attached as "Exhibit G." Defendant's counsel did not respond to this attempt to meet and confer.

Unfortunately, parties were unable to come to agreement on any of the issues. Plaintiff now files this motion with the Court to resolve disputes impeding Plaintiff's efforts to take needed discovery.

## II.    LEGAL STANDARD

Rule 34 authorizes a party to serve on any other party a request for production of documents and electronically stored information, subject to the scope of Rule 26(b). Under Rule 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The information sought "need not be admissible in evidence to be discoverable." *Id.* In addition to the federal rules, Local Rule 26.3 provides further instruction on a party's obligations in responding to discovery requests.

With regard to discovery procedures, "a party to whom the request [for production] is directed must respond in writing within 30 days after being served" or within the timeframe "ordered by the court." Fed. R. Civ. P. 34(b)(2)(A). When responding to a request, "the responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the

response." Fed. R. Civ. P. 34(b)(2)(B). A party may object to any request, but such an objection "must be followed by a statement of reasons." L.R. 26.3(a)(3). In addition, an objection "must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). "An objection to part of a request must specify the part and permit inspection of the rest." *Id.* "[T]he party resisting discovery bears of the burden of showing that the discovery should not be allowed." *Marshall v. The Billings Clinic*, No. CV-14-93-BLG-SPW-CSO, 2015 WL 7574758, at *4 (D. Mont. Nov. 25, 2015).

When necessary, the Court may issue an order compelling a party to appropriately answer discovery requests upon motion by a party. Fed. R. Civ. P. 37(a). The Court may use its power to compel where a party fails to produce documents or otherwise fails to obey the strictures of Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). Rule 37(d) also permits this Court to impose sanctions against a party who fails to produce documents under Rule 34.

If the motion to compel is granted or if the "requested discovery is produced after the motion was filed," the Court must, after a hearing, require the non-disclosing party or attorney, or both, to pay reasonable expenses and attorneys' fees incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A).

# III.   ARGUMENT

## A. *Defendant's objections to Requests lack the specificity required under the Rules and are thereby waived.*

Objections to Rule 34 requests must be stated with specificity. Fed. R. Civ.

P. 34(b)(2)(B) advisory committee's note to 2015 amendment. "Each objection

must be followed by a statement of reasons." L.R. 26.3(a)(3). "Just stating the bare

objection is not sufficient to preserve the objection." *Russell v. Daiichi-Sankyo,*

*Inc.*, No. CV 11-34-BLG-CSO, 2012 WL 1161435, at *2 (D. Mont. Apr. 6, 2012).

In addition, "[a]n objection may state that a request is overbroad, but if the

objection recognizes that some part of the request is appropriate the objection

should state the scope that is not overbroad." Fed. R. Civ. P. 34(b)(2)(B) advisory

committee's note to 2015 amendment. Examples of an appropriate objection under

Rule 34 "would be a statement that the responding party will limit the search to

documents or electronically stored information created within a given period prior

to the events in suit, or to specified sources." *Id.* This example also comports with

Rule 34(b)(2)(C) which requires a party to identify whether any documents have

been withheld on the basis of an objection.

Given these rules, "boilerplate objections or blanket refusals inserted into a

response to a Rule 34 request for production of documents are insufficient to assert

a privilege." *Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of*

*Mont.*, 408 F.3d 1142, 1149 (9th Cir. 2005). *See also Nei v. Travelers Home &*

*Marine Ins. Co.*, 326 F.R.D. 652 (D. Mont. 2018) ("boilerplate objections or

blanket refusals' is [] not consistent with the requirements of the discovery rules"). The exclusive reliance on boilerplate objections "waives any legitimate objection Defendant [] may have had." *Id.* (quoting *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 364 (D.Md.2008)). Black's defines "boilerplate" to mean "[r]eady-made or all-purpose language that will fit in a variety of documents." Black's Law Dictionary (10th ed. 2014). As detailed below, almost all of Defendant's objections relied on impermissible boilerplate objections and are thereby waived.

Given Defendant's attempt to preserve objections while providing supplemental responses to some requests without specifying whether any documents were being withheld, Plaintiff cannot determine whether the responses are complete. Accordingly, Plaintiff addresses each form of Defendant's objection as follows:

1. **Defendant's first set of boilerplate objections is improper and unavailing**.

Defendant provided the following non-substantive boilerplate objection to Requests Nos. 106-110:

> Defendant objects to this request as irrelevant and disproportionate to the needs of the case. Defendant objects to this request as vague, overbroad and unduly burdensome.

