| | |
|---|---|
| From: | Jessica Lewis |
| To: | "Jay M. Wolman" |
| Cc: | "Mat Stevenson"; "Marc Randazza"; David Dinielli; john; Jim Knoepp; Beth Littrell; DaleS@mt.gov; JonBennion@mt.gov; MCochenour2@mt.gov |
| Subject: | RE: Gersh v. Anglin - Summary of Meet and Confer - Pl. First RFPs |
| Date: | Thursday, November 15, 2018 9:46:00 AM |
| Attachments: | Detailed Correspondence to Meet and Confer - Pl. First RFPs.docx |

Counsel –

Please find below a summary of the second meet and confer discussion, which took place telephonically on Friday, November 9, 2018, lasting approximately between 2:25p CDT and 3:05p CDT, in connection with Defendant's responses to Plaintiff's First Requests for Production. Unfortunately, counsel for the parties were unable to address all of the agenda items provided to Defendant's counsel by Plaintiff's counsel on November 7, and therefore, will need to confer over the remaining agenda items.

Due to the numerous communications already sent by Plaintiff's counsel in regards to concerns about Defendant's responses to her first requests for production and Defendant's counsel indication during the last meet and confer that he will be unavailable for further discussion until an unspecified future time, discussion of the remaining issues through email seems most efficient and appropriate. Under L.R. 26.3(c)(1), parties may confer over disputed issues through a detailed, comprehensive correspondence. Therefore, Plaintiff has attached to this email her concerns about the remaining issues along with questions for Defendant's counsel to answer in regards to those issues. **Plaintiff requests that Defendant's counsel respond by November 21, 2018.**

**Plaintiff also requests that any outstanding documents be turned over to Plaintiff by November 21st** as well, including supplemental responses to Nos. 1, 4, 7-9, 12, 17, 25-28, 29, 74-77, 81, 106, 108.

Summary of Second Meet and Confer Discussion

During the call, Jay Wolman of Randazza Legal Group discussed with Jessica Lewis of Southern Poverty Law Center (SPLC) and John Morrison of Morrison, Sherwood, Wilson & Deola the concerns highlighted in Plaintiff's Meet and Confer letter sent via email and first class mail on October 22, 2018, and agenda via email on November 7, 2018. Beth Littrell of SPLC also joined the call.

This summary, like the phone call itself, is formatted to align with the category of supplemental responses given by Defendant in response to Plaintiff's RFPs on August 27, 2018.

**Category 3 – Responses to Requests Nos. 2, 3, 5, 6, 13-16, 18-24, 37, 60-62, 78, 79, 82, 91-95, 97-102, 104, 105, and 109 - "Defendant states that no such responsive documents are within his possession, custody, or control."**

Due to Defendant's General Objections 3 and 15, Plaintiff sought to discuss how Defendant defined "possession, custody, or control," specifically whether Defendant met his obligations under both the federal rules and Ninth Circuit jurisprudence to seek not only documents within his immediate possession but also documents which he has the legal right to obtain. Plaintiff used as an example Defendant's response to request no. 79, which requests Defendant's phone records. Defendant's counsel represented that Defendant conducted an exhaustive search for documents in accordance with his obligations under the federal rules and

Ninth Circuit jurisprudence. Defendant's counsel further represented that they understand the definition of "possession, custody, or control" the same as Plaintiff, whose definition was laid forth in Instruction No. 3 of her Requests and further detailed in her meet and confer letter and agenda.

In addition, Plaintiff's counsel expressed concern that Defendant did not seek documents from Moonbase Holdings and Daily Stormer, companies for which Defendant is either the agent and incorporator or the publisher. Defendant's counsel again represented that their understanding of the obligations under the federal rules accords with Plaintiff's given definition and that Defendant conducted an exhaustive search for responsive documents to all requests which accords with those rules

\*Note: Plaintiff informed Defendant that the agenda erroneously included his response to Request No. 33 in this category.

### Category 4 – Responses to Requests Nos. 5, 6, 10, 11, 15, 89-105, and 109 – Defendant objects to pre-judgment asset discovery.

Defendant objected to the above-numbered requests on the ground that pre-judgment asset discovery is not allowed under the federal rules, relying on *Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995). During the meet and confer, Plaintiff again reminded Defendant that she alleged Malice in Count IV of her Complaint under Montana Code § 27-1-221, and under the statute, Plaintiff is allowed to take pre-judgment asset discovery. In support, Plaintiff referred to the two District Court of Montana cases that she cited in her meet and confer letter and agenda. In response, Defendant's counsel asserted that the Montana statute does not apply under *Erie* because it is procedural and that the two opinions that Plaintiff cited are merely persuasive and not binding authority. Plaintiff disagreed that the statute is procedural and stated that it does apply to this case, especially here where Plaintiff's claim arises under the state statute and it supplies the rule of decision. Parties were unable to agree on this issue.

### Category 5 – Responses to Requests Nos. 36, 38, 48-52, 84, and 88 – Defendant objects that Plaintiff can perform her own internet search.

Defendant objected to the above-numbered requests on the ground that the information sought is publicly available and the burden of producing those documents weighs in favor of Defendant. During the meet and confer, Plaintiff explained her position that the objection is improper for three reasons: (1) nothing in these requests limits itself to publicly available Daily Stormer articles, and therefore, merely Googling "dailystormer.name: '[insert term]'" would not produce all documents sought through these requests; (2) much of the content on Daily Stormer exists behind a firewall, and Plaintiff does not have access to those documents because she is not a registered user on Daily Stormer; (3) Plaintiff has limited the scope of the requests through Instruction 3 and has only asked for documents in Defendant's possession, custody, or control; therefore, to the extent that Defendant is refusing to turn over documents in his possession, custody, or control because Plaintiff may search for the documents through Google, the objection is improper.

Defendant's counsel maintained his objection to these requests and has refused to supplement the responses thereto.

Defendant's counsel also argued during the call that these requests do not seek relevant information because the requested documents do not in any way refer to "Tanya Gersh." Plaintiff reminded Defendant that under Fed. R. Civ. P. 26(b), she may seek discovery relevant to any parties' claims or defenses. Plaintiff's counsel attempted to explain that the requested documents are relevant to Plaintiff's claims because the requests directly relate to Defendant's past troll storms, his intent in publishing the articles at issue and whether he could reasonably foresee the

consequences of his conduct. Defendant's counsel continued to assert that the requests did not seek relevant information. Plaintiff's counsel reminded Defendant's counsel that the party objecting to discovery bears the burden of showing why discovery should not be allowed. Defendant continued to assert a general objection of relevance, and parties were unable to agree on this issue.

Jessica Lewis, Law Fellow
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue, Montgomery, Alabama 36104
t: 334.531.3954 | f: 334.956.8481
e: jessica.lewis@splcenter.org

*Admitted to practice in Alabama.*

**From:** Jessica Lewis
**Sent:** Friday, November 09, 2018 2:21 PM
**To:** 'Jay M. Wolman' <jmw@randazza.com>
**Cc:** 'Mat Stevenson' <matstevenson@bigskylegal.com>; 'Marc Randazza' <mjr@randazza.com>; David Dinielli <david.dinielli@splcenter.org>; john <john@mswdlaw.com>; Jim Knoepp <Jim.Knoepp@splcenter.org>; Beth Littrell <beth.littrell@splcenter.org>
**Subject:** RE: Gersh v. Anglin - Summary of Meet and Confer - Pl. First RFPs

To confirm, we are on the call now. Do you still intend to join?

**From:** Jessica Lewis
**Sent:** Friday, November 09, 2018 1:54 PM
**To:** Jay M. Wolman <jmw@randazza.com>
**Cc:** Mat Stevenson <matstevenson@bigskylegal.com>; Marc Randazza <mjr@randazza.com>; David Dinielli <david.dinielli@splcenter.org>; john <john@mswdlaw.com>; Jim Knoepp <Jim.Knoepp@splcenter.org>; Beth Littrell <beth.littrell@splcenter.org>
**Subject:** RE: Gersh v. Anglin - Summary of Meet and Confer - Pl. First RFPs

Jay –

We apologize, but we are running about 15 minutes late and will join the call at 2:15p CDT.

Thank you,
Jessica

**From:** Jay M. Wolman <jmw@randazza.com>
**Sent:** Thursday, November 08, 2018 1:33 PM
**To:** Jessica Lewis <Jessica.Lewis@splcenter.org>
**Cc:** Mat Stevenson <matstevenson@bigskylegal.com>; Marc Randazza <mjr@randazza.com>; David Dinielli <david.dinielli@splcenter.org>; john <john@mswdlaw.com>; Jim Knoepp <Jim.Knoepp@splcenter.org>; Beth Littrell <beth.littrell@splcenter.org>

**Subject:** Re: Gersh v. Anglin - Summary of Meet and Confer - Pl. First RFPs

Dear Jessica,

My interstitial responses are below.

Sincerely,
Jay Wolman

---

**Jay Marshall Wolman, CIPP/US, Counsel***
Randazza Legal Group, PLLC
100 Pearl Street, 14th Floor | Hartford, CT 06103
Tel: 702-420-2001 | Email: jmw@randazza.com

---

* Licensed to practice law in Connecticut, Massachusetts, New York and the District of Columbia.

The information contained in this message may be privileged, confidential and/or exempt from disclosure under applicable law. The information is intended only for the use of the individual or entity named above. If you are not the intended recipient, you are hereby notified that any use, dissemination, distribution or reproduction of any information contained herein or attached to this message is strictly prohibited. If you have received this email in error, please immediately notify the sender and destroy the original transmission and its attachments in their entirety, whether in electronic or hard copy format, without reading them. Thank you.

On Wed, Nov 7, 2018 at 3:00 PM Jessica Lewis <jessica.lewis@splcenter.org> wrote:
> Counsel –
>
> Please find below a summary of the meet and confer, which took place telephonically on Friday, November 02, 2018, lasting approximately between 3:05 PM CDT and 4:11 PM CDT, in connection with Defendant's responses to Plaintiff's First Requests for Production. Due to an unavoidable scheduling conflict on the part of Plaintiff and a time limitation on the part of Defendant, parties will meet again on Friday, November 09, 2018, at 2 PM CDT. Plaintiff has agreed to send an agenda ahead of the next call. Please find the agenda attached.

Kindly provide an agenda for discussion, rather than an argument. It is difficult to determine what you wish to discuss, as opposed to contentious declarations.

> Lastly, Plaintiff asks that if Defendant disagrees with the summary provided below, he inform Plaintiff of the disagreement by responding to this email so that parties may resolve any conflict without court intervention.
>
> During the call, Jay Wolman of Randazza Legal Group discussed with David Dinielli and Jessica Lewis of Southern Poverty Law Center and John Morrison of Morrison, Sherwood, Wilson & Deola the concerns highlighted in Plaintiff's Meet and Confer letter sent via email and first class mail on October 22, 2018. This summary, like the phone call itself, is formatted to align with the category of supplemental responses given by Defendant in response to Plaintiff's RFPs on August 27, 2018.

I do not concur with such categorization or purported alignment.

**Category 1 – Responses to Requests Nos. 17, 29, 30, 33 – Defendant will produce any responsive documents:**

1. <u>No. 17</u> – This requests calls for all communications between Defendant and Richard Spencer that relate to or reference terms specified in the request. In his written supplemental response to this request, Defendant indicated - without specifying a timeframe - that he would produce documents. During the call, Plaintiff represented that under Fed. R. Civ. P. 34(b)(2)(B), Defendant was under obligation to specify in his response when the documents would be produced. Plaintiff asked, and Defendant agreed, that responsive documents be produced no later than Friday, Nov. 9.

    Plaintiff feels it necessary to summarize counsels' discussion about this request in detail. Defendant's counsel asserted that he believes no responsive documents exist to this request. Plaintiff's counsel responded that Richard Spencer has turned over communications between he and Defendant that would be responsive to this request. The communications were produced in response to a subpoena. As such, Plaintiff believes that more documents exist and Defendant's response is incomplete. Defendant's counsel then requested that Plaintiff send him the communications produced by Richard Spencer so that he might ask his client whether he too has those documents. Plaintiff refused.

    While Plaintiff recognizes that Defendant requested all documents received in response to subpoenas through his requests for production served on Plaintiff on Sept. 21, 2018, Plaintiff has refused to provide Defendant with the communications provided by Richard Spencer before the time for production specified in Plaintiff's response to Defendant's RFPs. Plaintiff indicated to Defendant's counsel her concern that rather than do a search of all documents responsive to this request as required, Defendant would search only for the document already produced by Richard Spencer. Plaintiff understands that Defendant disagrees with Plaintiff's refusal; however, Plaintiff continues to feel it necessary to ensure that the burden for production is not shifted to Plaintiff, that Defendant conducts a search for all responsive documents, and that responsive documents are not turned over in a piecemeal fashion.

Discussion is mischaracterized. Plaintiff refuses to assist defense counsel's efforts to determine what particular documents Plaintiff believes are responsive and should be within Defendant's possession. Playing "hide the ball" is not a good-faith discussion under Rule 37, especially where Plaintiff herself has failed to timely produce them consistent with Defendant's Rule 34 request. Absent such information, it is difficult to determine whether Defendant does, in fact, have any responsive documents.

2. <u>No. 29</u> requests a complete record of Daily Stormer forum postings that relate to or reference Plaintiff. Defendant's counsel has agreed to respond to this request by allowing for inspection of Defendant's website. As such, Plaintiff agreed to create a Daily Stormer user account to access the forum, and Defendant's counsel agreed to ask his client to increase Plaintiff's account access so that she may view all available forums and content. **However, Plaintiff has since learned that she cannot sign up for a Daily Stormer account as it is not an option available on the website**

(https://bbs.thegoyimknow.to/). **As such, Plaintiff now requests that Defendant create an account for Plaintiff that has full access to the content in the forum.**

Defendant did not agree to create an account. Defendant's counsel agreed to inquire whether such an account might be created. Plaintiff refused to provide information as to existing account that might facilitate inspection under Rule 34.

3. No. 30 requests information about users who posted in those forums or threads identified in response to Request No. 29. Once documents are discovered in response to Request No. 29, Plaintiff will meet and confer again with Defendant about his response to this request. Plaintiff understands and notes Defendant's objections based on both First Amendment and Stored Communications Act grounds; however, any such objections are premature and will be discussed once documents are discovered in response to Request No. 29.

The objections are not premature, but discussion may be tabled until specific users are identified by Plaintiff.

4. No. 33 requests documents about the withdrawal of permissions for any registered user to the Daily Stormer. Defendant's counsel represented that it is his understanding that no documents responsive to the request exist. However, he will discuss again with his client to ensure the completeness of the response.

**Category 2 – Responses to Requests Nos. 1, 4, 7-9, 12, 25-28, 74-77, 81, 106, 108 – Defendant has previously filed any responsive documents with the Court:**

1. Nos. 1, 4, 7-9, 12 – These requests concern Defendant's claim of statelessness and the defense he raised in his motion to dismiss pleadings that he is not subject to this Court's subject-matter jurisdiction. In response to these requests, Defendant first stated that the information sought is irrelevant because Defendant has not raised the issue again in an answer and, therefore, the matter is not before the Court. Plaintiff responded that a party cannot waive subject-matter jurisdiction, and it remains susceptible to attack at any stage of litigation. It represents a continuing duty of the court, and if the Defendant were to present new information, the Court would have to reassess its ruling that it has jurisdiction. Therefore, Plaintiff needs to gather discovery related to the issue unless Defendant stipulates that he was domiciled in Ohio on April 18, 2017. Defendant refused to make any such stipulation.

Defendant does not claim statelessness. He claims he was a domiciliary of Cambodia when the suit was filed. The Court did not concur, but the issue is not presently before the Court. Thus, no discovery on the issue is relevant at this time.

1.

Further, Defendant responded that "he previously filed any such responsive documents with the Court." Plaintiff reminded Defendant that those documents were filed under seal of Court, and therefore, Plaintiff cannot access the documents. Defendant again refused to turn over any responsive documents to these requests to Plaintiff citing concerns about the information being used for non-litigation matters. Plaintiff reminded Defendant that the parties are negotiating a protective order and asked whether Defendant would turn over the documents once such an order is entered. Defendant again refused. In addition, Defendant refused to state whether or not he would present new information to the Court related to this issue or simply rest on those previously filed documents.

Plaintiff refused any agreement that would keep information out of the hands of the SPLC, which is not a law firm.

Plaintiff renews her request that Defendant produce to her any documents responsive to these requests.

2. <u>Nos. 25-28, 74-77, 81, 106, 108</u> – While each of these requests asks for different types of documents, Defendant responded to each by generally asserting that responsive documents were produced as exhibits to the motion to dismiss and response thereto. Plaintiff asked Defendant to clarify which exhibit are specifically responsive to each request in order to eliminate confusion. Plaintiff also asked that counsel ask his client again whether any other documents responsive to any of these requests exist. Defendant agreed to do so. Plaintiff asks for a supplemental response by Nov. 9.

Plaintiff did not conclude the Meet-and-Confer as expected on November 2 when the November 9 date was discussed. Presumably, this date will need to change consistent with Plaintiff's desire that documents not be produced in "piecemeal" fashion, as stated above. Due to the sheer volume of requests at issue, the specific document cross-reference will take some additional time. However, Defendant reiterates there are not many documents at issue, and they should be easily identifiable by all counsel.

Jessica Lewis, Law Fellow
**SOUTHERN POVERTY LAW CENTER**
400 Washington Avenue, Montgomery, Alabama 36104
t: 334.531.3954 | f: 334.956.8481
e: jessica.lewis@splcenter.org

*Admitted to practice in Alabama.*

# MEET AND CONFER AGENDA

Date: Friday, November 9, 2018
Re: Defendant's Responses to Plaintiff's First Requests for Production

**Overview of Categories of Responses to be Discussed:**

1. Defendant's responses claiming that documents are not within his possession, custody or control. ...........................................................................................................1

2. Defendant's objections to financial documents based on pre-judgment asset discovery argument are improper. ..................................................................................................2

3. Defendant's objection that Plaintiff can perform her own internet search is insufficient. .....................................................................................................................3

4. Defendant's continued use of boilerplate objections in his supplemental responses and refusal to produce based on those objections is inadequate and unavailing. ...............3

5. Documents produced appear insufficient. ..................................................................4

**Plaintiff's Detailed Explanation of Each Category:**

1. **Defendant's responses claiming that documents are not within his possession, custody or control.**

    Defendant responded with the following language to Requests Nos. 2, 3, 5, 6, 13-16, 18-24, 33, 37, 60-62, 78, 79, 82, 91-95, 97-102, 104, 105, and 109: "Defendant states that no such responsive documents are within his possession, custody, or control."

    As is relevant here, Defendant generally objected to Plaintiff's definition of "possession, custody or control." Given Defendant's responses to the above-enumerated requests, it appears likely that Defendant's objection to this definition, and his responses that no documents exist, are based on his incorrect understanding that his obligation to procure and produce documents is limited to those documents within his immediate possession, custody, or control. This limited understanding of his obligations is non-exhaustively demonstrated by his response to Request No. 79 which sought Defendant's "phone records from November 1, 2016 to the present."

    Under Fed. R. Civ. P. 34, Defendant is under obligation to furnish all responsive documents in his possession, custody, or control as well as the documents in the possession, custody, or control of his employees, agents, and other persons subject to his control. *Osborne v. Billings Clinic*, No. CV 14-126-BLG-SPW, 2015 WL 1412626, at *5 (D. Mont. Mar. 26, 2015) (quoting *Rogers v. Giurbino*, 288 F.R.D. 469, 485). "To be deemed within a party's possession, custody, or control, the party needs actual possession, custody, or control or the party must have the legal right to obtain the documents on demand." *Dye v. BNSF Ry. Co.*, No. CV-14-150-BLG-CSO, 2015 WL 4924525, at *1 (D. Mont. Aug. 18, 2015). *See also United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) ("Control is defined as

Page 1

the legal right to obtain documents upon demand"). Given this definition, Defendant's phone records, for example, are within his possession, custody or control, and he was under obligation to obtain and produce them in response to Request 79.

In addition, "[i]t is well established that a district court may order the production of documents in the possession of a related nonparty entity under Rule 34(a) if those documents are under the custody or control of a party to the litigation." *Steele Software Sys., Corp. v. DataQuick Info. Sys., Inc.*, 237 F.R.D. 561, 564 (D. Md. 2006) (citations omitted). As such, contrary to Defendant's objection,[1] documents within the custody of Moonbase Holdings and Daily Stormer should be deemed within Defendant's control because he is either these non-party entities' publisher or agent and incorporator.

## 2. Defendant's objections to financial documents based on pre-judgment asset discovery argument are improper.

Defendant asserts the following objection to Requests Nos. 5, 6, 10, 11, 15, 89-105, and 109:

> Defendant objects to pre-judgment asset discovery as irrelevant. *See Signal Capital Corp. v. Frank*, 164 F.R.D. 7, 10 (S.D.N.Y. 1995) ('discovery concerning an opposing party's assets is not ordinarily permitted, unless such discovery is relevant to the merits of the pending claim, or in response to a defense.')

Contrary to the dictate of Rule 34(b)(2)(B)-(C), Defendant does not state whether any documents are being withheld on the basis of this objection to Requests Nos. 10, 11, 89, 90, 96, and 103. Accordingly, Plaintiff assumes that responsive documents are being withheld.

Defendant's assets and financial records are relevant, at a minimum, to the issue of damages, and as such, the objection to these requests is improper. In her Complaint, dkt. no. 1, Plaintiff alleges Malice under Mont. Code § 27-1-221, which provides for an award of punitive damages. A claim for damages is an exception to the general rule that a party's financial status is not subject to discovery. *See, e.g., Baker v. CNA Ins. Co.*, 123 F.R.D. 322, 330 (D. Mont. 1988) ("Ordinarily, Fed. R. Civ. P. 26(b) does not permit the discovery of facts concerning a party's financial status . . . Where a claim for punitive damages is made, however, a party's financial status is relevant to the subject matter of the action and thus a proper subject of pretrial discovery."); *see also Moe v. System Transport, Inc.*, 270 F.R.D. 613 (D. Mont. 2010) (finding that plaintiff was entitled to prejudgment asset discovery since Montana law permits consideration of a defendant's net worth in assessing an appropriate amount of a punitive damage award).

In objecting to these requests, Defendant relies on an improper authority, and his objection is without merit.

---

[1] General objection 15 reads, "Anglin objects to Instruction 3 as neither Moonbase Holdings nor The Daily Stormer are parties to these proceedings as he will not respond on their behalves and he is not obligated to seek documents from them."

Page 2

3. **Defendant's objection that Plaintiff can perform her own internet search is insufficient.**

In refusing to produce documents responsive to Requests Nos. 36, 38, 48-52, 84, and 88, Defendant asserts some version of the following objection:

> Defendant further objects to this request as unduly burdensome as there are, according to Google, over [number] articles on the Daily Stormer that use the term(s), which are readily accessible to Plaintiff as they are to Defendant.

The argument that Plaintiff can use "Google" to find responsive documents is neither inclusive of the requests nor in compliance with the law. *See, e.g., Charter Practices Int'l, LLC v. Robb*, No. 3:12CV1768 RNC, 2014 WL 273855, at *2 (D. Conn. Jan. 23, 2014) (requiring production and rejecting argument that documents are "'available online' and as such, equally available to the plaintiffs. This objection is insufficient to resist a discovery request."); *National Academy of Recording Arts & Sciences, Inc. v. On Point Events*, LP, 256 F.R.D. 678, 682 (C.D. Cal.2009) (overruling defendant's objection that interrogatory sought information equally available to plaintiff); *Fosselman v. Gibbs*, No. C 06–0375, 2008 WL 745122, at *4 (N.D. Cal. Mar. 18, 2008) ("the objection that information is equally available to the questioner is not a proper objection"); *St. Paul Reinsurance Co. v. Commer. Fin. Corp.*, 198 F.R.D. 508, 514 (N.D. Iowa 2000) (plaintiffs' objection that the information and documents sought are equally available to the propounding parties from their own records or from records which are equally available to the propounding parties is a "meritless" basis for objection); *City Consumer Services v. Horne*, 100 F.R.D. 740, 747 (D.Utah 1983) (it is "not usually a ground for objection that the information is equally available to the interrogator or is a matter of public record"); *Petruska v. Johns–Mannville*, 83 F.R.D. 32, 35 (E.D.Pa.1979) (same); 8 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice & Procedure § 2014 (3rd. ed.2010) (same).

4. **Defendant's continued use of boilerplate objections in his supplemental responses and refusal to produce based on those objections is inadequate and unavailing.**

Defendant reasserts his boilerplate objections, without more, to Requests Nos. 64-73, 80, and 110. In response to these requests, Defendant makes the following objection:

> Defendant objects to this request as irrelevant and disproportionate to the needs of the case, as it makes no attempt to narrow itself to documents related to any claim or defense of any party. Defendant objects to this request as overbroad and unduly burdensome.

This response is inadequate as each of these requests asks for documents that are relevant to a party's claim or defense, proportional to the needs of the case, not overbroad, and not unduly burdensome. Notably, Defendant uses this boilerplate objection to refuse to produce documents responsive to Request 110, which asks for "[a]ll documents reviewed and/or relied upon to assist you in responding to Plaintiff's First Set of Interrogatories, as well as any supplemental or amended responses thereto."

In addition, the use of boilerplate objections does not accord with the federal or local rules. Objections to Rule 34 requests must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B) advisory committee's note to 2015 amendment. "Each objection must be followed by a statement of reasons." L.R. 26.3(a)(3). "Just stating the bare objection is not sufficient to preserve the objection." *Russell v. Daiichi-Sankyo, Inc.*, No. CV 11-34-BLG-CSO, 2012 WL 1161435, at *2 (D. Mont. Apr. 6, 2012).

5. **Documents produced appear insufficient.**

In response to Requests Nos. 32, 34, 39, 40-47, 53-59, 63, 83, 85, and 87, Defendant produced only articles available on Daily Stormer. If comprehensive, Defendant's production reflects that he never engaged in any research nor consulted any third party when writing and publishing his articles. This seems implausible.

To the extent that more documents exist that are responsive to these requests—whether they are in the possession, custody or control or in the custody of Defendant, the Daily Stormer or Moonbase Holdings—Defendant is under an obligation to produce them. If Defendant lacks necessary information to make a full, fair and specific response to these requests, he should so state under oath and should set forth in detail the efforts made to obtain the documents. *See, e.g., Cont'l Illinois Nat. Bank & Tr. Co. of Chicago v. Caton*, 136 F.R.D. 682, 684 (D. Kan. 1991).