Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | **UNOPPOSED MOTION TO CONTINUE FINAL PRETRIAL CONFERENCE AND TRIAL** |
| ANDREW ANGLIN, | |
| Defendant. | |

### UNOPPOSED MOTION TO CONTINUE FINAL PRETRIAL CONFERENCE AND TRIAL

Defendant Andrew Anglin, by and through his undersigned counsel, respectfully requests that this Honorable Court continue the January 10, 2019, Final Pretrial Conference, as well as the trial currently scheduled for January 22, 2019. The relief requested is unopposed. Pursuant to L.R. 16.3(b)(1), and for good cause shown, Defendant Anglin states as follows:

### FACTS AND ARGUMENT

1.0     Relevant Procedural History

On December 15, 2017, this Court, in consultation with the parties entered a scheduling order setting the deadlines in this case, including a deadline for amending pleadings, discovery deadline, motions deadline, and a full pretrial schedule. See Doc. No. 41. At the same time, however, the Court stayed discovery pending a decision on the motion to dismiss. See *id.*

Subsequently, due to the stay and Plaintiff's claim of its impact on the deadline to amend pleadings, on March 21, 2018, the Court vacated that deadline. See Doc. No. 74. However, the Court did more than just vacate that one deadline, it ordered that the "motions deadline and other pretrial deadlines" would be reset, if necessary, following a ruling on the motion to dismiss. *Id.* On May 24, 2018, the Court terminated the stay on discovery, but did not reset any deadlines, including pretrial deadlines. See Doc. No. 95.

Despite the indication that deadlines would be reset, on July 27, 2018, the Court changed the judicial designation, but noted that the January 10, 2019, Final

Pretrial Conference and the January 22, 2019, trial dates and times would "remain the same".

On November 14, 2018, this Court issued its Order on Defendant's Motion to Dismiss, but no deadlines were reset by the Court. See Doc. No. 116.  Such a reset is necessary, and the conference and trial dates should be continued.

2.0     A Continuance is Warranted

Pursuant to Local Rule 16.3(b)(1), there are extraordinary circumstances and good cause exists to warrant a trial continuance (and, necessarily, the final pretrial conference).  Defendant will be materially prejudiced if the trial date is not altered.  Discovery is ongoing; Plaintiff has two discovery motions pending before the Court and Defendant anticipates similar motion practice against Plaintiff.  And, as discovery remains unclosed, neither party has deposed the other nor have there been expert disclosures.  Trial should be continued until after discovery is complete.

Further, although the Court denied the motion to dismiss, the case may be adjudicated on summary judgment.  Thus, the parties should not be required to unnecessarily bear the burden and expense of preparing for trial.

Because the parties could not anticipate on December 15, 2017, that the motion to dismiss would not be adjudicated until the following November, such constitutes extraordinary circumstances and good cause warranting the continuance.

Pursuant to Local Rule 7.1(c), Defendant states that Plaintiff has been contacted and does not object to a continuance.  The parties have conferred and propose the attached amended scheduling order revising all dates previously set forth

on pp. 2-3 of the initial scheduling order (Doc. No. 41), through the full briefing of the motions deadline. The parties agreed on a pretrial schedule as follows:

| | |
|---|---|
| Deadline for Amending Pleadings: | April 30, 2019 |
| Close of Fact Discovery: | April 30, 2019 |
| Disclosure of Plaintiff's Damages Experts and Simultaneous Disclosure of Liability Experts: | May 30, 2019 |
| Disclosure of Defendant's Damages Experts: | June 28, 2019 |
| Discovery Deadline: | July 26, 2019 |
| Motions Deadline (fully briefed): | September 26, 2019 |

The parties believe that the remaining dates and deadlines, beginning with the motions *in limine* deadline should be dependent upon the Court's availability for trial and final pretrial conference.

WHEREFORE Defendant respectfully requests this Honorable Court reset the deadlines and continue the pending pretrial conference and trial dates.

Dated: December 14, 2018.  Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,*
*Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on December 14, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Jay M. Wolman
Jay M. Wolman

RANDAZZA | LEGAL GROUP