Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

RANDAZZA | LEGAL GROUP

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | | |
|---|---|---|
| TANYA GERSH, | ) | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | ) | |
| vs. | ) | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO REQUESTS FOR PRODUCTION AND FOR SANCTIONS** |
| ANDREW ANGLIN, | ) | |
| Defendant. | ) | |

# TABLE OF CONTENTS

*TABLE OF AUTHORITIES* ........................................................................ *iii*

**1.0 INTRODUCTION AND FACTUAL BACKGROUND** ......................... **1**

**2.0 LEGAL STANDARD** ......................................................................... **2**

**3.1 Mr. Anglin Has Not Waived any Objections** ....................................... 3

**3.2 Mr. Anglin's Objections are Proper** ...................................................... 3

**3.3 Mr. Anglin's Responses are Sufficient** ................................................. 8

**3.4 An Award of Fees is Not Appropriate Under Fed. R. Civ. P. 37(a)** . 11

**3.5 Sanctions are Not Appropriate Under Fed. R. Civ. P. 37 (b)** ........... 12

**4.0 CONCLUSION** ................................................................................ **13**

RANDAZZA | LEGAL GROUP

# TABLE OF AUTHORITIES

## CASES

*Batts v. County of Santa Clara*,
2010 U.S. Dist. LEXIS 35170 (N.D. Cal. Mar. 17, 2010) .................................... 2

*Blair v. CBE Group, Inc.*,
2014 U.S. Dist. LEXIS 131228, *4 (S.D. Cal. Sept. 16, 2014) .......................... 12

*Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*,
695 F. Supp. 2d 1149, 1152 (D. Kan. 2010) ........................................................ 6

*Fortson v. City of Baldwin*,
699 F. App'x 906, 907 (11th Cir. 2017) .............................................................. 9

Foster v. Enenmoh,
No. 1:08-cv-01849-LJO-SKO PC, 2012 U.S. Dist. LEXIS 53127, at *2-3 (E.D. Cal. Apr. 13, 2012)................................................................................................ 9

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604, 607 (9th Cir. 1992)........................................................................ 2

*Metabolife Int'l v. Wornick*,
264 F.3d 832, 845 (9th Cir. 2001)........................................................................ 5

*Mitchell v. Cox*,
2014 U.S. Dist. LEXIS 66925, *18 (D. Nev. May 15, 2014) ............................... 2

Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP,
256 F.R.D. 678, 682 (C.D. Cal. 2009) ................................................................ 9

*Nei v. Travelers Home & Marine Ins. Co.*,
326 F.R.D. 652, 656-57 (D. Mont. 2018)............................................................. 3

RANDAZZA | LEGAL GROUP

*Pac. Coast Steel v. Leany*,
No. 2:09-cv-02190-KJD-PAL, 2011 U.S. Dist. LEXIS 113848, at *12 (D. Nev. Sep. 29, 2011) ..... 9

*Perez v. United States*,
2016 U.S. Dist. LEXIS 8993, *5-7 (S.D. Cal. Jan. 25, 2016) ..... 3

*Sarver v. Chartier*,
813 F.3d 891, 900 (9th Cir. 2016) ..... 6

*United States EEOC v. Caesars Entm't, Inc.*,
237 F.R.D. 428, 435 (D. Nev. 2006) ..... 12

**RULES**

Fed. R. Civ. P. 1 ..... 2

Fed. R. Civ . P. 26(b)(1) ..... 2

Fed. R. Civ. P. 33(b)(4) ..... 2

Fed. R. Civ. P. 34(b)(2)(E)(i) ..... 4

Fed. R. Civ. P. 37 (a)(5) ..... 11

Fed. R. Civ. P. 37 (a)(5)(A)(i)-(ii) ..... 2

Fed. R. Civ. P. 37 (b) ..... 12

Fed. R. Civ. P. 37 (b)(2)(A) ..... 13

Fed. R. Civ. P. 40 ..... 6

RANDAZZA | LEGAL GROUP

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS**

## 1.0 INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Tanya Gersh seeks attorneys' fees and sanctions against Defendant Andrew Anglin for not giving her everything she requested in her overbroad and largely irrelevant First Requests for Production of Documents (the "Requests"). Counsel for Mr. Anglin explained why each objection to each request discussed was well-placed.[1] Unfortunately, Plaintiff has once more resorted to unnecessary motion practice.

Ms. Gersh herself engaged in identical conduct in responding to Mr. Anglin's discovery requests. On September 21, 2018, Mr. Anglin served his First Set of Requests for Production of Documents (Dkt. No. 117-4) on Ms. Gersh. She responded to these requests on October 25, 2018. (Dkt. No. 117-6). However, she did not actually produce responsive documents until December 8, 2018 (without any authorization for the delay), and she continues to withhold documents without any sensible objections. As discussed below, as Ms. Gersh's responses are less defensible than Mr. Anglin's, she is estopped from seeking any adverse order.

Ms. Gersh complains about the "boilerplate" nature of Mr. Anglin's objections to her Requests, but these objections are appropriate, and Mr. Anglin has appropriately answered these Requests. He has not violated any order from this Court, and neither fees nor sanctions should be awarded here. The Court should deny Ms. Gersh's motion in its entirety.

[1] The parties did not conclude their meet-and-confer as to all requests due to a scheduling conflict. As acknowledged on November 15. See Dkt. No. 124-6 (counsel for the parties were unable to address all of the agenda items…and therefore, will need to confer over the remaining agenda items."). Thus, to the extent the motion covers non-discussed requests or objections, the motion is premature.



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

## 2.0 LEGAL STANDARD

Fed. R. Civ. P. 1 explains that the purpose of the Federal Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action and proceeding." To achieve this purpose of efficient litigation, Rule 26(b)(1) was recently revised to provide that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense *and proportional to the needs of the case* . . . ." (emphasis added).

If a party fails to timely respond to an interrogatory, objections are typically waived "unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4). A court has "broad discretion in determining whether there is good cause" to excuse non-compliance with this rule. *See Mitchell v. Cox*, 2014 U.S. Dist. LEXIS 66925, *18 (D. Nev. May 15, 2014), *citing Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). In deciding whether to excuse an untimely objection, courts look to several factors, including "(1) the length of delay, (2) the reason for delay, (3) the existence of bad faith, (4) the prejudice to the party seeking waiver, (5) the nature of the request, and (6) the harshness of imposing sanctions." *Id.*, *citing Batts v. County of Santa Clara*, 2010 U.S. Dist. LEXIS 35170 (N.D. Cal. Mar. 17, 2010).

A Court ordinarily awards fees against the party whose conduct necessitated a motion to compel, but a Court cannot award fees if "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; [or] (ii) the opposing party's nondisclosure, response, or objection was substantially justified . . . ." Fed. R. Civ. P. 37 (a)(5)(A)(i)-(ii).

## 3.0 ARGUMENT

### 3.1 Mr. Anglin Has Not Waived any Objections

Ms. Gersh broadly contends that Mr. Anglin waived almost all of his objections to her interrogatories because of their allegedly "boilerplate" nature. Boilerplate objections may be disfavored, but they do not result in an automatic waiver of substantive objections, as Ms. Gersh seems to contend. *See Perez v. United States*, 2016 U.S. Dist. LEXIS 8993, *5-7 (S.D. Cal. Jan. 25, 2016) (noting that the rules do not provide an explicit prohibition against boilerplate objections,[2] and courts must engage in a substantive analysis of each discovery response); *see also Nei v. Travelers Home & Marine Ins. Co.*, 326 F.R.D. 652, 656-57 (D. Mont. 2018) (finding that even in the case of boilerplate objections, "the Court has an obligation to review the discovery requests to ensure that they are not frivolous," and denying motion to compel as to overbroad document requests). What Ms. Gersh refers to as "boilerplate" only appears that way because her Requests consistently suffer the same infirmities. Moreover, Ms. Gersh herself deemed it proper to utilize "boilerplate" objections, as her responses to Mr. Anglin's discovery requests are littered with them. (*See generally* Dkt. No. 117-6.) Accordingly, Mr. Anglin has not waived any allegedly "boilerplate" objections asserted in his responses to the Requests.

### 3.2 Mr. Anglin's Objections are Proper

#### 3.2.1 Requests 106-110

The first group of responses Plaintiff asks the Court to adjudicate demonstrates the impropriety of the motion as a whole. Mr. Anglin provided substantive responses to Requests 106, 108, and 109. It is unknown what more Plaintiff would have Mr. Anglin produce. Request 107 asks for all communications

[2] Similarly, L.R. 26.3(a)(2) does not provide such a prohibition and does not state that asserting a boilerplate objection constitutes waiver of a substantive objection.



RANDAZZA | LEGAL GROUP

with any identified party, irrespective of its relationship to this case—this is part of the SPLC's overall fishing expedition to try to use this case to make out unrelated claims against third parties – a clear abuse of process. And Request 110, to the extent it is seeking items other than communications with counsel, is so unbounded that it is asking for any document Mr. Anglin has ever seen that might have informed a smidgen of his answers.[3] The responses were proper and no order is necessary.

**3.2.2 Requests 13, 14, 16, 29, 31-34, 64-73, 75-82, and 89-105**

As to Requests 13, 14, and 16, the issue of subject matter jurisdiction is not presently before the Court; the Court reviewed whatever documents Mr. Anglin could provide and found them insufficient to show he changed his citizenship. Moreover, Mr. Anglin has no responsive documents, so there is nothing for this Court to compel.

Requests 29, 30, and 31 build on each other in an overly burdensome manner. They request all postings about anyone or anything related to Whitefish, Montana, even if there is no direct reference to them. Mr. Anglin cannot even begin to know what Plaintiff is seeking. Plaintiff has demonstrated she has access to the forum postings—to the extent there are any responsive documents, she is able to inspect the forum and determine for herself what documents she seeks, rendering Mr. Anglin's response sufficient. See Fed. R. Civ. P. 34(b)(2)(E)(i) (permitting production of documents "as they are kept in the usual course of business"). If, after such inspection, she seeks additional information, such can be addressed at that time. However, to the extent Plaintiff seeks personally identifying information of third-parties, when this case is only about the speech of Mr. Anglin, Plaintiff is prohibited from producing such under the Stored Communications Act, 18 U.S.C. §§ 2701, *et seq.* and/or the data privacy laws of other nations, as applicable.

[3] Plaintiff reiterates her argument at p. 29 of her motion.

RANDAZZA | LEGAL GROUP

Mr. Anglin produced documents responsive to Requests 32 & 34, though the requests are not addressed or relevant to any issues in dispute in this case. Request 33 seeks irrelevant information as to third-party use of the forums.

Requests 64-73 are a set of requests seeking communications with third parties about complaints and termination of service. None of them have anything to do with Ms. Gersh's complaints and appear to be a fishing expedition by the SPLC to potentially identify new clients.[4] Yet again, an abuse of process.

As to Requests 75-79 and 81-82, despite being otherwise objectionable, Mr. Anglin identified responsive documents previously produced or indicated that he does not possess them.[5] Request 80, like the earlier requests, are so expansive and undefined as to preclude a response and are otherwise irrelevant to the claims at bar—being the statements published on the Daily Stormer.

As to Requests 89-105,[6] regarding pre-judgment asset discovery on the issue of statutory malice (not to be confused with actual malice), Mr. Anglin recognizes that prior non-binding decisions of this Court may be persuasive as to the issue of prejudgment asset discovery where a claim for punitive damages is made. Neither of those decisions were made after the revision of Rule 26's scope of discovery provision. The burden on Mr. Anglin is severe and the issue is not relevant until a *prima facie* case of liability is made. "Procedural state laws are not used in federal court if to do so would result in a 'direct collision' with a Federal Rule of Civil Procedure." *Metabolife Int'l v. Wornick*, 264 F.3d 832, 845 (9th Cir. 2001).

---

4 Plaintiff reiterates her argument to Requests 64-73 and 80 on p. 29 of her motion. As set forth herein, they are irrelevant to any issue before this Court.

5 Although Plaintiff claims "reason to doubt the veracity and completeness of Defendant's responses", she offers no evidence of such. See Motion at p. 9. Plaintiff's speculation as to documents the New York Times would be expected to possess were it the defendant does not translate to Mr. Anglin, who is frequently transient and resides overseas.

6 Plaintiff reiterates this argument at pp. 25-26 of its motion, adding Requests 5, 6, 10, 11, 15, and 109 into the mix. For the same reasons stated herein, such discovery is impermissible under *Signal Capital Corp. v. Frank,* 164 F.R.D. 7, 10 (S.D.N.Y. 1995) and, to the extent the Malice statute is implicated, the procedural elements violate *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).



RANDAZZA | LEGAL GROUP

Although Mont. Code. Ann. § 27-1-221(7)(b) provides for an "immediate" trial on punitive damages, such procedural provision conflicts with Fed. R. Civ. P. 40's grant of freedom to the Court to schedule trials. Where state procedural "timing controls" directly collide with "more permissive" timelines under the federal rules, such timing controls are not applied. See, e.g., *Sarver v. Chartier*, 813 F.3d 891, 900 (9th Cir. 2016). Plaintiff's citation to an out-of-circuit, pre-*Sarver*, District Court case, *Capital Sols., LLC v. Konica Minolta Bus. Sols. U.S.A., Inc.*, 695 F. Supp. 2d 1149, 1152 (D. Kan. 2010), is unavailing. This Circuit strips the procedural elements of state statutes from the substantive ones. The Court can issue an order permitting such discovery after a *prima facie* case has been made, with sufficient time prior to a trial on punitive damages.

**3.2.3 Requests 17-28**

As to Requests 17-24, Plaintiff has failed to show why communications with Richard Spencer, Andrew Auernheimer, Sherry Spencer, Rand Spencer, David Duke, Sara Torgerson, or Eric Striker are discoverable. There is no evidence Mr. Spencer, who Plaintiff singles out, or the others were involved with drafting or publishing the statements at issue. However, Mr. Anglin indicated that, to the extent he has any, they will be produced.

Requests 25-28 do not inform the dispute, especially where Plaintiff disclaims the need to prove actual malice. However, Mr. Anglin responded that he produced what he had and there is no basis to suggest anything has been withheld.

**3.2.4 Requests 35-63, 74-78, and 83-88**

Requests 35-63 and 83-88 seek all documents:

- including the words "troll", "troll storm", "troll storms", "Operation Jew Wife", "OperationJewWife", "MizzouProtest", "MizzouProtest", "GamerGate", "Zoe Quinn". "Chelsea Van Valkenburg", and "Alison Rapp";

RANDAZZA | LEGAL GROUP

- Regarding the articles "Thank you for Trolling Alex Jones", "#FreeAnglin: Following Twitter Ban, Andrew Anglin Goes on Hunger Strike, Demands Shaun King Resign", "Game Over: Feminist Child-Sex Advocate Alison Rapp Fired from Nintendo!", "Empress Melania Attacked by Filthy Russian Kike Julia Ioffe in GQ", "Oz: Filthy Haji Slut Mariam Veiszadeh Gets Her Feelings Hurt on the Internet Again", "Oz: Filthy Haji Slut Mariam Veiszadeh Gets Her Feelings Hurt on the Internet Again", "Oz: Filthy Haji Slut Mariam Veiszadeh Gets Her Feelings Hurt on the Internet Again", and "TAKE ACTION: Another Jew Celebrating Vegas Deaths – Let's Tell Him What We Think of This!", "Shit-Tier Bluecheck Moo-Cow Calls for Whites to Stop Breeding to End Supremacy!"; and
- Regarding Erin Shrode, Julia Ioffe, Jonah Goldberg, David French, Mariam Veiszadeh, Magdalena Pegowska, Jessie Daniels, Greg Morelli, Taylor Dumpson, Scott Ernest, Joel Oliphint, Andy Downing, Olivia Flak, Chris Sampson, Jennifer Dalton, Michael Hirsch, William Edward Atchison, Dylan Roof, James Harris Jackson, Thomas Mair, Devon Arthurs, and the United the Right Rally.

If the Court was not previously aware that the SPLC is using this suit as a fishing expedition for completely unrelated matters, these requests make it clear. Defendant informed Plaintiff's counsel that a search would result in hundreds of documents irrelevant to the litigation, but that since the website can be searched using Google and they have access to the forum, the records they seek are generally available to them as kept in the ordinary course of business. Despite this, Defendant produced several of the Daily Stormer articles responsive to the requests, where the responses were one or a handful of articles. Anything else is unduly burdensome, especially in the absence of any relationship to Tanya Gersh.

RANDAZZA | LEGAL GROUP

As to Request 74,[7] Defendant identified the previously produced articles as responsive and Plaintiff can search the forum for responsive documents as kept in the ordinary course of business. Plaintiff cannot show why any other document might be relevant to this case, which revolves around published and publicly available statements.

**3.2.5 Requests 1-9 and 12**

In Requests 1-9 and 12, Plaintiff seeks personal information of Mr. Anglin that she claims is relevant to the issue of subject matter jurisdiction. The Court already ruled against Mr. Anglin on the issue. *See* Order of May 7, 2018, Dkt. No. 86. Plaintiff, not Defendant, is attempting to revive the issue under the guise of a continuing duty of the Court, but she does not say there is a pending dispute. Should Defendant again raise subject-matter jurisdiction, limited discovery may be appropriate. The Court possesses the documents submitted by Mr. Anglin *in camera*; that it came to a different legal conclusion as to domicile does not suggest that his credibility is at issue. Rather, it is apparent that the SPLC is attempting to unnecessarily pinpoint Mr. Anglin's location, confirming his fears of a physical threat.

**3.3 Mr. Anglin's Responses are Sufficient**

Mr. Anglin has abided his obligations under the rules. As Plaintiff observes, the Rules do not specify a precise production date; it must be reasonable. Defendant lodged a number of objections, to be adjudicated herein, and the parties had not completed their meet-and-confer obligations. Counsel for Defendant never committed to producing by Plaintiff's arbitrary deadline; rather, in an effort to avoid piecemeal and sporadic production, Defendant's counsel indicated that any supplemental production might occur within a reasonable time after the conclusion

[7] Requests 75-78 were addressed above and it is unclear why Plaintiff addresses them again.



RANDAZZA | LEGAL GROUP

of the meet-and-confer. Plaintiff was otherwise informed that she had the ability to inspect the business records (website and forum) as they are kept in the ordinary course of business—available to her online.[8] Plaintiff claims she no longer has access to a past forum account, but did not identify it or even mention a lack of access to any responsive documents.[9] For these and the reasons set forth above, no order regarding Requests 17, 29, 30, or 33 is necessary.

As to documents previously produced, Plaintiff issued 18 requests, the responses to which consist of permutations of 28 exhibits submitted in support of Defendant's motion to dismiss. Plaintiff's citation to *Pac. Coast Steel v. Leany*, No. 2:09-cv-02190-KJD-PAL, 2011 U.S. Dist. LEXIS 113848, at *12 (D. Nev. Sep. 29, 2011) is inapposite. In *Leany*, the responding party issued an ambiguous response, saying both that the documents had been produced and that there were none; the order was to set forth which of the inconsistent responses was the applicable one. Similarly, *Fortson v. City of Baldwin*, 699 F. App'x 906, 907 (11th Cir. 2017) was a case where *no* responses to any interrogatory or request for production were given except references to prior filings. Here, Defendant has provided other responses and, as to these particular requests, referred specifically to the exhibits to one motion. Given the limited set of articles at issue, Plaintiff's request for specified itemization constitutes unnecessary make-work.

[8] Plaintiff also claims that the responses to Requests 36, 38, 48-52, 84, and 88 are insufficient, citing cases in which the issue was whether documents were "equally available" to the other side. Defendant is not making an "equally available" argument; responsive documents are available for inspection as they are kept in the ordinary course of business, which happens to be on the internet. Suggesting the use of Google Search was to facilitate Plaintiff's inspection; she is free to review every Daily Stormer article and use her forum account. Moreover, the caselaw as to the "equally available" objection is derived from interrogatories, not requests for production. See, e.g., Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009). This is because "[a] responding party is not generally required to conduct extensive research in order to answer an interrogatory[.]" Foster v. Enenmoh, No. 1:08-cv-01849-LJO-SKO PC, 2012 U.S. Dist. LEXIS 53127, at *2-3 (E.D. Cal. Apr. 13, 2012). Courts that have applied this reasoning to requests for production have done so without explanation or consideration of the extensive research required to respond to a request for production of documents.

[9] She newly claims she no longer has access to this account, though she gives no explanation. Defendant never agreed to create a new account; counsel only agreed to inquire as to the potential for doing so.

RANDAZZA | LEGAL GROUP

Defendant, as noted above, is otherwise significantly concerned about his safety. Unfortunately, Plaintiff refuses to enter into a protective order that would address that issue. The SPLC is not a law firm. It responds to a board that consists of non-lawyers. It does not segregate its litigation team into a fire-walled unit like insurance-company captured firms might. It presented no evidence of ability to preclude non-litigation staff or board members from accessing material that might be designated as Attorneys' Eyes Only. Attorney Morrison and his firm, on the other hand, are fully within the ambit of the Rules of Professional Conduct. Though Defendant does not agree there is any basis for discovery of his personally identifying information as his domicile is not before the Court, any such discovery should be restricted to Attorney Morrison's office alone. Defendant offered the SPLC the opportunity to negotiate a protective order that would bind it to act like a law firm, but it refused.

Under ordinary "Attorneys' Eyes Only" provisions, material produced under such designation may be given to non-lawyer assistants at a law firm because the firm is otherwise obligated under the rules of professional conduct. While attorneys Morris Dees, J. Richard Cohen, David C. Dinielli, and Jim Knoepp may be licensed attorneys, the SPLC is not a law firm; it is a registered 501(c)(3) non-profit *advocacy* organization.[10] When counsel for the parties conferred on this issue, Mr. Anglin's counsel suggested that a protective order would need to have a sufficient "firewall" in place between counsel for Ms. Gersh and non-attorney staff for SPLC, as such staff were not admitted in this matter and did not have the same ethical obligations to the Court as admitted attorneys did. (*See* Dkt. No. 117-1 at ¶ 12.) As a non-law firm advocacy organization, the SPLC cannot otherwise guarantee that the non-

[10] Although such is permissible organization under Mont. R. Prof. Conduct 5.4(d), it is only because it is technically a "nonprofit", despite having a $432.7 million endowment. See https://www.splcenter.org/about/financial-information . The same concerns regarding control by non-lawyers should compel protective measures, especially where the SPLC is fishing for information to use in unrelated litigation, advocacy, and fundraising activities.



RANDAZZA | LEGAL GROUP

lawyer staff will not be able to access and misuse the information provided absent a firewall. The Court previously recognized Mr. Anglin's grave concerns about disclosure of this information to the SPLC. (*See* Dkt. No. 69.)

Counsel for Ms. Gersh refused this idea, despite having well-experienced local counsel in John Morrison who would have access to such information under the proposed protective order. (*See* Dkt. No. 117-1 at ¶ 13.) There is nothing exceptional or unreasonable about this proposed protective order, and the unwillingness of Ms. Gersh's SPLC attorneys to accept it speaks volumes of their intentions regarding this information.

Finally, though Plaintiff may find Defendant's responses "implausible" (Motion at p. 29), she does not explain why that is so. She seems to believe that, where Mr. Anglin extensively quoted and linked to other articles, that he would have retained a separate copy of his source material. But, there is no legitimate expectation that an online publisher, let alone one as transient as Mr. Anglin, would do so.[11]

### 3.4 An Award of Fees is Not Appropriate Under Fed. R. Civ. P. 37(a)

Even if the Court grants Ms. Gersh's motion to compel in its entirety, it should not award Ms. Gersh any attorneys' fees incurred in drafting the motion. Fed. R. Civ. P. 37 (a)(5) provides for a mandatory award of attorneys' fees to a prevailing party in a motion to compel if the other party's conduct necessitated the motion. However, "the court *must not* order this payment if" the moving party failed to meet and confer prior to filing the motion or the opposing party's response was "substantially justified." *See* Fed. R. Civ. P. 37(a)(5)(A)(i)-(ii). Whether a party was "substantially justified" in making, responding to, or objecting to a discovery

[11] To the extent Plaintiff requests Mr. Anglin make certain statements under oath, she may have that opportunity should she take his deposition.



RANDAZZA | LEGAL GROUP

RANDAZZA | LEGAL GROUP

request depends on whether reasonable people could differ as to the matter in dispute. *See United States EEOC v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 435 (D. Nev. 2006); *see also Blair v. CBE Group, Inc.*, 2014 U.S. Dist. LEXIS 131228, *4 (S.D. Cal. Sept. 16, 2014).

For the reasons explained above, reasonable people could differ over the adequacy of Mr. Anglin's responses and objections. Ms. Gersh's discovery requests primarily seek information that is irrelevant to this litigation and appear, instead, to be fishing expeditions for the SPLC's other activities. To the extent any requests seek relevant information, Mr. Anglin provided responses that are proportionate to the needs of the case and the objections were well-founded, even if this Court ultimately overrules them. The lack of a protective order, despite Mr. Anglin's counsel providing reasonable terms for one, further increases the burden of providing all the requested information, as many requests seek Mr. Anglin's personal information, the uncontrolled revelation of which would put him at physical risk. And finally, the other responses contested by Ms. Gersh should be deemed substantially justified where she engaged in identical, reciprocal conduct.

Even assuming, *arguendo*, that no reasonable person could find Mr. Anglin's objections and responses meritorious, the Court still must at the very least not grant Ms. Gersh any fees incurred in connection with discussions of the requests the parties did not confer about, thus failing to comply with Fed. R. Civ. P. 37 and L.R. 26.3, and precluding any fees due to Rule 37(a)(5)(A)(i).

### 3.5 Sanctions are Not Appropriate Under Fed. R. Civ. P. 37 (b)

Ms. Gersh briefly notes that she requests the Court impose sanctions under Fed. R. Civ. P. 37(b) for "blatant lack of cooperation". This request is premised on a misreading Rule 37(b). That rule provides that "[i]f a party . . . fails to obey an *order to provide or permit discovery*," the court may issue sanctions. Fed. R. Civ.

P. 37 (b)(2)(A) (emphasis added). Mr. Anglin violated no order and he has permitted discovery to occur.

## 4.0 CONCLUSION

For the reasons stated above, the Court should deny Ms. Gersh's motion to compel in its entirety.

Dated: December 24, 2018.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,*
*Andrew Anglin*

RANDAZZA | LEGAL GROUP

Case No. 9:17-cv-50-DLC-JCL

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 24, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza

RANDAZZA | LEGAL GROUP