# EXHIBIT C

Plaintiff's Objections and Responses to
Defendant's First Set of Interrogatories

John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

TANYA GERSH,

     Plaintiff,

     vs.

ANDREW ANGLIN, publisher of the *Daily Stormer*,

     Defendant.

Case No.:  9:17-cv-00050-DLC-JCL

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the local rules, Plaintiff Tanya Gersh hereby responds and objects to Defendant Andrew Anglin's First Set of Interrogatories as follows:

Page 1

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

## PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and these objections to Defendant's interrogatories, Plaintiff does not waive, and hereby expressly reserves, her right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that she considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

## GENERAL OBJECTIONS

1. Plaintiff objects to each instruction, definition, and interrogatory to the extent that it purports to impose any requirement or discovery obligation greater than

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each definition, instruction, and interrogatory, to the extent that it seeks information protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, spousal privilege, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

3. Plaintiff objects to each interrogatory to the extent that it seeks information not within the possession, custody, or control of Plaintiff.

4. Plaintiff objects to each interrogatory to the extent that it seeks information outside of the time period relevant to this action.

5. Plaintiff objects to Definition number two ("you" or "your") to the extent that it imposes obligations greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court. Specifically, Plaintiff objects to the extent that Defendant seeks documents from those persons acting, or purporting to act, "with," "on behalf of," or "for" any person other than Plaintiff. Plaintiff also objects to the extent that these interrogatories seek information from any person acting "with" Plaintiff.

6. The parties are currently in negotiations with respect to a Protective Order to protect the release of information that would violate the rights of privacy or subject third parties to harassment, abuse or harm.

7. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive her right to amend her responses.

<u>PLAINTIFF'S OBJECTIONS AND RESPONSES TO INTERROGATORIES</u>

**INTERROGATORY NO. 1:**

Please identify Your present employer and any other employers for the past ten years, including, but not limited to, stating their name(s), their address(es), the date each employment began and ended, Your job duties and approximate annual earnings for each position held.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this interrogatory to the extent that it seeks information protected by the rights to privacy founded in the U.S. and Montana Constitutions and has redacted accordingly. Plaintiff will provide unredacted information subject to a Protective Order.

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

1. Self-employed as Wedding Planner, Tanya Gersh Event Design, 121 Wisconsin Ave, Whitefish, MT 59937, 1997 to 2014, event planning and coordination. According to Plaintiff's Social Security Statement, an average of ███████████.

2. Self-employed as Real Estate agent with PureWest Real Estate, 401 Baker Avenue, Whitefish, MT 59937, 2014 to present, Real Estate sales. Paid on commission, annual earnings of ██████████ (from average of net profit from 2015 and 2016).

**INTERROGATORY NO. 2:**

Please identify the nature and extent of each injury that You contend You suffered as a result of the Incident, and, for each such injury:

(a) Identify all persons and/or facilities that provided any medical, psychological, or therapeutic care or treatment for such injury;

(b) State the known diagnosis/prognosis for such injury; and

(c) State the name, address, policy number, and claim number for any insurance coverage which was/is available for payment of medical expenses relative to the injuries described above and state the amount (if any) of unreimbursed medical expenses incurred by You to date for such injury.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this interrogatory as compound. It consists of four discrete parts, and thus it will be considered four separate interrogatories.

(a) *Nature and extent of injuries suffered as a result of the Incident, including the diagnosis/prognosis of the injury*. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the rights to privacy founded in the U.S. and Montana Constitutions and has redacted accordingly. Plaintiff will provide unredacted information subject to a Protective Order.

Plaintiff suffered the following injuries as a result of the Incident:

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████.

(b) *All persons and/or facilities that provided any medical, psychological, or therapeutic care or treatment for such injury*. Plaintiff objects to this interrogatory to the extent that it seeks information protected by the rights to privacy founded in the U.S. and Montana Constitutions and has

redacted accordingly. Plaintiff will provide unredacted information subject to a Protective Order.

a. Plaintiff saw Scott Ruta, MSPT, ATC, Cped at Whitefish Therapy and Sports Center (███████████████████████) for ████████.

b. Plaintiff saw Raymond H. Garth II, DC at Garth Chiropractic, PC (███████████████████████) for ██████ ██.

c. Plaintiff saw Patricia Cole, MD at Professional Therapy Associates (███████████████████████) for ████████████████████████████.

d. Plaintiff saw Mark Colonna, DDS at the Montana Center for Laser Dentistry (███████████████████████) for ████████████.

e. Plaintiff saw Dennis Randall Beach, MD at the Alpine Women's Center (███████████████████) for ████████ ████████████.

f. Plaintiff saw John N. Kalbfleisch, MD at Glacier Medical Associates (███████████████████████) for ████████████.

g.  Plaintiff saw John Muir, MD at North Valley Behavioral Health (██████████████████████████) for ██████████████ ██████████.

h.  Plaintiff saw Melissa Hartman, LCSW at Hartman Counseling (████████████████████████) for ████████ ████████.

i.  Plaintiff saw Erin Boedeker, L.Ac. at Stillpoint Acupuncture, PLLC (████████████████████████) for ████████████.

(c) *Name, address, policy number, and claim number for any insurance coverage which was/is available for payment of medical expenses relative to the injuries described above.* Plaintiff objects to this interrogatory to the extent that it seeks information protected by the rights to privacy founded in the U.S. and Montana Constitutions and has redacted accordingly. Plaintiff will provide unredacted information subject to a Protective Order.

Montana Health Co-Op at ████████████████████ ████████. ID number ██████████.

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

(d) *Amount (if any) of unreimbursed medical expenses incurred by You to date for such injury.* Plaintiff is still collecting this information and will supplement in the future as necessary.

**INTERROGATORY NO. 3:**

Please describe the nature of all medical, psychological, and/or therapeutic care and treatment of every condition (other than as already addressed in response to the preceding Interrogatory) that You received preceding the Incident until today, identifying the name and address of any treating personnel or facility from whom medical treatment was sought or received, and stating the nature and extent of any residual effects or disabilities from any of the above-described medical conditions.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this interrogatory as overbroad and disproportionate to the needs of the case. Plaintiff will respond to this interrogatory with description of any medical, psychological, and/or therapeutic care and treatment received since April 18, 2012, and with any relevant care or treatment prior to April 18, 2012, that is similar or related to the injuries listed in response to Interrogatory No. 2.

Subject to the foregoing objections, Plaintiff does not have any information responsive to this request.

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

**INTERROGATORY NO. 4:**

If You have ever been involved in any other incident or accident (including any type of assault, vehicular accident, a trip and fall accident, an altercation, or any other incident in which You sustained bodily, mental, and/or emotional injuries), please provide a description of the incident or accident, including the date and location of the incident or accident and identify each person involved in the incident or accident, including Your medical providers, if any, the nature of any injuries sustained by You and, if any claims of any nature were made, the name and address of the person(s) against whom the claim was made.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects to this interrogatory as compound. It consists of four discrete parts, and thus it will be considered four separate interrogatories.

(a) *Description of any incident or accident, including the date and location, that You have been involved in since April 18, 2012.* Plaintiff objects to this interrogatory as overbroad and disproportionate to the needs of the case. Plaintiff will respond to this interrogatory with description of "any other incident or accident" as described above that has occurred since April 18, 2012, and with any relevant incident or accident prior to April 18, 2012, that is similar or related to the injuries listed in response to Interrogatory No. 2. Subject to the foregoing

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

Case 9:17-cv-00050-DLC-JCL   Document 135-3   Filed 02/11/19   Page 12 of 51

objection, Plaintiff does not have any information responsive to this request.

(b) *Description of the nature of any injuries sustained by You during any incident or accident described in Interrogatory No. 4, subsection (a)*. Plaintiff objects to this interrogatory as overbroad and disproportionate to the needs of the case. Plaintiff will respond to this interrogatory with description of "any other incident or accident" as described in Interrogatory No. 4 that has occurred since April 18, 2012, and with any relevant incident or accident prior to April 18, 2012, that is similar or related to the injuries listed in response to Interrogatory No. 2. Subject to the foregoing objection, Plaintiff does not have any information responsive to this request.

(c)  *Identify each person involved in the incident or accident, including Your medical providers, if any*. Plaintiff objects to this interrogatory as overbroad and disproportionate to the needs of the case. Plaintiff will respond to this interrogatory with description of "any other incident or accident" as described in Interrogatory No. 4 that has occurred since April 18, 2012, and with any relevant incident or accident prior to April 18, 2012, that is similar or related to the injuries listed in

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

response to Interrogatory No. 2. Subject to the foregoing objection, Plaintiff does not have any information responsive to this request.

(d) *If any claims of any nature were made, identify the name and address of the person(s) against whom the claim was made.* Plaintiff objects to this interrogatory as overbroad and disproportionate to the needs of the case. Plaintiff will respond to this interrogatory with description of "any other incident or accident" as described in Interrogatory No. 4 that has occurred since April 18, 2012, and with any relevant incident or accident prior to April 18, 2012, that is similar or related to the injuries listed in response to Interrogatory No. 2. Subject to the foregoing objection, Plaintiff does not have any information responsive to this request.

## INTERROGATORY NO. 5:

Please describe the nature and amount of all damages or expenses incurred as a result of the Incident.

## RESPONSE TO INTERROGATORY NO. 5:

Plaintiff objects to this interrogatory as compound. It consists of two discrete parts, and thus it will be considered two separate interrogatories.

(a) *Describe the nature of all damages or expenses incurred as a result of the Incident.* The tortious conduct of Mr. Anglin has led to Plaintiff's

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

injuries including, but not limited to: harm to Ms. Gersh's interests in privacy, Ms. Gersh's severe mental distress, damages to business reputation, and lost earnings. Plaintiff is also entitled to punitive damages because Mr. Anglin acted with actual malice, as well as general, special, compensatory, consequential, and nominal damages. Plaintiff will seasonably supplement this response as required under the Federal Rules

(b) *Describe the amount of all damages or expenses incurred as a result of the Incident*. The damages are in excess of $75,000, with the exact amount to be decided by the jury. In addition, Plaintiff intends to seek attorney fees, costs, and disbursements, to the extent permitted by law. Plaintiff will seasonably supplement this response as required under the Federal Rules

**INTERROGATORY NO. 6:**

Please identify every witness You believe may and/or does have knowledge regarding the events described in Your Complaint and/or the alleged injuries sustained by You in the Incident, including a brief summary of the anticipated testimony or knowledge of such witness.  If you do not possess the name of a witness, please provide other identifying information, including alter ego(s), user name(s), handle(s), account name(s), and the media on which such are used.

**RESPONSE TO INTERROGATORY NO. 6:**

Plaintiff objects to this Interrogatory to the extent that it requests information protected under Article 2, Section 10 of the Montana State Constitution. Any personal information regarding a third party will not be turned over absent a protective order in order not to infringe on their right to privacy.

The following list of individuals is based upon Plaintiff's present or most recent knowledge, information, and belief. Plaintiff will seasonably supplement this response as required under the Federal Rules.

1.  Tanya Gersh
    c/o David Dinielli, Esq.
    Southern Poverty Law Center
    400 Washington Ave.
    Montgomery, AL 36104
    (334) 956-8200

    Tanya Gersh is the Plaintiff in this case and has knowledge of the events giving rise to this lawsuit, including the form, contents, and effects of the troll storm Defendant Andrew Anglin orchestrated against her.

2.  Judah Gersh
    c/o David Dinielli, Esq.
    Southern Poverty Law Center
    400 Washington Ave.
    Montgomery, AL 36104
    (334) 956-8200

    Judah Gersh has knowledge of the events giving rise to this lawsuit, including the form, contents, and effects of the troll storm Defendant Andrew Anglin orchestrated against Ms. Gersh.

3.  J. G.
    c/o David Dinielli, Esq.

Southern Poverty Law Center
400 Washington Ave.
Montgomery, AL 36104
(334) 956-8200

J. G. is the minor son of Tanya and Judah Gersh and has knowledge of the events giving rise to this lawsuit, including the form, contents, and effects of the troll storm Defendant Andrew Anglin orchestrated against him and his mother, Ms. Gersh.

4.   Dr. Mark Colonna
     Montana Center for Laser Dentistry



Dr. Mark Colonna is one of Ms. Gersh's medical providers. He has knowledge of Ms. Gersh's injuries and medical treatment.

5.   Erin Boedeker



Erin Boedeker is one of Ms. Gersh's medical providers. She has knowledge of Ms. Gersh's injuries and medical treatment.

6.   Dr. Raymond Garth



Dr. Raymond Garth is one of Ms. Gersh's medical providers. He has knowledge of Ms. Gersh's injuries and medical treatment.

7.   Dr. Patricia Cole
     Bridge Medical Center

Dr. Patricia Cole is one of Ms. Gersh's medical providers. She has knowledge of Ms. Gersh's injuries and medical treatment.

8. Dr. John Kalbfleisch
   Glacier Medical Associates



Dr. John Kalbfleisch is one of Ms. Gersh's medical providers. He has knowledge of Ms. Gersh's injuries and medical treatment.

9. Melissa Hartman



Melissa Hartman is one of Ms. Gersh's medical providers. She has knowledge of Ms. Gersh's injuries and medical treatment.

10. Scott Ruta
    Whitefish Therapy & Sport Center



Scott Ruta is one of Ms. Gersh's medical providers. He has knowledge of Ms. Gersh's injuries and medical treatment.

11. Dr. J. Douglas Muir
    North Valley Behavioral Health



Dr. J. Douglas Muir is one of Ms. Gersh's medical providers. He has knowledge of Ms. Gersh's injuries and medical treatment.

12. Michael Viscomi
    Viscomi, Gersh, Simpson & Joos, PLLP



Michael Viscomi has knowledge of the harassing calls received by Mr. Gersh's law firm after Mr. Anglin launched his troll storm.

13. Caleb Simpson
    Viscomi, Gersh, Simpson & Joos, PLLP



Caleb Simpson has knowledge of the harassing calls received by Mr. Gersh's law firm after Mr. Anglin launched his troll storm.

14. Brian Joos
    Viscomi, Gersh, Simpson & Joos, PLLP



Brian Joos has knowledge of the harassing calls received by Mr. Gersh's law firm after Mr. Anglin launched his troll storm.

15. Christi Smith
    Viscomi, Gersh, Simpson & Joos, PLLP



Christi Smith has knowledge of the harassing calls received by Mr. Gersh's law firm after Mr. Anglin launched his troll storm.

16. Randi Johnson
    Viscomi, Gersh, Simpson & Joos, PLLP



Ms. Johnson has knowledge of the harassing calls received by Mr. Gersh's law firm after Mr. Anglin launched his troll storm.

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

17.  Francine Roston
     c/o David Dinielli, Esq.
     Southern Poverty Law Center
     400 Washington Avenue
     Montgomery, AL 36104
     (334) 956-8200

     Francine Roston has knowledge of the events giving rise to this lawsuit,
     including the injuries Ms. Gersh has suffered.

18.  Allen Secher
     c/o David Dinielli, Esq.
     Southern Poverty Law Center
     400 Washington Avenue
     Montgomery, AL 36104
     (334) 956-8200

     Allen Secher has knowledge of the events giving rise to this lawsuit,
     including the injuries Ms. Gersh has suffered.

19.  Ina Albert
     c/o David Dinielli, Esq.
     Southern Poverty Law Center
     400 Washington Avenue
     Montgomery, AL 36104
     (334) 956-8200

     Ina Albert has knowledge of the events giving rise to this lawsuit,
     including the injuries Ms. Gersh has suffered.

20.  Jen Runnels
     Tree Hugger Soap Co.
     

     Jen Runnels has knowledge of the events giving rise to this lawsuit,
     including Defendant Andrew Anglin's targeting of her business, Tree
     Hugger Soap Co., and the community of Whitefish's response to
     Defendant Andrew Anglin's attack.

21. Alex Maetzold
    Buffalo Café



Alex Maetzold has knowledge of the events giving rise to this lawsuit, including Defendant Andrew Anglin's targeting of his business, the Buffalo Café.

22. Peter Edland
    The Walking Man Frame Shop & Gallery



Peter Edland has knowledge of the events giving rise to this lawsuit, including Defendant Andrew Anglin's targeting of his business, The Walking Man Frame Shop & Gallery

23. Becky Horning
    Amazing Crêpes



Becky Horning has knowledge of the events giving rise to this lawsuit, including Defendant Andrew Anglin's targeting of her business, Amazing Crêpes.

24. Todd Horning
    Amazing Crêpes



Todd Horning has knowledge of the events giving rise to this lawsuit, including Defendant Andrew Anglin's targeting of her business, Amazing Crêpes.

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

25. Paula Greenstein
    Wasabi Sushi Bar



Paula Greenstein has knowledge of the events giving rise to this lawsuit, including harassment directed toward her business, Wasabi Sushi Bar, and toward Ms. Gersh.

26. Sean Averill
    PureWest Real Estate



Sean Averill has knowledge of the events giving rise to this lawsuit, including harassment directed toward his various business ventures and toward Ms. Gersh and his various business ventures.

27. Scott Strellenauer
    PureWest Real Estate



Scott Strellenauer has knowledge of the events giving rise to this lawsuit, including harassment directed toward Ms. Gersh and PureWest Real Estate.

28. Laura O'Connor
    PureWest Real Estate



Laura O'Connor has knowledge of the events giving rise to this lawsuit, including harassment directed toward Ms. Gersh and PureWest Real Estate.

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

29. Magdalena Pegowska



Magdalena Pegowska has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against her.

30. Luciana Berger



Luciana Berger has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against her.

31. John Mann



John Mann has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against him.

32. Allison Rapp



Allison Rapp has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against her.

33. Julia Ioffe
    The Atlantic Magazine



Julia Ioffe has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against her.

34. Erin Schrode



Erin Schrode has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against her.

35. Ann Donnelly



Ann Donnelly has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against her.

36. Olivia Flak



Olivia Flak has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against her.

37. Taylor Dumpson



Taylor Dumpson has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against her.

38. Chris Sampson



Chris Sampson has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against him.

39. Jennifer Fuqua



Jennifer Fuqua has knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against her.

40. Kevin Gartland
    Whitefish Chamber of Commerce



Kevin Gartland has knowledge of the events giving rise to this lawsuit, including complaints about Ms. Gersh received by the Whitefish Chamber of Commerce as a result of Defendant Andrew Anglin's attack.

41. Marilyn Nelson
    Nelson's ACE Hardware



Marilyn Nelson has knowledge of the events giving rise to this lawsuit, including community meetings where protests or boycotts of Sherry Spencer's building were discussed.

42. City Council Member Frank Sweeney



Frank Sweeney has knowledge of the events giving rise to this lawsuit.

43. Mayor John Muhlfeld
    City Hall



John Muhlfeld has knowledge of the events giving rise to this lawsuit.

44. Megan Grunow
    Address Unknown

Megan Grunow has knowledge of the events giving rise to this lawsuit.

45.  Dawn Hashley
     Muldown Elementary School



Dawn Hashley has knowledge of the events giving rise to this lawsuit, including the effect of Defendant Andrew Anglin's troll storm on Ms. Gersh's younger son M.G.

46.  Will Randall



Will Randall has knowledge of the events giving rise to this lawsuit, including the community of Whitefish's response to Defendant Andrew Anglin's attack on Ms. Gersh.

47.  Steve Candler
     Gallatin Association of Realtors



Steve Candler has knowledge of the events giving rise to this lawsuit, including complaints about Ms. Gersh's realty business received by the Gallatin Association of Realtors as a result of Defendant Andrew Anglin's attack.

48.  Jeri Moon
     Montana Association of Realtors



Jeri Moon has knowledge of the events giving rise to this lawsuit, including complaints about Ms. Gersh's realty business received by the Montana Association of Realtors as a result of Defendant Andrew Anglin's attack.

49. Jennifer Stalkamp
    Montana Board of Realty Regulation

    

    Jennifer Stalkamp has knowledge of the events giving rise to this lawsuit,
    including complaints about Ms. Gersh's realty business received by the
    Montana Board of Realty Regulation.

50. Sherry Spencer
    c/o Sean Frampton
    Frampton Purdy Law Firm
    530 W. 19th Street
    Whitefish, MT 59937
    (406) 862-9600

    Sherry Spencer has knowledge of the events giving rise to this lawsuit,
    including communications with Ms. Gersh that Defendant Andrew Anglin
    cited when calling for a troll storm against Ms. Gersh.

51. Richard Spencer
    c/o John DiNucci
    Law Office of John A. DiNucci
    8180 Greensboro Drive, Suite 1150
    McLean, Virginia 22102
    (703) 821-4232

    Richard Spencer has knowledge of the events giving rise to this lawsuit,
    including communications between his mother, Sherry Spencer, and Ms.
    Gersh upon which Defendant Andrew Anglin relied when calling for a troll
    storm against Ms. Gersh.

52. Rand Spencer

    

    Phone Number Unknown

    Rand Spencer has knowledge of the events giving rise to this lawsuit,
    including communications between his wife, Sherry Spencer, and Ms.
    Gersh—communications that Defendant Andrew Anglin cited when
    calling for a troll storm against Ms. Gersh.

53. Nina Koupriianova
c/o Don Murray
Address Unknown
Phone Number Unknown
dmurray@hashlaw.com

Nina Koupriianova has knowledge of the events giving rise to this lawsuit,
including communications between Sherry Spencer and Ms. Gersh upon
which Defendant Andrew Anglin relied when calling for a troll storm
against Ms. Gersh.

54. Jeannine Trousdale



Jeannine Trousdale is believed to have knowledge of the events giving rise
to this lawsuit, including communications between Sherry Spencer and Ms.
Gersh upon which Defendant Andrew Anglin relied when calling for a troll
storm against Ms. Gersh.

55. Sandee Tesmer



Sandee Tesmer has knowledge of the events giving rise to this lawsuit,
including communications between Ms. Gersh and Sherry Spencer.

56. Michelle Tafoya



Michelle Tafoya has knowledge of the events giving rise to this lawsuit,
including the character and reputation of Sherry Spencer.

57. Tanya Island



Tanya Island has knowledge of the events giving rise to this lawsuit,
including the character and reputation of Sherry Spencer.

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

58.  Kelly Laabs



Kelly Laabs has knowledge of the events giving rise to this lawsuit, including Ms. Gersh's efforts to warn tenants of Ms. Spencer's building that a protest might occur.

59.  Courtney Laabs



Courtney Laabs has knowledge of the events giving rise to this lawsuit, including Ms. Gersh's efforts to warn tenants of Ms. Spencer's building that a protest might occur.

60.  Craig Mungas



Craig Mungas has knowledge of the events giving rise to this lawsuit, including Ms. Gersh's efforts to warn tenants of Ms. Spencer's building that a protest might occur.

61.  Sara Torgerson



Sara Torgerson has knowledge of the events giving rise to this lawsuit, including Ms. Gersh's efforts to warn tenants of Ms. Spencer's building that a protest might occur.

62.  Jene Morrison



Jene Morrison has knowledge of the events giving rise to this lawsuit.

63. Rachel Star



Rachel Star has knowledge of the events giving rise to this lawsuit.

64. Melissa Piccoli



Melissa Piccoli has knowledge of the events giving rise to this lawsuit.

65. Jeremy Palmer



Jeremy Palmer has knowledge of the events giving rise to this lawsuit.

66. Andrew Anglin
    c/o Marc J. Randazza
    Randazza Legal Group
    4035 S. El Capitan Way
    Las Vegas, Nevada 89147

Andrew Anglin is the defendant in this lawsuit and has knowledge of the events giving rise to this lawsuit.

67. Andrew Auernheimer, a.k.a. "weev"



Andrew Auernheimer has knowledge of the events giving rise to this lawsuit, including the operation of the Daily Stormer website.

68. Joseph Jordan, a.k.a. "Eric Striker"



Joseph Jordan has knowledge of the events giving rise to this lawsuit,

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

including the contents, nature, and purpose of articles he authored on the Daily Stormer that furthered the troll storm against Ms. Gersh.

69. Robert Warren Ray, a.k.a. "Azzmador"



Robert Warren Ray (the person who uses the screenname "Azzmador" on the Daily Stormer website) has knowledge of the events giving rise to this lawsuit, including the structure and identities of the Daily Stormer's leadership.

70. Scott Kelley Earnest



Scott Kelley Earnest has knowledge of the events giving rise to this lawsuit, as well as knowledge of the effects of Defendant Andrew Anglin's call for a troll storm against him.

71. April Gaede



April Gaede has knowledge of the events giving rise to this lawsuit, including posts on the internet about Ms. Gersh.

72. Whitefish Police Chief Bill Dial



Chief Bill Dial has knowledge of the events giving rise to this lawsuit.

73. Whitefish Police Assistant Chief Bridger Kelch



DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

Assistant Chief Bridger Kelch has knowledge of the events giving rise to this lawsuit.

74. City Attorney Angela Jacobs



Angela Jacobs has knowledge of the events giving rise to this lawsuit.

75. Special Agent Shawn Hall
FBI/Kalispell RA



Shawn Hall has knowledge of the events giving rise to this lawsuit.

76. Special Agent Jason D. Grende
FBI/Kalispell RA



Jason D. Grende has knowledge of the events giving rise to this lawsuit.

77. All persons (identities and locations unknown) who sent messages of any sort to Ms. Gersh or her family or other Whitefish residents relating to the accusations and directions published by Mr. Anglin.

78. All persons (identities and locations unknown) who posted messages or reactions on the Daily Stormer Message Board or elsewhere relating to articles posted on the Daily Stormer by Mr. Anglin or others about Ms. Gersh.

**INTERROGATORY NO. 7:**

Please state whether You intend to utilize the services of any experts in preparation for trial of this lawsuit and/or to support or investigate any of the

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

allegations made by You and, for such expert(s), please describe and identify him or her, the expert's complete educational and professional background, and the nature and substance of said expert's opinion or findings.

**RESPONSE TO INTERROGATORY NO. 7:**

Plaintiff objects to this interrogatory as compound. It consists of two discrete parts, and thus it will be considered two separate interrogatories.

Plaintiff responds as follows:

(a) *Please state whether You intend to utilize the services of any experts in preparation for trial of this lawsuit and/or to support or investigate any of the allegations made by You and, for such expert(s)*. Plaintiff objects to this interrogatory as premature. At this time, Plaintiff has no made no final decision as to whether she may utilize the services of an expert to support her claims, but she reserves the right to utilize an expert. Plaintiff will seasonably supplement this response as required under the Federal Rules.

(b) *Please describe and identify him or her, the expert's complete educational and professional background, and the nature and substance of said expert's opinion or findings*. Plaintiff objects to this interrogatory as premature. Plaintiff has made no final decision as to who she may utilize as an expert to support her claims, but she reserves

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

the right to utilize an expert. Plaintiff will seasonably supplement this response as required under the Federal Rules.

## INTERROGATORY NO. 8:

If You contend that Mr. Anglin was in any way at fault for causing Your alleged injuries described in the Complaint, describe the action(s) or inaction(s) which You contend constitute fault on behalf of Mr. Anglin and which You contend was a cause of the alleged injuries, identify all persons whom You believe may or will support Your contention, and identify all known documents that you believe support this contention.

## RESPONSE TO INTERROGATORY NO. 8:

Plaintiff objects to this interrogatory as compound. It consists of three discrete parts, and thus it will be considered three separate interrogatories.

(a) *Describe the action(s) or inaction(s) which You contend constitute fault on behalf of Mr. Anglin and which You contend was a cause of the alleged injuries*. Plaintiff has described in detail Mr. Anglin's actions and inactions that caused Plaintiff's injuries in her Complaint, ECF 1, Preliminary Pretrial Statement, ECF 33, Response in Opposition to Defendant's Motion to Dismiss, ECF 50, and Response in Opposition to Defendant's Objections to the May 3, 2018, Findings

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

and Recommendations, ECF 98. Plaintiff refers to the relevant sections of those pleadings in response to this interrogatory.

To reiterate Plaintiff's assertions in those previous filings, Defendant launched a "troll storm" (a coordinated, repulsive, threatening campaign of anti-Semitic harassment) against Plaintiff on the basis of her Jewish identity through his website Daily Stormer, which is a neo-Nazi web site with hundreds of thousands of visitors each month that takes its name from the infamous anti-Semitic Nazi paper Der Stürmer. The Daily Stormer has become notorious for terrorizing individuals through similar campaigns in the past. Mr. Anglin is the publisher of this website.

Mr. Anglin turned his horde of anti-Semitic fanatics loose on Ms. Gersh in a series of Daily Stormer articles he started publishing in December 2016. These articles caused his followers to overwhelm Ms. Gersh with hundreds of hateful and threatening anti-Semitic phone calls, voicemails, text messages, emails, letters, social media comments, and false online business reviews. Mr. Anglin made his initial call to arms in a December 16, 2016 article that urged "Let's Hit Em Up[.] Are y'all ready for an old fashioned Troll Storm? Because AYO [hey you] – it's that time, fam [family] ." To maximize the troll

storm's terrorizing effect on Ms. Gersh, Mr. Anglin and his followers even targeted her twelve-year-old son. Mr. Anglin called him a "scamming little kike" and a "creepy little faggot " in his December 16, 2016 article.

To assist his white nationalist "fam," Mr. Anglin provided phone numbers, email addresses, and links to social media profiles for Ms. Gersh, her immediate family members (including her twelve-year-old son), her friends, and her colleagues. Mr. Anglin also provided his followers with online discussion forums where the followers could trade ideas and information for carrying out the harassment. Mr. Anglin even urged his followers to seek Ms. Gersh out in person: "And hey – if you're in the area, maybe you should stop by and tell her in person what you think of her actions."

Mr. Anglin also posted a Nazi-fied image of Ms. Gersh in the December 16, 2016 article that comes up as a top online search result for Ms. Gersh's name: a snapshot of Ms. Gersh in front of a fireplace, recalling the crematoria of Nazi Germany, superimposed with a yellow Star of David bearing the label "Jude," German for "Jew," in reference to the stars Jews were required to wear by the Nazi regime before and during World War II.

Mr. Anglin's white nationalist fanatics, operating at his urging and exhortation, answered his call and directed hundreds of anti-Semitic, hateful, harassing communications—including death threats—to Ms. Gersh, her family members, her friends, and her colleagues. Mr. Anglin further encouraged his followers to contact and harass Ms. Gersh by responding to comments left by his followers in the Daily Stormer forums associated with the articles. For example, when a follower posted a comment expressing concern about placing a call to the Gershes, Mr. Anglin responded to the comment by writing, "Just do it." Another follower expressed uneasiness after having called Ms. Gersh's husband's place of employment, and Mr. Anglin responded that the uneasiness was a result of the follower's female identity. Mr. Anglin responded "YES!!" to another follower who stated that they contacted the clients of Ms. Gersh's husband to tell them they were concerned that their attorney's wife was "involved in terrorist activities." Mr. Anglin deliberately initiated a systematic campaign of harassment of Ms. Gersh.

(b) *Identify all persons whom You believe may or will support Your contention.* Plaintiff anticipates that each person identified in response

to Interrogatory 6 will support her contention that Defendant is at fault for causing Plaintiff's injuries.

(c) *Identify all known documents that you believe support this contention.*

    i.   Dec. 16, 2016, Daily Stormer article by Andrew Anglin titled "Jews Targeting Richard Spencer's Mother for Harassment and Extortion- Take Action!"

    ii.   Dec. 16, 2016, Daily Stormer forum/comments section for "Jews Targeting Richard Spencer's Mother for Harassment and Extortion- Take Action!" and the posts therein

    iii.   Dec. 17, 2016, Daily Stormer article by Andrew Anglin titled "Neo-Nazis Demand Tanya Gersh Sell Her Home, Give the Money to NPI"

    iv.   Dec. 17, 2016, Daily Stormer forum/comments sections for "Neo-Nazis Demand Tanya Gersh Sell Her Home, Give the Money to NPI" and the posts therein

    v.   Dec. 19, 2016, Daily Stormer article by Andrew Anglin titled "Lying Jew Media Says Stormer "Threatened" Jewish Racketeers Extorting the Spencer Family"

vi.   Dec. 19, 2016, Daily Stormer forum/comments section for "Lying Jew Media Says Stormer "Threatened" Jewish Racketeers Extorting the Spencer Family" and the posts therein

vii.   Dec. 19, 2016, Daily Stormer article by Andrew Anglin titled "Montana State University employee Scott Kelley Ernest Using School Resources to Attack Protected Speech!"

viii.   Dec. 21, 2016, Daily Stormer article by Eric Striker titled "Daily Stormer Exposes Montana Jew Racketeers- Jew Criminals Claim They're the Victims and Call the Feds"

ix.   Dec. 21, 2016, Daily Stormer forum/comments section for "Daily Stormer Exposes Montana Jew Racketeers- Jew Criminals Claim They're the Victims and Call the Feds" and the posts therein

x.   Dec. 21, 2016, Daily Stormer article by Andrew Anglin titled "(((Neverending story))): Jews Respond to Chaos! In Whitefish Montana"

xi.   Dec. 21, 2016, Daily Stormer forum/comments section for "(((Neverending story))): Jews Respond to Chaos! In Whitefish Montana" and the posts therein

xii.   Dec. 22, 2016, Daily Stormer article by Andrew Anglin titled "Operation Whitefish: New List of Collaborators With Jew Racketeers- Take Action"

xiii.   Dec. 22, 2016, Daily Stormer forum/comments section for "Operation Whitefish: New List of Collaborators With Jew Racketeers- Take Action" and the posts therein

xiv.   Dec. 22, 2016, Daily Stormer article by Andrew Anglin titled "Whitefish: Montana Governor Flying into Defend Jewish Racketeers From Online Criticism! [Update: Canceled]"

xv.   Dec. 22, 2016, Daily Stormer forum/comments section for "Whitefish: Montana Governor Flying into Defend Jewish Racketeers From Online Criticism! [Update: Canceled]" and the posts therein

xvi.   Dec. 23, 2016, Daily Stormer article by Andrew Anglin titled "Whitefish Game-Changer: Love Lives Here Throws Tanya Gersh Under the Bus!"

xvii.   Dec. 23, 2016, Daily Stormer forum/comments section for "Whitefish Game-Changer: Love Lives Here Throws Tanya Gersh Under the Bus!" and the posts therein

xviii.   Dec. 23, 2016, Daily Stormer by Jez Turner titled "Hope Not Hate Threatens to Sue Niegel Farage: Another Jewish Anti-Gentile Charity Rattles the Collecting Tin"

xix.   Dec. 26, 2016, Daily Stormer post by David Duke titled "Dr. Duke and Richard Spencer Discuss the Most Important Issues of Our Time"

xx.   Dec. 27, 2016, Daily Stormer article by Andrew Anglin titled "David Duke and Andrew Anglin: The Jewish Attack on the White Race and the Coming Whitefish March"

xxi.   Dec. 27, 2016, David Duke Show podcast featuring Andrew Anglin titled "Dr. Duke and Andrew Anglin – The Lesson of Whitefish & Standing Up to the Heart of Evil!"

xxii.   Dec. 27, 2016, Daily Stormer forum/comments section for "David Duke and Andrew Anglin: The Jewish Attack on the White Race and the Coming Whitefish March" and the posts therein

xxiii.   Dec. 27, 2016, Daily Stormer article by Andrew Anglin titled "White Genocide Professor Lashes Out- Not Sorry"

xxiv.   Dec. 28, 2016, Daily Stormer article by Andrew Anglin titled "Montana Officials Sign Letter Backing Jewish Racketeers Extorting Local Woman"

xxv. Dec. 28, 2016, Daily Stormer forum/comments section for "Montana Officials Sign Letter Backing Jewish Racketeers Extorting Local Woman" and the posts therein

xxvi. Jan. 5, 2017, Daily Stormer article by Andrew Anglin titled "March on Whitefish Moves Forward"

xxvii. Jan. 5, 2017, Daily Stormer forum/comments section for "March on Whitefish Moves Forward" and the posts therein

xxviii. Jan. 6, 2017, Daily Stormer article by Lawrence Murray titled "Alt-Right 2016: The Current Year in Review"

xxix. Jan. 8, 2017, Daily Stormer article by Ben Richards titled "JDL Kike Terrorist Meir Weinstein Threatens to Kick Richard Spencer Head In"

xxx. Jan. 8, 2017, Daily Stormer article by Andrew Anglin titled "World Jewish Congress President Demands Montana Shut Down Stormer Nazi March on Whitefish!"

xxxi. Jan. 8, 2017, Daily Stormer forum/comments section for "World Jewish Congress President Demands Montana Shut Down Stormer Nazi March on Whitefish!" and the posts therein

xxxii.    Jan. 10, 2017, Daily Stormer post by David Duke titled "The David Duke Show: Exposing Jewish Supremacism with Richard Spencer"

xxxiii.    Jan. 10, 2017, Daily Stormer article by Andrew Anglin titled "Whitefish Local Government Attempting to Cockblock Stormer March!"

xxxiv.    Jan. 11, 2017, Daily Stormer article by Andrew Anglin titled "March on Whitefish to be Postponed After Jewish Trickery"

xxxv.    Jan. 18, 2017, Daily Stormer article by Eric Striker titled "Communists and Anarchists Converge on Whitefish to Defend World's Richest Ethnic Group"

xxxvi.    Jan. 18, 2017, Daily Stormer forum/comments section for "Communists and Anarchists Converge on Whitefish to Defend World's Richest Ethnic Group" and the posts therein

xxxvii.    Jan. 19, 2017, Daily Stormer article by Andrew Anglin titled "Whitefish: Christ-Killing Kikes Trying to Have Daily Stormer Classified as a Terrorist Group…!"

xxxviii.    Jan. 19, 2017, Daily Stormer forum/comments section for "Whitefish: Christ-Killing Kikes Trying to Have Daily Stormer Classified as a Terrorist Group…!" and the posts therein

xxxix.   Jan. 19, 2017, Daily Stormer article by Andrew Anglin titled "Washington Prepares for Full-on Assault During Inauguration"

xl.   Jan. 19, 2017, Daily Stormer article by Eric Striker titled "Rabbinical Council Gathers in Whitefish Montana to Fight Daily Stormer"

xli.   Jan. 21, 2017, Daily Stormer post by Azzmador titled "The Krypto Report: Episode II: The Trumpenkrieg Begins, with Azzmador, Ken, and Andrew Anglin"

xlii.   Feb. 3, 2017, Daily Stormer article by Eric Striker titled "Jews, Capitalists and Catladies Pour Money into ACLU to Keep Invaders in America"

xliii.   Feb. 9, 2017, Daily Stormer article by Eric Striker titled "Ex-Pentagon Official (((Rosa Brooks))) Suggests Military Coup, Then Claims to be Victim of 'Anti-Semitism'"

xliv.   Feb. 17, 2017, Daily Stormer article by Andrew Anglin titled "Local Fake News Gives Anglin the Hitler Treatment"

xlv.   Dec. 17, 2016, Stormfront post by SunMaster titled "(((Tanya Gersh))) illegally threatened Richard Spencer's mother to hire her as real estate agent or face protest"

    xlvi.    Dec. 17, 2016, email sent to ███████████.com from Laron McKnight titled "Sherry Spencer"

    xlvii.    Dec. 20, 2016, email sent to John Muhlfeld from Marty Felton titled "jews in whitefish"

    xlviii.    Dec. 23, 2016, email sent to ██████████ from ████████████████ titled "Looking for information"

    xlix.    Four forum posts by Melanie Rose titled "Re: March on Whitefish to be postponed after Jewish trickery"

    l.    Daily Stormer BBS Dec. 2016 feed for Montana Book Club

    li.    All messages identified in Plaintiff's Preliminary Statement, ECF 33.

## INTERROGATORY NO. 9:

If You contend that any third party who sent You, a member of You family, or a colleague of Yours one or more messages as part of the alleged "troll storm" was in any way at fault for causing Your alleged injuries described in the Complaint, describe the action(s) or inaction(s) which You contend constitute fault on behalf of the third party and which You contend was a cause of the alleged injuries and the degree, amount, and/or percentage of such third party's fault.

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

**RESPONSE TO INTERROGATORY NO. 9:**

Plaintiff objects to this interrogatory as compound. It consists of two discrete parts, and thus it will be considered two separate interrogatories.

(a) *Describe the action(s) or inaction(s) which You contend constitute fault on behalf of the third party and which You contend was a cause of the alleged injuries*. At this time, Plaintiff has no knowledge or information that a third party was involved in the launching of the troll storm against Plaintiff, here referred to as the "Incident." Plaintiff will seasonably supplement this response as required under the Federal Rules.

(b) *Degree, amount, and/or percentage of such third party's fault*. At this time, Plaintiff has no knowledge or information that a third party at fault for launching the troll storm against Plaintiff, here referred to as the "Incident." Plaintiff will seasonably supplement this response as required under the Federal Rules.

**INTERROGATORY NO. 10:**

If You believe that any of Your actions or inactions caused or contributed to the Incident and/or the resulting alleged injuries, describe in detail those actions or inactions You believe caused or contributed to the Incident and/or alleged injuries, and why You believe this.

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

**RESPONSE TO INTERROGATORY NO. 10:**

Plaintiff's does not believe that her actions or inactions caused or contributed to the Incident and/or the resulting injuries.

**INTERROGATORY NO. 11:**

If You are claiming any lost wages and/or impairment to Your earning capacity as a result of the Incident giving rise to this lawsuit, please describe such loss, stating the name and address of each employer from which You lost or will lose employment time, the dates You were unable to work, the time You lost or will lose from each employer, and the wages You lost or will lose as a result of the Incident.

**RESPONSE TO INTERROGATORY NO. 11:**

Plaintiff objects to this interrogatory to the extent that it seeks information protected by the rights to privacy founded in the U.S. and Montana Constitutions and has redacted accordingly. Plaintiff will provide unredacted information subject to a Protective Order.

Plaintiff suffered impaired earing capacity during 2017 as a result of the Incident. Plaintiff earned ███████ in 2015 and ███████ in 2016. However, Plaintiff only grossed ███████ in 2017. Plaintiff often did not answer her phone for fear of being harassed, which caused her to miss potential new client calls, and

both buyers and sellers avoided working with her for fear of being targeted for harassment, as well.

In addition to the above, Plaintiff will seasonably supplement this response as required under the Federal Rules.

**INTERROGATORY NO. 12:**

If You have made a claim for any benefits, under any policy of insurance relating to the injuries, unemployment, losses, or damages arising out of the Incident and, please describe such claim, stating the following as to each policy: provide the name and address of the insurance company or organization to whom the claim was made, the date of the claim or application, and the policy number.

**RESPONSE TO INTERROGATORY NO. 12:**

Plaintiff responds that her medical providers submitted relevant claims directly to her insurance companies, and as Plaintiff did not exceed her insurance deductible, no relevant claims were made by Plaintiff. Plaintiff refers to her response to Interrogatory No. 2 to the extent that that response is relevant to and the information sought is duplicative of this interrogatory.

**INTERROGATORY NO. 13:**

Please describe with specificity any statement, conversation, or comment You have made to or had with any journalist, blogger, or other media entity concerning the facts alleged in and/or persons or entities referenced in Your

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

Complaint filed in this matter (ECF No. 1), including, but not limited to, any conversations You have had with ABC Fox Montana.

**RESPONSE TO INTERROGATORY NO. 13:**

Plaintiff objects to this interrogatory because it seeks information protected under the First Amendment. *See*, *e.g.*, *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 437 (10th Cir. 1977) (recognizing the Supreme Court's recognition of a privilege which protects information given in confidence to a reporter and noting that any infringement of the First Amendment must be held to a minimum that is to be no more extensive than the necessities of the case) (citing *Branzburg v. Hayes,* 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)).

**INTERROGATORY NO. 14:**

Please identify and describe with specificity each communication, including the date, time, method, and content thereof, You, a member of Your family, your employer, your co-workers, your friends, your acquaintances, or your colleagues have received, whether verbal or written, that is part of the alleged "troll storm" that You claim caused or contributed to any injuries You claim to have suffered.

**RESPONSE TO INTERROGATORY NO. 14:**

Plaintiff objects to this interrogatory as unduly burdensome and disproportionate to the needs of the case. Plaintiff, in response to this interrogatory, refers to the documents produced in response to Defendant's

Requests for Production Nos. 3-8, 13, 15, and 23-45. Plaintiff will produce additional documents as is necessary to respond to this interrogatory.

Subject to the foregoing objection, Plaintiff responds that a number of harassing phone calls were received at Viscomi & Gersh, which is the law office of Plaintiff's husband. A record of those phone calls is not within the possession, custody or control of Plaintiff. However, the following individuals identified in response to Interrogatory No. 6 would have the best knowledge of those phone calls: Christi Smith and Randi Johnson.

**INTERROGATORY NO. 15:**

Please identify and describe with specificity all communications You have had with Sherry Spencer from January 1, 2016 to the present.

**RESPONSE TO INTERROGATORY NO. 15:**

Under Fed. R. Civ. P. 33, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts, unless otherwise stipulated or ordered by the Court. Plaintiff thus objects to this interrogatory as outside the numerical limit imposed by the federal rules.

DATED October 25, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

<u>Verification of Interrogatory Answers</u>

I, Tanya Gersh, verify under penalty of perjury that I am the plaintiff in this action,

that I have read the foregoing answers to interrogatories and know the contents

thereof, and the same are true to my knowledge, information and belief.

DocuSigned by:

*Tanya Gersh*

74C7A83B5B684B2...

Signature of Plaintiff Tanya Gersh

DocuSign Envelope ID: AB512458-3A2D-4047-A54E-62BFA988AE78

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was sent via email

and first class U.S. Mail to counsel for the Defendant, as follows:

Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, Montana 59801
matstevenson@bigskylegal.com
*Attorney for Defendant Andrew Anglin*

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
mjr@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
jmw@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

on this 25th day of October, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff