# __EXHIBIT D__

Plaintiff's Objections and Responses to
Defendant's First Set of Requests for Production
of Documents

John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

Morris Dees*
J. Richard Cohen*
David C. Dinielli*
Jim Knoepp*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
morris.dees@splcenter.org
richard.cohen@splcenter.org
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

TANYA GERSH,

      Plaintiff,

      vs.

ANDREW ANGLIN, publisher of
the *Daily Stormer*,

      Defendant.

Case No.:  9:17-cv-00050-DLC-JCL

**PLAINTIFF'S OBJECTIONS AND
RESPONSES TO DEFENDANT'S
FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

Plaintiff, by and through her attorneys, and pursuant to Rule 34 of the

Federal Rules of Civil Procedure and the Local Rules of this Court, responds and

objects to Defendant Anglin's ("Anglin") Requests for Production of Documents

as follows:

1

## PRELIMINARY STATEMENT

1. Plaintiff's investigation and development of all facts and circumstances relating to this action is ongoing. These responses and objections are made without prejudice to, and are not a waiver of, Plaintiff's right to rely on other facts or documents at trial.

2. By making the accompanying responses and these objections to Defendant's requests for production, Plaintiff does not waive, and hereby expressly reserves, her right to assert any and all objections as to the admissibility of such responses into evidence in this action, or in any other proceedings, on any and all grounds including, but not limited to, competency, relevancy, materiality, and privilege. Further, Plaintiff makes the responses and objections herein without in any way implying that she considers the requests or responses thereto to be relevant or material to the subject matter of this action.

3. Plaintiff will produce responsive documents only to the extent that such documents are in her possession, custody, or control, as set forth in the Federal Rules of Civil Procedure.

4. Plaintiff expressly reserves the right to supplement, clarify, revise, or correct any or all of the responses and objections herein, and to assert additional objections or privileges, in subsequent supplemental response(s).

5. Plaintiff will make available for inspection responsive documents and things at her local attorney's office (401 N. Last Chance Gulch St., Helena, MT 59601) or as otherwise agreed by the parties.

## GENERAL OBJECTIONS

1. Plaintiff objects to each instruction, definition, and document request to the extent that it purports to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure and the applicable Rules and Orders of the Court.

2. Plaintiff objects to each definition, instruction, and document requests, to the extent that it seeks documents protected from disclosure by the attorney-client privilege, attorney work product doctrine, spousal privilege, or any other applicable privilege. Should any such disclosure by Plaintiff occur, it is inadvertent and shall not constitute a waiver of any privilege.

3. Plaintiff objects to each definition, instruction, and document request as overbroad and unduly burdensome to the extent it seeks documents that are readily or more accessible to Defendant from Defendant's own files or documents that Defendant previously produced to Plaintiff. Responding to such requests would be oppressive, unduly burdensome and unnecessarily expensive, and the burden of responding to such requests is substantially the same or less for Defendant as for Plaintiff.

4.  Plaintiff objects to the document requests to the extent that they do not impose any date limitation and would purport to require a search of physical and electronic files that predate the events at issue by many years. Plaintiff will search for and produce non-privileged responsive documents that were created, sent, or received beginning on January 1, 2016 through the date of this written response.

5.  The parties are currently in negotiations with respect to a Protective Order to protect the release of information that would violate the rights of privacy, or subject third parties to harassment, abuse or harm. Plaintiff objects to the production of her, or other parties', confidential medical documents and will not produce those documents unless directed by the Court to do so pursuant or pursuant to a Protective Order entered by the Court. In addition, Plaintiff declines to provide releases to permit nonparties to produce her medical records but instead will produce those records herself.

6.  To the extent any of Defendant's document requests seek documents that include expert material, Plaintiff objects to any such requests as premature and expressly reserves the right to supplement, clarify, revise, or correct any or all responses to such requests, and to assert additional objections or privileges, in one or more subsequent supplemental response(s) in accordance with the time period for exchanging expert reports to be determined by the Court.

7. Plaintiff incorporates by reference every general objection set forth above into each specific response set forth below. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request. Moreover, Plaintiff does not waive her right to amend her responses.

OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS

1. Plaintiff objects to Definitions No. 1 regarding "documents" and No. 2 regarding "things" to the extent that they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

2. Plaintiff objects to Instruction Nos. 3, 4 and 7 on the grounds that they are unduly burdensome and oppressive and to the extent they purport to impose obligations greater than those set forth in the Federal Rules of Civil Procedure.

3. Plaintiff objects to Instruction No. 4 regarding privileged documents to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Plaintiff further objects to this instruction as overbroad and unduly burdensome.

# PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S DOCUMENT REQUESTS

REQUEST NO. 1:

*Please produce any and all Documents identified or referenced in Your responses to Defendant Andrew Anglin's First Set of Interrogatories to Gersh.*

RESPONSE TO REQUEST NO. 1:

Plaintiff objects to this Request where it seeks documents protected under attorney-client privilege or work product privilege. Subject to and without waiving the foregoing objections, Plaintiffs will produce relevant, non-privileged documents in her possession, custody or control that are responsive to this request, along with a privilege log for relevant documents, within six weeks after the service of these responses and objections.

REQUEST NO. 2:

*Please produce any and all communications You sent to or received from any journalists, bloggers, and/or other media entities concerning the facts alleged in or the persons or entities mentioned in Your Complaint filed in this matter (ECF No. 1).*

RESPONSE TO REQUEST NO. 2:

Plaintiff objects to this request because it seeks documents protected under the First Amendment. *See, e.g., Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433,

6

437 (10th Cir. 1977) (recognizing the Supreme Court's recognition of a privilege which protects information given in confidence to a reporter and noting that any infringement of the First Amendment must be held to a minimum that is to be no more extensive than the necessities of the case) (citing *Branzburg v. Hayes* , 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)). Plaintiff will produce a privilege log within six weeks after the service of these responses and objections.

REQUEST NO. 3:

*Please produce all copies of all documents evidencing each of the "hundreds of hateful and threatening anti-Semitic phone calls, voicemails, text messages, emails, letters, social media comments, and false online business reviews" referred to in paragraph 4 of Your Complaint.*

RESPONSE TO REQUEST NO. 3:

Plaintiff will produce relevant, non-privileged documents in her possession, custody or control that are responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 4:

*Please produce all copies of all documents evidencing each of the "hundreds of anti-Semitic, hateful, harassing communications – including death threats – to*

Ms. Gersh, her family members, her friends, and her colleagues" referred to in paragraph 10 of Your Complaint.

RESPONSE TO REQUEST NO. 4:

Plaintiff objects to the extent this Request seeks redundant documents and as duplicative of other requests for production of documents and refers Defendant to her response to Request No. 3. Subject to the foregoing objection, Plaintiff will produce any additional non-privileged documents in her possession, custody, or control that are responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 5:

Please produce all copies of all documents evidencing each of the "countless slurs and threats designed to inflict maximum emotional damage on Ms. Gersh" referred to in paragraph 11 of Your Complaint.

RESPONSE TO REQUEST NO. 5:

Plaintiff objects to the extent this Request seeks redundant documents and as duplicative of other requests for production of documents and refers Defendant to her responses to Requests Nos. 3-4.

REQUEST NO. 6:

*Please produce all documents evidencing the "tsunami of threats [that] arrived by email, social media, and voicemail" referred to in paragraph 12 of Your Complaint.*

RESPONSE TO REQUEST NO. 6:

Plaintiff objects to the extent this Request seeks redundant documents and as duplicative of other requests for production of documents and refers Defendant to her responses to Requests Nos. 3-4.

REQUEST NO. 7:

*Please produce all documents evidencing the allegation that one or more persons "harassed Ms. Gersh's son," as alleged in paragraph 13 of Your Complaint.*

RESPONSE TO REQUEST NO. 7:

Plaintiff objects to the extent this Request seeks redundant documents and as duplicative of other requests for production of documents and refers Defendant to her responses to Request No. 4.

REQUEST NO. 8:

*Please produce all documents evidencing the "threatening, hateful, and harassing phone calls, voicemails, false online reviews of [Gersh's husband's] law firm and emails" referred to in paragraph 14 of Your Complaint.*

RESPONSE TO REQUEST NO. 8:

Plaintiff objects to the extent this Request seeks redundant documents and as duplicative of other requests for production of documents and refers Defendant to her responses to Requests Nos. 3-4. Subject to the foregoing objection, Plaintiff will produce any relevant, non-privileged additional documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 9:

*Please produce all documents that support Your contention in paragraph 16 of Your Complaint that "Whitefish residents' discontent with the Spencer family had been simmering for years and reached a fever pitch when the 'Hail Trump' video of Richard Spencer went viral."*

RESPONSE TO REQUEST NO. 9:

Plaintiff will produce relevant, non-privileged additional documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 10:

*Please produce all documents that support Your contentions in paragraph 17 of Your Complaint that "[t]he video's viral release prompted discussion among*

*Whitefish residents," and that "[s]ome members of the community ... considered protesting in front of a mixed-used commercial building Ms. Spencer owns of Lupfer Avenue in downtown Whitefish."*

RESPONSE TO REQUEST NO. 10:

Plaintiff does not have any responsive documents within her possession, custody or control that are responsive to this request.

REQUEST NO. 11:

*Please produce all documents that support Your contention in paragraph 18 of Your Complaint that "When members of the community approached Ms. Gersh . . . about the possible protests, she and others contacted the building's commercial tenants to warn them that a protest might occur outside the Lupfer Avenue building."*

RESPONSE TO REQUEST NO. 11:

Plaintiff will produce relevant, non-privileged additional documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 12:

*Please produce all documents evidencing communications between You and Sherry Spencer from January 1, 2016 to the present, including but not limited to*

*any voicemails, text messages, social media messages, or emails relating to each*

*of Your allegations in paragraphs 18-24 of Your Complaint.*

RESPONSE TO REQUEST NO. 12:

Plaintiff will produce relevant, non-privileged additional documents in her

possession, custody or control that may be responsive to this request within six

weeks after the service of these responses and objections.

REQUEST NO. 13:

*Please produce all documents evidencing the "deluge of threatening, hateful, and*

*harassing communications Ms. Gersh has endured" referred to in paragraph 26*

*of Your Complaint.*

RESPONSE TO REQUEST NO. 13:

Plaintiff objects to the extent this Request seeks redundant documents and as

duplicative of other requests for production of documents and refers Defendant to

her responses to Requests Nos. 3-4.

REQUEST NO. 14:

*Please produce all documents evidencing Your contention in paragraph 27 of*

*Your Complaint that "Mr. Anglin has published thirty such articles, the majority*

*of which urge his readers to continue their harassment of Ms. Gersh and her*

*family and associates."*

12

RESPONSE TO REQUEST NO. 14:

Plaintiff will produce relevant, non-privileged additional documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 15:

*Please produce all documents evidencing Your claim of an "ongoing campaign of terror," as alleged in paragraph 28 of Your Complaint.*

RESPONSE TO REQUEST NO. 15:

Plaintiff objects to the extent this Request seeks redundant documents and as duplicative of other requests for production of documents and refers Defendant to her responses to Requests Nos. 3-8, 12, 13, 14.

REQUEST NO. 16:

*Please produce all documents that support Your contention in paragraph 29 of Your Complaint that You have "experienced serious and severe emotional and physical distress as a result of the harassment . . . ."*

RESPONSE TO REQUEST NO. 16:

Plaintiff objects to this request as disproportionate to the needs of the case to the extent it seeks unlimited use of privileged and protected confidential health records and to the extent disclosure would violate her constitutional right to

privacy as protected under the U.S. and Montana constitutions. Plaintiff further objects to this request to the extent that it seeks documents protected under either the mental health professional-client privilege, the attorney-client privilege, or both.

Subject to the foregoing objections, Plaintiff will produce relevant, non-privileged documents in her possession, custody or control that may be responsive to this request subject to a Protective Order, as discussed by the parties.

REQUEST NO. 17:

*Please produce all documents that support Your contentions in paragraph 30 of Your Complaint that You have suffered physical symptoms and that You "feel[] like an entirely different person than [You] did before the troll storm, as though [You] ha[ve] been permanently altered."*

RESPONSE TO REQUEST NO. 17:

Plaintiff objects to this request as disproportionate to the needs of the case to the extent it seeks unlimited use of privileged and protected confidential health records and to the extent disclosure would violate her constitutional right to privacy as protected under the U.S. and Montana constitutions. Plaintiff further objects to this request to the extent that it seeks documents protected under either the mental health professional-client privilege, the attorney-client privilege, or both.  Plaintiff further objects to this Request as repetitive and duplicative of other

requests for production of documents and refers Defendant to her responses to Requests Nos. 16, 54.

REQUEST NO. 18:

*Please produce all documents that support Your contention in paragraph 58 of Your Complaint that You "grew concerned that a protest would actually take place, and [You] tried to warn several of [Your] friends who rented space as commercial tenants in Ms. Spencer's building."*

RESPONSE TO REQUEST NO. 18:

Plaintiff will produce relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 19:

*Please produce all documents evidencing Your contentions in paragraph 59 of Your Complaint that "[a]t least one tenant had received warnings from a number of individuals in addition to [You]," that "[t]hat tenant called [You] asking for advice," and that "the tenant called again asking [You] to call Ms. Spencer, who wanted to talk to [You]," including but not limited to any voicemails, text messages, social media messages, or emails between You and the unidentified tenant, or any warnings received by the tenant.*

RESPONSE TO REQUEST NO. 19:

Plaintiff will produce relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 20:

*Please produce any and all documents that evidence, reflect, summarize, or comprise communications between You and Sherry Spencer including, but not limited to, those referred to in paragraphs 61 to 73 of Your Complaint, and those referenced in the article "We Investigate: Whitefish, family torn apart by white nationalist's notoriety," ABC FOX MONTANA (Dec. 12, 2016).*[1]

RESPONSE TO REQUEST NO. 20:

Plaintiff objects to this request as duplicative of other requests for production of documents and refers Defendant to her responses to Requests Nos. 2, 12. Plaintiff objects to this request to the extent that it seeks documents protected under the First Amendment. *See*, *e.g.*, *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 437 (10th Cir. 1977) (recognizing the Supreme Court's recognition of a privilege which protects information given in confidence to a reporter and noting that any infringement of the First Amendment must be held to a minimum that is to be no

---

[1] Available at: http://www.abcfoxmontana.com/story/34036263/a-community-and-a-family-torn-apart-by-richard-spencers-notoriety.

more extensive than the necessities of the case) (citing *Branzburg v. Hayes* , 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)). Plaintiff further objects to the extent that this request seeks documents subject to attorney-client, mental health professional-client, or spousal privilege.

Subject to the foregoing objections, Plaintiff will produce any additional relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections. Plaintiff will also produce a privilege log as necessary in response to this request within the same timeframe.

REQUEST NO. 21:

*Please produce all documents that support your contention that "the blog post" published by Sherry Spencer on December 15, 2016 "was ghostwritten by Ms. Spencer's son, Richard Spencer."*

RESPONSE TO REQUEST NO. 21:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

17

REQUEST NO. 22:

*Please produce all documents that support Your contention in paragraphs 76 to 79 of Your Complaint that statements contained in Ms. Spencer's December 15, 2016 blog post were false.*

RESPONSE TO REQUEST NO. 22:

Plaintiff objects to this request as duplicative of other requests for production of documents and refers Defendant to her responses to Requests No. 9-12 and 21. Subject to the foregoing objection, Plaintiff will produce any additional relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 23:

*Please produce all copies of documents evidencing the "hundreds of threatening communications, including phone calls, voicemails, text messages, emails, letters, social media comments, and malicious Christmas cards" alleged in paragraph 93 of Your Complaint.*

RESPONSE TO REQUEST NO.23:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Requests Nos. 3-4. Subject to the foregoing objection, Plaintiff will

produce any additional relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 24:

*Please produce all emails referred to in paragraph 94 of Your Complaint.*

RESPONSE TO REQUEST NO.24:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Requests Nos. 3-4.

REQUEST NO. 25:

*Please produce all emails referred to in paragraph 95 of Your Complaint.*

RESPONSE TO REQUEST NO.25:

Plaintiff objects to the extent this Request as duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Requests Nos. 3-4.

REQUEST NO. 26:

*Please produce all emails referred to in paragraph 96 of Your Complaint.*

RESPONSE TO REQUEST NO. 26:

Plaintiff objects to the extent this Request is duplicative of other requests for
production of documents, seeks redundant documents and refers Defendant to her
responses to Requests Nos. 3-4.

REQUEST NO. 27:

*Please produce all documents evidencing Your claim in paragraphs 97 to 99 of
Your Complaint that You were "subjected to vile threats" via telephone calls.*

RESPONSE TO REQUEST NO. 27:

Plaintiff objects to the extent this Request is duplicative of other requests for
production of documents, seeks redundant documents and refers Defendant to her
responses to Requests Nos. 3-4.

REQUEST NO. 28:

*Please produce all voicemails referred to in paragraph 100 of Your Complaint.*

RESPONSE TO REQUEST NO.28:

Plaintiff objects to the extent this Request is duplicative of other requests for
production of documents, seeks redundant documents and refers Defendant to her
responses to Requests Nos. 3-4.

REQUEST NO. 29:

*Please produce all text messages referred to in paragraph 101 of Your Complaint.*

RESPONSE TO REQUEST NO. 29:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Requests Nos. 3-4.

REQUEST NO. 30:

*Please produce all "harassing letters and postcards" referred to in paragraphs 102 to 104 of Your Complaint.*

RESPONSE TO REQUEST NO. 30:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Requests Nos. 3-4, 23.

REQUEST NO. 31:

*Please produce all "packets of tourist information for different states" referred to in paragraph 105 of Your Complaint.*

21

RESPONSE TO REQUEST NO. 31:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 32:

*Please produce all "malicious Christmas cards" referred to in paragraphs 106 to 107 of Your Complaint.*

RESPONSE TO REQUEST NO. 32:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Request No. 23.

REQUEST NO. 33:

*Please produce all tweets which tagged Your personal Twitter account, as alleged in paragraph 108 of Your Complaint.*

RESPONSE TO REQUEST NO. 33:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her response to Request No. 3.

REQUEST NO. 34:

*Please produce all "harassing comments on [Your] YouTube page" referred to in paragraph 110 of Your Complaint.*

RESPONSE TO REQUEST NO. 34:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Requests Nos. 3-4.

REQUEST NO. 35:

*Please produce all "hateful messages on Facebook" referred to in paragraph 111 of Your Complaint.*

RESPONSE TO REQUEST NO. 35:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Requests Nos. 3-4.

REQUEST NO. 36:

*Please produce all "hateful and harassing comments on [Your] personal website, tanyagersh.com," referred to in paragraph 112 of Your Complaint.*

RESPONSE TO REQUEST NO. 36:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Requests Nos. 3-4.

REQUEST NO. 37:

*Please produce all documents supporting Your contention in paragraph 115 of Your Complaint that "[a]s a result of Mr. Anglin's troll storm, someone published a fabrication about Ms. Gersh on a website called shesahomewrecker.com suggesting that Mr. Gersh lured another woman's husband to bed."*

RESPONSE TO REQUEST NO. 37:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 38:

*Please produce all "subscription notices for far-right news media that individuals had maliciously signed up for using [Your] email address as a result of Mr. Anglin's troll storm, as well as password reset requests showing that individuals were trying to hack into her accounts" referred to in paragraph 116 of Your Complaint.*

RESPONSE TO REQUEST NO. 38:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 39:

*Please produce all "hateful comments" You allege to have received "through [Your] realtor profiles on the websites realtor.com and Zillow.com as a result of Mr. Anglin's troll storm" referred to in paragraph 117 of Your Complaint.*

RESPONSE TO REQUEST NO. 39:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Requests Nos. 3-4.

REQUEST NO. 40:

*Please produce all "threatening, hateful, and harassing emails about [You]," received by Mr. Gersh, referred to in paragraph 118 of Your Complaint.*

RESPONSE TO REQUEST NO. 40:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Request No. 4.

25

REQUEST NO. 41:

*Please produce all voicemails that Mr. Gersh received referred to in paragraph 119 of Your Complaint.*

RESPONSE TO REQUEST NO. 41:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Request No. 4.

REQUEST NO. 42:

*Please produce all letters Mr. Gersh received at his law office referred to in paragraphs 120 to 121 of Your Complaint.*

RESPONSE TO REQUEST NO. 42:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Request No. 4.

REQUEST NO. 43:

*Please produce all "harassing tweets" concerning Your son referred to in paragraph 122 of Your Complaint.*

RESPONSE TO REQUEST NO. 43:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Request No. 4.

REQUEST NO. 44:

*Please produce all "harassing comments" Your son received on YouTube referred to in paragraph 123 of Your Complaint.*

RESPONSE TO REQUEST NO. 44:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents and refers Defendant to her responses to Request No. 4.

REQUEST NO. 45:

*Please produce the "threatening email" You allege to have received in paragraph 142 of Your Complaint.*

RESPONSE TO REQUEST NO. 45:

Plaintiff objects to the extent this Request is duplicative of other requests for production of documents, seeks redundant documents, and refers Defendant to her responses to Request No. 3. Subject to the foregoing, Plaintiff will produce the relevant, non-privileged document in her possession, custody or control that may

be responsive to this request within six weeks after the service of these responses
and objections

REQUEST NO. 46:

*Please produce copies of all known documents and things that You may or will
rely upon in support of any claim for liability and/or economic and non-economic
damages in this litigation.*

RESPONSE TO REQUEST NO. 46:

Plaintiff objects to this Request to the extent it seeks material protected by the
attorney work product doctrine or attorney-client privilege. Plaintiff also objects
to this Request as premature.  Discovery in this matter is not complete and
Plaintiff cannot know nor anticipate in advance of trial what exhibits she will or
will not rely upon.

Plaintiff notes that other requests, including Requests Nos. 1, 49, 50, 51, 54,
and 56 seek documents relating to Plaintiff's economic and non-economic
damages, and Plaintiff intends to produce documents responsive to those requests
(subject to a protective order). Plaintiff will seasonably supplement this request as
required under the Federal Rules.

REQUEST NO. 47:

*Please complete (including the identity of custodians of records, your address and social security number, where applicable) and execute the enclosed authorizations to allow Mr. Anglin to obtain all medical and psychiatric (for all physicians/facilities providing any treatment whatsoever for the past 10 years), employment, health insurance, and Medicare (if applicable) records.*

RESPONSE TO REQUEST NO. 47:

Plaintiff objects to this request as overly broad. Plaintiff limits the scope of this request as seeking responsive records made within the last 5 years of the Incident beginning April 18, 2012. Plaintiff further objects that this request as oppressive and disproportionate to the needs of the case to the extent that it seeks to unnecessarily invade Plaintiff's privacy rights protected by the U.S. and Montana constitutions. Plaintiff also objects to this request as unduly burdensome considering that the burden of the requested discovery outweighs its likely benefit. Plaintiff objects to the extent that this request seeks documents privileged under the mental health professional-client privilege.

Subject to a protective order and the foregoing objections, Plaintiff will provide her medical and psychiatric records since April 18, 2012, to the extent those records bear on any claim to damages in this case.

REQUEST NO. 48:

*Please produce copies of all statements of any witness, including You, with knowledge of any of the matters at issue in this litigation.*

RESPONSE TO REQUEST NO. 48:

Plaintiff objects to this Request to the extent it seeks materials protected by the attorney work product doctrine or attorney-client privilege. Plaintiff is currently unaware of any non-privileged or protected documents that would be responsive to this request.

REQUEST NO. 49:

*Please produce color copies of all photographs, videos, or other visual depictions regarding Your alleged injuries.*

RESPONSE TO REQUEST NO. 49:

Given that the damages in this case primarily involve emotional and psychological damages, Plaintiff objects to this Request as overly broad, unduly burdensome and oppressive. Plaintiff also objects to this Request as repetitive and duplicative of other requests for production of documents and refers Defendant to her responses to Request Nos. 16 and 54. Plaintiff further objects to this request to the extent disclosure would violate her constitutional right to privacy as protected under the U.S. and Montana constitutions.

REQUEST NO. 50:

> *Please produce all documents evidencing the following damages:*
>
> (a) *Medical and hospital costs and expenses (whether paid by you or someone else);*
>
> (b) *Personal injuries (physical and mental), including but not limited to photographs, videotapes, and other visual representations that depict the injuries;*
>
> (c) *Loss of household or other services, consortium, society, comfort, companionship, nurture, care, and guidance;*
>
> (d) *Loss of employment income;*
>
> (e) *Inability to do now, because of the Incident, activities that you were able to do before the Incident; and*
>
> (f) *Any other damages alleged by You.*

RESPONSE TO REQUEST NO. 50:

Plaintiff objects to this request as overly broad and limits the scope of this request to seek documents relevant to the Incident. Plaintiff objects to this request as duplicative of other requests for production of documents and refers Defendant to her responses to Request No. 47. Plaintiff also objects to this request as unduly burdensome and oppressive to the extent that it is invasive of privacy rights protected by the U.S. and Montana constitutions and not proportional to the needs

of the case considering that the burden and expense of the requested discovery outweighs its likely benefit.

Subject to a protective order and the foregoing objections, Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that evidence her medical costs and expenses, her physical and mental injuries, and her economic losses.

REQUEST NO. 51:

*Please produce all documents concerning payments or reimbursements from Medicare in satisfaction of any medical expenses from any healthcare provider involved in the treatment of the injuries You are claiming in this lawsuit.*

RESPONSE TO REQUEST NO. 51:

No documents responsive to this Request exist.

REQUEST NO. 52:

*Please produce all pleadings, documents, and transcripts (either deposition or trial) for any claim and/or case for a personal injury of any type that You have ever filed.*

RESPONSE TO REQUEST NO. 52:

Plaintiff objects to this request as overly broad. Plaintiff also objects to this request as unduly burdensome and oppressive to the extent that it is invasive of

privacy rights protected by the U.S. and Montana constitutions and not proportional to the needs of the case considering that the burden and expense of the requested discovery outweighs its likely benefit

Subject to the foregoing objection, Plaintiff further responds that she has limited the scope of the request to the previous 5 years beginning April 18, 2012, and that she does not have any relevant documents in her possession, custody or control that may be responsive to this request.

REQUEST NO. 53:

*Please produce all documents relating to any and all experts You have retained or will retain in this matter, including but not limited to any documents provided to the expert for use in his or her evaluation of the matter, any and all expert curricula vitae, and previous deposition and/or trial testimony given by each expert for any previous matters with similar facts, and any and all publications in which each expert has been either a contributing or sole author.*

RESPONSE TO REQUEST NO. 53:

Plaintiff objects to this Request as premature. Discovery in this matter is not complete. To date, Plaintiff has not retained any experts. Plaintiff will seasonably supplement this Request as required under the Federal Rules.

REQUEST NO. 54:

*Please produce all documents which You contend support Your assertion that Your "physical appearance has changed as a result of the harassment from Mr. Anglin's troll storm and related activities" in paragraph 205 of Your Complaint, including but not limited to all photographs, videos, or other visual depictions of You that were created from April 18, 2012 to the present.*

RESPONSE TO REQUEST NO. 54:

Plaintiff objects to this request as overly broad and disproportionate to the needs of the case as it seeks every photograph taken of Plaintiff over a period of more than five years. Plaintiff further objects that this request is unduly burdensome to the extent it is invasive of privacy rights protected by the U.S. and Montana constitutions.

Subject to the foregoing objections, Plaintiff further responds that she has limited the scope of the request and will produce a limited number of before and after photographs as illustrative documents that are in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 55:

*Please produce all documents that evidence Your passions and hobbies, as described in paragraph 207 of Your Complaint, that You pursued or currently pursue from April 18, 2012 to the present.*

RESPONSE TO REQUEST NO. 55:

Plaintiff objects to this request as overly broad to the extent that, although it refers to the Complaint, it seeks documents pertaining to any passion or hobby Plaintiff pursued in a period of more than five years or currently pursues. Plaintiff objects to this request as unduly burdensome and disproportionate to the needs of the case considering that the burden and expense of the requested discovery outweighs its likely benefit. Plaintiff is willing to meet and confer to explore whether she could respond to a narrowed request.


REQUEST NO. 56:

*Please produce all documents which You claim evidence any alleged financial losses You have suffered as a result of the Incident.*

RESPONSE TO REQUEST NO. 56:

Plaintiff objects to this request as duplicative and refers Defendant to her response to Requests No. 50.

REQUEST NO. 57:

*Please produce all documents which You contend support Your assertion that any injuries you suffered as a result of the Incident are the cause of statements or other conduct by Mr. Anglin.*

RESPONSE TO REQUEST NO. 57:

Plaintiff objects to this request as duplicative and refers Defendant to her response to Requests Nos. 14, 45.

REQUEST NO. 58:

*Please produce all documents which You contend support Your assertion that Mr. Anglin knew third parties would cause Your alleged injuries in response to statements Mr. Anglin allegedly made concerning You and Sherry Spencer.*

RESPONSE TO REQUEST NO. 58:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 59:

*Please identify and produce all documents relating to Your membership in and/or involvement with Love Lives Here.*

RESPONSE TO REQUEST NO. 58:

To the extent that Defendant seeks information regarding Plaintiff's membership in or association with a political organization, Plaintiff objects to this request as seeking information privileged under the First Amendment. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010). To the extent that it is required, Plaintiff will produce a privilege log in response to this request within six weeks after the service of these responses and objections.

REQUEST NO. 60:

*Please produce all communications between You and Your employer regarding the Incident.*

RESPONSE TO REQUEST NO. 60:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 61:

*Please produce any and all communications You sent to or received from Cowles Company d/b/a ABC Fox Montana referenced in the article "We Investigate:*

*Whitefish, family torn apart by white nationalist's notoriety," ABC* FOX MONTANA *(Dec. 12, 2016).*[2]

RESPONSE TO REQUEST NO. 61:

Plaintiff objects to this request as duplicative and refers Defendant to her response to Request No. 2. Plaintiff further objects to this request to the extent that it seeks documents protected under the First Amendment. *See*, *e.g.*, *Silkwood v. Kerr-McGee Corp.*, 563 F.2d 433, 437 (10th Cir. 1977) (recognizing the Supreme Court's recognition of a privilege which protects information given in confidence to a reporter and noting that any infringement of the First Amendment must be held to a minimum that is to be no more extensive than the necessities of the case) (citing *Branzburg v. Hayes* , 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)). To the extent that it is required, Plaintiff will produce a privilege log in response to this request within six weeks after the service of these responses and objections.

REQUEST NO. 62:

*Please produce any and all communications You sent via social media, including, but not limited to, Twitter, LinkedIn, FaceBook, MySpace, SnapChat, and Instagram, from November 8, 2016, through April 17, 2017.*

---

[2]  Available  at:  http://www.abcfoxmontana.com/story/34036263/a-community-and-a-family-torn-apart-by-richard-spencers-notoriety.

RESPONSE TO REQUEST NO. 62:

Plaintiff objects to this request as overly broad as it attempts to seek information not relevant to or regarding the Incident but rather seeks a record of every communication Plaintiff made on social media, regardless of the content, over a period of six months. Plaintiff objects that this request seeks information irrelevant and immaterial to this incident. Plaintiff further objects that this request is unduly burdensome where the retrieval or compilation of the documents sought would outweigh any benefit of the information and where it is invasive of the plaintiff's privacy. Plaintiff objects that this request is otherwise not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Plaintiff will produce all communications she sent from December 16, 2016, through April 18, 2017, that relate to the Incident within six weeks after the service of these responses and objections.

REQUEST NO. 63:

*Please produce all non-privileged communications between You and any and all other persons regarding the Incident.*

RESPONSE TO REQUEST NO. 63:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 64:

*Please produce all non-privileged communications between You and any and all other persons regarding Richard Spencer.*

RESPONSE TO REQUEST NO. 64:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 65:

*Please produce all non-privileged communications between You and any and all other persons regarding Sherry Spencer.*

RESPONSE TO REQUEST NO. 65:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 66:

*Please produce all non-privileged communications between You and any and all other persons regarding the 2016 Presidential Election.*

RESPONSE TO REQUEST NO. 66:

Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to this request because it seeks information irrelevant and immaterial to this incident, is invasive of the plaintiff's privacy, and is otherwise not reasonably calculated to lead to the discovery of admissible evidence.

Further, to the extent that Defendant seeks information regarding Plaintiff's membership in a political party or information regarding her political affiliation or views, these communications are privileged under the First Amendment. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010). Compelling a private person to disclose her communications about a national election or sitting president can have a chilling effect on speech, and Defendant's need for the information is not outweighed by Plaintiff's privacy rights in the information.

REQUEST NO. 67:

*Please produce all non-privileged communications between You and any and all other persons regarding Donald Trump.*

RESPONSE TO REQUEST NO. 67:

Plaintiff objects to this request as overly broad and unduly burdensome. Plaintiff further objects to this request because it seeks information irrelevant and immaterial to this incident, is invasive of the plaintiff's privacy, and is otherwise not reasonably calculated to lead to the discovery of admissible evidence.

Further, to the extent that Defendant seeks information regarding Plaintiff's membership in a political party or information regarding her political affiliation or views, these communications are privileged under the First Amendment. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010). Compelling a private person to disclose her communications about a national election or sitting president can have a chilling effect on speech, and Defendant's need for the information is not outweighed by Plaintiff's privacy rights in the information.

REQUEST NO. 68:

*Please produce all non-privileged communications between You and any and all other persons regarding Love Lives Here.*

RESPONSE TO REQUEST NO. 68:

To the extent that Defendant seeks information regarding Plaintiff's membership in or association with a political organization or the names or identities of those belonging to such organization, Plaintiff objects to this request as seeking

information privileged under the First Amendment. *See Perry v. Schwarzenegger*, 591 F.3d 1147, 1159 (9th Cir. 2010).

Subject to the foregoing, Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 69:

*Please produce all non-privileged communications between You and any and all other persons regarding the building and/or premises located at 22 Lupfer Avenue, in Whitefish, Montana.*

RESPONSE TO REQUEST NO. 69:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 70:

*Please produce all documents regarding the building and/or premises located at 22 Lupfer Avenue, in Whitefish, Montana.*

RESPONSE TO REQUEST NO. 70:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 71:

*Please produce all documents regarding Your license from the Montana Board of Realty Regulation.*

RESPONSE TO REQUEST NO. 71:

Plaintiff objects to this request as unduly burdensome considering the parties' relative access to the information. This request seeks confidential documents as determined by the Montana Department of Labor and Industry. Plaintiff notes that some of the information sought through this request is best discovered directly from the relevant Montana state agency. Plaintiff further objects to this request as overly broad because it seeks information irrelevant and immaterial to the Incident and Defendant makes no attempt to limit this request to any party's claims or defenses. Plaintiff also objects to this request to the extent it is invasive of the plaintiff's privacy and is otherwise not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections and as responsive to this request, Plaintiff will produce a copy of her real estate license within six weeks after the service of these responses and objections.

REQUEST NO. 72:

*Please produce all non-privileged communications between You and any and all other persons regarding Andrew Anglin.*

RESPONSE TO REQUEST NO. 72:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 73:

*Please produce all non-privileged communications between You and any and all other persons regarding the Daily Stormer.*

RESPONSE TO REQUEST NO. 73:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.

REQUEST NO. 74:

*Please produce all non-privileged communications between You and any and all*

*other persons regarding the Southern Poverty Law Center.*

RESPONSE TO REQUEST NO. 74

Plaintiff objects to this request as overly broad because it seeks information

irrelevant and immaterial to the Incident and Defendant makes no attempt to limit

this request to information relevant to any party's claim or defense. Plaintiff also

objects that this broad request is invasive of the plaintiff's privacy and is

otherwise not reasonably calculated to lead to the discovery of admissible

evidence.

Subject to the foregoing objections, Plaintiff responds that she will produce

non-privileged documents regarding both the Southern Poverty Law Center and

the Incident in her possessions, custody, or control within six weeks after the

service of these responses and objections.

REQUEST NO. 75:

*Please produce all communications between You and Jeff Cremeans.*

RESPONSE TO REQUEST NO. 75

Plaintiff objects to this request to the extent that it seeks information protected under the attorney-client or work product privilege. Plaintiff objects to this request as overly broad because Defendant makes no attempt to limit the scope of this request to information regarding the Incident and it seeks information irrelevant and immaterial to any party's claim or defense. Plaintiff further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence. Subject to the foregoing objections, Plaintiff further responds that no such responsive documents exist.

REQUEST NO. 76:

*Please produce all documents sent to or received from Jeff Cremeans.*

RESPONSE TO REQUEST NO. 76

Plaintiff objects to this request to the extent that it seeks information protected under the attorney-client or work product privilege. Plaintiff objects to this request as overly broad because Defendant makes no attempt to limit the scope of this request to information regarding the Incident and it seeks information irrelevant and immaterial to any party's claim or defense. Plaintiff further objects that this request is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Plaintiff further responds that no such responsive documents exist.

REQUEST NO. 77:

*Please produce all documents You intend to introduce as an exhibit or show to a witness at any deposition in this matter.*

RESPONSE TO REQUEST NO. 77

Plaintiff objects to this Request as premature. Discovery in this matter is not complete and Plaintiff cannot know nor anticipate in advance of trial what exhibits she will or will not rely upon.  Plaintiff will seasonably supplement this request as required under the Federal Rules.

REQUEST NO. 78:

*Please produce all documents You intend to introduce as an exhibit or show to a witness at any evidentiary hearing or trial in this matter.*

RESPONSE TO REQUEST NO. 78:

Plaintiff objects to this Request as premature.  Discovery in this matter is not complete and Plaintiff cannot know nor anticipate in advance of trial what exhibits she will or will not rely upon. Plaintiff will seasonably supplement this request as required under the Federal Rules.

REQUEST NO. 79:

48

*Please produce all documents You have received from any third parties in response to any subpoena You have served in this matter.*

RESPONSE TO REQUEST NO. 79:

Plaintiff will produce any relevant, non-privileged documents in her possession, custody or control that may be responsive to this request within six weeks after the service of these responses and objections.


DATED October 25, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

49

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was sent via email

and first class U.S. Mail to counsel for the Defendant, as follows:

Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, Montana 59801
matstevenson@bigskylegal.com
*Attorney for Defendant Andrew Anglin*

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
mjr@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
jmw@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

on this 25th day of October, 2018.

/s/ David C. Dinielli
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff