Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | **DEFENDANT'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO ENTER PROTECTIVE ORDER** |
| ANDREW ANGLIN, | |
| Defendant. | |

## DEFENDANT'S LIMITED OPPOSITION TO PLAINTIFF'S MOTION TO ENTER PROTECTIVE ORDER

Defendant, Andrew Anglin, hereby submits his Limited Opposition to the Motion for a Protective Order filed by Plaintiff on the grounds that the Protective Order sought by Plaintiff provides insufficient protections.

## 1.0    Introduction

Defendant does not oppose this Court entering a protective order, and Defendant has attempted to confer with Plaintiff regarding the content of the protective order, yet Plaintiff would not agree to any of Defendant's most recent proposed changes. The only dispute concerns the scope of the order proposed by Plaintiff. Notably, Defendant wishes to ensure that material that should be deemed confidential is treated as such and seeks reasonable restrictions on the dissemination of confidential material.

The Defendant has stressed the importance of a need for a protective order, and has conferred with the Plaintiff regarding the contents of the protective order. A copy of the version of the draft protective order that Plaintiff sent to Defendant on November 15, 2018, is attached as Exhibit 1 and a copy of the "red-line" edits that Defendant provided in response on November 20, 2018, is attached as Exhibit 2. The Plaintiff did not agree with nearly all of Defendant's suggested edits. On January 25, 2019, Plaintiff sent a red-line version that generally did not adopt Defendant's edits and deleted other portions of the draft protective order with which Defendant had previously agreed, see Exhibit 3.

On January 30, 2019, Defendant responded to Plaintiff's red-line via email and noted which edits Defendant did not agree were proper. See Exhibit 4. Further, Defendant did not have an opportunity to review the "Principal Provisions" of the proposed order that Plaintiff has inserted in the motion.  Plaintiff did not file a

proposed order, indicating that such was not yet permitted, but it is the precise language of the order, not whether one should be issued at all, that is properly the subject for adjudication.

Defendant seeks a limited protective order that includes the following provisions: a) a provision that ensures that Defendant's location will remain confidential, given that Defendant's physical safety will be in immediate jeopardy should his location be revealed; 2) a provision recognizing that Defendant's sources and other privileged information may be implicated, given that Defendant is a member of the media and First Amendment protections of sources, shield laws, and the stored communications act are all implicated; and 3) a provision that ensures that recipients acknowledge their responsibilities under the order, given that SPLC is a large, non-law firm, public advocacy organization that lacks internal firewalls, and any number of SPLC employees who are non-attorneys could access to the confidential information and disseminate confidential information.

**2.0     Additional Proposed Provisions to the Proposed Protective Order**

Defendant proposed the following additional provisions to the proposed protective order[1], as outlined in Defendant's January 30th email attached as Exhibit 4.

1. The paragraph labeled **"1. Confidential Information"** would include the following additional term:

   (c) information implicating an individual's legitimate expectation of privacy.

_____

[1] Defendant has also not attached a proposed order to this brief due to Local Rule 7.1 that permits a proposed order only where the motion is unopposed. Should the Court grant Defendant's version of this motion or otherwise request, counsel will promptly file and email a Word version as set out in Local Rule 7.1 (c)(3)(E) and (F).

2.  The paragraph labeled **"2. Highly Confidential Information"** would include the following additional category in the lettered list of categories:

> (e) information so highly sensitive that its disclosure could jeopardize the physical safety of an individual.

3.  The paragraph labeled **"3. Qualified Persons,"** parts (a), (c), (d), (e) and (g), which defines "the parties" should be expanded to include:

> Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

In part (f) of this paragraph, the paragraph should be edited to include:

> (f) law enforcement, to the extent required by law;

Part (h) should be expanded to include the following provision:

> In the event a person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the Designated Material may seek appropriate relief from the Court.

4.  The paragraph labeled **"4. Highly Confidential Qualified Persons"** should expand paragraph (a) to include:

> …and shall not include any attorneys or respective associates, clerks, legal assistants, stenographic and support personnel who are employed by a corporation where (1) a nonlawyer is a corporate director or officer thereof or occupies the position of similar responsibility in any form of association other than a corporation; or (2) a nonlawyer has the right to direct or control the professional judgment of a lawyer. The attorneys of record who are otherwise not Highly Confidential Qualified Persons by virtue of nonlawyer direction or nonlawyer directors or officers may become Highly Confidential Qualified Persons by implementing physical and electronic methods, upon consultation with the Producing

Defendant's Limited Opposition to Plaintiff's Motion for Protective Order
Case No. 9:17-cv-50-DLC-JCL

Party, that prevents persons not attorneys of record from accessing or obtaining the designated material;

Further, part (b) should be expanded to include the following exception:

> … with the exception that the identity of any such expert or consultant shall be disclosed to the Producing Party at least ten days prior to the Receiving Party disclosing the "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material to such expert or consultant. If the Producing Party objects to disclosure to such expert or consultant within that period, the Receiving Party shall not make such disclosure without further Order of the Court. Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A;

Part (e) should be expanded to include:

> In the event a person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the Designated Material may seek appropriate relief from the Court.

5.  Plaintiff's proposed order deviates significantly from the order Defendant received and reviewed after this point. Defendant proposed the following additions to the protection order, as reflected in the prior "red-line" attached as Exhibit 2 and the Defendant's January 30, 2019 email marked as Exhibit 4:

    a.  A provision that ensures that information marked CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY Discovery Materials shall be utilized only for purposes of this litigation, including any appeals ONLY and MAY NOT be utilized for other "related" proceedings such as SPLCs other or future advocacy litigation.

b. A provision that insures that the party giving qualified persons Discovery Material shall inform the person of the confidential nature of the material and that the Court has enjoined the use of the material for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

c. A provision ensuring that the parties agree to redact any confidential or highly confidential information from documents that are used in depositions to the extent practicable.

d. A provision deeming that all confidential or highly confidential information obtained, disclosed, or used pursuant to this order will be promptly destroyed no later than *forty-five* days after termination of this lawsuit. Designated Material shall be deemed "confidential information" within the meaning of Mont. Code Ann. § 2-6-1002(11) and is not subject to examination or copying under Mont. Code Ann. § 2-6-1003.

e. Further, the Defendant wishes to attach an Exhibit to the protective order, the Exhibit will be a signed agreement that each person who has access to confidential information must sign, so that there is a record of who has access to the information protected by the protective order and written confirmation that each person understands what the protective order protects. Defendant's proposed contents of the Exhibit, marked as "Exhibit A" is as follows:

EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Gersh v. Anglin*

have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are confidential by Order of the Court, and I acknowledge receipt of a copy of that Order.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

_____DATED:_____

Signed in the presence of:
_____(Attorney)

## 3.0    Analysis

As Plaintiff notes, this Court has broad discretion to grant a protective order. Defendant has good reason to believe his life is in danger, given that he receives credible death threats on a regular basis. Thus, disclosing certain information about the Defendant would be for the express purpose of intimidating or threatening the Defendant. Further, Defendant is a media defendant and certain discovery responses that may be required to be disclosed to Plaintiff's counsel are otherwise privileged or shielded. Accordingly, there is good cause to grant a protective order regarding: (1) personal information, (2) privileged information, and (3) restricted information regarding non-attorney employees of the SPLC. The language and provisions sought by Defendant are not uncommon in litigation throughout the country. Compare, e.g., Standing Protective Order of D. Conn. Chief Judge Janet C. Hall, available at http://www.ctd.uscourts.gov/sites/default/files/forms/JCH%20Standing%20Protective%20Order020520 13.pdf.

### 3.1    Personal Information

Defendant seeks to ensure that the protective order restricts public disclosure of Defendant's location, including Defendant's current location and Defendant's future locations (for example, if Defendant must travel for a deposition) given that Defendant receives credible death threats regularly. Courts typically agree that the location of a party can remain confidential, especially if the location of the party is not relevant to the case. *See In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.*, No. 2672 CRB (JSC), 2016 U.S. Dist. LEXIS 122211, at *605 (N.D. Cal. Sep. 8, 2016)("the public has little need to access the Class Representatives' addresses"); citing to *Layer2 Commc'ns Inc. v. Flexera Software LLC*, 2014 U.S. Dist. LEXIS 77693, 2014 WL 2536993, at *4 (N.D. Cal. June 5, 2014)(allowing the redaction of deponent's home address and noting "[s]uch information typically is entitled to privacy, particularly whereas here, it is not relevant to the case.") Here, Defendant is in serious danger, and he prays that this court enter an order that his location and other information in which he has a legitimate expectation of privacy should be protected.  Defendant's proposals are otherwise to the benefit of Plaintiff, as much of the material she herself would seek to keep confidential would not be treated as confidential under Plaintiff's own proposal.

### 3.2    Privileged Information

The Ninth Circuit Court of Appeals has affirmatively recognized the "reporter's privilege" as protected by the First Amendment to the Constitution of the United States. *See* U.S. Const. Amend 1. The qualified privilege prevents "against compelled disclosure of information gathered in the course of [journalists'] work." *Mark v. Shoen*, 48 F.3d 412, 414 (9th Cir. 1995). "Rooted in the First Amendment, the privilege is a recognition that society's interest in protecting the integrity of the

newsgathering process, and in ensuring the free flow of information to the public, is an interest of sufficient social importance to justify some incidental sacrifice of sources of facts needed in the administration of justice" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993) (internal quotation marks omitted).  Similarly, under the Media Confidentiality Act, Montana has codified a stringent and absolute protection of the journalist's privilege. 26-1-901-903, MCA. The act states:

> Without a person's consent, a person, including ***any newspaper***, magazine, press association, news agency, news service, radio station, television station, or community antenna television service ***or any person connected with or employed by any of these for the purpose of gathering, writing, editing, or disseminating news' may not be examined as to or may not "be required to disclose information obtained or prepared or the source of that information in any legal proceeding if the information was gathered, received, or processed in the course of the person's employment or business.***

See 26-l-902, MCA (emphasis added).

Defendant is the publisher of an online newspaper, the Daily Stormer, which is the subject of this litigation. Defendant is a media defendant and, although he may be otherwise compelled by the Court to make certain disclosures, he must be permitted to otherwise protect his sources and other information he has received in the newsgathering process. Thus, protections for the Defendant's sources must be properly provided for in the protective order.

### 3.3    Restricted Information

The SPLC is not a law firm, it is a large public advocacy non-profit that employs attorneys, but also employs many non-lawyers and non-litigation related support staff (or staff who might not exclusively perform litigation-related work). Thus, additional protections should be included to ensure that the non-lawyers do

not have access to information marked as "Confidential" or "Highly-Confidential." For example, Defendant proposed adding a provision above that before Designated Material is disclosed, each person must agree to be bound by this Order by signing a document made an exhibit to the protective order. This provision would ensure that all the parties have written documentation that shows which persons have access to which material and for what purpose. Defendant seeks these assurances, that certain information will be firewalled, due to the fact that this case has been highly publicized, and Defendant has legitimate concerns that a non-attorney employed by SPLC may leak confidential information, such as Defendant's location, to the media.

Plaintiff's local counsel operates as a proper law firm. Though attorneys from the SPLC have been admitted to practice before this court *pro hac vice,* it is not a law firm; it is a legal-advocacy organization promoting a commercially-profitable non-litigation agenda. The SPLC is not regulated like a law firm; but for its on-paper non-profit status, it would be unethical under the Montana Rules for an attorney to practice under its aegis, due to the non-lawyer control. It has an endowment of nearly half-a-billion dollars, yet claims it somehow cannot erect proper firewalls and protections to maintain confidential material. In fact, the Court would lack jurisdiction to sanction or find in contempt an SPLC employee who disseminates confidential matter because those employees, and the SPLC itself, would not be bound by the order. Defendant will be in serious danger if certain information is made public, and Defendant prays that this court will expand the protections contemplated in this protection order to ensure the safety of the parties will be prioritized.

## 4.0    Conclusion

For the foregoing reasons, this Court should enter a protective order and expand the protections within the Order to cover the protections that Defendant has included above.

Dated: February 13, 2019.        Respectfully submitted,

/s/ Marc J. Randazza

Marc J. Randazza, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman

Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson

Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,*
*Andrew Anglin*

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2)(E), undersigned counsel hereby certifies compliance with the said Rule and states that the number of words in this brief, as per the count of Microsoft Word, is 2,530.

Case No. 9:17-cv-50-DLC-JCL

## **<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on February 13, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza