# <u>EXHIBIT 3</u>

Plaintiff's red-lined version of Protective Order
sent on January 25, 2019

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

TANYA GERSH,

    Plaintiff,

    vs.

ANDREW ANGLIN, publisher of
the *Daily Stormer*,

    Defendant.

Case No.:  9:17-cv-00050-DLC-JCL

**STIPULATED PROTECTIVE ORDER GOVERNING "CONFIDENTIAL" AND "HIGHLY CONFIDENTIAL" INFORMATION**

UPON STIPULATION OF THE PARTIES, and good cause appearing, that certain documents[1], information, and other things requested by the parties, or by any non-party, in the course of discovery shall be kept confidential in order to protect privacy rights of the same and to protect against disclosure of confidential information, the court enters the following Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c) and 29(b):

IT IS HEREBY ORDERED:

1.    **Purpose and Scope:** This Stipulated Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information or material produced, given, or

---

[1] The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Fed. R. Civ. P. 34(a)(1)(A) and shall include every writing and recording within the meaning given those terms in Fed. R. Evid. 1001.

exchanged by and among the parties and any non-parties, whether produced, given, or exchanged informally or pursuant to a formal discovery request (hereinafter referred to as "Discovery Material"), which have been designated by the Producing Party as comprising or containing "confidential" or "highly confidential" information ("Designated Material") as defined below.

2. **Confidential Information**. As used in this Order, "confidential" means any Discovery Material designated as "CONFIDENTIAL INFORMATION" because the Producing Party believes that good faith exists under Rule 26 of the Federal Rules of Civil Procedure ("Rule 26") for protecting the information from public disclosure. Such includes, but is not limited to, information, documents, or things that have not been made public by the Producing Party and that the Producing Party reasonably and in good faith believes contains or comprises (a) trade secrets, or (b) proprietary business information, or (c) information implicating an individual's legitimate expectation of privacy. Any Discovery Material designated as "CONFIDENTIAL" shall not be disclosed, discussed with, or made available to any individual other than those designated in this Order as "Qualified Persons."

3. **Highly Confidential Information**. As used in this Order, "highly confidential" means any Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by the Producing Party

because of a good faith determination that it falls within one or more of the following categories: (a) medical information concerning any individual; (b) personally identifying information (e.g., social security numbers, home addresses, telephone numbers, and bank account numbers); (c) information related to minors; or (d) information so highly sensitive that its disclosure to a competitor could result in a significant commercial disadvantage to the designating party; or (e) information so highly sensitive that its disclosure could jeopardize the physical safety of an individual. Any Discovery Material designated as "HIGHLY CONFIDENTIAL –ATTORNEY'S EYES ONLY" shall not be disclosed, discussed with, or made available to any individual other than those designated in this Order as "Highly Confidential Qualified Persons."

This section of the Order does not prevent any party from proposing that other categories of information be included within the future coverage of this or any other stipulated protective order. Should a party wish to add a category of information to that deemed "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" by the Order, that party must first negotiate in good faith with the other parties. If the parties are unable to reach agreement on the proposed additions and whether such additions shall require designation by the Producing Party, or if a party consulted has not responded to the proposing party's request within ten (10) calendar days, the requesting party may seek an expanded or separate stipulated

protective order from the Court.  The Producing Party may designate material as

"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" and it shall be

treated as such pending determination by the Court as to whether an

~~addition~~additional category should be added.

4.      "Producing Party" means the party or non-party producing any

Discovery Material in connection with the above-captioned action.

5.      Only "Qualified Persons" may have access to Discovery Material

marked as "CONFIDENTIAL INFORMATION." Qualified Persons means only

the following individuals:

(a)      the parties or directors, officers, and employees of parties to this

action, who have a legitimate need to see the information in connection with their

responsibilities for overseeing the litigation or assisting counsel in preparing the

action for trial or settlement. ~~Before Designated Material is disclosed for this~~

~~purpose, each such person must agree to be bound by this Order by signing a~~

~~document substantially in the form of Exhibit A~~;

(b)      the attorneys of record in this action, and any non-in-house

attorneys of a party who are retained by the parties in this action to consult

on the litigation, and their respective associates, clerks, legal assistants,

stenographic and support personnel, and independent organizations retained

by such attorneys to provide litigation support services in this action,

including employees of said organizations;

(c)     experts and consultants retained by the parties or the attorneys

of record for this litigation and the employees of such experts and

consultants who are assisting them for the purposes of this action. Before

Designated Material is disclosed for this purpose, each such person must

agree to be bound by this Order by signing a document substantially in the

form of Exhibit A;

(d)     court reporters, deposition stenographers, and videographers.

Before Designated Material is disclosed for this purpose, each such person

must agree to be bound by this Order by signing a document substantially in

the form of Exhibit A;

(e)     potential witnesses or persons noticed for depositions or

designated as trial witnesses to the extent reasonably necessary to prepare

them to testify. Before Designated Material is disclosed for this purpose,

each such person must agree to be bound by this Order by signing a

document substantially in the form of Exhibit A;

(f)     law enforcement, to the extent required by law where

appropriate;

(g)     such other persons as hereafter may be designated by written

agreement of all parties in this action or by order of the Court. Before

Designated Material is disclosed for this purpose, each such person must

agree to be bound by this Order by signing a document substantially in the

form of Exhibit A; and

(h)     the Court and its staff members.

In the event a person refuses to sign an agreement in substantially the form

attached as Exhibit A, the party desiring to disclose the Designated Material may

seek appropriate relief from the Court.

6.     Only "Highly Confidential Qualified Persons" may have access to

Discovery Materials marked "HIGHLY CONFIDENTIAL – ATTORNEY'S

EYES ONLY." Highly Confidential Qualified Persons means only the following

individuals and only to the extent necessary for those persons to assist trial counsel

in litigating this action:

(a)     the attorneys of record in this action and their respective

associates, clerks, legal assistants, stenographic and support personnel, to the

extent such are employed by the attorneys' law firm, within the meaning of

Montana R. Prof. Conduct 5.1, and/or within the Legal Services Division of

the Montana Attorney General's Office, and shall not include any attorneys

or respective associates, clerks, legal assistants, stenographic and support

personnel who are employed by a corporation where (1) a nonlawyer is a corporate director or officer thereof or occupies the position of similar responsibility in any form of association other than a corporation; or (2) a nonlawyer has the right to direct or control the professional judgment of a lawyer.  The attorneys of record who are otherwise not Highly Confidential Qualified Persons by virtue of nonlawyer direction or nonlawyer directors or officers may become Highly Confidential Qualified Persons by implementing physical and electronic methods, upon consultation with the Producing Party, that prevents persons not attorneys of record from accessing or obtaining the designated material;

(b) experts and consultants retained by the parties or the attorneys of record for this litigation and the employees of such experts and consultants who are assisting them for the purposes of this action, with the exception that the identity of any such expert or consultant shall be disclosed to the Producing Party at least ten days prior to the Receiving Party disclosing the "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" material to such expert or consultant.  If the Producing Party objects to disclosure to such expert or consultant within that period, the Receiving Party shall not make such disclosure without further Order of the Court. Before Designated Material is disclosed for this purpose, each such person

~~must agree to be bound by this Order by signing a document substantially in the form of Exhibit A~~;

      (c)    law enforcement, where appropriate;

      (d)    such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court.  Before ~~Designated~~<u>Discovery</u> Material ~~is disclosed for this purpose~~<u>marked "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" to such persons</u>, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A; and

      (e)    the Court and its staff members.

~~In the event a person refuses to sign an agreement in substantially the form attached as Exhibit A, the party desiring to disclose the Designated Material may seek appropriate relief from the Court.~~

    ~~7.    Only qualifying persons shall have access to unredacted materials marked "Confidential"~~    "CONFIDENTIAL" and "~~Highly Confidential."~~

~~8.    "Confidential" and "Highly Confidential" information~~<u>HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Discovery Materials</u> shall be utilized only for purposes of this litigation, including appeals<u> other and related proceedings</u>, and for no other purposes. Any qualified person, as defined in paragraphs 5 and 6, being given access to ~~the ~~Discovery ~~Material~~<u>Materials</u> is

directed not to disclose the information identified as "~~Classified~~CONFIDENTIAL"

or "~~Highly Classified~~HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

ONLY" to any person other than those persons also designated as qualified, as

defined in paragraphs 5 and 6. This Stipulated Protective Order does not limit the

use of confidential or highly confidential information gathered independently of

the discovery process conducted in this action.

~~8~~9.     The party giving qualified persons, as defined in paragraphs 5 and 6,

access to the Discovery Material shall provide such qualified persons a copy of this

Stipulated Protective Order to ensure that these qualified persons are on notice of

its contents and requirements~~, and shall inform the person of the confidential

nature of the material and that the Court has enjoined the use of the material for

any purpose other than this litigation and has enjoined the disclosure of that

information or documents to any other person~~.

~~9~~10.   All qualified persons, as defined in paragraphs 5 and 6, are required to

keep all unredacted Discovery Material protected under this Stipulated Protective

Order separate, confidential, and inaccessible to all persons other than to those

identified in paragraphs 5 and 6.

~~10~~11. The designation of Discovery Material as

~~confidential~~"CONFIDENTIAL" or ~~highly confidential~~"HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be made in the following

manner:

> (a)    Documents or other materials may be designated by stamping
>
> or otherwise marking each page of the material containing sensitive
>
> information prior to production with the words "CONFIDENTIAL
>
> INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES
>
> ONLY." The Producing Party shall mark only the pages containing sensitive
>
> information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—
>
> ATTORNEY'S EYES ONLY." Marking the cover of multi-page documents
>
> shall not be sufficient to designate all pages of the document as confidential
>
> or highly confidential."CONFIDENTIAL" or "HIGHLY CONFIDENTIAL
>
> – ATTORNEY'S EYES ONLY."
>
> (b)    For electronic documents produced in native format, including
>
> the words "CONFIDENTIAL INFORMATION" or "HIGHLY
>
> CONFIDENTIAL – ATTORNEY'S EYES ONLY," as is appropriate, in the
>
> file name, or otherwise in the media through which the information is
>
> transmitted, shall be sufficient to designate the entire document
>
> "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL –
>
> ATTORNEY'S EYES ONLY."

(c)     Depositions or other pre-trial testimony may be designated as

~~confidential or highly confidential~~"CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY" by: (1) a statement on

the record, by counsel, at the time of such disclosure or before conclusion of

the deposition or testimony or (2) by written notice, sent to all parties within

fifteen (15) calendar days of the ~~conclusion~~receipt of the transcript of the

deposition or other pre-trial testimony. Only those portions of the transcript

designated as "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall be deemed

confidential or highly confidential. The parties may modify this procedure

for any particular deposition or other pre-trial testimony through an

agreement on the record at such deposition or testimony without further

order of the Court.

~~11~~12. **Challenges to Designation as Confidential**. Any ~~confidential or~~

~~highly confidential~~ designation of Discovery Materials as "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" is subject to

challenge. The following procedures shall apply to any such challenge:

(a)     The burden of proving the necessity of ~~a confidential or highly~~

~~confidential~~the designation consistent with Rule 26 remains with the party

asserting confidentiality.

(b)     A party that contends that ~~documents~~Discovery Materials designated as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are not entitled to confidential treatment shall give written notice to the party who affixed the designation of the specific basis for the challenge. The party who so designated the documents shall have fifteen (15) business days from service of the written notice to determine if the dispute can be resolved without judicial intervention and, if not, to move for an Order confirming the "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation.

(c)     Notwithstanding any challenge to the designation of ~~documents~~Discovery Materials as confidential, all material previously designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall continue to be treated as subject to the full protections of this Order until one of the following occurs:

i.     The party who claims that the ~~documents~~Discovery Materials are confidential or highly confidential withdraws such designation in writing;

ii.     The party who claims that the ~~documents~~Discovery

Materials are ~~confidential~~"CONFIDENTIAL" or ~~highly~~

~~confidential~~"HIGHLY CONFIDNTIAL – ATTORNEY'S EYES

ONLY" fails to timely move for an Order ~~designating the documents~~

~~as confidential~~confirming such designation; or

iii.    The Court rules that the documents should no longer be

designated "CONFIDENTIAL INFORMATION" or "HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY."

(d)     Challenges to the confidentiality of documents may be made at

any time and are not waived by the failure to raise the challenge at the time

of initial disclosure or designation.

(e)     Nothing in this Order shall preclude any party from seeking

sanctions against a party or attorney based on a lack of good faith in

classifying material ~~deemed by the Court not to be confidential or highly~~

~~confidential.~~as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEY'S EYES ONLY."

13. ~~12.     The Parties agree to redact any confidential or highly~~

~~confidential information from documents that are used in depositions to the extent~~

~~practicable.~~ If confidential or highly confidential information is to be discussed or

disclosed during a deposition, either Party has the right to exclude from attendance

at the deposition, during the time the confidential or highly confidential

information is to be discussed, any person not entitled under this Order to receive

the confidential or highly confidential information.

~~13.~~  14.   In the event that either party seeks to use

~~confidential~~"CONFIDENTIAL" or ~~highly confidential information~~"HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY" Discovery Materials during

any pretrial hearing ~~or trial~~ before the Court, including through argument or the

presentation of evidence, ~~and the party cannot redact the confidential or highly~~

~~confidential information,~~ Counsel shall confer on such procedures that are

necessary to protect the confidentiality of any ~~documents, information, and~~

~~transcripts~~such Discovery Materials used in the course of any court proceedings.

Such ~~confidential or highly confidential information~~materials shall not lose ~~its~~their

status as ~~confidential or highly confidential~~"CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEY'S EYES ONLY" through such agreed upon or

Court-ordered use.

15.  ~~14.~~   A party who seeks to file with the Court any

~~Discovery~~Designated Material ~~that contains confidential or highly confidential~~

~~information~~ that cannot be redacted, and any pleading, brief or memorandum

which discloses confidential or highly confidential information, shall file the paper

under seal of Court. Pursuant to Local Rule 5.1, this stipulated protective order

shall operate as a "prior court order" as contemplated by L.R. 5.1(b)(2). The parties shall comply with the filing procedures set forth in L.R. 5.1(e)-(f). Unless agreed upon by the parties, the proponent of secrecy must demonstrate that sealing is warranted under both the federal common law and the First Amendment to the U.S. Constitution. Filing pleadings or other papers disclosing or containing Designated ~~material~~Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial ~~and other proceedings~~ as it deems appropriate.

~~15~~16. Inadvertent failure to designate Discovery Material as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," by notifying in writing the party to whom the production has been made that the Discovery Material constitutes ~~confidential~~"CONFIDENTIAL" or ~~highly confidential~~"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information. Upon receiving

such supplemental notice, the parties shall thereafter mark and treat the Discovery

Material as so designated ~~as confidential or highly confidential information,~~

~~whichever proper~~, and such Discovery Material shall be fully subject to this

Stipulated Protective Order from the date of such supplemental notice forward.

The party receiving such notice shall make a reasonable, good-faith effort to ensure

that any analyses, memoranda, notes, or other such materials generated based upon

such newly-designated information are immediately treated as containing

~~confidential or highly confidential information.~~ Designated Materials. In addition,

upon receiving such supplemental written notice, any party that disclosed the

Discovery Material prior to its designation as "CONFIDENTIAL

INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES

ONLY" shall exercise its best efforts to: (1) ensure redaction,  return or destruction

of such Discovery Material as is appropriate under the provisions of this Order; (2)

ensure that any documents or other materials derived from such Discovery

Material are treated as if the Discovery Material had been designated as

"CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL –

ATTORNEY'S EYES ONLY" when originally produced; and (3) ensure that such

Discovery Material is not further disclosed except in accordance with the terms of

this Stipulated Protective Order.

~~16~~17. Nothing in this Stipulated Protective Order shall prevent any party from using or disclosing its own Discovery Material in any matter it sees fit, without prior consent of opposing counsel or the Court.

~~17~~18. Nothing in this Stipulated Protective Order and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Discovery Material.

~~18~~19. Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering advice to their client and, in the course thereof, relying generally on examination of the Discovery Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make any specific disclosure of any confidential or highly confidential information.

~~19~~20. Upon termination of this lawsuit, including termination of any appeal from the final judgment of this Court, all confidential or highly confidential information obtained, disclosed, or used pursuant to this order, and any unredacted copies thereof, shall be promptly destroyed or returned to the Producing Person (and in no event later than ~~forty-five~~ninety days after the termination). Except, however, nothing in this Order shall modify Intervenor's obligations regarding the maintenance and disposal of records under state law or executive order. Designated Material shall be deemed "confidential information" within the

meaning of Mont. Code Ann. § 2-6-1002(11) and is not subject to examination or copying under Mont. Code Ann. § 2-6-1003.

~~20~~21. The provisions of this Stipulated Protective Order shall survive any settlement, judgment, or other disposition or conclusion of this action, and all appeals therefrom. However, the Court declines to retain jurisdiction with respect to the Stipulated Protective Order after the conclusion of the above-captioned action.

~~21~~22. Nothing in this Order shall prevent the parties from seeking a Court Order releasing information pursuant to good cause shown and where a court determines that there is no longer any valid basis for continued secrecy.

~~22~~23. If Intervenor receives a third-party request for information designated "CONFIDENTIAL INFORMATION" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," it shall provide a copy of this Order to the requesting party and inform the requesting party that the requested information is confidential under Mont. Code Ann. § 2-6-1001, et seq.  Intervenor will promptly notify the party who designated the requested materials confidential that a request has been made, identifying the name of the requesting party and the particular materials sought.

23.     The signature of counsels to this Stipulated Protective Order
constitutes their agreement, on behalf of themselves, their law firms, and the
parties they represent, to be bound by the terms of this Stipulated Protective Order.

SO ORDERED.

DATED this _____ day of _____, ~~2018~~2019.

_____
Dana L. Christensen, District Judge
United States District Court

Agreed by:

_____     _____
Attorney for Plaintiff Tanya Gersh      Attorney for Defendant Andrew Anglin
on behalf of all Attorneys for Plaintiff    on behalf of all Attorneys for Defendant

_____
Matthew T. Cochenour, Assistant Attorney General
on behalf of Intervenor Montana Department of Justice

## EXHIBIT A

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Gersh v. Anglin* have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL INFORMATION" or ""~"HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are confidential by Order of the Court, and I acknowledge receipt of a copy of that Order.

I hereby agree that I will not disclose any information ~~contained in such~~designated as confidential contained in such documents to any person other than those listed in paragraph 5 or paragraph 6 (as appropriate) of the Order. I further agree not to use any such information for any purpose other than this litigation. ~~documents to any other person. I further agree not to use any such information for any purpose other than this litigation.~~

_____          DATED:_____

~~Signed in the presence of:~~
~~_____(Attorney)~~