# **EXHIBIT 10**

Subpoena

Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | **NOTICE OF INTENTION TO SERVE SUBPOENA** *DUCES TECUM* |
| ANDREW ANGLIN, | |
| Defendant. | |

## NOTICE OF INTENTION TO SERVE SUBPOENA *DUCES TECUM*

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendant Andrew Anglin intends to serve the attached Subpoena Duces Tecum upon:

The Montana Human Rights Network, Inc.
d/b/a Love Lives Here
c/o Rachel Carroll Rivas
302 N Last Chance Gulch 59601
Helena, Montana, 59624

This Subpoena is returnable to Stevenson Law Office, 1120 Kensington, Suite B, Missoula, MT 59801, or via email to ecf@randazza.com. The Subpoena requires the production of documents or materials.

Dated: January 24, 2019.  Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant, Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 24, 2019, I served the foregoing document upon counsel for Plaintiff via electronic mail and USPS First Class mail as follows:

Morris Dees, Esq.
J. Richard Cohen, Esq.
David C. Dinielli, Esq.
James M. Knoepp, Esq.
Southern Poverty Law Center
400 Washington Avenue
Montgomery, AL 36104
Morris.dees@splcenter.org
Richard.cohen@splcenter.org
David.dinielli@splcenter.org
jim.knoepp@splcenter.org

John Morrison, Esq.
Robert Farris-Olsen, Esq.
Morrison, Sherwood, Wilson, & Deola, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
john@mswdlaw.com
rfolsen@mswdlaw.com

/s/ Heather Ebert

Employee,
Randazza Legal Group

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
_____ District of _____

|  |  |
|---|---|
| *Plaintiff*<br>v.<br>*Defendant* | )<br>)<br>) Civil Action No.<br>)<br>)<br>) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

_____ OR _____
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW ANGLIN, <br><br> Defendant. | Case No. 9:17-cv-50-DLC-JCL <br><br> **ATTACHMENT "A" TO SUBPOENA** |

## ATTACHMENT "A" TO SUBPOENA

**TO: THE MONTANA HUMAN RIGHTS NETWORK, INC. D/B/A LOVE LIVES HERE**

In addition to the below definitions and instructions to inform your response to the subpoena duces tecum, kindly provide a certification attesting to the authenticity of the documents you have provided in response to the subpoena in the form served herewith. Such certification is not required but may dispense with the need for any party to call you as a witness in the trial of this matter for the sole purpose of authenticating the documents.

## DEFINITIONS.

1.  "Documents" is synonymous in meaning and equal in scope to the usage of this term in Fed.R.Civ.P. 34 and Fed. R. Evid. 1001 and shall include all written, printed, recorded or graphic matter, photographic matter, sound reproductions or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, digitally or otherwise) and any other data compilation from which information can be obtained or translated, if necessary, by the respondent into reasonably useable form from whatever source derived and however and by whomever prepared, produced, disseminated or made; without limiting the generality of the foregoing, the word "documents" includes correspondence, memoranda, facsimiles, reports, transcripts, notes, diaries, calendars, notebooks, minutes, diagrams, computer printouts, diskettes, CD-ROMS, hard drives, drawings, graphs, charts, videotapes, artwork, and exemplars and any other writings of any nature whatsoever, whether or not divulged to other parties. The word "documents" includes all electronically stored information, whether in documentary form or not, and includes all drafts and non-identical versions of a document.

2.  "Documents" refers to all written, printed, recorded or graphic matter,

photographic matter, sound reproductions or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, digitally or otherwise) and any other data compilation from which information can be obtained or translated, if necessary, by the respondent into reasonably useable form from whatever source derived and however and by whomever prepared, produced, disseminated or made; without limiting the generality of the foregoing, the word "documents" includes correspondence, memoranda, facsimiles, reports, transcripts, notes, diaries, calendars, notebooks, minutes, diagrams, computer printouts, diskettes, CD-ROMS, hard drives, drawings, graphs, charts, videotapes, artwork, and exemplars and any other writings of any nature whatsoever, whether or not divulged to other parties.

3. "Things" include objects, specimens, samples, products, labels, advertising, promotional materials, packaging, and related items.

4. "Defendant" includes Andrew Anglin, and any of his employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, all or any of them.

5. "You" or "Your" includes The Montana Human Rights Network, Inc., d/b/a Love Lives Here, its predecessors-in-interest, and all of its employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, all or any of them.

6. The term "Plaintiff" means Tanya Gersh, and any of her employees, agents, representatives, attorneys, or other persons or entities acting or purporting to act for, on behalf of, or with, all or any of them.

7. The term "Complaint" means Plaintiff's complaint (ECF No. 1).

8. "Communication" is used in the broadest possible sense and means any transmission of information in the form of facts, ideas, inquiries, or otherwise, in any

format, including, without limitation, electronic communications, e-mails, text messages, private messages that utilize services associated with websites or web domains, facsimiles, telephone communications, correspondence, exchanges of written or recorded information, or face-to-face meetings. The phrase "communication between" is defined to include, without limitation, instances where one party addresses the other party, but the other party does not necessarily respond.

9. All terms used herein have and are intended to have the same meaning as that used in the Complaint.

10. These definitions are intended to supplement and/or expand upon the definitions and rules of construction set forth in D.Mont.L.R. 26.5 incorporated herein by reference. To the extent any term is defined herein and in the local rule, both definitions shall apply.

## INSTRUCTIONS

11. The definitions and instructions set forth in D. Mont. L.R. 26.5 apply to these requests unless otherwise specified below.

12. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in such form. Documents responsive to each numbered paragraph are to be grouped by paragraph. If any portion of a documents is responsive to this request, the entire document shall be produced. In order to facilitate review and avoid any possibility of misinterpretation, place all documents produced in file folders bearing the number of the paragraph to which they are responsive.

13. In the event You claim privilege or work production protection with respect to any response, you must provide the requisite privilege log in the form set forth in D. Mont. L. Civ. R. 34.1(e).

14. For each document You contend you are entitled to withhold, identify the document and state with specificity the reason for withholding. For any document withheld under a claim of privilege, state:

    a. The name and title of the author(s);

    b. The name and title of the person(s) to whom a copy of the document or its contents, or any part thereof, was sent or conveyed or to whom the document or a copy, or any part thereof, was showed;

    c. Its date;

    d. The name and title of the person(s) to whom the document was addressed;

    e. The number of pages;

    f. A brief description of the subject matter;

    g. The nature of the privilege claimed; and

    h. The paragraph(s) to which the document is otherwise responsive.

15. If any document requested was formerly in the possession, custody, or control of the recipient of this subpoena and has been lost or destroyed, the recipient is requested to submit in lieu of each document a written statement that:

    a. Describes in detail the nature of the document and its contents;

    b. Identifies the person who prepared or authorized the document and, if applicable, the person to whom the document was sent;

    c. Specifies the date upon which the document was prepared or transmitted, or both;

    d. Specifies, to the extent possible, the date upon which the document was lost or destroyed, and if destroyed, the conditions of or reasons for such destruction and the persons requesting and performing the destruction.

16. If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced. Similarly, if an objection is made to production of any portion of a document, the portion(s) subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

17. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request all documents and/or things that might otherwise be construed to be outside of its scope.

18. The use of the singular form of any word includes the plural and vice versa.

19. The use of any tense of any verb includes also within its meaning all other tenses of the verb used.

20. To the extent a time frame is relevant to respond to any request, these requests are intended to include all times from October 1, 2016 to the present and ongoing.

## DOCUMENTS TO BE PRODUCED

1. All documents, including those evidencing communications, that relate to and/or reference Tanya Gersh made between October 1, 2016 and the present. This includes but is not limited to all emails, voicemails, video or text messages, and private messages sent through any service or application.

2. All documents, including those evidencing communications, that relate to and/or reference Spencer made between October 1, 2016 and the present. This includes but is not limited to all emails, voicemails, video or text messages, and private messages sent through any service or application.

3. All documents, including those evidencing communications, that relate to and/or reference Richard Spencer made between October 1, 2016 and the

present. This includes but is not limited to all emails, voicemails, video or text messages, and private messages sent through any service or application.

4. All documents, including those evidencing communications, that relate to and/or reference Andrew Anglin made between October 1, 2016 and the present. This includes but is not limited to all emails, voicemails, video or text messages, and private messages sent through any service or application.

5. Any and all communications with the Southern Poverty Law Center between October 1, 2016 and the present.

6. Documents sufficient to describe the organization of Your business "Love Lives Here".

7. Any and all documents regarding the property at 22 Lupfer Avenue in Whitefish, Montana.

8. Any and all documents regarding the occupants and/or tenants of the property at 22 Lupfer Avenue in Whitefish, Montana.

*Notice: Although Defendant cannot promise you will not be called as a witness to testify in this matter, if you complete and execute the accompanying Declaration of Authenticity (or substantially similar declaration) and return it with your response, you may reduce the likelihood of being called to authenticate the documents later.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | |
| ANDREW ANGLIN, | |
| Defendant. | |

### DECLARATION OF AUTHENTICITY
### PURSUANT TO FED. R. EVID. 902(8)

The undersigned does hereby declare:

The documents produced by The Montana Human Rights Network, Inc. d/b/a Love Lives Here, and attached hereto, are true and correct copies of documents contained within the business records of The Montana Human Rights Network, Inc. d/b/a Love Lives Here. Each of the referenced and attached documents:

(a)   was prepared at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

(b)   was kept by The Montana Human Rights Network, Inc. d/b/a Love Lives Here in the course of its regularly conducted business activity;

(c)   are fully responsive to the subpoena *duces tecum* issued by Defendant to The Montana Human Rights Network, Inc. d/b/a Love Lives Here in the above-captioned matter, except to the extent to which any have been withheld as set forth in a separate objection; and,

(d) was prepared and kept as part of the regular practice of The Montana Human Rights Network, Inc. d/b/a Love Lives Here's regularly conducted business activity.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ____ day of _____, 20__.


_____
For: The Montana Human Rights Network, Inc. d/b/a Love Lives Here

Print Name: _____

Title: _____