# **EXHIBIT 11**

Objections to Subpoena

Andres Haladay
DRAKE LAW FIRM, P.C.
111 N. Last Chance Gulch
Arcade Building, Suite 3J
Helena, MT 59601
Tel: (406) 495-8080
Fax: (406) 495-1616
andres@drakemt.com

Attorneys for Montana Human Rights Network

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW ANGLIN,<br><br>Defendant. | Civil Action No. 9:17-cv-50-DLC-JCL<br><br>**THE MONTANA HUMAN RIGHTS NETWORK'S OBJECTIONS TO DEFENDANT ANDREW ANGLIN'S SUBPOENA** |

## GENERAL OBJECTIONS

On January 28, 2019, Defendant Andrew Anglin served a Subpoena to Produce Documents on the Montana Human Rights Network (MHRN), d/b/a Love Lives Here. MHRN objects to this subpoena pursuant to F.R.Civ.P. 45(d)(2)(B). The entire subpoena is defective on its face. In addition, the individual document requests are objectionable.

The entire subpoena is objectionable because it fails to allow a reasonable time to comply. The subpoena was served on January 28, 2019. It requires compliance on February 6, 2019. This provides nine days to comply, with only six being business days. Ninth Circuit Courts recognize that less than ten days is presumptively unreasonable. *Free Stream Media Corp. v. Alphonso Inc.*, 2017 U.S. Dist. LEXIS 202594, *11, 2017 WL 6209309 (N.D. Cal. 2017). The entire subpoena is deficient on its face for this reason alone.

In addition, MHRN objects to this subpoena based on violation of the 100-mile rule. F.R.Civ.P. 45(c)(2). The subpoena requires production at Stevenson Law Office, which is over 100 miles from the address listed for the Montana Human Rights Network in the caption of the subpoena. The Federal District of Montana has concluded that a party need not comply with physical production demands over 100 miles. *Belanus v. Dutton*, 2017 U.S. Dist. LEXIS 167230, *12, 2017 WL 4518604 (D. Mont. 2017). Moreover, MHRN has not agreed to transmit information electronically. *Youtoo Techs., LLC v. Twitter, Inc.*, 2017 U.S. Dist. LEXIS 148921, *4 (D. Nev. 2017). (recognizing the decision to waive a 100-mile objection belongs to subpoenaed party). The entire subpoena is deficient on its face for this reason alone. This is especially true given the overbreadth of the requests, the burden of responding, the nature of the varied types of documents demanded, and lack of proportionality of requesting this information from a non-party.

Rule 45 was not designed to require non-parties to subsidize a party's litigation costs. Rule 45 requires a fee-shift to the requesting party, in order to protect a non-party from incurring significant costs in production. F.R.Civ.P. 45(d)(2)(b)(ii); *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184-1185 (9th Cir. 2013). In addition, Parties are required to take reasonable steps to avoid imposing undue burdens on non-parties to litigation. With regard to non-parties, discovery can be limited to protect them from harassment, inconvenience or disclosure of confidential information. *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). Determination whether a subpoena is unduly burdensome includes non-party status as a significant factor, and a non-party's objections are granted extra consideration. *Ross v. Brigade Leveraged Capital Structures Fund, Ltd.*, 2014 WL 3854949 (D. Mont. 2014). These overbroad, burdensome, irrelevant and non-proportional requests do not objectively evidence reasonable steps to avoid imposing undue burdens on MHRN.

Moreover, Defendant's subpoena raises concerns of harassment. Defendant's requests seek communications and documents that will contain identities and contact information of MHRN employees, volunteers, members and supporters. These discovery requests, whether intended to do so or not, objectively demonstrate a First Amendment infringement, with objective consequences that suggest an impact on or chilling of associational rights or speech. *Perry v.*

*Schwarzenegger*, 591 F.3d 1126, 1143 (9th Cir. 2010). The Defendant previously sought and posted contact information of individuals he disagrees with. He has called both "Love Lives Here" and MHRN "criminals" and provided lists of people to contact to let them know they may "suffer" for being connected to MHRN or "Love Lives Here." Defendant has used this contact information to also identify and target family members, including putting the photograph of a child onto an image of Auschwitz, accompanied by the word "Jude." While there are other concerning instances of Defendant's objective conduct, the above examples establish a prima facie case that Defendant's subpoena carries the objective consequences of potential harassment and first amendment infringement.

MHRN hopes Defendant will agree that this subpoena is deficient on its face. MHRN respectfully requests Defendant not pursue further irrelevant, burdensome, non-proportional discovery from MHRN as the entire subpoena is objectionable on those grounds as well. Moreover, MHRN reminds Defendant that the Montana Federal District Court requires a party to comply with Local Rule 26.3. Finally, many of the individual requests are objectionable as irrelevant, overbroad, not proportional to the needs of this case, and burdensome. These are addressed individually below.

1.   **All documents, including those evidencing communications, that relate to and/or reference Tanya Gersh made between October 1, 2016 and the present. This includes but is not limited to all emails, voicemails, video or text messages, and private messages sent through any service or application.**

This request is overbroad as it is not limited in scope or subject matter. It is also overbroad and irrelevant as it is not limited to a relevant time period and continues through present. Requests that are not limited to the relevant time period are overbroad and irrelevant. *Gersh v. Anglin*, 2019 WL 265800, *13 (D. Mont. 2019). It applies to internal MHRN communications, and communications between MHRN and external persons who are not parties to this lawsuit. These communications are not relevant to this lawsuit or and the request is not proportional to the needs of this case. Moreover, to the extent Defendants are seeking Tanya Gersh's communications, this request is objectionable as Defendant can obtain this from more convenient source that is less-burdensome to a non-party.

2.   **All documents, including those evidencing communications, that relate to and/or reference Spencer made between October 1, 2016 and the present. This includes but is not limited to all emails, voicemails, video or text messages, and private messages sent through any service or application.**

This request is vague as it is not clear who "Spencer" is. Even if MHRN could discern who Defendant means by "Spencer," this request would still be objectionable, at a minimum, based on overbreadth and relevancy. Requests that

are not limited to the relevant time period are overbroad and irrelevant. *Gersh v. Anglin*, 2019 WL 265800, *13 (D. Mont. 2019).

**3.  All documents, including those evidencing communications, that relate to and/or reference Richard Spencer made between October 1, 2016 and the present. This includes but is not limited to all emails, voicemails, video or text messages, and private messages sent through any service or application.**

This request is irrelevant to this lawsuit. Richard Spencer is not a party to this lawsuit. MHRN is not a party to this lawsuit. Therefore, the request is neither relevant nor proportional to the needs of the case. Moreover, the request is overbroad as it extends to documents and communications that discuss Richard Spencer that have nothing to do with Tanya Gersh, or Andrew Anglin. It would extend to internal communications between MHRN staff, that have no bearing on this case. It would cover press releases, interviews and other activities of MHRN that do not relate to the matters at issue in this case. This request is also burdensome as it will require MHRN to do countless hours of document identification and review. The District Court has recognized Richard Spencer is a "public figure" and MHRN has documents that concern Richard Spencer beyond the subject matter of this lawsuit. It is also overbroad and irrelevant as it is not limited to a relevant time period and continues through present. Requests that are not limited to the relevant time period are overbroad and irrelevant. *Gersh v. Anglin*, 2019 WL 265800, *13 (D. Mont. 2019). In addition, as a non-party to this

lawsuit, the burden of responding to this overbroad and irrelevant request outweighs its likely benefit.

**4. All documents, including those evidencing communications, that relate to and/or reference Andrew Anglin made between October 1, 2016 and the present. This includes but is not limited to all emails, voicemails, video or text messages, and private messages sent through any service or application.**

This request is overbroad as it is not limited in scope or subject matter. It applies to internal MHRN communications, communications between MHRN and external persons who are not parties to this lawsuit. These communications are not relevant to this lawsuit and this request is not proportional to the needs of this case. In addition, the District Court has declared Andrew Anglin a public figure and this request would extend to documents regarding Andrew Anglin that are beyond the subject matter of this lawsuit. It is also overbroad and irrelevant as it is not limited to a relevant time period and continues through present. Requests that are not limited to the relevant time period are overbroad and irrelevant. *Gersh v. Anglin*, 2019 WL 265800, *13 (D. Mont. 2019).

**5. Any and all communications with the Southern Poverty Law Center between October 1, 2016 and the present.**

This is overbroad as the request is not limited to any specific subject matter or topics. As phrased, it extends to any and all communications with Southern Poverty Law Center, irrespective whether the communication related to Andrew Anglin. This request would extend to any conversations between MHRN and

Southern Poverty Law Center about matters outside the issues involved in this case. This request is not proportional to the needs of the case. It is also overbroad and irrelevant as it is not limited to a relevant time period and continues through present. Requests that are not limited to the relevant time period are overbroad and irrelevant. *Gersh v. Anglin*, 2019 WL 265800, *13 (D. Mont. 2019).

**6.    Documents sufficient to describe the organization of Your business "Love Lives Here."**

The organization of "Love Lives Here" is not relevant to this lawsuit and there is no demonstration of how inquiry into the organization of "Love Lives Here" is proportional to the needs of this case. Furthermore, it is not clear what Defendant means by "documents sufficient to describe." To the extent Defendant is seeking publicly filed documents for the creation of an assumed business name, there are more convenient less-burdensome means by which Defendant can seek out this information than seeking document production from a non-party. To the extent Defendant is asking for the creation of organizational documents that do not exist, MHRN is not aware of any obligation to create documents that do not exist in response to a subpoena duces tecum. Furthermore, as noted above, MHRN has objections based on harassment and the First Amendment based on Defendant's prior conduct towards "Love Lives Here," MHRN, and other persons that Defendant has obtained contact information for.

7.     **Any and all documents regarding the property at 22 Lupfer Avenue in Whitefish, Montana.**

This request is overbroad as it is not limited in time, scope or subject matter. Requests that are not limited to the relevant time period are overbroad. *Gersh v. Anglin*, 2019 WL 265800 (D. Mont. 2019). To the extent this requests documents not in MHRN's possession, there are more convenient less-burdensome means by which Defendant can seek out this information. This request is not relevant to this case. MHRN is not a party and any documents in its possession regarding 22 Lupfer Avenue are not relevant to any claim or defense.

8.     **Any and all documents regarding the occupants and/or tenants of the property at 22 Lupfer Avenue in Whitefish, Montana.**

This request is overbroad as it is not limited in time, scope or subject matter. Requests that are not limited to the relevant time period are overbroad. *Gersh v. Anglin*, 2019 WL 265800 (D. Mont. 2019). To the extent this requests documents not in MHRN's possession, there are more convenient less-burdensome means by which Defendant can seek out this information. This request also is not relevant to this case. MHRN is not a party and any documents in its possession regarding 22 Lupfer Avenue are not relevant to any claim or defense.

//

Dated this 5 day of February, 2019.

        DRAKE LAW FIRM, P.C.

        By: /s Andres Haladay
        Andres Haladay
        Attorneys for Montana Human Rights Network

## CERTIFICATE OF SERVICE

I, Andres Haladay, attorney for Montana Human Rights Network, hereby certify that I mailed a true and correct copy of the **Objections**, postage fully prepaid by U. S. Mail, on this 5 day of February, 2019, to the following:

Marc J. Randazza, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, Nevada 89147

Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601

Morris Dees
J. Richard Cohen
David C. Dinielli
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104

Dated this 5 day of February, 2019.

        DRAKE LAW FIRM, P.C.

        By: /s Andres Haladay
        Andres Haladay
        Attorneys for Montana Human Rights Network