# EXHIBIT 12

February 14, 2019 Meet-and-Confer Letter



Marc J. Randazza, JD, MAMC, LLM
Licensed in AZ, CA, FL, MA, NV

*Privileged and Confidential Communication*

**14 February 2019**

<u>Via Email and U.S. Mail</u>

Andres Haladay, Esq.
Drake Law Firm, P.C.
111 N. Last Chance Gulch
Arcade Building, Suite 3J
Helena, MT 59601
<andres@drakemt.com>

   Re: *Gersh v. Anglin* | *Requesting Meet-and-Confer*

Dear Attorney Haladay,

Pursuant to Fed. R. Civ. P. 37 and Local Rule 26.3, we are requesting to telephonically meet and confer with you prior to our filing a motion to compel responses to the subpoena we served upon your client.

We recognize that your client was not given an extensive period of time to respond to the subpoena. Unfortunately, the timeframe was necessary as Plaintiff, Tanya Gersh, improperly claimed privilege and otherwise refused to produce certain documents in her possession, and we were hoping to obtain counterparts from your client prior to certain depositions. Though those depositions have since taken place, we still require the documents sought—both the ones we had hoped to receive prior to the depositions and the others requested in the subpoena. As you have now had several weeks with the subpoena in your possession, we do not expect there should be any further impediment to your client's ability to gather the documents and respond. We would be amenable to you producing the documents within two weeks of the date of this letter.

You also objected to the location of production. Though we recognize the 100-mile limitation, the governing rule, Fed. R. Civ. P. 45(c)(2), which you cited, does not restrict the limitation to the primary place of business, but rather expands it to 100 miles from where the respondent "regularly transacts business in person." Your client does business as "Missoula Rises", regularly transacting business in and around Missoula, Montana, where the place of production was commanded. That said, we would be happy to identify an office in any city in Montana should you actually seek to produce the documents in person; we otherwise offered the opportunity for you to produce them electronically. Thus, geography should be no further impediment to compliance.

Your general objections and refusal to produce on First Amendment grounds are unsupported. You could have, but have not, sought a protective order of the type proposed by the parties themselves. You have not even produced redacted documents, rather indiscriminately withholding all responsive documents or those portions of the

documents that do not implicate your concerns.  However, it is likely that the Court will be entering some form of protective order that would require recipients of designated material to maintain confidentiality.  Once that is entered, you may take full advantage of it and designate whatever you believe should be confidential.  Thus, that objection is no longer any basis to withhold documents.

Your objections to specific requests are similarly misplaced:

Request 1: You object to communications with the plaintiff herself on the basis of time limitation.  However, they only seek communications from October 1, 2016, through the present, being just over two years and covering the operative period.  Thus, they are properly limited.  The communications are relevant as Ms. Gersh worked hand-in-hand with MHRN, directly and through its Love Lives Here division, with respect to the protest of Mrs. Spencer's property and seeking a statement and donation from Mrs. Spencer, all of which are the subject of the articles at issue.  They specifically go to the issue of actual malice.  Neither is Ms. Gersh a more convenient source, as she has not produced all such communications.

Requests 2 & 3: These requests seek communications with or regarding anyone named "Spencer" generally and "Richard Spencer" specifically.  These are not overbroad and you have not indicated how they might be with reference to the size of responsive documents. "Countless hours" seems implausible; e-mail and hard drive keyword searches for "Spencer" and "Richard Spencer", and related terms like "Gersh" and "22 Lupfer", should not take any more than two hours.  They are also time-limited as discussed above. This lawsuit directly relates to protests of the Spencer family, involving MHRN, and they all seek evidence on the issue of actual malice.

Request 4: Once more, you make an improper time-limitation objection.  We specifically seek documents limited to the relevant time period.  Mr. Anglin's public figure status is irrelevant; the plaintiff has made allegations regarding articles attributed to him that directly discuss your client.  Thus, the discovery sought is directly relevant to the issue of actual malice.

Request 5: Your time-limitation objection is once more misguided.  The documents are relevant as they speak to your intercession on the Plaintiff's behalf during the relevant time period and otherwise are likely to address the issue of actual malice.  As to matters you claim are outside the issues in the case, we would be happy to address those specifically with you and suggest you create a form of privilege log to that effect.  That said, we find it hard to imagine why your client would confer with the SPLC for anything other than the Spencer family or the parties and issues in this case.

Request 6: Love Lives Here is central to this lawsuit as its planned protest of Mrs. Spencer's building and behavior are the focus of the articles at issue.  We are not seeking non-existent documents, but it is implausible to suggest MHRN does not possess any documents that describe how Love Lives Here is organized.  Presumably, MHRN and Love Lives Here (which documents are in the possession and control of MHRN) have meeting minutes or

notes, guidelines, correspondence, or other documents, whether formally or informally, that describe the leadership of Love Lives Here, lines of authority, and how it is controlled by MHRN. Concerns of confidentiality can be addressed through the forthcoming protective order.

<u>Requests 7 & 8:</u>  You have refused to produce documents regarding 22 Lupfer Avenue and the occupants/tenants thereof. This dispute originated with Tanya Gersh, a member of MHRN's business, Love Lives Here, calling a tenant of 22 Lupfer Avenue about a planned protest by Love Lives Here. Though no specific time limitation is identified in the request, the building has only existed for a few years. If you would like, we can similarly restrict these requests to October 1, 2016 to the present. The documents sought go directly to the issue of actual malice, as they are likely to substantiate the claims made in the articles.

Please contact us within five business days to discuss the matter, consistent with Rule 37 and Local Rule 26.3.

Thank you for your attention to this matter.

Sincerely,

Marc J. Randazza

cc:   Jay M. Wolman (via email), Mat Stevenson (via email)