Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | **BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR A PROTECTIVE ORDER** |
| ANDREW ANGLIN, | |
| Defendant. | |

# MEMORANDUM AND POINTS OF AUTHORITIES

## 1.0 INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26, 29, and 30, Defendant Andrew Anglin respectfully moves the Court for a protective order excusing Mr. Anglin from being required to appear for an in-person deposition within the United States. Mr. Anglin does not reside in the United States, has not resided there for {___} years, and has no intention of returning to the country out of fear for his personal safety. For these reasons, the Court should not require him to travel to the U.S. for a deposition, and instead should allow him to be deposed outside the U.S. either in-person or through remote means, such as by telephone or video conference.

## 2.0 FACTUAL BACKGROUND

Defendant Andrew Anglin was last in the United States in July 2013; he has not returned to the country since then. (*See* Dkt. No. 64-1 at ¶ 10.) He has since relocated to other foreign countries with the intent to reside there permanently. (*See id*. at ¶¶ 21-23, 25-26, 30.) He does not wish to return to the U.S. and does not wish his current location to be known out of fear for his personal safety if this information were to be known. (*See id*. at ¶¶ 32-36.) This fear is supported by a history of mentally unbalanced individuals giving credence to the Southern Poverty Law Center's ("SPLC") labels on individuals or entities and committing violence against the SPLC's targets. (*See* Paul Bedard, "Support for Southern Poverty Law Center links Scalise, Family Research Council Shooters," WASHINGTON EXAMINER (June 14, 2017), attached as **Exhibit 1**)[1] (reporting that James T. Hodgkinson, who shot Republic congressman Steve Scalise on June 14, 2017 was inspired by the SPLC and that the domestic terrorist who attacked the conservative organization Family

---

[1] Available at: https://www.washingtonexaminer.com/support-for-southern-poverty-law-center-links-scalise-family-research-council-shooters (last accessed Feb. 27, 2019).

Research Council ("FRC") in 2012 targeted the FRC because the SPLC labeled it as a "hate group").

The parties are in the process of arranging for Mr. Anglin's deposition in this matter. Earlier this month, counsel for Mr. Anglin informed counsel for Plaintiff Tanya Gersh that Mr. Anglin is unwilling to travel to the U.S. for his deposition due to safety concerns, and proposed foreign countries for the deposition or deposition via remote means. Ms. Gersh has insists that Mr. Anglin be deposed in-person in the U.S., despite any safety concerns that Mr. Anglin may have.

## 3.0   LEGAL STANDARDS

Fed. R. Civ. P. 26(c)(1) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Trial courts have broad discretion in determining whether good cause exists, what constitutes good cause, and what protections are appropriate. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) (stating "broad discretion [is conferred] on the trial court to decide when a protective order is appropriate and what degree of protection is required"). One of the suggested forms of a protective order under Rule 26 is "specifying terms, including time and place or the allocation of expenses, for the disclosure of discovery." Fed. R. Civ. P. 26(c)(1)(B).

To that end, Fed. R. Civ. P. 29(a) allows the parties to specify the other procedures regarding taking an oral deposition, including location. Additionally, Fed. R. Civ. P. 30(b)(4) says the parties can "stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means. For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions." Specifically, by "telephone or other remote means" includes video conferencing. *SEC v. Banc de Binary*, No. 2:13-cv-993-RCJ-VCF, 2014 U.S. Dist. LEXIS 34373, at *32-33 (D. Nev. Mar. 14, 2014)

(citing *United States v. McKeeve*, 131 F.3d 1, 10 (1st Cir. 1997); *Yu Tian Li v. United States*, 648 F.3d 524, 531 (7th Cir. 2011); *United States v. Fromme*, 405 F. Supp. 578, 583 (E.D. Cal. 1975)). Depositions can be taken in a foreign country "on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination" or before any person commissioned by the court to do so. Fed. R. Civ. P. 28(b)(1). Plaintiffs may obtain a commission without even showing that an alternate manner of deposition is impracticable or inconvenient. Fed. R. Civ. P. 28(b)(2)(B).

**4.0   ARGUMENT**

Mr. Anglin does not reside in the U.S., has no intention of returning to the U.S., and fears for his personal safety if he were to return to the U.S. (*See* Dkt. No. 64-1 at ¶¶ 10, 21-23, 25-26, 30, 32-36; *see also* **Exhibit 1**.) If Ms. Gersh is not willing to travel outside the U.S. to depose Mr. Anglin, deposition by remote means would be the only possible option that would not endanger Mr. Anglin.

Generally, the district court has broad discretion to determine the most appropriate manner to conduct discovery in the cases before it. *See Societe Nationale v. U.S. District Court for the Southern District of Iowa*, 482 U.S. 522 (1987); *see also Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th. Cir. 1994); *and see Fausto v. Credigy Servs. Corp.*, 251 F.R.D 427, 429 (C.D. Cal. 2008). Specifically, "[h]ardship, burden, and undue expense are equitable principles that the court may take into consideration when setting the location of a deposition." *SEC v. Banc de Binary*, No. 2:13-cv-993-RCJ-VCF, 2014 U.S. Dist. LEXIS 34373, at *24 (D. Nev. Mar. 14, 2014) (citing Fed. R. Civ. P. 26(c); *Societe Nationale*, 482 U.S. at 546).

Although U.S. citizens living abroad can be deposed wherever the court directs, parties are typically deposed where they reside. *Baraz v. United States*, 181 F.R.D. 449, 452 (C.D. Cal. 1998) (citing *In re Anschuetz*, 754 F.2d 602, 608 n. 13,

(5th Cir. 1985), *vacated and remanded*, 838 F.2d 1362). Courts thus rarely require such citizens to return to the United States to have their depositions taken. See *id.*

Courts in the Ninth Circuit use a five-factor test to determine the appropriate location for a deposition: (1) the location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising which would necessitate-resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship. *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625 (C.D. Cal. 2005). These factors apply whether the party being deposed is a corporation or an individual, though the second factor does not apply. *See Casun Invest, A.G. v. Ponder*, 2018 U.S. Dist. LEXIS 206423, *8 (D. Nev. Dec. 6, 2018); *see also Takiguchi v. MRI Int'l*, 2016 U.S. Dist. LEXIS 140609, *5-6 (D. Nev. Oct. 11, 2016).

Factor 1, the location of counsel for the parties, weighs in favor of remote deposition. While counsel for all parties are located in the U.S., they would not need to incur any travel expenses if Mr. Anglin's deposition is taken remotely. Lead counsel for Plaintiff is located in Alabama and lead counsel for Mr. Anglin is located in Nevada, meaning that the attorneys who would attend the deposition would need to travel if they wished to be physically present at the deposition anyhow. Notably, even for depositions within Montana, Plaintiff's local counsel has appeared by remote means, rendering his location immaterial.

Factor 3, the likelihood of significant discovery disputes, weighs in Mr. Anglin's favor. Mr. Anglin's concerns regarding the confidential nature of information provided during his deposition can be addressed by a forthcoming general protective order which both parties seek, albeit with certain disagreements about the language. Aside from this, there are no reasons to believe significant

discovery disputes will arise during the course of Mr. Anglin's deposition and the Court could likely resolve any dispute telephonically, as is customary. If Mr. Anglin were in Portland, Maine or even Seattle, Washington, it would make no difference as to how the Court would resolve discovery disputes.

Factor 4, whether Mr. Anglin often travels to the U.S., weighs in Mr. Anglin's favor. He has not been to the U.S. since 2013. He has no intention of returning to the U.S. out of fear for his personal safety. A deponent's reluctance to enter the U.S. weighs against conducting the deposition in the U.S. *See Takiguchi*, 2016 U.S. Dist. LEXIS 140609 at *6.

Factor 5, the equitable concerns of the parties, also weighs in Mr. Anglin's favor. Mr. Anglin fears for his safety if he is required to enter the U.S. for his deposition, which is a significant equitable concern. There is no countervailing equitable concern on Ms. Gersh's part that should require Mr. Anglin's physical presence in the U.S. Mr. Anglin can be deposed outside the U.S. and there are no good reasons to compel him to travel to the U.S. except to place him at unnecessary risk of physical harm.

## 5.0   CONCLUSION

For the foregoing reasons, Mr. Anglin moves the Court to enter a protective order excusing him from having to attend a deposition in-person in the United States, and that his deposition should instead be conducted abroad via remote means.

Dated: February 27, 2019.

Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Matthew M. Stevenson
Matthew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT

*Attorneys for Defendant,
Andrew Anglin*

## CERTIFICATE OF COMPLIANCE

Pursuant to D. Mont. L.R. 7.1(d)(2)(E), undersigned counsel hereby certifies compliance with the said Rule and states that the number of words in this brief, as per the count of Microsoft Word, is 1,551.

/s/ Marc J. Randazza
Marc J. Randazza

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 27, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF and by First Class Mail, postage prepaid, to:

Andres Haladay, Esq.
Drake Law Firm, P.C.
111 N. Last Chance Gulch
Arcade Building, Suite 3J
Helena, MT 59601

/s/ Marc J. Randazza
Marc J. Randazza