# EXHIBIT B

| | |
|---|---|
| **From:** | David Dinielli |
| **To:** | Marc Randazza |
| **Cc:** | Marisa Cochrane; J. Marshall Wolman; RLG Las Vegas |
| **Subject:** | Re: Anglin Deposition |
| **Date:** | Wednesday, February 20, 2019 7:17:52 AM |

Thanks, Marc. Again, I appreciate your creativity and effort to find a solution, but we can't agree to this either. We need to be able to sit with Mr. Anglin, work with documents, test his demeanor, etc., all of which is made much more difficult by a remote deposition, in my experience. I look forward to hearing from you whether there are any acceptable and reasonable US locations by Friday.

- David

Sent from my iPhone

On Feb 19, 2019, at 12:33 PM, Marc Randazza <mjr@randazza.com> wrote:

> Ok. I still havent heard back from Anglin. So, the sooner you can get back to me, the sooner i can have his position(s)
>
> On Tue, Feb 19, 2019 at 1:24 PM David Dinielli <David.Dinielli@splcenter.org> wrote:
>> Thanks, Marc. I'll have to discuss with the team.
>>
>> Sent from my iPhone
>>
>> On Feb 19, 2019, at 12:05 PM, Marc Randazza <mjr@randazza.com> wrote:
>>
>>> Just hypothetically -- my client has not yet replied to me on this, but would you be willing to entertain this: His *first* deposition would be by video or telephone. And that would create (by agreement) absolutely no impediment to you taking *another* in-person deposition, if you felt that it was necessary after the alternate-means deposition.
>>>
>>> What I'm thinking is that if he gives you what you think you need in the alternative deposition, then you've got what you need anyhow. If you feel that he's been evasive or unhelpful in any way, and thus he's looking the gift horse in the mouth with this, you would be able to immediately end the deposition and demand an in-person deposition.
>>>
>>> I realize that these are unorthodox requests. But, I'm trying to avoid us needing to litigate this. I recognize that Gersh likely has less risk in that happening than Anglin does. Nevertheless, if your client were to accept this, it would at least give her two pre-trial bites at Anglin if she felt it was necessary.

> On Tue, Feb 19, 2019 at 10:20 AM David Dinielli <David.Dinielli@splcenter.org> wrote:
>
>> Thanks, Marc –
>>
>> Our position is that the deposition should take place in the United States. The court has found that it has personal jurisdiction over Mr. Anglin in Montana (where he must appear for trial), and that he remains domiciled in Ohio. Some cases indicate the deposition of a party should be conducted where the party resides, but Mr. Anglin is unwilling to disclose that information. And even if he were, assuming that it is outside the United States, we likely would move to have his deposition taken in the United States.
>>
>> -David
>>
>> **From:** Marc Randazza [mailto:mjr@randazza.com]
>> **Sent:** Tuesday, February 19, 2019 9:12 AM
>> **To:** David Dinielli
>> **Cc:** Marisa Cochrane; J. Marshall Wolman; RLG Las Vegas
>> **Subject:** Re: Anglin Deposition
>>
>> David,
>>
>> In the event that my client is unwilling to enter the United States, is it your position that this is an irresolvable issue?
>>
>> I have to admit that his suggestions of Caracas or Havana are positions that I am not prepared to vigorously defend. However, in the interest of trying to get him to compromise, is it your view that the deposition can not take place either a) by video / telephone from some other location outside the USA, or b) in a *more reasonable* place outside the USA?  i.e. not in a failed state that is in a state of chaos and revolution (Venezuela) or not in a state that does not have diplomatic ties with the USA (Cuba)?
>>
>> I certainly empathize if you do not want to get on a plane for (just for example -- London) ... but, when we consider the travel time

to Missoula or Whitefish, I wonder if London is really that much of a hardship.

Do not take this as me insisting upon London (or anywhere else). I am merely attempting to find the contours of the compromise. I recognize (and appreciate) your 7 day confidentiality agreement. I also recognize and appreciate your willingness to select a place in the USA that is of our choosing (within reason -- I'm not interpreting this to be an agreement to do it in Bethel, AK or on Wake Island, or some other ridiculous result).

So, I will communicate your position (as I understand it) to my client. I will also await your view on alternate means (remote video / audio) and your view on alternate, non-USA locations.

-Marc

On Tue, Feb 19, 2019 at 10:03 AM David Dinielli <David.Dinielli@splcenter.org> wrote:

> Marc –
>
> We are willing to keep the location of Mr. Anglin's deposition confidential for 7 days following the deposition, but we must insist on a reasonable location in the United States. Please let me know by this Friday, February 22, if there are any such locations Mr. Anglin is willing to appear. I'd like to bring this to either resolution or a head, so that we can put the issue to the Court if necessary when it holds a hearing on March 14.
>
> Best,
>
> David

**From:** David Dinielli
**Sent:** Wednesday, January 23, 2019 5:36 PM
**To:** Randazza Marc John
**Subject:** Re: Anglin Deposition

I will be speaking with the team tomorrow so we will discuss. Thanks for getting back to me.

Sent from my iPhone

On Jan 23, 2019, at 5:31 PM, Randazza Marc John <mjr@randazza.com> wrote:

> I got on the tel with him.
>
> Would you be willing to agree to a protective order that would require all parties to keep the location of the deposition confidential for 7 days following the deposition?
>
> I realize that there are issues with that. Namely, I wouldn't be able to even tell my kids where I am going. But, he has a larger array of places he would show up, if he had that assurance.
>
> _____
>
> **Marc John Randazza, JD, MAMC, LLM**\* | **Randazza Legal Group**
> Tel: 702-420-2001 | Email: mjr@randazza.com
> Firm Offices - Las Vegas | Miami | Hartford | Gloucester, Mass.
>
> _____
>
> \* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.
>
> ------------------------------------------------

View my research on my Academia page:

marcrandazza.academia.edu

-------------------------------------------------

On Jan 23, 2019, at 5:59 PM, David Dinielli <David.Dinielli@splcenter.org> wrote:

Sure I'll be calling from my cell, which is a 323 number.

**From:** Marc Randazza [mailto:mjr@randazza.com]
**Sent:** Wednesday, January 23, 2019 4:55 PM
**To:** David Dinielli
**Subject:** Anglin Deposition

David,

Give me a call to discuss the deposition.

--

_____

**Marc John Randazza, JD, MAMC, LLM**\* | **Randazza Legal Group**
2764 Lake Sahara Drive, Suite 109| Las Vegas, NV 89117
Tel: 702-420-2001 | Email: mjr@randazza.com
Firm Offices - Las Vegas | Miami | New England

_____

\* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.

--

_____

**Marc John Randazza, JD, MAMC, LLM**\* | <span style="color:red">**Randazza Legal Group**</span>
2764 Lake Sahara Drive, Suite 109| Las Vegas, NV 89117
Tel: 702-420-2001 | Email: <u>mjr@randazza.com</u>
Firm Offices - Las Vegas | Miami | New England

_____

\* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.

--

_____

**Marc John Randazza, JD, MAMC, LLM**\* | <span style="color:red">**Randazza Legal Group**</span>
2764 Lake Sahara Drive, Suite 109| Las Vegas, NV 89117
Tel: 702-420-2001 | Email: <u>mjr@randazza.com</u>
Firm Offices - Las Vegas | Miami | New England

_____

\* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.

--

_____

**Marc John Randazza, JD, MAMC, LLM**\* | <span style="color:red">**Randazza Legal Group**</span>
2764 Lake Sahara Drive, Suite 109| Las Vegas, NV 89117
Tel: 702-420-2001 | Email: <u>mjr@randazza.com</u>
Firm Offices - Las Vegas | Miami | New England

_____

\* Licensed to practice law in Arizona, California, Florida, Massachusetts, and Nevada.