Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

*Attorneys for Defendant,*
*Andrew Anglin*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | |
| vs. | **DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER** |
| ANDREW ANGLIN, | |
| Defendant. | |

# DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PROTECTIVE ORDER

The response of the SPLC (Dkt. No. 148) in opposition to Defendant's motion for a protective order (Dkt. No. 142) for the Court to exercise its discretion and permit his deposition to be taken abroad is telling, and its arguments are unavailing.

The record in this case shows that Mr. Anglin has not returned to the United States in many years, even if he technically might not have established a particular domicile by April 2017. Unsworn statements in a blog post reporting what an Ohio court clerk *might* have said is classic hearsay on hearsay; the SPLC has had plenty of time to obtain admissible evidence on the issue and yet has failed to introduce *anything* to support this fabrication by a biased blogger who has a personal vendetta against Mr. Anglin.[1]

Though counsel for Mr. Anglin agreed with the SPLC that his client's suggestions of Cuba and Venezuela were not reasonable, that does not mean other countries are not. However, the SPLC has not made any counter-proposal, seeking only to take his deposition domestically.

Mr. Anglin credibly fears violence from SPLC supporters and harassment from the SPLC itself. The record shows that the SPLC does not operate like a law firm, and there is no reasonable expectation that it would maintain his location in

---

[1] If the Court wishes to entertain hearsay, Mr. Randazza has had multiple conversations with this blogger. His first contact was under the guise of writing an article about Mr. Anglin and this case. However, it quickly became apparent that this particular blogger has a personal vendetta against Anglin – claiming that Anglin had "doxed" him and had written terrible things about him and his family. Mr. O'Brien also fabricated a story about Anglin being in Ohio – allegedly meeting with Mr. Randazza. This meeting never happened, and Mr. Randazza can provide a witness to attest that no such meeting occurred, if the court is interested in exploring the reliability of statements by Mr. O'Brien.

confidence. Its litigation tactics confirm this, refusing the erect firewalls or certify that it would keep confidential information from its non-litigation and/or dual-purpose staff. *See*, e.g., Dkt. No. 141 at 13-15. In fact, it refuses to even agree to the designation of location information as confidential. In the absence of any justifiable reason, this tends to give weight to Mr. Anglin's fears.

The SPLC has litigated this matter abusively, abusing the discovery process in furtherance of its commercial gain. It took a deposition of Richard Spencer with little attention to any article in the Daily Stormer, rather focusing on whether he did his podcasts from his mother's house, in a blatant attempt to use that information to bring unrelated claims against him in Montana. It is now seeking to depose two individuals, April Gaede and Jeremy Palmer, who may have been Montana-based contributors to the "Stormfront" web forum, which is unaffiliated with the Daily Stormer. Neither Ms. Gaede nor Mr. Palmer are known to have any connection to the articles, Ms. Gersh, Mr. Anglin, or the so-called troll storm—nothing in the record or discovery suggests as much.[2] Rather, this case is the SPLC's toe-hold to issue abusive subpoenae against people it dislikes. *See*, e.g., https://www.splcenter.org/fighting-hate/extremist-files/individual/april-gaede .

Notably, the SPLC claims Mr. Anglin has shown contempt for this process, by insisting on the process he is entitled to and by seeking protection of this court through dismissal and protective orders. If the SPLC truly believed Mr. Anglin were in violation, it would have sought entry of default. That it has not done so shows that the SPLC desires the discovery process to remain open so it can fulfill its wish

---

[2] If the SPLC has received responses to third-party subpoenae that indicate any involvement by Ms. Gaede or Mr. Palmer, it has failed to produce such information, despite a continuing obligation to comply with Mr. Anglin's Rule 34 request for all documents received from subpoenae served by Plaintiff.

list of deposing Montana residents it previously targeted, but it had no excuse to harass with legal process.[3] And, more importantly, it shows that the SPLC is using this litigation for secondary gain, further substantiating Mr. Anglin's fears that deposition in the U.S. will result in harm or harassment.[4]

Plaintiff does not dispute that the Court has the authority to order the deposition be taken abroad. The costs to all would be akin to taking a deposition in Montana. Plaintiff's citation to *Tiki Shark Art Inc. v. Cafepress Inc.*, No. 13-00577 JMS-RLP, 2014 U.S. Dist. LEXIS 195910, at *4 (D. Haw. Aug. 6, 2014) is inapposite. In *Tiki Shark,* it was defense counsel seeking to relocate the Hawai'ian plaintiffs' deposition to California in the face of threats to counsel, and the court declined, citing their residence and other protective measures put in place. Here, Mr. Anglin had no choice in the forum, and it is not about threats to interchangeable counsel, but to a party himself, where there are no other measures to protect him (and the SPLC steadfastly refuses to keep other such information confidential).

---

[3] That Mr. Spencer might not have received the same threats as Mr. Anglin, demonstrated by his willingness to remain in the U.S. and be deposed by the SPLC, does not negate the threats to Mr. Anglin.

[4] It is telling that Ms. Gersh and the SPLC cite possible "harassment" as a reason to refuse to turn over information instrumental to Mr. Anglin's defenses. Dkt. No. 140 at 17. Meanwhile, any views that these people hold are likely in the mainstream. Meanwhile, Mr. Anglin's views are certainly only accepted by a tiny sliver of society, and would more likely than not, result in harassment. When merely wearing a "Make America Great Again" hat will subject the wearer to physical attacks in the United States, one can certainly see Mr. Anglin's fears as rational. *See*, e.g., Hall, Katie "Austin Policy Investigating Reported Assault Against Woman Wearing MAGA Hat", Austin Statesman (Mar. 11, 2019) available at https://www.statesman.com/news/20190311/austin-police-investigating-reported-assault-against-woman-wearing-maga-hat; "Woman Charged with Attacking Falmouth Man Wearing MAGA Hat Taken into ICE Custody", CBS Boston (Feb. 26, 2019, available at https://boston.cbslocal.com/2019/02/26/president-trump-make-america-great-again-hat-confrontation-rosiane-santos-ice/.

There is no barrier to the SPLC taking an in-person deposition abroad. Neither is there any reason why video deposition would be prejudicial in the alternative; this is not a he-said/she-said case where credibility is at issue;[5] it is about articles which, on their face, are based on underlying reports by ABC Fox Montana and Plaintiff's own written correspondence. Thus, none of the decisions based on circumstances that existed in the other cases cited by Plaintiff apply.

Plaintiff has shown no good reason why a defendant who has lived outside of the U.S. for years without return, fearing for his life if he does so, should be forced to travel to the U.S. when alternate means are readily available without prejudice to her. Thus, the motion should be allowed.

---

[5] Plaintiff claims she will "cross examine him in person if he denies an intent to cause distress" to evaluate his credibility. Dkt. No. 148 at 19. Concerns about credibility can be addressed "either by having the [examining attorney] present with the witness [the remote location], during a video deposition, or by having the witness's video deposition accomplished by means of video conference." *United States v. Hulstein*, 2010 U.S. Dist. LEXIS 54573, at *2 (N.D. Iowa June 3, 2010). Furthermore, this speculation about his testimony is premature. Mr. Anglin is largely relying on legal defenses – not factual ones. There is no reason Plaintiff's counsel could not appear for the deposition abroad or take the deposition remotely. And, as offered by counsel for the Defendant, in the event that a remote deposition was unsatisfying for whatever reason, the Plaintiff would have every right to seek a supplemental deposition.

Dated: March 13, 2019.  Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman, *pro hac vice*
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
*Attorneys for Defendant,
Andrew Anglin*

Case No. 9:17-cv-50-DLC-JCL

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 13, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I further certify that a true and correct copy of the foregoing document is being served via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Marc J. Randazza
Marc J. Randazza