# EXHIBIT 1

Final Judgment and Order of Reprimand and Probation

**BEFORE THE PRESIDING DISCIPLINARY JUDGE**

| | |
|---|---|
| IN THE MATTER OF A MEMBER OF THE STATE BAR OF ARIZONA, <br><br>**MARC J. RANDAZZA,** <br> Bar No. 027861 <br><br> Respondent. | **PDJ-2018-9110** <br><br> **FINAL JUDGMENT AND ORDER OF REPRIMAND AND PROBATION** <br><br> [State Bar No. 18-3420-RC] <br><br> **FILED JANUARY 14, 2019** |

Under Rules 54(h) and 57(b), *Reciprocal Discipline*, Ariz. R. Sup. Ct.,[1] a certified copy of the Supreme Court of Nevada's Order Approving Conditional Guilty Plea Agreement was received by the Presiding Disciplinary Judge (PDJ).

The Order imposed a 12-month suspension, which was stayed for 18 months subject to conditions. The conditions include the following terms: Respondent shall have no new grievances out of conduct post-dating the date of the plea which results in the imposition of discipline; 2) successfully complete during the period of probation 20 hours of continuing legal education (CLE) in ethics in addition to any yearly CLE requirements; 3) seek the advice and approval of an independent and unaffiliated ethics attorney in the relevant jurisdiction before obtaining any conflict of interest waivers during the period of probation; 4) pay actual costs of disciplinary

---

[1] Unless otherwise stated, all rule references are to the Ariz. R. Sup. Ct.

1

proceeding including $2,500.00 under SCR 120. The suspension was for Mr. Randazza's failure to avoid conflict of interests with clients and failure to advise the client of their right to seek the advice of independent counsel regarding a promissory note.

Notice of the filing of that Order was issued to the parties on November 11, 2018, in compliance with Rule 57(b)(2). Under Rule 57(b)(3), the PDJ "shall impose the identical or substantially similar discipline" unless Bar Counsel or Respondent establishes by preponderance of the evidence one of the four elements listed under that rule. Both the State Bar and Mr. Randazza filed responses. The State Bar asserts under Rule 57(b)(3), no factors are applicable, and a sanction of reprimand and probation are appropriate under the facts of this matter. Mr. Randazza asserts suspension in this matter is not warranted and would in fact be punitive. He states the appropriate resolution in this matter is to stay these proceedings until successful completion his term of probation in Nevada and to then dismiss this matter. In the alternative, Mr. Randazza requests a reprimand, or at most, be placed on probation with no additional terms.

Arizona does not recognize a stayed suspension subject to conditions. Rule 60, Ariz. R. Sup. Ct. Therefore, the imposition of an identical sanction is not appropriate and a suspension in Arizona may not be stayed in favor of probation.

We are reminded that the objective of lawyer discipline proceedings is to protect the public, the profession, and the administration of justice, and not to punish the lawyer. *In re Neville,* 147 Ariz. 106, 708 P.2d 1297. Imposing a reprimand and probation serves to advise the Bar and the public that Mr. Randazza engaged in conduct that violated the Rules of Professional Conduct. It serves the purpose of protecting the public, the integrity of the profession, educating other lawyers, and instilling confidence in the integrity of the disciplinary process. A reprimand and eighteen (18) months of probation is substantially similar discipline

Now Therefore,

**IT IS ORDERED** imposing reciprocal discipline of reprimand and eighteen (18) months of probation upon Respondent, **MARC J. RANDAZZA, Bar No. 027861,** effective immediately.

**IT IS FURTHER ORDERED** Mr. Randazza shall be placed on probation for eighteen (18) months to run concurrently with the terms and conditions as set forth in the Nevada Order Approving Guilty Plea Agreement dated October 10, 2018.

**IT IS FURTHER ORDERED** Mr. Randazza shall be responsible for the costs associated with this matter in the amount of $1,200.00.

**DATED** this 14th day of January 2019.

*William J. O'Neil*
**William J. O'Neil, Presiding Disciplinary Judge**

Copy of the foregoing e-mailed/mailed
this 14th day of January 2019, to:

| | |
|---|---|
| Jon Weiss | Maret Vessella |
| Lewis Roca Rothgerber Christie LLP | Chief Bar Counsel |
| 201 E. Washington Street, Suite 1200 | State Bar of Arizona |
| Phoenix, AZ  85004-2595 | 4201 North 24th Street, Suite 100 |
| Email: jweiss@lrrc.com | Phoenix, AZ 85016-6288 |
| Respondent's Counsel | Email: LRO@staff.azbar.org |

by: AMcQueen

4