JoAnn Jett Corson
Registered Diplomate Reporter
Certified Realtime Reporter
P. O. Box 8006
Missoula, Montana 59807-8006
406/829-7123 office
joann_corson@mtd.uscourts.gov

United States Court Reporter

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| TANYA GERSH, ) | |
| Plaintiff,) | No. CV 17-50-M-DLC-JCL |
| vs. ) | |
| ) | **TRANSCRIPT 1 OF 2** |
| ANDREW ANGLIN, ) | **HEARING ON MOTIONS** |
| Defendant,) | |
| and ) | |
| ) | |
| STATE OF MONTANA, ) | |
| Defendant-Intervenor.) | |

**BEFORE THE HONORABLE JEREMIAH C. LYNCH
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE
FOR THE DISTRICT OF MONTANA**

Russell Smith United States Courthouse
201 East Broadway
Missoula, Montana 59802
Thursday, March 14, 2019
13:30:55 to 13:36:50
16:32:44 to 16:38:02

Proceedings recorded by machine shorthand
Transcript produced by computer-assisted transcription

```
 1                         APPEARANCES

 2   For the Plaintiff:          MR. DAVID C. DINIELLI
                                 MS. ELIZABETH LITTRELL
 3                               Attorneys at Law
                                 400 Washington Avenue
 4                               Montgomery, Alabama 36104

 5                               MR. JOHN MORRISON
                                 Attorney at Law
 6                               401 North Last Chance Gulch
                                 Helena, Montana 59601
 7
     For the Defendant:          MR. MARC J. RANDAZZA
 8                               Attorney at Law
                                 Suite 109
 9                               2764 Lake Sahara Drive
                                 Las Vegas, Nevada 89117
10
                                 MR. MATHEW M. STEVENSON
11                               Attorney at Law
                                 P.O. Box 1599
12                               Missoula, Montana 59806

13   For the Defendant-          MR. MATTHEW T. COCHENOUR
     Intervenor:                 MR. DALE M. SCHOWENGERDT
14                               Attorneys at Law
                                 Montana Department of Justice
15                               P.O. Box 201440
                                 Helena, Montana 59620
16

17                          CONTENTS
```

18   Proceedings .........................................     3

19   Reporter's Certificate ..............................    13

```
20

21

22

23

24          REPORTER'S NOTE:  "Uh-huh" and "Um-hmm" indicate
     affirmative responses.  "Huh-uh" and "Hm-umm" indicate
25   negative responses.
```

| | |
|---|---|
| 1 | PROCEEDINGS |
| 2 | (Open court.) |
| 3 | THE COURT: Good afternoon to everyone. Please be |
| 4 | seated. |
| 5 | This, of course, is the time set for hearing upon |
| 6 | several motions in the civil case of *Gersh v. Anglin*, Civil |
| 7 | Cause 17-50-Missoula. |
| 8 | And I'm going to just begin on the plaintiff's side, |
| 9 | right, with counsel identifying themselves for the benefit of |
| 10 | the Court and the court reporter, please. |
| 11 | MR. DINIELLI: Good afternoon. David Dinielli of |
| 12 | the Southern Poverty Law Center on behalf of the plaintiff, |
| 13 | Tanya Gersh. |
| 14 | THE COURT: Thank you. |
| 15 | MS. LITTRELL: Good afternoon, Your Honor. Beth |
| 16 | Littrell on behalf of the plaintiff, Tanya Gersh. |
| 17 | MR. MORRISON: John Morrison, Your Honor, on behalf |
| 18 | of the plaintiff. |
| 19 | MR. COCHENOUR: Good afternoon, Your Honor. Matt |
| 20 | Cochenour on behalf of the intervenor, State of Montana. |
| 21 | THE COURT: Okay. |
| 22 | MR. SCHOWENGERDT: Good afternoon, Your Honor. Dale |
| 23 | Schowengerdt on behalf of Montana. |
| 24 | THE COURT: And for the defendant, please? |
| 25 | MR. RANDAZZA: Good afternoon, Your Honor. Marc |

Randazza on behalf of the defendant.

                           MR. STEVENSON: Good afternoon, Your Honor. Mat
                  Stevenson on behalf of the defendant.

                           THE COURT: Good afternoon to all of you.

                           As you know, we're here; this hearing was set with
                  respect to three motions that were pending as of February 14
                  of 2019. There was the plaintiff's motion, Ms. Gersh's motion
                  to compel defendants to respond to requests for production and
                  for sanctions.

                           And my review indicates to me that there were how
                  many requests for production served in this? 123 or so?

                           MR. DINIELLI: Your Honor, that's about correct. I
                  know it was over a hundred.

                           THE COURT: Um-hmm.

                           MR. DINIELLI: I can look to determine the precise
                  number.

                           THE COURT: No, that's fine, as long as we're -- we
                  can operate in the ballpark for now. And that's Document 123.

                           The second motion is plaintiff's motion to enter a
                  protective order governing "confidential" and "highly
                  confidential" information. We'll be talking about the
                  distinction there. But that's Document 132.

                           And then, of course, Mr. Anglin's attorneys on his
                  behalf filed a motion to compel plaintiff to respond to
                  interrogatories and requests for production. That's

                                                  4

1  Document 134.
2          After I entered the order, within a short period of
3  time, then, there was a subsequent motion filed for a
4  protective order on behalf of Mr. Anglin with respect to the
5  plaintiff's noticing and ultimately taking the deposition of
6  Anglin.  So even though that wasn't noted in my order, I
7  intend to deal with that motion in the course of our hearing.
8          Now I think if I'm right, too, the defendants served
9  78 requests for production.  Is that about ballpark, too?
10         MR. RANDAZZA:  That sounds right, Your Honor.
11         THE COURT:  Okay.  So there's a lot of requests for
12 production.  You folks want to get a lot of information, I
13 guess understandably.
14         The thing that bothered me when I read through the
15 motions is that, first of all, I'm a big believer in meet and
16 confer, and given the number of attorneys I have here, of
17 course, and the number of motions that I have, this is a
18 significant case, certainly, from both parties' viewpoints.
19 But I'm told that, "Well, we attempted to confer and resolve
20 some of these matters telephonically."  And then, of course,
21 which is not uncommon, "We have very comprehensive
22 correspondence."  And, of course, not much headway was made in
23 any of those endeavors.
24         So whenever someone asks for sanctions in my court,
25 I take that very seriously, not just for the immediate

ramifications of a request for sanctions but the long-term ramifications with respect to all attorneys involved in the practice, because I do know, if you apply for *pro hac vice* status in this court, and every court, or you apply for admission to a bar, you've got to set forth every time you're sanctioned. So I know you're not using the request for sanctions loosely. I would never suggest that. But, again, I take it seriously.

So I'm going to give this my very best effort, these motions. I've obviously read through them. And what I'm going to do, though, at the outset here is I'm going to put you folks -- I'm going to give you the opportunity, if you will, to meet and confer, because I don't think you have sufficiently, in my view.

So what I'm going to do is give you an accommodation in our jury room on the second floor. The clerk will show you up there. And you're going to meet from 1:30 to 4 o'clock. Then I will reconvene with you at 4 o'clock to see if you've made any progress. I may have some short argument in terms of progress.

Then I want to take the evening to digest what I hear from you, and then we'll meet tomorrow morning at 9 o'clock.

And we'll continue down this road, and we'll go over these things one at a time, and then we'll see what progress

```
 1    we make.  If we make progress, good.  If we don't, then I'll
 2    make a ruling.  But I may have you back on Monday so that we
 3    can see -- so I can get a full flavor of your arguments and
 4    make an informed decision.  Because if I'm looking at 130-some
 5    interrogatories -- or requests for production on one side,
 6    that's a lot of material; 78 on the other side, that's a lot
 7    of material; sanctions with regard to each of those requests,
 8    that's important to me that I get it right.
 9            So that's my game plan here.  And, again, I will
10    have the clerk show you to the jury room.  I'll reconvene with
11    you at 4 o'clock.
12            The Court stands in recess.
13            THE CLERK:  All rise.
14        (Discussion off the record.)
15            THE COURT:  I would say that in your conversations,
16    both sides, interestingly, tell me the other side is using
17    boilerplate objections.  And you describe for me, both sides,
18    what's wrong with a boilerplate objection, yet both of you use
19    them, which is curious to me, so maybe you can talk about that
20    and explain that to me later.
21        (Recess taken from 13:36:50 to 16:32:44.)
22        (Open court.)
23            THE COURT:  Good afternoon, again.  Please be
24    seated.
25            All right.  Let me begin with the plaintiff, whoever
```

1  wishes to speak to me.  I'm assuming it will be Mr. Dinielli
2  but not necessarily.
3          MR. DINIELLI:  Yes, Your Honor.
4          THE COURT:  Tell me what I need to resolve here.
5          MR. DINIELLI:  Thank you very much.
6      We have made very substantial progress in the hours
7  we spent in the jury room.  We got through the entirety of the
8  defendant's motion to compel with one exception.  We also have
9  gotten through a substantial portion of the plaintiff's motion
10 to compel; we've gotten through Request No. 29.
11     We think we would benefit from even more time, and,
12 in order to do that, we would like to come back tomorrow
13 morning and resume our in-person conversations.
14         THE COURT:  All right.
15         MR. DINIELLI:  At this time, it does appear there
16 may still be some issues that we cannot reach agreement on.
17 One, for example, may be the applicability of the clergy
18 privilege to three items on our privilege log.
19     We also have not yet reached resolution with respect
20 to the location of the deposition, although conversations
21 continue.
22         THE COURT:  Let me -- I don't want to interrupt you,
23 and I will give you the time tomorrow to continue, but I do --
24 with regard to the deposition, tell me what the hangup is,
25 because it seems to me, under Rule 45(c), my authority is

1  limited.  Would you agree with that --

2  MR. DINIELLI:  Well --

3  THE COURT:  -- in terms of -- well, he still has to
4  be subject, Mr. Anglin, to a subpoena, correct?

5  MR. DINIELLI:  We don't think he has to be subject
6  to a subpoena.  We think --

7  THE COURT:  What's Rule 45(c) say?

8  MR. DINIELLI:  One of the things that we think could
9  happen, frankly, is Your Honor could order him to appear here
10 in the courtroom for a deposition.

11 THE COURT:  Under what authority?

12 MR. DINIELLI:  The ability to control the conduct of
13 the discovery.  We know that the Court has the authority to
14 make rulings with respect to the timing and the location, and
15 we think that encompasses the location of the deposition.

16 THE COURT:  Okay.  Well, this evening, take a
17 look -- maybe I'm misreading Rule 45(c).  Take a look at
18 45(c), which I read to say I have the power to issue a
19 subpoena within 100 miles of any person.  But we're looking at
20 the next subsection, (b), which gives me the authority to
21 issue a subpoena for purposes of trial or a deposition within
22 the state where the person resides.

23 MR. DINIELLI:  We'll take a look back at that,
24 Your Honor.

25 THE COURT:  Okay.

1       MR. DINIELLI: As I said, we may be reaching
2  resolution --
3       THE COURT: Okay.
4       MR. DINIELLI: -- in any event, but we'll take a
5  look at that tonight.
6       THE COURT: All right. And I interrupted you. Go
7  ahead and continue.
8       MR. DINIELLI: The final issue on which we have not
9  yet reached resolution is the set of terms that should be
10 incorporated in the umbrella protective order. However, one
11 of the key points relates to exactly the way in which SPLC is
12 organized; whether, for example, people who are investigators
13 have access to documents that are maintained within the legal
14 department. We met and conferred about that in connection
15 with a claim of privilege, and we may be able to continue that
16 discussion and come back to the Court with an agreement on the
17 proposed umbrella protective order.
18      THE COURT: All right.
19      MR. DINIELLI: Because of the fact, though,
20 Your Honor, that we have made a lot of very specific
21 agreements with respect to particular limitations, to
22 particular requests, particular searches or questions that the
23 defendant is going to pose to his client, we would propose
24 that, at the conclusion of this meet and confer tomorrow, the
25 parties prepare a report to submit to the Court rather than

1    trying orally to put what we have agreed to today on the
2    record.  We think it would be more beneficial, moving forward,
3    for us to agree on paper.
4            THE COURT:  Do I need to tie you down in that jury
5    room to do that on paper?  Because once you get to your
6    various spots, we're not going to have anybody reneging, so to
7    speak.
8            MR. DINIELLI:  We will do our darnedest --
9            THE COURT:  Okay.
10           MR. DINIELLI:  -- but I want to say we think that's
11   the better approach.
12           THE COURT:  I'm okay with that.
13           MR. DINIELLI:  Thank you.
14           THE COURT:  Just tell me the one exception you
15   mentioned with regard to the defendant's motion to compel.
16           MR. DINIELLI:  That has to do with the applicability
17   of the clergy privilege with respect to emails between our
18   client and her rabbi.
19           THE COURT:  Okay.
20           All right.  Then I want you all here at -- you can
21   come when you want, no later than 10, and then the clerk will
22   show you to the jury room and you can continue your
23   discussions.  But I don't think I have to meet with you in the
24   morning.
25           MR. DINIELLI:  We agree with that, Your Honor.

```
 1                There is one more clarification.  We'd like to
 2    request that there be relief from the requirement of in-person
 3    attendance by local counsel.  I know that my cocounsel, for
 4    example, was not planning to spend the night and lives quite
 5    far away.
 6                THE COURT:  That's fine.  I relieve local counsel
 7    from having to be here.
 8                MR. DINIELLI:  Thank you, Your Honor.
 9                THE COURT:  All right.
10                Good.  I'm glad you made progress.  I'll stand in
11    recess until tomorrow, and I'll wait to hear from you folks as
12    to when you want to reconvene in court.  All right?
13                Thank you.  The Court stands adjourned for the day.
14                THE CLERK:  All rise.
15          (Proceedings were recessed at 16:38:02.)
16
17
18
19
20
21
22
23
24
25
```

REPORTER'S CERTIFICATE

I, JoAnn Jett Corson, a Registered Diplomate Reporter and Certified Realtime Reporter, certify that the foregoing transcript is a true and correct record of the proceedings given at the time and place hereinbefore mentioned; that the proceedings were reported by me in machine shorthand and thereafter reduced to typewriting using computer-assisted transcription; that after being reduced to typewriting, a certified copy of this transcript will be filed electronically with the Court.

I further certify that I am not attorney for, nor employed by, nor related to any of the parties or attorneys to this action, nor financially interested in this action.

IN WITNESS WHEREOF, I have set my hand at Missoula, Montana this 18th day of March, 2019.

/s/ JoAnn Jett Corson
_____
JoAnn Jett Corson
United States Court Reporter