| | |
|---|---|
| John Morrison | J. Richard Cohen* |
| Robert Farris-Olsen | David C. Dinielli* |
| MORRISON, SHERWOOD, | Jim Knoepp* |
| WILSON, & DEOLA, PLLP | Elizabeth Littrell* |
| 401 N. Last Chance Gulch St. | SOUTHERN POVERTY LAW CENTER |
| Helena, MT 59601 | 400 Washington Avenue |
| ph. (406) 442-3261 | Montgomery, AL 36104 |
| fax (406) 443-7294 | ph. (334) 956-8200 |
| john@mswdlaw.com | fax (334) 956-8481 |
| rfolsen@mswdlaw.com | richard.cohen@splcenter.org |
| *Attorneys for Plaintiff Tanya Gersh* | david.dinielli@splcenter.org |
| | jim.knoepp@splcenter.org |
| | beth.littrell@splcenter.org |
| | *Attorneys for Plaintiff Tanya Gersh* |
| | *Admitted Pro Hac Vice |

UNITED STATES DISTRICT COURT

DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | Case No.: 9:17-cv-00050-DLC-JCL |
| Plaintiff, | |
| vs. | **PLAINTIFF'S REPORT ON THE STIPULATIONS AND AGREEMENTS REACHED BY THE PARTIES' ON THE PARTIES MOTIONS FOR PROTECTIVE ORDERS AND MOTIONS TO COMPEL** |
| ANDREW ANGLIN, | |
| Defendant. | |

COMES NOW, Plaintiff Tanya Gersh, by and through her undersigned

counsel, submits the following Report on the Stipulations and Agreements with

1

respect to motions submitted as Docket Nos. 123, 132, 134 and 142, pursuant to this Court's direction and the Parties' discussions and agreements.

**1.     Plaintiff's Motion to Enter a Protective Order Governing "Confidential" and "Highly Confidential" Information (Dkt. No. 132).**

The Parties, through counsel, made the following agreements and stipulations regarding Plaintiff's Motion to Enter a Protective Order Governing "Confidential" and "Highly Confidential" Information:

> A. Defendant withdrew all his objections to Plaintiff's proposed Protective Order, Dkt. No. 136-3, and the Parties will submit a Joint Motion for a Stipulated Protective Order by March 22, 2019, with a Proposed Order.

**2.     Defendant's Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production of Documents and Things (Dkt. No. 134)**.

The Parties, through counsel, made the following agreements and stipulations with respect to Defendant's position that Plaintiff failed to fully comply with Interrogatories Nos. 1, 2, 3, 4, 6, 11, 13 and 14, and 1-79 of his Requests for Production (RPD), Dkt. No. 135 at 7:

Interrogatories

A. With respect to <u>Interrogatories Nos. 1, 2, 6, 8, and 11</u>, Defendant agreed that Plaintiff's responses were sufficient given that the issues with respect to the Umbrella Protective Order had been resolved. Defendant will serve un-redacted interrogatory responses promptly once the Stipulated Protective Order is entered.

B. With respect to <u>Interrogatory No. 3</u>, Defendant agreed to the limitations Plaintiff provided in Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories and Requests for Production of Documents and Things, Dkt. No. 135-3 at 9, and the Parties clarified and agreed that the information sought in response to would be limited to "symptoms upon with Plaintiff would seek damages" and that Plaintiff would provide Defendant with a list of same.

C. With respect to <u>Interrogatory No. 4</u>, Defendant agreed that Plaintiff's response, Dkt No. 135-3 at 10-11, was sufficient, and Plaintiff agreed to supplement her response, if necessary, with any "incident" that would be classified as a "traumatic incident."

D. With respect to <u>Interrogatories Nos. 13 and 14</u>, the Parties acknowledged that Plaintiff had withdrawn her objections and fully supplemented her responses on February 22, 2019. (Dkt. No. 140-7).

## Requests for Production of Documents

E. Defendant withdrew his arguments in support of the need to compel with respect to <u>Requests Nos. 1-15, 17-46, 48, 49, 51-79</u>.

F. With respect to <u>Requests Nos. 16, 47 and 50</u>, Defendant agreed that Plaintiff's responses were sufficient given that the issues with respect to the Stipulated Protective Order were resolved.

## Privileges

G. Defendant agreed to withdraw, without prejudice, his objections regarding all privileges claimed by Plaintiff on her privilege log except as to the Clergy Privilege involving emails to Rabbi Secher.

H. The Parties agreed that the Court would determine whether the briefings, together with the supporting Affidavit, were sufficient to support the Clergy Privilege and, if not, whether *in camera* inspection would violate the Plaintiff's First Amendment right to free expression and/or the First Amendment's protection from unnecessary government entanglement with religion.

3. **Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's First Request for Production of Documents and Things (Docket No. 123)**.

The Parties, through counsel, made the following agreements and stipulations regarding Plaintiff's Motion to Compel Defendant to Respond to Plaintiff's First Request for Production of Documents and Things:

- A. With respect to Requests Nos. 1-4, 6-9, 11 and 12, Plaintiff agreed to withdraw Requests Nos. 1-4, 6-9, 11 and 12 and substitute the following Request: "Please provide all documents that reflect your intention to establish a permanent domicile outside the United States."

- B. With respect to Requests Nos. 17-25, 28, 29, 74, 80, Plaintiff agreed to provide Defendant with a list of individuals and businesses relevant to this case, attached hereto as Exhibit A; to withdraw Requests Nos. 17-25, 28, 29, 74, 80; and to substitute the following Request: "All documents mentioning or communications with the individuals, businesses and properties listed on Exhibit A."

- C. With respect to Request No. 26, Plaintiff agreed to limit the Request to delete the word "opinion" and to add the qualifier "factual" before "statement" and to otherwise amend Request No. 26 as follows: "All documents or communications that support any factual statement expressed in any or all articles written or published by you in the

5

Daily Stormer or any other location about or with reference to the search terms listed on Exhibit A."

D. With respect to <u>Request No. 30</u>, Defendant agreed to withdraw all objections except the First Amendment objection regarding anonymous speech, to which the Parties agreed to submit concurrent briefing to this Court, not to exceed ten (10) pages by March 29, 2019.

E. With respect to <u>Requests Nos. 83-87</u>, Plaintiff agreed to narrow the requests to the following time period: November 1, 2016 through April 30, 2017; Defendant agreed to withdraw all objections; and Defendant agreed to supplement his responses to these Requests after conducting a comprehensive search in compliance with Stipulation 3(A)(i)-(ii), as set forth herein.

F. With respect to <u>Requests Nos. 5, 10, 89-105</u>, the Parties agreed to consider whether to stipulate to an amount for Actual Damages in exchange for:

   i. Plaintiff agreeing to withdraw Requests Nos. 5, 10, 89-105;

   ii. Defendant agreeing to withdraw all discovery requests for information concerning Plaintiff's psychological, medical and healthcare information, and

iii. Defendant agreeing to seek no additional discovery and evidence concerning Plaintiff's psychological, medical and healthcare information.

G. The Parties agreed to provide each other with their positions on Stipulation 3(F), as set forth herein, by March 29, 2019.

H. If the Parties do not agree to Stipulation 3(F), Defendant agreed to withdraw his objections to Requests Nos. 89-105 and to supplement his responses by April 5, 2019.

I. With respect to <u>Requests Nos.16-78, 80-88, 99, 101, 102, 107, 108; 13-16, 31, 32, 33-73, 75-77, 81, 106-110; and 36-47</u>, in reducing the Agreements in writing, the Parties appear to have had different understandings of the agreements reached and of the representations made. In addition, Plaintiff is unable to conduct a search on the Daily Stormer as was illustrated during the Parties discussions. Defendant represents that a "different browser" is required. Accordingly, Plaintiff continues to negotiate in good faith with Defendant, and will supplement this Report by March 22, 2019.

**4.    Defendant's Motion for a Protective Order (Dkt. No. 142).**

The Parties were not able to reach resolution on Defendant's motion for a protective order in which he seeks an order excusing him from being required to

appear for an in-person deposition within the United States. The parties discussed their respective positions on this motion with the Court on March 14 & 15, and the motion is submitted for decision.

Dated March 20, 2019.

Respectfully submitted,

/s/ David Dinielli
On behalf of all attorneys for Plaintiff.

# CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record, including:

Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, Montana 59801
matstevenson@bigskylegal.com
*Attorney for Defendant Andrew Anglin*

Marc J. Randazza
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
mjr@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Jay M. Wolman
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
jmw@randazza.com; ecf@randazza.com
*Attorney for Defendant Andrew Anglin*

Dale M. Schowengerdt
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
dales@mt.gov
*Attorney for Intervenor State of Montana*

Jonathan W. Bennion
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
jonbennion@mt.gov
*Attorney for Intervenor State of Montana*

Matthew T. Cochenour
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
mcochenour2@mt.gov
*Attorney for Intervenor State of Montana*


on this March 20, 2019.

                                  /s/ David Dinielli
                                  Attorney for Plaintiff Tanya Gersh
                                  on behalf of all Attorneys for Plaintiff