IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | |
| Plaintiff, | CV 17-50-M-DLC-JCL |
| and | ORDER |
| TIMOTHY C. FOX, in his official capacity as Attorney General of the State of Montana, | |
| vs. | |
| ANDREW ANGLIN, | |
| Defendant. | |

On March 14, 2019, the Court held oral argument on several pending motions, including Defendant Andrew Anglin's Motion to Compel Plaintiff to Respond to Interrogatories and Requests for Production. (Doc. 134). At oral argument, the Court ordered the parties to meet and confer about the issues raised in Defendant's motion. The parties were able to reach an agreement on all issues raised in Defendant's motion except one concerning the applicability of the clergy

1

privilege to certain email communications between Plaintiff and Rabbi Allen Secher. Following the court-ordered meet and confer, Defendant withdrew his motion to compel except with respect to the documents Plaintiff claims are protected by the clergy privilege.

Plaintiff has provided a supporting affidavit which she contends establishes that her email communications with Rabbi Secher are protected by the clergy privilege. Plaintiff argues the Court can determine whether those communications are privileged under Montana law based on her supporting affidavit, and objects to in camera review by the Court on the ground that even an in camera disclosure would violate her First Amendment rights.

A federal court sitting in diversity applies the privilege law of the forum state. *Theme Promotions, Inc. v. News Am. Marketing FSI*, 546 F.3d 991, 1007 (9th Cir. 2008). While state law controls the existence and applicability of a privilege, federal procedures may be used to determine whether, under state law, such a privilege actually exists. See *Ellis v. U.S.*, 922 F.Supp. 539, 543 (D. Utah 1996).

Under Montana law, communications between lay persons and clergy are privileged if: (1) the communications were 'made in confidence and for the purpose of seeking or receiving religious guidance, admonishment, or advice" and; (2) the clergy person was acting in his "professional character" and "religious role pursuant to the practice and discipline of the church." *State v. MacKinnon*, 957

P.2d 23, 28 (Mont. 1998). While testimonial privileges must be strictly construed, "the clergy-penitent privilege must not be so strictly construed as to violate the right to the free exercise of religion guaranteed by the First Amendment of the United States Constitution as well as Article II, Section 5 of the Montana Constitution." *State v. Gooding*, 989 P.2d 304, 307 (Mont. 1999).

With respect to the communications at issue here, Plaintiff explains that "[o]n November 22, 2016, after viewing a disturbing video featuring Whitefish resident, Richard Spender, invoking Hitler's Germany, filled with Nazi salutes and ant-Semitic comments, and reading the accompanying news reports and commentary, I was extremely upset and reached out to Rabbi Secher via email to seek his guidance." (Doc. 140-9, at 6). Plaintiff states that she sent this email "to Rabbi Secher as a confidential communication for the purpose of seeking religious, spiritual and moral guidance and advice." (Doc. 140-9, at 6).

Defendant responds by pointing out that Rabbi Secher is retired from his congregational position, and claims that he founded the Love Lives Here group in Whitefish, Montana. Defendant notes that Plaintiff initiated her email exchange with Rabbi Secher the same day she allegedly tried to convince Richard Spencer's mother to sell her building and donate the proceeds to the Love Lives Here organization. Defendant maintains that under the circumstances, it is reasonably possible that Plaintiff's communications with Rabbi Secher were not made for the

purposes of seeking religious guidance or advice, and that Rabbi Secher was not acting in his professional character pursuant to the practice and discipline of the church during their email exchange.

The Court is mindful of the delicate First Amendment issues involved and Plaintiff's concern that even an in camera disclosure will intrude on the clergy privilege. Nevertheless, the Court must strike a balance between any such intrusion and the possibility that the clergy privilege may not apply to the disputed communications. Considering the facts and circumstances presented here, the Court finds that the least intrusive way to determine whether the clergy privilege in fact applies is to order the communications sealed and conduct an in camera review. Accordingly,

IT IS ORDERED that on or before April 17, 2019, Plaintiff provide the documents she claims are protected by the clergy privilege to the Court for in camera review.

DATED this 4th day of April, 2019.

Jeremiah C. Lynch
United States Magistrate Judge