

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | |
| Plaintiff, | CV 17-50-M-DLC-JCL |
| and | |
| TIMOTHY C. FOX, in his official capacity as Attorney General of the State of Montana, | ORDER |
| Intervenor, | |
| vs. | |
| ANDREW ANGLIN, | |
| Defendant. | |

    Defendant Andrew Anglin has filed a Motion for a Protective Order (doc. 142) excusing him from being required to appear for an in-person deposition within the United States. Anglin explains that he does not reside in the United States, has not resided there for quite some time, and is unwilling to travel to the United States for his deposition out of concern for his personal safety. Anglin asks

1

the Court to issue a protective order allowing him to be deposed outside the United States, either in person or by remote means, such as by telephone or video conference.

Under Federal Rule of Civil Procedure 26(c)(1), the "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." A protective order may "specify[] the terms, including the time and place, for the disclosure of discovery." Fed. R. Civ P. 26(c)(1)(B). Courts have broad discretion both in deciding when a Rule 26(c) protective order is appropriate, and in establishing the time and place of depositions. See *Seattle Times v. Rhinehart*, 467 U.S. 20, 36 (1984); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). For good cause to exist, the party seeking a protective order "bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 632 (C.D. Cal. Sept. 21, 2005) (citing *Philips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)).

Under Rule 30, "[t]he parties may stipulate – or the court may on motion order – that a deposition be taken by telephone or other remote means," such as video conferencing. Fed. R. Civ. P. 30(b)(4). See *S.E.C. v. Banc de Binary,* 2014 WL 1030862 *10 (D. Nev. March 14, 2014) ("other remote mean" includes videoconferencing). For purposes of this rule, "the deposition takes place where

the deponent answers the questions." Fed. R. Civ. P. 30(b)(4).

As a general rule, the deposition of a party may be set wherever the deposing party designates, subject to the power of the court to grant a protective order. *Lord v. Flanagan*, 2014 WL 51655 *2 (D. Mont. Jan. 7, 2014). Nevertheless, "[t]here is a general presumption that the deposition of a defendant should be conducted in the district of his residence [because while] plaintiffs bring the lawsuit and … exercise the first choice as to the forum, [t]he defendants on the other hand, are not before the court by choice." *Fausto v. Credigy Services Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. June 13, 2008) (quoting *Doe v. Karadzic*, 1997 WL 45515, *3 (S.D.N.Y Feb. 4, 1997) (brackets in *Fausto*). Courts will depart from this general rule when there are "exceptional or unusual circumstances." *McArthur v. Rock Woodfired Pizza & Spirits*, 318 F.R.D. 136, 139 (W. D. Wash. 2016).

In making this determination, "courts consider the relative burden and expenses placed upon the parties." *Marana Aerospace Solutions Inc. v. Western Global Airlines LLC*, 2016 WL 9343166 *2 (D. Ariz. June 24, 2016). Courts in the Ninth Circuit also consider the factors set forth in *Cadent*: (1) the location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business

purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship. *Cadent*, 232 F.R.D. at 629.

On balance, these factors weigh in favor of requiring Anglin to appear for an in-person deposition within the United States. At the outset, the Court notes that it is virtually impossible to apply the general presumption that a defendant should be deposed in the district where he resides because Anglin refuses to disclose his location abroad. Counsel for both parties are located within the United States and would necessarily expend considerable time and expense in connection with deposing Anglin in some yet-to-be-determined location abroad. Anglin argues that the burden and expenses associated with taking his deposition abroad can be minimized if he is deposed by remotely by telephone or videoconference.

But Plaintiff legitimately objects to conducting Anglin's deposition by remote means. As the named defendant, Anglin will also likely serve as a key witness and his credibility will presumably be a central issue. Plaintiff cites several cases recognizing that a deposition by remote means may be insufficient where, as here, the deponent is a key witness whose testimony and credibility are central to the case. See e.g. *United States v. Approximately $53,378 in U.S. Currency*, 2010 WL 4347889, at *1 (N.D. Cal. Oct. 27, 2010); *Egan v. Resort*, 2018 WL 1528779, at *2 (D. Haw. Mar. 28, 2018). This Court agrees that Plaintiff would be prejudiced if Anglin is not required to appear for an in-person deposition.

The relative burden placed upon the parties and the first *Cadent* factor thus weigh in favor of requiring that Anglin appear for an in-person deposition in the United States.

The second *Cadent* factor is neutral because Defendant is an individual, rather than a corporate defendant. As to the third *Cadent* factor, given the contentious course of this litigation thus far, it is highly likely that significant discovery disputes will arise during Anglin's deposition. It will be simpler and more efficient for the Court to resolve any disputes as they arise if the deposition is being taken within the United States. This factor thus weighs in favor of requiring Anglin to appear in the United States for his deposition.

The fourth and fifth *Cadent* factors also weigh in favor of ordering that Anglin's deposition take place in the United States. According to Anglin, he has not been to the United States since 2012 and has no intention of returning to the United States out of what he says is fear for his personal safety. Anglin, through his attorney, claims he fears violence from Southern Poverty Law Center supporters and harassment from the Southern Poverty Law Center itself. (Doc. 150, at 2). Anglin argues this is a significant equitable concern, which weighs against requiring him to appear in the United States for a deposition. Anglin's personal safety concerns are factually unsupported, however, and do not provide a basis for entering a protective order. If anything, the equitable concerns weigh in

favor of requiring that Anglin's deposition take place within the United States.

Having considered the parties' respective arguments, the Court finds that Anglin has not established good cause for a protective order excusing him from being required to appear for an in-person deposition within the United States. Plaintiff, in turn, has adequately shown there are exceptional circumstances that defeat the presumption that a defendant's deposition should occur where the defendant resides. This is so particularly in light of the fact that Anglin refuses to disclose his current location. Accordingly,

IT IS ORDERED that Defendant's Motion for a Protective Order (doc. 142) is DENIED. Nevertheless, to address Defendant's alleged personal safety concerns, the Court will entertain motions to maintain confidentiality with respect to the time and place of Anglin's deposition.

DATED this 5th day of April, 2019.

Jeremiah C. Lynch
United States Magistrate Judge