Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117
Tel: (702) 420-2001
ecf@randazza.com

Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103
Tel: (702) 420-2001
ecf@randazza.com

Mathew M. Stevenson, St. Bar # 6876
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801
Tel: (406) 721-7000
matstevenson@bigskylegal.com

Attorneys for Defendant
Andrew Anglin

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MONTANA**
**MISSOULA DIVISION**

| | |
|---|---|
| TANYA GERSH, | Case No. 9:17-cv-50-DLC-JCL |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE OF COURT TO WITHDRAW AS ATTORNEYS OF RECORD** |
| vs. | |
| ANDREW ANGLIN, | |
| Defendant. | |

Marc J. Randazza, Jay M. Wolman, *pro hac vice* attorneys of record at Randazza Legal Group ("RLG") and Mathew M. Stevenson of Missoula, Montana ("Stevenson"), presently counsel for Defendant Andrew Anglin, an individual, seek

leave to withdraw as counsel pursuant to District of Montana Local Rule ("LR") 83.3 and Rule 1.16 of Professional Conduct for Montana ("MRPC").

## MEMORANDUM OF POINTS AND AUTHORITIES

**1.0 STATEMENT OF FACTS**

On or about May 10, 2017, Anglin retained RLG to represent in the above captioned action. Marc J. Randazza is the Managing Partner of RLG, and Jay Wolman is Counsel at RLG. Attorney Mathew M. Stevenson was subsequently retained as local counsel pursuant to LR 83.1 (collectively, the "Attorneys".)

The attorney-client relationship has broken down between Attorneys and Defendant and has created an irreconcilable conflict between the Attorneys and Anglin. Due to this breakdown in the attorney-client relationship, further representation of Anglin is impossible.

**2.0 LEGAL ARGUMENT**

As set forth *infra* and in the *ex parte* Affidavit of Marc J. Randazza, good cause exists to grant Attorneys leave to withdraw as counsel. Additionally, Defendant would not be adversely affected by the Attorneys' withdrawal.

LR 83.3 provides that counsel in any case may be changed upon submission of a motion to withdraw that contains the last known contact information, a showing of good cause, notice regarding the obligation to enter appearance, and consent or 14 days' prior notice. All such required elements are present.

MRPC 1.16(b) provides that a lawyer may withdraw from representation of a client if:

> (1) withdrawal can be accomplished without material adverse effect on the interests of the client;
> 
> …

- 2 -
Memorandum in Support of Motion for Leave to Withdraw as Attorneys of Record
9:17-cv-50-DLC-JCL

(4) the client insists upon taking action that the lawyer considers repugnant or with which the lawyer has a fundamental disagreement;
(5) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;
(6) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or
(7) other good cause for withdrawal exists

*See* MRPC 1.16(b)(1), (4)-(7). Here, continued representation of Anglin is not professionally possible due to a breakdown of the attorney-client relationship, including, but not limited to, Mr. Anglin's non-compliance with the Court's Order that he appear in the United States for deposition, non compliance with other CourtOrders, and a failure to meet separate obligations to Attorney Stevenson.

Further, the withdrawal can be accomplished without adverse effect on the interests of the client. Attorneys have responded to all outstanding pleadings, motions, and discovery requests requiring a response from Defendant. Mr. Anglin is fully apprised of all developments in the matter and there is sufficient time to prepare for trial.

## 3.0 CONCLUSION

Based upon the foregoing, Marc J. Randazza and Jay M. Wolman, *pro hac vice* attorneys of record at Randazza Legal Group and Mathew M. Stevenson, respectfully ask that this Court grant their Motion to Withdraw. In anticipation of this motion, the Court has extended the schedule to permit Mr. Anglin to retain new counsel and further participate in discovery.

Dated: April 30, 2019.　　　Respectfully submitted,

/s/ Marc J. Randazza
Marc J. Randazza (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
2764 Lake Sahara Drive, Suite 109
Las Vegas, Nevada 89117

/s/ Jay M. Wolman
Jay M. Wolman (*pro hac vice*)
RANDAZZA LEGAL GROUP, PLLC
100 Pearl Street, 14th Floor
Hartford, Connecticut 06103

/s/ Mathew M. Stevenson
Mathew M. Stevenson
STEVENSON LAW OFFICE
1120 Kensington, Suite B
Missoula, MT 59801

*Attorneys for Defendant,
Andrew Anglin*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2019, a copy of the foregoing was served via CM/ECF upon all parties as follows:

John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD, WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
john@mswdlaw.com
rfolsen@mswdlaw.com

David C. Dinielli
Jim Knoepp
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
david.dinielli@splcenter.org
jim.knoepp@splcenter.org

*Attorneys for Plaintiff Tanya Gersh*

Matthew T. Cochenour
Dale M. Schowengerdt
Jonathan W. Bennion
Hannah E. Tokerud
Office of the Attorney General
Montana Department of Justice
mcochenour2@mt.gov
dales@mt.gov
jonbennion@mt.gov
hannah.tokerud@mt.gov

And Defendant Andrew Anglin was served by mail and electronically as follows:

1) Via Email
   **Andrew Anglin**
   <andrewanglin84@gmail.com>

2) Via Electronic Messaging Service Signal
   **Andrew Anglin**
   ███████

3) **Andrew Anglin**
   6827 N High Street, Suite 121,
   Worthington, Ohio 43085

4) **Andrew Anglin**
   3827 N High Street, Suite 121,
   Worthington, Ohio 43085

5) **Andrew Anglin**
   7407 Brandshire Ln. Apt. B,
   Dublin, Ohio 43017

6) **Andrew Anglin**
   915 N High Street,
   Columbus, Ohio 43201

/s/ Marc J. Randazza
Marc J. Randazza