John Morrison
Robert Farris-Olsen
MORRISON, SHERWOOD,
WILSON, & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
ph. (406) 442-3261
fax (406) 443-7294
john@mswdlaw.com
rfolsen@mswdlaw.com
*Attorneys for Plaintiff Tanya Gersh*

David C. Dinielli*
Jim Knoepp*
Elizabeth Littrell*
SOUTHERN POVERTY LAW CENTER
400 Washington Avenue
Montgomery, AL 36104
ph. (334) 956-8200
fax (334) 956-8481
david.dinielli@splcenter.org
jim.knoepp@splcenter.org
beth.littrell@splcenter.org
*Attorneys for Plaintiff Tanya Gersh*
*Admitted *Pro Hac Vice*

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>    Plaintiff,<br><br>vs.<br><br>ANDREW ANGLIN, publisher of the *Daily Stormer*,<br><br>    Defendant. | Case No.: 9:17-cv-00050-DLC-JCL<br><br>**BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL** |

Pursuant to Local Rule 5.2(b), Plaintiff moves for leave to file under seal Exhibit C (Affidavit of Dr. John Douglas Muir), Exhibit D (Affidavit of Melissa Hartman), Exhibit E (Affidavit of Tanya Gersh), and Exhibit H (Affidavit of Dale Crosby Newman) in support of Plaintiff's Motion for Default Judgement and Request for an Evidentiary Hearing.

## LEGAL STANDARD

Courts have "recognize[d] a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). But "access to judicial records is not absolute." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "[A] 'strong presumption in favor of access' is the starting point. *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this presumption, a party must "articulate[] compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Smith v. City of Billings*, No. CV 13-107-BLG-SEH, 2013 WL 5966665, at *2 (D. Mont. Nov. 7, 2013) (quoting *Kamakana*, 447 F.3d at 1178–79). "[T]he Ninth Circuit requires a more particularized showing of prejudice or harm to the parties[] in order to grant an application file under seal." *Shultz Steel Co. v. Cont'l Cas. Co.*, No. CV1408044RSWLASX, 2016 WL 1465315, at *2 (C.D. Cal. Apr. 14, 2016). Such harm includes the use of documents as "a vehicle for improper purposes," such as "to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).

## ARGUMENT

Plaintiff seeks to file under seal affidavits from Exhibit C (Affidavit of Dr. John Douglas Muir), Exhibit D (Affidavit of Melissa Hartman), Exhibit E (Affidavit of Tanya Gersh), and Exhibit H (Affidavit of Dale Crosby Newman) because they contain specific details about sensitive financial and medical information.

### I. Protecting Private Medical and Financial Information Is A Sufficient Compelling Interest To Justify Filing Under Seal.

Protecting Plaintiff's private medical and financial information, as well as details about real estate transactions involving third parties unrelated to this lawsuit are compelling interests that justify filing under seal. *See Gotham Ins. Co. v. Allegiance Benefit Plan Mgmt., Inc.*, No. CV 11-39-M-DWM, 2012 WL 12548979, at *6 (D. Mont. Aug. 24, 2012) (granting motion for leave to file exhibits under seal that contained personal and medical information); *see also Reid v. Viacom Int'l Inc.*, No. 1:14-CV-1252-MHC, 2016 WL 4157208, at *4–5 (N.D. Ga. Jan. 25, 2016) (holding that Plaintiff's "legitimate privacy interests" in personal health information and financial information "outweighs the public right of access" to that information). Particularly, the need to protect medical privacy regarding "sensitive health information, medical history, and treatment" is a compelling reason for sealing records. *Brodsky v. Baca*, No. 314CV00641RCJWGC, 2015 WL 6962867, at *1 (D. Nev. Nov. 10, 2015) (granting motion for leave to file under seal for exhibits that

contained sensitive medical information, sensitive health information, medical history, and treatment records).

Defendant's *modus operandi* of weaponizing private information to harass and terrorize his targets has created a particularly compelling reason for restricting Defendant's access to information in this case to protect Plaintiff's privacy interests. Additionally, Defendant's past misconduct shows that there is a substantial risk that court files might be used for improper purposes, like gratifying private spite. Each of these Exhibits that Plaintiff seeks to file under seal has been designated as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" pursuant to the Protective Order in this action entered on March 27, 2019, which specifically applies to "medical information concerning any individual" and "personally identifying information." (Dkt. No. 166, at 3). This designation was specifically crafted so that Defendant and his followers could not use private information to further harass Plaintiff and her family or other innocent third parties. Given Defendant's continued pattern of misconduct, specific information about Plaintiff's medical treatment and finances raises a significant risk of harm to Plaintiff.

## II. When Balancing With Plaintiff's Privacy Interest, Filing Under Seal Would Not Substantially Limit Public Access to Information.

Plaintiff seeks to limit specific medical and financial information, not all information related to the merits of the case. Although "the common law right of

access promotes the 'public interest in understanding' the judicial process itself and the 'bases or explanations for a court's decision," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016) (first quoting *Foltz*, 331 F.3d at 1135; then quoting *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014)), filing the Exhibits under seal will not prevent the public from understanding the judicial process because Plaintiff's arguments and information about her basis for damages can be accessed in Plaintiff's Brief in Support of Plaintiff's Motion for Default Judgement. *Cf. Music Grp. Macao Commercial Offshore Ltd. v. Foote*, No. 14-CV-03078-JSC, 2015 WL 3993147, at *2 (N.D. Cal. June 30, 2015) (holding that public interest in information identifying employees was minimal because the public would have access to relevant information regarding the claim without the identifying information). Accordingly, the public's interest in access to specific and private information regarding the medical and financial information within the Exhibits is minimal because relevant information will publicly be accessible in the publicly filed Brief in Support of Default Judgment as well as the evidentiary hearing being sought.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's Motion for Leave to File Under Seal.

DATED June 21, 2019.

/s/ Elizabeth Littrell
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with Local Rule 7.1(d)(2). It contains 917 words, excluding the caption, certificates of service and compliance, tables of contents and authorities.

/s/ Elizabeth Littrell
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was sent by U.S. mail to Defendant at the following addresses identified by his former counsel in his Motion to Withdraw:

> 6827 N High Street, Suite 121,
> Worthington, Ohio 43085
>
> 3827 N High Street, Suite 121,
> Worthington, Ohio 43085
>
> 7407 Brandshire Ln. Apt. B,
> Dublin, Ohio 43017
>
> 915 N High Street,
> Columbus, Ohio 43201

I further certify that on this date the foregoing document was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record, including:

> Jonathan W. Bennion
> MONTANA DEPARTMENT OF JUSTICE
> 215 North Sanders
> PO Box 201401
> Helena, MT 59620-1401
> jonbennion@mt.gov
> *Attorney for Intervenor State of Montana*
>
> Matthew T. Cochenour
> MONTANA DEPARTMENT OF JUSTICE
> 215 North Sanders
> PO Box 201401
> Helena, MT 59620-1401
> mcochenour2@mt.gov

*Attorney for Intervenor State of Montana*

Hannah E. Tokerud
MONTANA DEPARTMENT OF JUSTICE
215 North Sanders
PO Box 201401
Helena, MT 59620-1401
hannah.tokerud@mt.gov
*Attorney for Intervenor State of Montana*

on this 21st day of June, 2019.

              /s/ Elizabeth Littrell
              Attorney for Plaintiff Tanya Gersh
              on behalf of all Attorneys for Plaintiff