Daniel J. Kramer*
Sara E. Hershman*
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3000
Fax: 212-757-3990
Email: dkramer@paulweiss.com
         shershman@paulweiss.com
*Counsel for Plaintiff Tanya Gersh*

John Morrison
MORRISON, SHERWOOD,
   WILSON & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
Phone: 406-442-3261
Fax: 406-443-7294
Email: john@mswdlaw.com
*Counsel for Plaintiff Tanya Gersh*

Beth Littrell*
SOUTHERN POVERTY LAW
   CENTER
P.O. Box 1287
Decatur, GA 30030
Phone: 404-221-5876
Fax: 404-221-5857
Email: beth.littrell@splcenter.org
*Counsel for Plaintiff Tanya Gersh*

*Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>                              *Plaintiff*,<br><br>            v.<br><br>ANDREW ANGLIN,<br><br>                              *Defendant*. | Case No. 9:17-cv-00050-DLC-KLD<br><br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S POST-JUDGMENT DISCOVERY REQUESTS** |

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................... ii

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................ 1

I.      FACTUAL BACKGROUND .............................................................. 1

II.     LEGAL STANDARD ...................................................................... 5

        A.      The Federal Rules of Civil Procedure Entitle a Judgment
                Creditor to Post-Judgment Discovery on a Judgment Debtor's
                Assets ..................................................................................... 5

        B.      The District Court Has Discretion to Order a Judgment Creditor
                to Comply with Post-Judgment Discovery, and to Issue
                Sanctions Where Necessary. ...................................................... 8

III.    ARGUMENT ................................................................................. 11

        A.      Plaintiff Is Entitled to the Requested Discovery. ........................ 11

        B.      The Court Is Empowered to Manage Discovery, and an Order
                Compelling Responses Is Required. ............................................ 13

IV.     CONCLUSION .............................................................................. 14

EXHIBIT INDEX ....................................................................................... 17

CERTIFICATE OF COMPLIANCE .............................................................. 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Baker* v. *Limber*,
  647 F.2d 912 (9th Cir. 1981) ................................................................................13

*Bd. of Trustees of the Sign, Pictorial, and Display Industry Welfare
  Fund* v. *PS Servs. Co., LLC*,
  2018 WL 6990411 (N.D. Cal. Dec. 21, 2018)...................................................13

*Cal. Dept. of Soc. Servs.* v. *Leavitt*,
  523 F.3d 1025 (9th Cir. 2008) ............................................................................14

*Carlson* v. *FedEx Ground Package Sys., Inc.*,
  2012 WL 4760889 (D. Mont. Sept. 12, 2012)..................................................12

*Fed. Trade Comm'n* v. *Enforma Nat'l Prods., Inc.*,
  362 F.3d 1204 (9th Cir. 2004) ............................................................................14

*Garcia* v. *City of Santa Clara*,
  2017 WL 1398263 (N.D. Cal. Apr. 19, 2017)..................................................14

*Hunt* v. *Cnty. of Orange*,
  672 F.3d 606 (9th Cir. 2012) ..............................................................................12

*FDIC* v. *Lewis*,
  2015 WL 4579323 (D. Nev. July 29, 2015), *aff'd*, *AmTrust Bank* v.
  *Lewis*, 687 F. Appx. 667 (9th Cir. 2017)............................................................13

*Marshall* v. *The Billings Clinic*,
  No. CV-14-93-BLC-SPW-CSO, 2015 WL 7574758 (D. Mont.
  Nov. 25, 2015) .....................................................................................................11

*Mission Capital Works, Inc.* v. *SC Restaurants, Inc.*,
  2009 WL 4895315 (S.D. Cal. Dec. 10, 2009) ...................................................13

*Nelson-Ricks Cheese Co., Inc.* v. *Lakeview Cheese Co., LLC*,
  2020 WL 5658349 (D. Idaho Sept. 23, 2020) ...................................................15

*Okada* v. *Whitehead*,
  2020 WL 2078244 (C.D. Cal. Feb. 11, 2020) ...................................................12

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Petras v. A-1 Moving & Storage*,
  2011 WL 149702 (E.D. Cal. Apr. 19, 2011) ......................................................13

*U.S.* v. *Provost*,
  2013 WL 1800300 (E.D. Cal. Apr. 29, 2013) ....................................................12

*Republic of Argentina* v. *NML Capital, Ltd.*,
  573 U.S. 134 (2014)......................................................................................11, 12

*Richmark Corp.* v. *Timber Falling Consultants*,
  949 F.2d 1468 (9th Cir. 1992) ..........................................................................12

*RRW Legacy Mgmt. Grp., Inc.* v. *Walker*,
  2017 WL 1283480 (W.D. Wash. Apr. 6, 2017) .................................................15

*Ryan Inv. Corp.* v. *Pedregal de Cabo San Lucas*,
  2009 WL 5114077 (N.D. Cal. Dec. 18, 2009)....................................................11

*Twin Falls NSC, LLC* v. *So. Idaho Ambulatory Surgery Ctr.*,
  2020 WL 5523384 (D. Idaho Sept. 24, 2020) ....................................................12

*Voice* v. *Stormans Inc.*,
  757 F.3d 1015 (9th Cir. 2014) ...........................................................................14

**OTHER AUTHORITIES**

Fed. R. Civ. P. 26 ...............................................................................6, 11, 15, 19

Fed. R. Civ. P. 33 ...................................................................................6, 11, 15

Fed. R. Civ. P. 34 ...................................................................................6, 11, 15

Fed. R. Civ. P. 37 ...............................................................6, 11, 12, 13, 14, 19

Fed. R. Civ. P. 69 ...........................................................................6, 11, 13

Mont. L.R. 26.3(c) .................................................................................18

Wright & Miller, Federal Practice & Procedure § 3014, *Discovery in
  Aid of Execution* (2020) .................................................................................11

## INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, 37, and 69, Plaintiff Tanya Gersh respectfully moves the court to compel Defendant Andrew Anglin to immediately answer Plaintiff's Second Set of Interrogatories and produce documents responsive to Plaintiff's Second Set of Interrogatories Second Request for Production of Documents (the "Discovery Requests").

Plaintiff Tanya Gersh served her Discovery Requests on Defendant Andrew Anglin on September 3, 2020 and September 4, 2020, in connection with Plaintiff's efforts to collect upon a $14,042,438 judgment this court entered on August 8, 2019. (*See* Dkt. 214, 215.)  In defiance of federal and local rules, Defendant has refused to produce any responses or even to acknowledge these post-judgment Discovery Requests.  Plaintiff respectfully requests that this Court enter an order compelling Defendant to immediately respond without objection to Plaintiff's Second Requests for Production and Second Set of Interrogatories.

## I.    FACTUAL BACKGROUND

Plaintiff filed the above-captioned action on April 18, 2017, alleging invasion of privacy, intentional infliction of emotional distress, and violation of the Montana Anti-Intimidation Act for a campaign of anti-Semitic harassment and intimidation that Anglin conducted against Plaintiff and her family through his neo-Nazi website, the Daily Stormer.  (Dkt. 1.)  On August 8, 2019, Plaintiff obtained a

judgment against Anglin, pursuant to which this Court ordered Anglin to pay $4,042,438 in compensatory damages and $10,000,000 in punitive damages, which Plaintiff has been unable to collect.  (Dkt. 214, 215.)

To aid enforcement of the judgment, Plaintiff attempted to serve Anglin with a Second Set of Interrogatories and Requests for Production of Documents, seeking post-judgment discovery on Anglin's assets.  (*See* Exs. A and B.)  On September 3, 2020, Plaintiff attempted to serve Anglin with these post-judgment Discovery Requests, returnable by October 4, 2020, via FedEx to six Ohio addresses previously known to belong to Anglin.  On September 4, 2020, Plaintiff also served these Discovery Requests by sending them via email to four email addresses previously known to belong to Anglin.  These Discovery Requests have been returned as undeliverable from three of the Ohio addresses and one of the email addresses, and were refused from one of the mailing addresses, but the remaining sets of Discovery Requests were delivered (two by mail and three by email).  (*See* Exs. C, D.)  Anglin has failed to respond to any of the post-judgment Discovery Requests, thus preventing Plaintiff from identifying Anglin's current assets as is necessary to aid Plaintiff in enforcing this Court's judgment for punitive and compensatory damages.

Anglin's lack of response to Plaintiff's most recent Discovery Requests is but one example of Anglin's pattern of evasive and uncooperative conduct

throughout the course of this litigation.  Anglin evaded service of the Complaint for several months, requested extensions to respond to Plaintiff's first set of discovery requests, and gave incomplete responses with boilerplate objections, even after this Court ordered Anglin to provide complete answers and document productions.  (Tr. of Preliminary Pretrial Conf. at 21:20-23; Dkt. 13–19, 39, 100–03, 112–13, 123–24, 126, 128, 131; Exs. E, F, G, H.)  Even with the extension, Anglin's responses were late and incomplete—for the most part, he either refused to produce responsive documents or claimed that no such documents were in his "possession, custody or control."  (Exs. G–J.)  In particular, Anglin objected to Plaintiff's discovery requests on Anglin's assets, producing only the location of one cryptocurrency wallet to which he has access, information which is readily available on the Daily Stormer's website because it is the wallet address to which he solicits donations from his followers.   (Exs. I,  J.)   Anglin  also  promised  he  would  produce  additional documents, a promise which he did not honor and later repudiated, asserting objections based on relevancy and burden.  (Ex. J; Dkt. 124.)

Plaintiff's counsel made multiple good faith attempts to meet and confer with Anglin in the months following, but the parties were unable to come to agreement on any of the issues.  On October 31, 2018 and December 10, 2018, Plaintiff was forced to move to compel Anglin to respond to the discovery requests and sought sanctions.  (Dkt. 113, 124.)  On January 18, 2019, the Court in large part

granted Plaintiff's motion to compel Anglin's responses to her discovery demands, finding they were relevant and proportional to the needs of the case. (Dkt. 131.) This Court found Anglin's prior supplemental responses, particularly those regarding his assets, to be incomplete. (*Id.*) This Court found Plaintiff was entitled to view Anglin's financial statements, as well as the name and location of any institution where Anglin has maintained an account during the course of his misconduct and the litigation, because Plaintiff sought punitive damages and alleged malice under Montana state law. (*Id.*) Critically, this Court stated that, "If Gersh ultimately obtains judgment for punitive damages, she may seek additional discovery as necessary for the purpose of enforcing that judgment." (*Id.*)

After several months' worth of additional discovery disputes, delays, and court-ordered meet-and-confers, Plaintiff again moved to compel Anglin to produce documents. (Dkt. 169.) Anglin did not respond to the motion, produced no additional documents or interrogatory answers, and on April 30, 2019, also failed to appear for his properly noticed deposition. (Dkt. 185.) The clerk entered default against Anglin and, soon after, this Court's entry of judgment against Anglin in the amount of $4,042,438 in compensatory damages and $10,000,000 in punitive damages followed. (Dkt. 188, 211, 214, 215.) To date, Anglin has failed to pay any amount of the judgment, and has silently ignored Plaintiff's efforts to execute on the judgment.

On September 3, 2020 and September 4, 2020, Plaintiff served post-judgment Discovery Requests on Anglin at all his known mail and email addresses. In accordance with the Court's January 18, 2019 Order, Plaintiff's post-judgment Discovery Requests seek information "necessary to aid in enforcing [the Court's] judgment" for punitive and compensatory damages.  (*See* Exs. A, B; Dkt. 131.) Anglin has not acknowledged, much less responded to, these post-judgment Discovery Requests.

Anglin's failure to comply with his discovery obligations has cost Plaintiff's counsel significant expenditures of time and financial resources.  His silence in response to Plaintiff's post-judgment Discovery Requests is yet another example of his ongoing display of lack of respect for the judicial process, which has caused needless delay and burdens on Plaintiff and this Court.  In order to aid Plaintiff in finally executing on the judgment this Court entered against Anglin more than a year ago, Plaintiff asks the Court to compel Anglin to produce responses to Plaintiff's post-judgment Discovery Requests without further objection or delay and impose sanctions under Fed. R. Civ. P. 37(b).

## II.    LEGAL STANDARD

### A.    The Federal Rules of Civil Procedure Entitle a Judgment Creditor to Post-Judgment Discovery on a Judgment Debtor's Assets.

Rule 69(a)(2) permits a judgment creditor"[i]n aid of the judgment or execution," to "obtain discovery from any person—including the judgment debtor,"

using any discovery procedures provided in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 69(a)(2); *see also* Wright & Miller, Federal Practice & Proc. § 3014, *Discovery in Aid of Execution* (2020) (citing Advisory Committee Note to Fed. R. Civ. P. R. 69 (1970)).  Rules 26(b), 33, and 34 authorize a party to serve on another party interrogatories and requests for production of documents and electronically stored information on any non-privileged matter that is  relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1), 33, 34.  The responding party has the burden to show the discovery should not be allowed.  *Marshall* v. *The Billings Clinic*, No. CV-14-93-BLC-SPW-CSO, 2015 WL 7574758, at *4 (D. Mont. Nov. 25, 2015).  Potentially permissible discovery under these Rules is broad, and may even include discovery from third parties with knowledge of the judgment debtor's assets, including assets on which execution can issue, assets that have been fraudulently transferred, or assets which are otherwise beyond the reach of execution.  *See Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014) ("The rules governing discovery in postjudgment execution proceedings are quite permissive."); *see also Ryan Inv. Corp.* v. *Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *4 (N.D. Cal. Dec. 18, 2009) (noting that, under Rule 69, "a judgment creditor is *entitled* to fish for assets of the judgment debtor") (emphasis in original) (internal citations and quotations omitted).

Under Rule 37 of the Federal Rules of Civil Procedure, the "party seeking discovery may request an order compelling the opposing party to fulfill its discovery obligations" if the responding party fails to appropriately respond to discovery requests. *Carlson* v. *FedEx Ground Package Sys., Inc.*, 2012 WL 4760889, *1 (D. Mont. Sept. 12, 2012); Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv). The Court may use its power to compel where a party fails to produce documents or otherwise fails to obey the strictures of Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv). The responding party effectively waives any objection to the discovery requests by failing to make a timely response. *See Richmark Corp.* v. *Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *see also Okada* v. *Whitehead*, 2020 WL 2078244, at *2 (C.D. Cal. Feb. 11, 2020) (granting motion to compel post-judgment discovery and noting that, "[b]y failing to timely respond or object to discovery, [the judgment debtor] waived all objections"); *U.S.* v. *Provost*, 2013 WL 1800300, at *2 (E.D. Cal. Apr. 29, 2013) (granting motion to compel post-judgment discovery responses and noting judgment debtor's objections had been waived by failing to timely respond).

**B.     The District Court Has Discretion to Order a Judgment Creditor to Comply with Post-Judgment Discovery, and to Issue Sanctions Where Necessary.**

The district court has broad discretionary power to manage discovery.

*Hunt* v. *Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012).  As part of this power, the court has authority to order a judgment creditor to comply with post-judgment discovery to aid a judgment creditor in executing on a judgment.  *See Republic of Argentina*, 573 U.S. at 138; *see also Twin Falls NSC, LLC* v. *So. Idaho Ambulatory Surgery Ctr.*, 2020 WL 5523384, at *10, *20 (D. Idaho Sept. 24, 2020) (granting order to compel to discovery requests under the "very broad" scope of post-judgment discovery);  *Bd. of Trustees of the Sign, Pictorial, and Display Industry Welfare Fund* v. *PS Servs. Co., LLC*, 2018 WL 6990411, at *2–3 (N.D. Cal. Dec. 21, 2018) (granting motion to compel "relevant and disclosable documents" concerning judgment debtor's assets); *Petras* v. *A-1 Moving & Storage*, 2011 WL 149702, at *2–3 (E.D. Cal. Apr. 19, 2011) (granting motion to compel responses to discovery requests to aid in execution of judgment); *Mission Capital Works, Inc.* v. *SC Restaurants, Inc.*, 2009 WL 4895315, at *4 (S.D. Cal. Dec. 10, 2009) (same).

To help Rule 69(a)(2) serve its purpose, which is "to identify assets from which the judgment might be satisfied," the district court may, under Rule 37, compel discovery on a judgment debtor's assets, and issue sanctions against a judgment debtor who refuses to comply with the post-judgment discovery process.

*Baker* v. *Limber*, 647 F.2d 912, 920 (9th Cir. 1981)  (finding the district court's issuance of an order to compel post-judgment discovery and sanctions "was an appropriate means of ensuring [Rule 69's] purpose was not frustrated"); *see also, e.g., FDIC* v. *Lewis*, 2015 WL 4579323, at *18 (D. Nev. July 29, 2015) (issuing sanctions for judgment debtor's failure to comply with post-judgment discovery and produce substantive responses), *aff'd*, *AmTrust Bank* v. *Lewis*, 687 F. Appx. 667, 671 (9th Cir. 2017) (finding no abuse of discretion for issuance of sanctions for failure to comply with post-judgment discovery); Fed. R. Civ. P. 37(b), (d).  Rule 37(d) permits this Court to impose sanctions against a party who fails to produce documents under Rule 34.  "[T]he imposition of sanctions for failure to comply with discovery procedures is regarded with favor."  *Patterson* v. *State, Dep't of Justice, Motor Vehicle Div.*, 309 Mont. 381, 384 (2002).

In order to obtain sanctions, the judgment creditor has the burden to show by clear and convincing evidence the judgment debtor violated a specific and definite order of the court, which the judgment debtor can then rebut by showing why the debtor could not comply.  *FTC* v. *Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004).  If the motion to compel is granted or if the "requested discovery is provided after the motion was filed," the Court must, after a hearing, require the non-disclosing party to pay reasonable expenses and attorney's fees incurred in making the motion.  Fed. R. Civ. P. 37(a)(5)(A).  In the 9th Circuit,

"[a]ttorneys' fees are recoverable by *pro bono* attorneys to the same extent that they are recoverable by attorneys who charge for their services." *Voice* v. *Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014) (citing *Blanchard* v. *Bergeron*, 489 U.S. 87, 94 (1989) ("[W]here there are lawyers or organizations that will take a plaintiff's case without compensation, that fact does not bar the award of a reasonable fee.")); *see also Garcia* v. *City of Santa Clara*, 2017 WL 1398263, at *5 (N.D. Cal. Apr. 19, 2017) (awarding pro bono counsel attorney's fees as discovery sanction against defendants under Rule 37(b)(2)).

Moreover, courts have "inherent power to enforce compliance with their lawful orders through civil contempt," including with respect to orders to comply with post-judgment discovery orders. *Cal. Dep't. of Soc. Servs.* v. *Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) (quoting *Shillitani* v. *United States*, 384 U.S. 364, 370 (1966)); *see also, e.g.*, *Nelson-Ricks Cheese Co., Inc.* v. *Lakeview Cheese Co., LLC*, 2020 WL 5658349, at *3–4 (D. Idaho Sept. 23, 2020) (issuing sanctions and finding judgment debtor in contempt for failure to comply with motion to compel post-judgment discovery order); *RRW Legacy Mgmt. Grp., Inc.* v. *Walker*, 2017 WL 1283480, at *2–3 (W.D. Wash. Apr. 6, 2017) (issuing sanctions and holding judgment debtor in contempt "for his failure to accede to this Court's direction that he participate in post-judgment discovery").

## III.  ARGUMENT

### A.  Plaintiff Is Entitled to the Requested Discovery.

Under the legal standard set forth above, Plaintiff is clearly entitled to relief.  Plaintiff has made proper post-judgment discovery demands under Rules 26, 33, and 34, pursuant to Plaintiff's right to obtain post-judgment discovery in aid of execution of the judgment under Rule 69(a)(2).  Plaintiff focused these post-judgment discovery demands on information concerning Anglin's assets, which Plaintiff defined as

> [A]ny resource with economic value that an individual or business entity owns in whole or in part, directly or indirectly, or controls with the expectation that it will provide a future benefit, or any property owned in whole or in part, directly or indirectly, by a Person or business entity regarded as having value, available to meet debts, commitments, or legacies, or able to generate cash flow, reduce expenses, or improve sales.

(*See* Exs. A, B.)

Plaintiff's post-judgment Discovery Requests seek relevant information that is proportional to the needs of the case at this stage of litigation. Anglin, already in violation of this Court's previous orders compelling him to produce documents and information on his assets, has failed to respond to, much less acknowledge, Plaintiff's post-judgment Discovery Requests.  Anglin has been, and will continue to be, unable to demonstrate good cause as to why he has not produced responsive documents or answers to Plaintiff's demands for information on his assets, information which Plaintiff is unable to access but is readily available to

11

Anglin, and entirely within his control.  Plaintiff's post-judgment Interrogatories seek information only on Anglin's current whereabouts, contact information, and assets, including information on the operation of the Daily Stormer.  (*See* Ex. A.) The majority of these interrogatories focus on identifying Anglin's current financial assets, including details about recent transactions, donations, and debts.  (*Id.*) Likewise, Plaintiff's post-judgment Requests for Production of Documents seek documents showing Anglin's income, expenses, assets, and debts, as well as any communications Anglin had concerning the same.  (*See* Ex. B.)  These requests include production of documents from Anglin's bank accounts, securities, cryptocurrency holdings, domain name holdings, intellectual property assets, and other ownership interests Anglin has.  (*Id.*)

All the information sought in Plaintiff's post-judgment Discovery Requests is proper under the Rules, and is not duplicative of any prior discovery efforts Plaintiff has made, because each of the post-judgment Discovery Requests seeks information pertaining to the current state of Anglin's assets, over one year after this Court entered the judgment.  (*Compare* Exs. A, B *with* Exhs. E, F; Dkt. 215.)  Plaintiff's post-judgment Discovery Requests are targeted to aid execution of the over $14 million judgment against Anglin, now more than one year old, of which Anglin has not paid one cent, nor evinced any effort to do so. Obtaining information on Anglin's assets is crucial to the post-judgment phase of

litigation, and the benefits of obtaining such information through discovery far outweigh the minimal burden on Anglin that producing this information would entail.

**B.      The Court Is Empowered to Manage Discovery, and an Order Compelling Responses Is Required.**

This Court is empowered to order Anglin, as a judgment creditor, to comply with post-judgment discovery to aid Plaintiff, a judgment creditor, in executing on the judgment entered on August 8, 2019.  In fact, this Court's January 18, 2019 Order compelling Anglin to respond to Plaintiff's first set of discovery requests found Anglin's initial responses to requests seeking information on his assets were insufficient and specifically provided that, if Plaintiff successfully obtained punitive damages, Plaintiff would be allowed to seek post-judgment discovery as necessary to aid in enforcement of the judgment.  Before seeking court intervention, Plaintiff's counsel in good faith attempted to obtain information from Anglin by serving Anglin with the post-judgment Discovery Requests at all his known addresses and email addresses.  Anglin had 30 days to respond to the Discovery Requests, yet, continuing his patterns of uncooperativeness and evasiveness throughout the course of this litigation, has failed to respond or acknowledge the Discovery Requests at all.  Because, as he did prior to the judgment, Anglin has failed to timely respond to Plaintiff's Discovery Requests, any objections he could have made have been effectively waived.

In accordance with Montana Local Rule 26.3(c), Plaintiff's counsel made a good faith attempt to resolve this discovery dispute out of court. On November 30, 2020, counsel for Plaintiff sent a letter to Anglin, to all his known mail and email addresses, requesting that Anglin meet and confer with Plaintiff concerning post-judgment discovery on his assets. (Ex. K.) Anglin neither responded nor proposed a date and time to meet and confer to resolve these issues.

None of Plaintiff's previous attempts to obtain discovery on Anglin's assets have been successful, even though this Court entered an order that specifically required Anglin to produce such information. Plaintiff's counsel's attempts to obtain information on Anglin's assets before and after this Court entered judgment against Anglin have been fruitless, and Plaintiff is left no further choice but to request that this Court compel Defendant to provide complete and immediate responses to Plaintiff's post-judgment Discovery Requests, and award fees and costs.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff moves the Court to enter an order compelling Defendant to immediately produce documents responsive to Plaintiff's Second Request for Production of Documents and Plaintiff's Second Set of Interrogatories, pursuant to Federal Rule 37(a)(3)(B)(iii), (iv) or supplement his responses as necessary pursuant to Rule 26(e)(1). In addition, Plaintiff requests reasonable expenses and attorney's fees incurred in making this motion pursuant to

Rule 37(a)(5).  Plaintiff also moves for sanctions against Defendant as the Court sees fit under Rule 37(b), including in the form of fees and expenses as contemplated by Rule 37, in recognition of Anglin's past pattern of evasiveness and uncooperativeness with the discovery process that has caused needless expense, delay, and burdens upon the Plaintiff and this Court.

DATED:  December 11, 2020

**PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP**

BY:

/s/Daniel J. Kramer
Daniel J. Kramer*
Sara E. Hershman*
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3000
Fax: 212-757-3990
Email:  dkramer@paulweiss.com
          shershman@paulweiss.com
*Counsel for Plaintiff Tanya Gersh*

John Morrison
MORRISON, SHERWOOD,
  WILSON & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
Phone: 406-442-3261
Fax: 406-443-7294
john@mswdlaw.com
*Counsel for Plaintiff Tanya Gersh*

Beth Littrell*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30030
Phone: 404-221-5876
Fax: 404-221-5857
Email: beth.littrell@splcenter.org
*Counsel for Plaintiff Tanya Gersh*

**\*Admitted *pro hac vice***

16

## EXHIBIT INDEX

| Ex. | Description |
|-----|-------------|
| A | Plaintiff's Second Set of Interrogatories on Defendant Andrew Anglin |
| B | Plaintiff's Second Requests for Production of Documents on Defendant Andrew Anglin |
| C | Undeliverable Notices (FedEx) |
| D | Undeliverable Notices (Email) |
| E | Plaintiff's First Set of Interrogatories on Defendant Andrew Anglin (Dkt. 113-1) |
| F | Plaintiff's First Requests for Production of Documents on Defendant Andrew Anglin (Dkt. 124-1) |
| G | Defendant Andrew Anglin's Initial Objections and Responses to Plaintiff's First Set of Interrogatories (Dkt. 102-2) |
| H | Defendant Andrew Anglin's Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories (Dkt. 113-3) |
| I | Defendant Andrew Anglin's Initial Objections and Responses to Plaintiff's First Requests for Production of Documents (Dkt. 124-3) |
| J | Defendant Andrew Anglin's Supplemental Objections and Responses to Plaintiff's First Requests for Production of Documents (Dkt. 124-4) |
| K | Letter from Plaintiff's Counsel to Andrew Anglin dated November 30, 2020 |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with Local Rule 7.1(d)(2). It contains 3,552 words, excluding the caption, certificate of compliance, tables of contents and authorities.

/s/Daniel J. Kramer
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record. I further certify that on this date the foregoing document was served upon Defendant Andrew Anglin via Fed-Ex at all his known mailing addresses.

DATED:      December 11, 2020

/s/Daniel J. Kramer
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff