# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION

TANYA GERSH,

        *Plaintiff*,

v.

ANDREW ANGLIN, publisher of
the *Daily Stormer*,

        *Defendant*.

Case No.
9:17-cv-00050-DLC-KLD

## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Tanya Gersh, by and through her undersigned counsel, propounds the following Interrogatories upon Defendant Andrew Anglin, to be answered within thirty (30) days. Each Interrogatory is subject to the Definitions and Instructions set forth below.

## DEFINITIONS

1. "Action" means the above-captioned action, styled *Tanya Gersh* v. *Andrew Anglin*, Case No. 9:17-cv-00050-DLC-KLD (D. Mont.).

2. "Anglin," "You," and "Your" mean Andrew Anglin, the Defendant in this Action, as well as his affiliates, predecessors- and successors-in-interest, agents, assigns, employees, representatives, advisors, attorneys, consultants, and any other Persons acting for or on his behalf.

3. "Asset" means any resource with economic value that an individual or business entity owns in whole or in part, directly or indirectly, or controls with the expectation that it will provide a future benefit, or any property owned in whole or in part, directly or indirectly, by a Person or business entity regarded as having value, available to meet debts, commitments, or legacies, or able to generate cash flow, reduce expenses, or improve sales.

4. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether orally or in writing, or by any other means or medium.

5. "Complaint" means the verified complaint filed by Tanya Gersh in this Action on April 18, 2017, ECF No. 1.

6. "Concerning" shall be interpreted in the broadest sense and shall mean and include, without limitation, the words pertaining to, referring to, relating to, regarding, describing, supporting, opposing, disapproving, constituting, embodying, discussing, involving, memorializing, and dealing with, whether directly or indirectly.

7. "Cryptocurrency" or "cryptocurrency wallet" means any digital currency for which encryption techniques are used to regulate the generation of units of currency and verify the transfer of any funds, which operates independently of a central bank. Cryptocurrency includes, but is not limited to, Bitcoin, Bitcoin Cash, Ethereum, Litecoin, Monera, and Ripple.

8. "Daily Stormer" means the website at http://dailystormer.su and all other current or former domain names used for that website, including http://dailystormer.red,

http://dailystormer.net, http://dailystormer.name, and http://dailystormer.com, as well as all related articles, posts, pages, discussion boards, comment threads, and images.

9. "Debt" means an amount of money borrowed by one party from another, giving the borrowing party permission to borrow money under the condition that it is to be paid back at a later date, with or without interest, including, but not limited to, loan agreements, credit card balances, mortgage agreements, and any other liability for which repayment is intended.

10. "Document" is used in the broadest possible sense permissible under Rule 34 of the Federal Rules of Civil Procedure and means each and every written, recorded, or graphic matter or material of any kind, type, nature, or description, in whatever form, that is or has been in Your possession, custody, or control, including, but not limited to, all hard copy documents, correspondence, memoranda, tapes, stenographic, or handwritten notes, forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, transcripts, contracts, agreements, electronic mail, tweets, Bloomberg messages, instant messages, text messages, calendars, appointment books, computer files, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video recordings, audio recordings, CDs, DVDs, computer disks or diskettes, removable media, brochures, pamphlets, or any written or recorded materials of any other kind, however stored, recorded, produced, or reproduced, and also including drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

11. "Domain name" means the network address used to identify and access a website on the internet, such as "dailystormer.com" or "dailystormer.net."

12. "Greg Anglin" means Anglin's father, as well as Greg Anglin's affiliates, predecessors- and successors-in-interest, agents, assigns, employees, representatives, advisors, attorneys, consultants, and any other Persons acting for or on his behalf.

13. "Including" means including without limitation.

14. "Moonbase Holdings" means Moonbase Holdings, LLC, as well as its affiliates, predecessors- and successors-in-interest, agents, assigns, employees, representatives, advisors, attorneys, consultants, and any other Persons acting for or on its behalf.

15. "Person" or "Persons" means natural persons, proprietorships, corporations, partnerships, trusts, joint ventures, groups, associations, organizations, and all other entities.

16. "Posts" means any Communication published on any website, online forum, newsgroup, social media platform, or any other internet publication.

17. "Relevant Period" includes the time period beginning on January 1, 2014 through the present date.

18. "Tanya Gersh" means the Plaintiff in this Action.

19. "Transaction" means any instance of buying, selling, donating, or otherwise exchanging value, in whatever form of property or money, in any currency, including, but not limited to, cryptocurrency.

20. The verb "relate" and its variants encompass the terms "refer," "reflect," "concern," "support," "substantiate," "undermine," or "contradict," and shall be construed to bring within the scope of the Interrogatories any information that comprises, evidences, constitutes, describes, explicitly or implicitly refers to, was reviewed in conjunction with, or was generated as a result of the subject matter of the Interrogatories, including, but not limited to, all information that reflects, records, memorializes, discusses, evaluates, considers, reviews, reports, or otherwise evidences the existence of the subject matter of the Interrogatories.

21. The use of the singular shall be deemed to include the plural, and the use of one gender shall include the other, as appropriate in context.

22. The use of any verb in any tense shall be construed as the use of that verb in all other tenses.

23. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Interrogatories all Documents that might otherwise be construed to be outside of their scope.

24. The terms "all," "any," and "each" shall be construed as encompassing any and all, as necessary to bring within the scope of the Interrogatories all Documents that might otherwise be construed to be outside of their scope.

25. The above definitions apply to any use of terms described above and their variants, whether capitalized or not, throughout the Interrogatories.

## **INSTRUCTIONS**

The following Instructions are an integral part of these Interrogatories and apply to each of them:

1. Each Interrogatory is continuing in nature. If, after responding, You obtain or become aware of any additional or different information responsive to these Interrogatories, You must supplement Your response pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

2. If any Interrogatory herein is not answered under claim of privilege, work product or otherwise, at the time of answering: (a) state with specificity the claim of privilege or other reason used to withhold the information, and (b) identify all information by date and subject matter, without disclosing its content, in a manner sufficient to allow it to be described to the Court for ruling on the privilege or other reason asserted. You are to provide all information that is not subject to a claim of privilege or other reason for non-production by excising or otherwise protecting the portions for which a privilege is asserted, if such a technique does not result in disclosing the contents of the portions for which some privilege is asserted.

3. Each Interrogatory should be responded to based upon Your entire knowledge from all sources and all information in Your possession, Your control, or otherwise available to You, including information from affiliates, predecessors- and successors-in-interest, agents, assigns, employees, representatives, advisors, attorneys, consultants, or other Persons acting for or on Your behalf, and information which is known to each of them.

4. If any of the Interrogatories cannot be responded to in full, respond to the extent possible, specifying the reason for Your inability to respond to the remainder. If Your

responses are qualified in any respect, set forth the terms and an explanation of each such qualification.

      5.      If any response is given that states an objection to these Interrogatories on any ground, state the ground(s) completely. If an Interrogatory is only partly objectionable, respond to the remainder of the Interrogatory.

      6.      If a Document is provided in response to an Interrogatory, identify which Document(s) is (are) being provided to answer that Interrogatory. If You are asked to identify Documents, please provide a brief description of the Documents, including any Bates numbers.

      7.      In the event that any Document referred to in the Interrogatory response has been destroyed or discarded, that Document is to be identified by stating: (a) any addresser and addressee; (b) any indicated or blind copy recipients; (c) the Document's date, subject matter, number of pages, and attachments or appendices; (d) all Persons to whom the Document was distributed, shown or explained; (e) its date of destruction or discard and reason for destruction or discard; and (f) the Persons authorizing and carrying out such destruction or discard.

      8.      Where an Interrogatory calls for information with respect to "each" one of a particular type of matter, event, Person, or entity, of which there is more than one, separately list, set forth, or identify for each thereof all of the information called for in the Interrogatory.

      9.      In no event should You fail to respond to an Interrogatory or leave a response blank. If the answer to the Interrogatory is, for example, "none," "unknown," or "not applicable," such statement should be made as the response.

10. If You have no knowledge regarding an Interrogatory, identify an individual whom You believe to have the knowledge necessary to respond to the Interrogatory.

11. Each Interrogatory herein should be construed independently and not with reference to any other Interrogatories for the purpose of limitation.

12. Unless otherwise indicated, all Interrogatories relate to the Relevant Period, and You shall provide responses and produce Documents, if applicable, that were created during the Relevant Period.

## INTERROGATORIES

1. Identify Your current and any former residence(s) You owned in whole or in part, directly or indirectly, or occupied during the Relevant Period. For each residence, identify (a) the street address, city, state, zip code, and country, (b) whether You own or rent the residence, (c) if You rent(ed) a residence, the name(s) of the owner(s) of the residence, (d) the name(s) of any other occupants of each residence, (e) the duration You lived or stayed at each residence, and (f) the purpose for which each change in residence was made.

2. Identify Your contact information at all points during the period from June 8, 2018 through the date of these Interrogatories, including any and all former and active email addresses, usernames, telephone numbers, or other methods of correspondence used by You at any point. With respect to Your usernames, identify former and active usernames You use or have used in connection with the Daily Stormer, Twitter, and any other online account(s).

3. Without limitation as to time, identify Your current and former employment(s), including, but not limited to (a) employer, (b) place of employment, (c) dates of employment, (d) salary, including net and gross, (e) benefits, including health care, retirement, and other benefits, (f) tax withholdings, and (g) nature of work performed.

4. Identify any Asset that is or was owned in whole or in part, directly or indirectly, by or on behalf of (a) You, (b) Greg Anglin, or (c) Moonbase Holdings during the period from June 8, 2018 through the date of these Interrogatories, wherever held, and for each Asset, identify (a) the nature of the Asset, (b) the date and manner of Your purchase, including the identity of the seller, (c) the amount and nature of ownership interest(s) in the Asset, including the identity of any other individuals or entities with any ownership interest therein and

9

the relative amount(s), (d) the date and manner of any sale by You, including the identity of the purchaser, any relationship that You had or have to the purchaser, the consideration provided by the purchaser, and the purchaser's contact information, (e) location(s) of the Asset, and (f) value of the Asset, stated in U.S. Dollars.

5.     Identify any Debt(s) currently owed by or to (a) You, (b) Greg Anglin, or (c) Moonbase Holdings.  For each Debt, identify (a) the original and current outstanding amount(s) of the Debt, (b) by or to whom the Debt is owed, together with that person's contact information, (c) the terms of any agreements concerning the Debt or its repayment, and (d) the dates of any repayments together with the method of repayments (including, if repayment was made by bank transfer, information about the bank from which the repayment was made).

6.     Identify all Persons who have, or at any time during the Relevant Period had, substantial responsibility for any of the following:

(a)   authorship of Posts on the Daily Stormer;

(b)   publication of the Daily Stormer;

(c)   making decisions concerning the content of the Daily Stormer;

(d)   responding to or otherwise communicating with any individual who writes a Post on the Daily Stormer;

(e)   moderating or monitoring any comment board or discussion thread on the Daily Stormer;

(f)   making decisions concerning the domain name(s) of the Daily Stormer;

(g)   communicating or transacting with registries or registrars concerning the purchase, operation, or maintenance of the domain name(s) of the Daily Stormer;

(h)   operating or maintaining the Daily Stormer, whether or not the individual derives or derived income from such services;

    (i) making decisions concerning staffing or other business or administrative functions in connection with the operation of the Daily Stormer; and

    (j) receiving, processing, or transferring any donations made to the Daily Stormer, regardless of value or currency.

  7. Describe in detail the ownership and management structure of the Daily Stormer, including but not limited to the individual(s) who control(s) the Posts and other content published on the site and how the Daily Stormer is maintained and operated.

  8. Describe in detail the ownership and management structure of Moonbase Holdings, including, but not limited to, its ownership, management, operation, and control, identifying the name(s) and roles of each individual related to the organization, and any stock or ownership interest they currently have or have ever held in the corporation.

  9. For each donation made to or in support of the Daily Stormer during the Relevant Period, identify (a) the nature of the donation or Transaction, (b) the date of the donation or Transaction, (c) the amount or value of the donation or Transaction, (d) the currency in which the donation was received, (e) the source of the donation or Transaction, including the name(s) of the Person(s) or organizations who donated the funds, (f) to what destination (physical or electronic) the donation was sent, and (g) any information provided in connection with the donation, including its purpose if one is given, (i) the identity of the Person(s) who processed the donation, (j) the process by which the donation was received, and (k) any other information known to You about the donation.

  10. Identify any and all individual(s) who are now or have ever been involved in managing, controlling, or advising on the finances of (a) You or (b) Moonbase Holdings.

11. For each individual identified in Interrogatory 10, explain in detail (a) their responsibilities, (b) the bank account(s) or cryptocurrency wallet(s) they manage(d) or control(led), if applicable, (c) the date(s) of their involvement, (d) any action(s) they have or will take in connection with these responsibilities, (e) for what purpose those action(s) have been or will be taken, and (f) any and all other Persons or business entities with which the individual is affiliated, or was affiliated at the time they had responsibilities herein described.

12. Identify all intellectual property owned in whole or in part, directly or indirectly, by or on behalf of (a) You, (b) Greg Anglin, or (c) Moonbase Holdings during the Relevant Period, including, but not limited to (a) identifying information for the intellectual property, (b) the date and place of any registration, (c) the name(s) of the individual(s) in whose name the property was registered (if applicable), (d) the nature of the intellectual property, whether copyright, patent, trade name, or trademark, (e) any claims of infringement or disputes over the ownership or interest of the intellectual property, and (f) any other information available to You about the intellectual property.

13. For each piece of intellectual property identified in Interrogatory 12, describe in detail (a) how the intellectual property was acquired, (b) for what purpose it was acquired, (c) for what purpose or in what way the intellectual property has been or is being used since it was acquired, (d) the details of any sale or transfer by You of the intellectual property, including the date and method of any transfer, the consideration provided, and the identity of the purchaser, and (e) whether You derive any financial benefit from the use of the intellectual property, including identification of its approximate market value, any license fees or royalties received for its use, monetary judgment(s) from any action for infringement or dilution, and any information concerning its purchase, sale, or licensing, whether exclusive or non-exclusive.

14. Without limitation as to time, for each domain name the Daily Stormer now or has ever had, identify (a) the domain name, (b) the registrar from whom the domain name was purchased, (c) the registry that now manages the domain name, (d) whether the domain name is currently active, and (e) the individual(s) who operate(d) the domain name.

15. Describe in detail what actions, if any, You have taken since the Court entered judgment in this Action to comply with the Court's judgment.

16. Describe in detail any financial Transactions You have made or been party to since the Court entered judgment in this Action, including transfer, deposit, withdrawal, or receipt of funds, regardless of currency, whether or not each Transaction was related to paying the judgment that was entered against You in this Action.

Dated: September 3, 2020

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Daniel J. Kramer*
Daniel J. Kramer
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3000
Fax: 212-757-3990
Email: dkramer@paulweiss.com
*Counsel for Plaintiff Tanya Gersh*

cc:

**Beth Littrell**
**Scott McCoy**
**Maya Rajaratnam**
SOUTHERN POVERTY LAW CENTER - GEORGIA
150 East Ponce de Leon Ave.
Suite 340
Decatur, GA 30030
Phone: 404-221-5876
Fax: 404-221-5857
Email: beth.littrell@splcenter.org
         scott.mccoy@splcenter.org
         maya.rajaratnam@splcenter.org
*Counsel for Plaintiff Tanya Gersh*


**David Ryan Brody**
**Arusha Gordon**
LAWYERS' COMMITTEE FOR CIVIL RIGHTS UNDER LAW
1500 K St. NW
Suite 900
Washington, D.C. 20005
Phone: 202-662-8329
Fax: 202-783-0857
Email: dbrody@lawyerscommittee.org
         agordon@lawyerscommittee.org
*Counsel for Plaintiff Taylor Dumpson*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing document was served by email on September 3, 2020, to all counsel of record.

        /s/ *Daniel J. Kramer*
        Daniel J. Kramer