As listed below, each of Plaintiff's requests is relevant, proportional, not vague or overbroad, and not unduly burdensome.

i.      Requests Nos. 106 -108, 110 seek documents relevant to this lawsuit, including documents identified in required disclosures, witness statements, documents reviewed to assist in responding to discovery, etc. On its face, these requests seek documents that are relevant to Plaintiff's claims and Defendant's defenses and, in any event, proportional to the needs of the case.

ii.      Request No. 109 concerns insurance policies which may obligate an insurance company to satisfy part or all of a judgment which may be entered in this case or to indemnify or reimburse Defendant for payments made to satisfy any judgment which may be entered. On its face, this request simply seeks documents that are required to be disclosed under the federal rules, Fed. R. Civ. P. 26(a)(1)(A)(iv). Such documents are relevant to Plaintiff's claims and Defendant's defenses and, in any event, proportional to the needs of the case.

2. **Defendant's second set of boilerplate objection is improper and unavailing.**

Defendant provided the following boilerplate objection to Requests Nos. 13, 14, 16, 29, 31-34, 64-73, 75-82, and 89-105:

> Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome.

As listed below, each of Plaintiff's requests is relevant, proportional, not overbroad, and not unduly burdensome.

       i.    <u>Requests Nos. 13, 14, 16</u> concern evidence of Defendant's residency, international travel, location and/or sources of income between 2013 and the present and are directly related to the defense Defendant raised that the court lacks subject matter jurisdiction and, given indicia that Defendant not been truthful, bears on his credibility.

       ii.    <u>Requests Nos. 29, 30, 31</u> seek communications and information related to individuals who responded to Defendant's articles and call for a troll storm which are the subject of in this lawsuit. As such, the documents sought are relevant, and, in any event, are proportional to the needs of the case.

       iii.    <u>Request No. 32</u> concerns terms of use or rules for users of Daily Stormer forums and is directly relevant to the allegations and claims in this case. The requested documents are relevant to Defendant's defense that he disclaims violent behavior or threats on his website.

       iv.    <u>Request No. 33</u> concerns style guides and instructions that inform how articles on Daily Stormer are written and are directly relevant to the claims in this case in that they might shed light on Defendant's goals and purposes in posting articles on his website.

       v.    <u>Request No. 34</u> concern documents relating to instances in which the Daily Stormer withdrew permission from any registered users and is directly relevant to the allegations and claims in the case. The requested documents

are relevant to Defendant's defense that he disclaims violent behavior or threats on his website and whether he enforces that disclaimer.

   vi. <u>Requests Nos. 64-73</u> seek documents that relate to Defendant's online activity and his receipt of notice that his behavior online has been considered harassing, abusive, or has resulted in harm.  Documents relating to same are relevant and, in any event, are proportional to the needs of the case.

   vii. <u>Requests Nos. 75-78, 80-82</u> seek communications received or sent by Defendant related to Plaintiff; to any resident of, business located in, property owner in or government official of Whitefish Montana; and the Whitefish March, including claims made by Defendant in his articles. These requests directly relate to this litigation.

   viii. <u>Request No. 79</u> seeks Defendant's phone records during the time period relevant to the events underlying this action and is proportional to the needs of the case. Those records could show, for example, communications with other persons regarding the decision to launch or stoke the troll storm.

   ix. <u>Requests Nos. 89-105</u> seek documents regarding Defendant's assets and financial records and are proportional to the needs of the case. These requests directly relate to Plaintiff's claim of Malice under the Montana Code.

3. **Defendant's third set of boilerplate objections is improper and unavailing.**

Defendant provided his litany of boilerplate objections to Requests Nos. 17-28 with a qualifying phrase claiming the requests seek too many documents, as follows:

> Defendant objects to this request as overbroad, vague, and unduly burdensome. Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it seeks a large volume of documents with no attempt to tailor such request to any relevant information.

As listed below, each of Plaintiff's requests is relevant, proportional, not overbroad, and not unduly burdensome. Further, given the definitions provided in the Requests, each seek a defined volume of documents tailored to the needs of the litigation.

     i.    <u>Request No. 17</u> seeks communication between Defendant and Richard Spencer that relate to or reference Tanya Gersh or anyone in her family, Sherry Spencer, or Whitefish, Montana. These communications are directly relevant to the allegations, facts and claims in this case, and, in any event, are proportional to the needs of the case. Specifically, this request concerns Defendant's defense that his articles were inspired by allegations made by Richard Spencer and his mother.

     ii.    <u>Requests Nos. 18-24</u> seek communication between Defendant and named individuals, who are factually relevant to this litigation, about Plaintiff and her family. These communications are directly relevant to the allegations, facts and claims in this case, and, in any event, are proportional to the needs of the case.

      iii.      <u>Requests Nos. 25-28</u> seek documents related to research and support for the allegations made by Defendant against Plaintiff and her family in his articles.  These requests are directly related to Plaintiff's claims that Defendant acted with malice. As such, the documents sought are relevant, and, in any event, are proportional to the needs of the case.

### 4. Defendant's fourth set of boilerplate objections is improper and unavailing.

Defendant provided the following similarly-worded boilerplate objection to Requests Nos. 35-63, 74, and 83-88:

> Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome, as it requires production of all documents, anywhere, written by anyone, that includes these words.

As listed below, each of Plaintiff's requests is relevant, proportional, not overbroad, and not unduly burdensome. Further, Plaintiff asserts that given the definitions provided in her Requests, each of these requests seeks a defined volume of documents tailored to the needs of the litigation. One such definition is "possession, custody or control" in Plaintiff's Instruction No. 3. Plaintiff requested only those responsive documents within Defendant's possession, custody or control, as such none of these requests asks for Defendant to pull documents from "anywhere" and everywhere.

   i.  <u>Requests Nos. 35-63, 83-88</u> seek documents "sent or received by" Defendant that relate to particular words or people that relate to the facts, allegations and claims in this lawsuit. Specifically, these requests relate to previous troll storms called forth by Defendant or individuals who claim to be victims of Defendant's troll storms.

   ii.  <u>Requests Nos. 83-88</u> seek documents related to the Unite the Right Rally, which took place in 2017 in Charlottesville, or people who have committed other domestic acts of terrorism and been linked to Defendant's website. These requests specifically relate to Plaintiff's claims under the Montana Anti-Intimidation Act and generally relate to the facts, allegations and claims in this lawsuit.

   iii. <u>Requests Nos. 74-78</u> seek communications received or sent by Defendant related to Plaintiff, to any resident of, business located in, property owner in or government official of Whitefish Montana, the Whitefish March, and as such directly relate to this litigation. In any event, the requested documents are proportional to the needs of the case.

### B. Defendant improperly objects to document requests related to his defense that he is not subject to this court's subject-matter jurisdiction.

  Defendant objects to Requests Nos. 1-9 and 12 on the grounds that the requests are "irrelevant as the motion to dismiss on the jurisdictional bases has been decided and Defendant has not, as of yet, raised such in an answer." Defendant's objection misses the mark and is wholly unavailing. Parties cannot

waive subject matter jurisdiction, and subject matter jurisdiction remains susceptible to attack at any stage of litigation. *Capron v. Van Noorden*, 6 U.S. 126, 127 (1804) (stating that it is "the duty of the Court to see that they had jurisdiction, for the consent of parties could not give it"). Accordingly, Defendant's objection based on lack of relevancy is inapposite.

During parties' meet and confer discussions on November 2, 2018, Plaintiff attempted to resolve this issue with Defendant by requesting that he stipulate that he was domiciled in Ohio on April 18, 2017. Defendant refused. Plaintiff then requested confirmation from Defendant that he would rest on the documents already filed with the Court should he choose to attack this Court's subject-matter jurisdiction again. Defendant again refused.

In addition to a jurisdictional basis, given the factual assertions in Defendant's court filings, the documents requested reflect on witness veracity. As such, they are certainly relevant. *See* Fed. R. Civ. P. 26(b); *see also*, *e.g.*, *Christ Covenant Church v Town of Southwest Ranches*, 2008 WL 2686860 *5 (S.D. Fla. June 29, 2008) (finding relevant discovery requests "for the purpose of testing the veracity of the [] factual assertions"); *Burke v. Ruttenberg*, 102 F. Supp. 2d 1280, at 1286 n.3 (N.D. Ala. 2000) (same).

Plaintiff, therefore, requests the Court enter an order compelling Defendant to provide to Plaintiff documents responsive to Requests Nos. 1-9 and 12 without further objection.

### C. *Defendant again failed to provide adequate responses in his supplemental responses.*

In its Order dated July 13, this Court granted Defendant an additional forty-nine (49) days to produce documents responsive to Requests. Yet, despite having a total of seventy-nine (79) days to respond, Defendant gave Plaintiff responses to 109 out of 110 of her document requests that fall into a mere seven categories, with all but one category asserting additional generalized objections and a refusal to produce. These responses fail to abide by the federal and local rules for the reasons detailed below:

### 1. **Responses providing an unqualified assurance of eventual production are improper.**

In response to Requests No. 17, 29, 30, and 33, Defendant response that he will produce any responsive documents in his possession.

Under Rule 34(b)(2)(B), a responding party may not simply assert that it will produce documents at an unspecified future time. Rather, a responding party must either produce documents no later than the time given in the request or within a reasonable time specified in the response. Fed. R. Civ. P. 34(b)(2)(B). As no documents were produced when the response to these requests was served, Defendant was under an obligation to specifically identify in his responses when documents will be produced, and the identified time must have been reasonable. Fed. R. Civ. P. 34(b)(2)(B) advisory committee's note to 2015 amendment.

Defendant did not produce documents within the timeframe ordered by this Court, did not specify when documents would be produced in his responses or at a later time, and has not produced documents to date.

During the meet and confer discussions that took place on November 2, 2018, parties agreed that Defendant would produce documents responsive to Nos. 17 and 33 by November 9, 2018. A deadline which Defendant later unilaterally rejected. Plaintiff then asked that Defendant produce documents responsive to these requests by November 21, 2018. A deadline which Defendant again ignored.

The parties also discussed during that meet and confer, Defendant's statement that he would produce documents responsive to Requests No. 29 and 30, which relate to the password-restricted sections of Defendant's website. Defendant informed Plaintiff during the discussion that it would be unduly burdensome to require Defendant to pull all relevant documents from that section of his website.

In resolution, Defendant proposed that Plaintiff access that section of the website herself and pull documents, which would complete Defendant's obligations by allowing for inspection rather than producing. Plaintiff represented to Defendant's counsel that she does not have access to these sections of Defendant's website and was only able to obtain some documents in the past using an account that did not have full access to this section. She also informed Defendant's counsel that she no longer has access to this account. In resolution,

both parties agreed that Plaintiff would create a new account, and Defendant's counsel would ask Defendant to give that account full access to his website.

Plaintiff later learned that she could not register for an account on Daily Stormer and asked that Defendant's counsel ask Defendant to set-up for her an account so that she may pull documents responsive to Request No. 29. Defendant's counsel then refused.

Given the above, Plaintiff requests the Court enter an order requiring Defendant to provide to Plaintiff documents responsive to Requests Nos. 17, 29, 30, and 33 without further delay.

### 2. **Responses referring to previously filed documents is improper.**

Defendant responds to Requests Nos. 1, 4, 6, 7-9, 12, 25-28, 74-77, 81, 106, and 108 with some variation of the following: "Defendant states that he previously filed any such responsive documents with the Court." These types of responses are improper.

A responding party cannot simply assert that they have previously filed documents with the Court in response to a document request, certainly not without identifying which exact documents are responsive to each request. *See Fortson v. City of Baldwin*, 699 F. App'x 906, 907 (11th Cir. 2017) (dismissing party's claims with prejudice where they responded to discovery requests by "generally referring Defendants to their previous filings in this action"). Plaintiff is not under obligation to comb through this Court's docket to deduce to which documents Defendant may

have been referring. Federal law requires the responding party to indicate "with specificity which documents they previously produced are responsive to a specific request." *Pacific Coast Steel v. Leany*, No. 2:09-cv-02190-KLD-PAL, 2011 WL 4572008, *4 (D. Nev. Sept. 30, 2011). Further, Plaintiff cannot access some of the referred to documents because they were filed under seal of Court.

During the meet and confer, Plaintiff expressed her inability to identify to which documents Defendant's responses referred because of the ambiguous nature of the responses. Therefore, parties agreed that Defendant would supplement his response to Request Nos. 25-28, 74-77, 81, 106, 108, which generally referred to previously filed documents, by November 9, 2018. A deadline which Defendant later rejected. Plaintiff then requested on November 15, 2018, that Defendant produce documents responsive to these requests by November 21, 2018, a deadline which Defendant again ignored.

In addition, Defendant has refused to produce documents responsive to Requests Nos. 1, 4, 7-9, and 12. In his responses to these requests, Defendant generally referred to documents filed under seal of Court, which Plaintiff cannot access. Defendant refused to produce responsive documents to Plaintiff because "Southern Poverty Law Center is not a law firm." Defendant's objection is wholly without merit for several reasons, the least of which is that there is no federal rule limiting the right of discovery as belonging to law firms.

Given the above, Plaintiff requests the Court enter an order compelling Defendant to supplement his responses to Requests Nos. 25-28, 74-77, 81, 106, and 108 by either producing the referred to documents or specifically identifying to which documents and/or pages in the documents Defendant refers to eliminate ambiguity without further objection or delay. In addition, as requested in Section III.B., Plaintiff requests the Court order Defendant to produce to Plaintiff documents responsive to her Requests Nos. 1,4, 7-9, and 12.

3.  **Defendant's objections to financial documents based on pre-judgment asset discovery argument are meritless.**

Defendant asserts the following objection to Requests Nos. 5, 6, 10, 11, 15, 89-105, and 109:

> Defendant objects to pre-judgment asset discovery as irrelevant. *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ('discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.')

In objecting to these requests, Defendant relies on an improper authority, and his objection is without merit. Defendant's assets and financial records are relevant, at a minimum, to the issue of damages, and as such, the objection to these requests is improper. In her Complaint, dkt. no. 1, Plaintiff alleges Malice under Mont. Code § 27-1-221, which provides for an award of punitive damages and requires a separate proceeding to determine such damages to be promptly held. Following this statute, courts have held that a claim for damages is an exception to the general rule that a party's financial status is not subject to discovery. *See*, *e.g.*,

*Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 330 (D. Mont. 1988) ("Ordinarily, Fed. R. Civ. P. 26(b) does not permit the discovery of facts concerning a party's financial status . . . Where a claim for punitive damages is made, however, a party's financial status is relevant to the subject matter of the action and thus a proper subject of pretrial discovery."); *see also Moe v. System Transport, Inc.*, 270 F.R.D. 613 (D. Mont. 2010) (finding that plaintiff was entitled to prejudgment asset discovery since Montana law permits consideration of a defendant's net worth in assessing an appropriate amount of a punitive damage award).

During the meet and confer discussion held on November 9, 2018, Defendant supplemented his objection with argument that the Montana statute does not apply to this case insofar as it permits a party to take pre-judgement asset discovery, which he claims violates *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). Under *Erie*, a court, which sits in diversity jurisdiction, must apply the substantive law of the forum state. *Id.* at 78. Therefore, Plaintiff, in response, explained that the entire statute is substantive in nature, especially as it supplies the rule of decision for this claim. *See, e.g.*, *Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 695 F. Supp. 2d 1149, 1152 (D. Kan. 2010) (holding that the entire two-step process for determining punitive damages in Kansas is substantive in nature). Whether Plaintiff has a claim of Malice and can recover punitive damages is governed by the Montana Code. *See Moe*, 270 F.R.D. at 620.

Given the above, Plaintiff requests the Court enter an order requiring Defendant to provide to Plaintiff documents responsive to Requests Nos. 5, 6, 10, 11, 15, 89-105, and 109 without further delay.

### 4. **Defendant's objection that Plaintiff can perform her own internet search is insufficient.**

In refusing to produce documents responsive to Requests Nos. 36, 38, 48-52, 84, and 88, Defendant asserts some version of the following objection:

> Defendant further objects to this request as unduly burdensome as there are, according to Google, over [number] articles on the Daily Stormer that use the term(s), which are readily accessible to Plaintiff as they are to Defendant.

The above-numbered requests request Defendant turn over all documents related to troll storms launched by Defendant in the past and individuals who allege to be victims of troll storms launched by Defendant. These requests are not limited to articles available on the public-facing sections of Defendant's websites, and these requests are limited to documents within Defendant's possession, custody, or control.

The argument that Plaintiff can use "Google" to find responsive documents is neither inclusive of the requests nor in compliance with the law. *See*, *e.g.*, *Charter Practices Int'l, LLC v. Robb*, No. 3:12CV1768 RNC, 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014) (requiring production and rejecting argument that documents are "'available online' and as such, equally available to the plaintiffs. This objection is insufficient to resist a discovery request."); *National Academy of*

*Recording Arts & Sciences, Inc. v. On Point Events*, LP, 256 F.R.D. 678, 682 (C.D. Cal.2009) (overruling defendant's objection that interrogatory sought information equally available to plaintiff); *Fosselman v. Gibbs*, No. C 06–0375, 2008 WL 745122, at *4 (N.D. Cal. Mar. 18, 2008) ("the objection that information is equally available to the questioner is not a proper objection"); *St. Paul Reinsurance Co. v. Commer. Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (plaintiffs' objection that the information and documents sought are equally available to the propounding parties from their own records or from records which are equally available to the propounding parties is a "meritless" basis for objection); *City Consumer Services v. Horne*, 100 F.R.D. 740, 747 (D.Utah 1983) (it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record"); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2014 (3rd. ed.2010) (same).

Given the above, Plaintiff requests the Court enter an order requiring Defendant to provide to Plaintiff documents responsive to Requests Nos. 36, 38, 48-52, 84, and 88 without further objection.

5. **Defendant's continued use of boilerplate objections in his supplemental responses and refusal to produce based on those objections is inadequate and unavailing.**

Defendant reasserts his boilerplate objections, without more, to Requests Nos. 64-73, 80, and 110. In response to these requests, Defendant makes the following objection:

Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome.

As detailed above in Sec. III.A., this response is inadequate as each of these requests asks for documents that are relevant to a party's claim or defense, proportional to the needs of the case, not overbroad, and not unduly burdensome. Notably, Defendant uses this boilerplate objection to even refuse to produce documents responsive to Request 110, which asks for "[a]ll documents reviewed and/or relied upon to assist you in responding to Plaintiff's First Set of Interrogatories, as well as any supplemental or amended responses thereto."

Plaintiff requests the Court enter an order requiring Defendant to provide to Plaintiff documents responsive to Requests Nos. 64-73, 80, and 110 without further delay or objection.

### 6. **Documents produced appear insufficient.**

In response to Requests Nos. 32, 34, 39, 40-47, 53-59, 63, 83, 85, and 87, Defendant produced only articles available on the public-facing sections of Daily Stormer. If comprehensive, Defendant's production reflects that he never engaged in any research nor consulted any third party when writing and publishing his articles. This seems implausible.

Under Rule 26(e)(1), this Court has authority to order Defendant to supplement his responses, if necessary, so that they may comply with the federal and local rules. To the extent that more documents exist that are responsive to

these requests—whether they are in the possession, custody or control of Defendant, the Daily Stormer or Moonbase Holdings—Defendant is under an obligation to produce them. If Defendant lacks necessary information to make a full, fair and specific response to these requests, he should so state under oath and set forth in detail the efforts made to obtain the documents. *See*, *e.g.*, *Cont'l Illinois Nat. Bank & Tr. Co. of Chicago v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991).

Therefore, Plaintiff requests the Court order Defendant to supplement as necessary his responses to Requests Nos. 32, 34, 39, 40-47, 53-59, 63, 83, 85, and 87.

### D. An order compelling responses is required.

Before seeking court intervention, Plaintiff's counsel in good faith attempted to resolve the various deficiencies in Defendant's responses with Defendant's counsel through meet and confer discussions.

Defendant has had one hundred seventy-five (175) days to cooperate with discovery in this case by providing responsive documents and has failed to do so. Plaintiff's counsel has tried to meet and confer, has followed up, and otherwise attempted to avoid seeking the Court's assistance. Unfortunately, their efforts have been fruitless, and Plaintiff is left no further choice but to request that this Court compel Defendant to provide complete and immediate responses and award fees and costs.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff moves the Court to enter an order compelling Defendant to immediately produce documents responsive to Requests 1-30, 32-110 pursuant to Federal Rule 37(a)(3)(B)(iv) or supplement his responses as necessary pursuant to Rule 26(e)(1). In addition, Plaintiff requests reasonable expenses and attorney's fee incurred in making this motion pursuant to Rule 37(a)(5). Plaintiff also moves for sanctions against Defendant because Defendant's blatant lack of cooperation with discovery has resulted in needless delays and burden, as the Court see fits under Rule 37(b).

DATED December 10, 2018.

/s/ John Morrison
*Attorney for Plaintiff Tanya Gersh*
*on behalf of all Attorneys for Plaintiff*

## EXHIBIT INDEX

| Ex. | Description |
| --- | --- |
| A | Plaintiff's First Requests for Production of Documents on Defendant Andrew Anglin |
| B | Emails Between Counsel re Discovery Request Extensions |
| C | Defendant Andrew Anglin's Initial Objections and Responses to Plaintiff's First Requests for Production of Documents |
| D | Defendant Andrew Anglin's Supplemental Objections and Responses to Plaintiff's First Requests for Production of Documents |
| E | Plaintiff's Meet and Confer Letter |
| F | Emails Between Counsel re Summary of Meet and Confer |
| G | Correspondence to Facilitate Meet and Confer |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with Local Rule 7.1(d)(2). It contains 6115 words, excluding the caption, certificate of compliance, tables of contents and authorities.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff