IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>               Plaintiff,<br><br>vs.<br><br>ANDREW ANGLIN, publisher of the *Daily Stormer*,<br><br>               Defendant. | CV 17-50-M-DLC-KLD<br><br>ORDER |

This matter comes before the Court on Plaintiff Tanya Gersh's motion to compel Defendant Andrew Anglin to respond to her post-judgment discovery requests pursuant to Rules 26, 33, 34, 37, and 69 of the Federal Rules of Civil Procedure. (Doc. 228). Gersh also seeks reasonable expenses, including attorney's fees, under Fed. R. Civ. P. 37(a), and sanctions under Rule 37(b). Subject to the modifications outlined in the discussion section, the motion is granted for the reasons set forth below.

**I.**     **Background**

Gersh filed this action on April 18, 2017, alleging that Anglin had engaged in an online anti-Semitic harassment and intimidiation campaign against her and her family through his neo-Nazi website, the Daily Stormer. Gersh alleged state law claims against Anglin for invasion of privacy, intentional infliction of

emotional distress, violations of Montana's Anti-Intimidation Act, and punitive damages. (Doc. 1). On August 8, 2019, the Court entered a default judgment against Anglin and in favor of Gersh for compensatory damages in the amount of $4,042,438 and punitive damages in the amount of $10,000,000. The Court also granted injunctive relief, directing Anglin to permanently remove from his website the offensive content that was the subject of Gersh's lawsuit. (Docs. 214, 215).

In response to a demand letter sent on May 27, 2020, Anglin complied with the injunctive portion of the judgment. (Doc. 220 at ¶ 9). As of August 21, 2020, however, Anglin still had not paid any money damages. (Doc. 220 at ¶ 9). In early September 2020, Gersh served Anglin at his last known mailing and email addresses with a set of post-judgment discovery requests in an effort to obtain information necessary to aid in execution of the monetary portion of the default judgment. (Doc. 229-1; 229-2; 229-3; 229-4). These discovery requests, titled "Plaintiff's Second Set of Interrogatories" and "Plaintiff's Second Request for Production of Documents," primarily seek information concerning Anglin's financial assets. (Docs. 229-1; 229-2).

Anglin did not answer, acknowledge, or otherwise respond to the discovery requests within the thirty-day deadline set forth in Rules 33 and 34 of the Federal Rules of Civil Procedure. (Doc. 229 at 6). On November 30, 2020, Gersh's counsel sent Anglin a meet and confer letter to Anglin's last known mailing and email

addresses, advising him that if he did not respond within ten days, they would file a motion to compel. (Doc. 229-11). Anglin did not respond, and on December 11, 2020, Gersh filed the pending motion to compel him to respond to her post-judgment discovery requests.

This is not the first discovery-related issue requiring judicial intervention in this case. As detailed in the lengthy docket and the Court's many orders, this case was complicated from the outset by Anglin's failure to comply with his discovery obligations and otherwise cooperate in the pretrial litigation process. In June 2018, while Anglin was still represented by counsel, Gersh served her first set of discovery requests, consisting of several interrogatories and requests for production. (Docs. 113-1; 124-1). Anglin's initial discovery responses consisted entirely of objections, and the Court granted his request for an extension of time to provide substantative reponses. (Doc. 101, 103). After Anglin served his supplemental responses, the parties unsuccessfuly met and conferred in the months that followed regarding the sufficiency of those responses. Gersh subsequently filed motions to compel Anglin to provide complete responses to the interrogatories and requests for production contained in her first set of discovery requests. (Docs. 112; 123).

On January 18, 2019, the Court in large part granted Gersh's motion to compel complete interrogatory responses, finding that subject to certain

modifications her interrogatories were relevant and proportional to the needs of the case.[1] (Doc. 131). One of those interrogatories requested information about "all bank and/or crypto-currency accounts" used by Anglin or to which he had access. (Doc. 131 at 26). Because Gersh alleged malice and asserted a claim for punitive damages, the Court found that some pre-judgment asset discovery was appropriate. The Court directed Anglin to "provide a current financial statement allowing for preliminary evaluation of his net worth, as well as the name and location of any institution where he ha[d] maintained an account" since January 1, 2016. (Doc. 131 at 28). Of particular relevance here, the Court stated that "[i]f Gersh ultimately obtains a judgment for punitive damages, she may seek additional discovery as necessary for purposes of enforcing that judgment." (Doc. 131 at 28).

At a telephonic status conference on April 22, 2019, defense counsel stated that Anglin had expressed his intent not to appear for his upcoming deposition, and advised the Court that they intended to withdraw from representation. (Doc. 182). The Court issued an order cautioning Anglin that if he did not appear for his

---

[1] The Court did not address Gersh's motion to compel responses to her first requests for production at that time. (Doc. 131 at 1 n. 1). On March 14 and 15, 2019, the Court held a hearing on multiple discovery motions, including Gersh's motion to compel responses to her requests for production. (Doc. 152, 154). On March 29, 2019, Gersh renewed her motion to compel with respect to those issues that were not resolved at the hearing. (Docs. 160, 169). Gersh's motion was ultimately denied as moot after the Clerk of Court's entry of default on April 30, 2019. (Doc. 187).

4

properly noticed deposition, the Court would enter default against him. (Doc. 182). On April 30, 2019, Anglin failed to appear to appear for his deposition and the Court directed the Clerk of Court to enter Anglin's default. (See Docs. 185, 186, 188). The Court subsequently allowed Anglin's counsel to withdraw from the case (Doc. 196), and on August 8, 2019, the Court entered default judgment against Anglin for compensatory and punitive damages in the total amount of $14,042,438. (Docs. 214, 215).

More than a year has since passed, during which time Anglin has not paid any amount of the monetary judgment entered against him. (Doc. 228 at 3). On December 11, 2020, Gersh filed the pending motion to compel Anglin to respond to her post-judgment discovery requests, and mailed the motion via Federal Express to Anglin at all of his last known mailing addresses. (Doc. 229 at 23). Anglin has not responded to Gersh's motion, which is ripe for ruling.

## II. Legal Standards

Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides, in relevant part, that "[i]n aid of the judgment or execution, the judgment creditor … may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the state where the court is located." Fed. R. Civ. P. 69(a)(2). Under Federal Rules of Civil Procedure 26, 33, and 34, a party may propound interrogatories or requests for the production of

5

documents and electronically stored information on any nonprivilged matter that is relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1), 33(a)(2), 34(a).

"Generally, the scope of post-judgment discovery is broad." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009). One purpose of post-judgment "discovery is 'to identify assets that can be used to satisfy a judgment.'" *Ryan*, 2009 WL 5114077, at 1 (quoting *1ST Tech.., LLC v. Rational Enters. Ltd,* 2007 WL 5596692, at *4 (D. Nev. Nov. 13, 2007)). "Another purpose is 'to discover concealed or fraudulently transferred assets'." *Ryan*, 2009 WL 114077, at *1 (quoting *Fid. Nat'l fin., Inc. v Friedman*, 2007 WL 446134, at *2 (D. Ariz. Feb. 7, 2007)).

The rules governing discovery in post-judgment "proceedings 'are quite permissive.'" *Twin Falls NSC, LLC v. Southern Idaho Ambulatory Surgery*, 2020 WL 55523384, at *10 (D. Idaho Sept. 14, 2020) (quoting *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014)) . A "judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Twin Falls NSC*, 2020 WL 55523384, at *10 (quoting T*extron Fin. Corp. v. Gallegos*, 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016)). "Even though Rule 69 discovery may resemble the proverbial fishing expedition, a judgment creditor is *entitled* to fish for assets of the judgment

debtor." *Twin Falls NSC*, 2020 WL 55523384, at *10 (quoting *Textron*, 2016 WL 4077505, at *3) (emphasis in original). In addition, there is presumption "in favor of full discovery of any matters arguably related to the judgment creditor's efforts to trace the debtor's assets and otherwise enforce its judgment." *Twin Falls SC*, 2020 WL 55523384 at *10 (quotation marks and internal brackets omitted).

Federal Rule of Civil Procedure 37 governs the failure to respond to discovery requests, including post-judgment discovery requests. See e.g. *Twin Falls* NSC, 2020 WL 5523384, at *10, 20 (granting motion to compel post-judgment discovery); *Bd. of Trustees of the Sign, Pictorial, and Display Industrye Welfare Fund v. PS Servs. Co.,* LLC, 2018 WL 6990411, at *2-3 (N.D. Cal. Dec. 21, 2018) (same). If a party fails to appropriately respond to discovery requests, the party seeking discovery may move for a court order "compelling the opposing party to fulfill its discovery obligations." *Carlson v. FedEx Ground Package Sys.,Inc.,* 2012 WL 4760889, at *1 (D. Mont. Sept. 12, 2012); Fed. R. Civ. P. 37(a)(3)(B)(iii)(iv).  A judgment debtor who fails to timely respond or object to post-judgment discovery waives all objections. See *Okada v. Whitehead*, 2020 WL 2078244, at *2 (C.D. Cal. Feb. 11, 2020); *U.S. v. Provost*, 2013 WL 1800200, at *2 (E.D. Cal. Apr. 29, 2013).

**III.    Discussion**

Before turning to the merits of Gersh's motion to compel, the Court addresses a threshold procedural issue relating to service, which is raised by the fact that Anglin is no longer represented by counsel. Anglin effectively ceased participating in this litigation after his counsel withdrew in April 2019, and he did not appear at the hearing on Gersh's motion for default judgment on July 11, 2019. There is no physical mailing address, email address, or any other contact information for Anglin on file with the Court. As has been the case through the entirety of these proceedings, it appears that Anglin's current whereabouts are unknown.

Rule 5 of the Federal Rules of Civil Procedure, governs service of pleadings and other papers, including motions and discovery requests. See *Davis v. Electronic Arts.Inc.*, 2017 WLL 8948082 at *1 (N.D. Cal. Sept. 2017) (applying Rule 5's service requirements to discovery requests). It provides that service can be accomplished by various means, including by electronic means, such as e-mail, provideded the person to be served has consented in writing. Fed. R. Civ. P. 5(b)(2)(E). Rule 5 also permits service by "mailing [the pleading] to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

On September 3, 2020, Gersh attempted to serve her post-judgment discovery requests on Anglin via Federal Express at six Ohio addresses previously

known to belong to Anglin. Three sets of the discovery requests sent by Federal Express were returned as undeliverable and one set was refused, but two were successfully delivered to physical addresses in Ohio. (Doc. 229-3). On September 4, 2020, Gersh also attempted to serve Anglin by sending her discovery requests via email to four email addresses previously known to belong to Anglin. One set of the emailed discovery requests was returned as underliverable, but the other three were delivered. (Doc. 229-4).

The Court recogizes service by email without written consent of the person served is not sufficient satisfy Rule 5(b). However, the Court takes the Federal Express receipts submitted by as sufficient proof that she served Anglin with her post-judgment discovery requests this motion to compel. Accordingly, the Court turns to the merits of Gersh's motion.

### A.    Interrogatories

Gersh's post-judgment discovery requests contain sixteen interrogatories seeking information on Anglin's current whereabouts, contact information, and assets, including information on the operation of his website, the Daily Stormer. (Doc. 229-1).

Interrogatories 1 and 2 request information about Anglin's whereabouts and his contact information. Because this information would undoubtedly aid in Gersh

in collecting on and executing the judgment, the Court finds these interrogatories are permissible post-judgment discovery requests.

Interrogatories 6, 7, and 14 request information about the operation of the Daily Stormer website, including, for example, the website's ownership and management structure and the identity of persons responsible for receiving, processing, or transferring donations. (Doc. 229-1 at 10-11). The Court finds the information sought in these interrogatories is sufficiently related to Gresh's efforts to identify and trace Anglin's assets so as to constitute permissible post-judgment discovery.

Gersh's remaining interrogatories, Interrogatories 3-5, 8-13, and 15-16, request information about Anglin's assets, which Gersh has defined as

> any resource with economic value that an indiviudal or business entity owns in whole or in part, directly or indirectly, or controls with the expectation that it will provide a future benefit, or any property owned in whole or in part, directly or indirectly, by a Person or business entity regarded as having value, available to meet debts, commitments, or legacies, or able to generate cash flow, reduce expenses, or improve sales.

(Doc. 229-1 at 3).

The information requested in Gersh's remaining interrogatories falls squarely within this definition. For example, Gersh seeks details about Anglin's employment income, financial transactions, debts, donations made to or in support of the Daily Stormer, and intellectual property ownership. (Doc. 229-1). Because

these interrogatories seek information about Anglin's assets and would aid Gersh in the execution of the judgment, they are permissible post-judgment discovery.

While Anglin has waived any objections to Gersh's post-judgment discovery requests by failing to respond, the Court nevertheless addresses the reasonableness of the time period targeted by these requests for purposes of maintaining consistency with its ruling on Gersh's first motion to compel. (Doc. 131, at 13, 27). See Fed. R. Civ. P. 26(b)(2)(C)(iii) (the court has an obligation "[o]n motion or on its own" to "limit the frequency or extent of discovery otherwise allowed by thsee rules…"). Gersh's post-judgment interrogatories define the "relevant period" to include "the time period beginning on January 1, 2014 through the present date."[2] (Doc. 229-1 at 5). In their text, some of the interrogatories seek information about the "relevant period"(Doc. 229-1 at 10-13).

In its order on Gersh's first motion to compel, the Court limited the applicable time period for purposes of "pre-judgment asset discovery" to the period from January 1, 2016 to the date of its order.[3] (Doc. 131 at 26-27). Consistent with

---

[2] Gersh's post-judgment requests for production contain the same definition. (Doc. 229-2 at 6).

[3] The Court selected November 1, 2016 as the beginning of the relevant period because the first Daily Stormer article leading to the online campaign of harassment that was the subject of this lawsuit was posted on December 16, 2016. (Doc. 131 at 13).

its prior holding, the Court finds it is equally appropriate to limit Gersh's post-judgment asset discovery requests to the "relevant period"beginning on November 1, 2016, thereby ensuring that the discovery is both relevant for purposes determining the current state of Anglin's assets, and proportional to the needs of the case.[4]

### B. Requests for Production

Gersh's post-judgment discovery requests contain nineteen requests for production seeking documents showing Anglin's income, expenses, assets, debts, and any communciations Anglin had about those matters. (Doc. 229-2). These requests seek production of documents from Anglin's bank accounts, securities, crytpocurrency holdings, domain name holdings, intellectual property assets, and other ownship interests held by Anglin. (Doc. 229-2). The Court finds these are permissible post-judgment discovery requests because the information sought is related to Gersh's efforts to identify Anglin's assets and otherwise enforce the judgment entered in this case.

Gersh's requests for production similarly define the "relevant period" to include "the time period beginning on January 1, 2014 through the present date.

---

[4] Two interrogatories seek information from the period beginning on June 8, 2018, which is the day after Anglin was served with Gersh's First Set of Interrogtoeis. (Doc. 131 at 8). This time period is appropriate, and need not be modified.

(Doc. 229-2 at 6). To the extent the requests for production target the "relevant period," that period is also modified to begin on November 1, 2016.

### C. Rule 37 Sanctions

Gersh seeks an awared of reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Where, as here, the court grants a Rule 37 motion to compel, it "must, after giving an opportunity to be heard, require the party …whose conducted necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment, however, if the moving party filed the motion before attempting in good faith to obtain discovery without court intervention; the opposing party's nondislclosure or response was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Here, the record reflects that Gersh attempted in good faith to obtain the discvoery without court intervention, as evidenced by the meet and confer letter dated November 30, 2020. There is no indication that Anglin's failure to respond was substantially justified, and the Court is not aware of any circumstances making an award of expenses unjust.

Gersh also requests unspecified sanctions under Rule 37(b), which provides that "if a party… fails to obey an order to provide or permit discovery…, the court

where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). Gersh argues sanctions are warranted under Rule 37(b) based on Anglin's pattern of evasive and uncooperative behavior and failure to comply with the prior discovery orders, as detailed above.

While the Court agrees the record in this case establishes that Anglin has a history of failing to comply with his discovery obligations, the Court declines to impose discovery sanctions based on Anglin's conduct prior to entry of the default judgment. That said, Anglin is cautioned that if he fails to obey this discvoery order, the Court may treat the failure as contempt of court and impose sanctions against him in the future. Fed. R. Civ. P. 37(b)(2)(A)(vii).

## IV. Conclusion

Subject to the relevant time period modification outlined above, IT IS ORDERED that Gersh's Motion to Compel (Doc. 228) is GRANTED. Anglin shall have up to and including April 1, 2021, within which to provide full and complete responses to Gersh's Second Set of Interrogatories (Doc. 229-1) and Second Set of Requests for Production (Doc. 229-2).

IT IS FURTHER ORDERED that Anglin shall have until April 1, 2021 within which to be heard and show cause why he should not be required to pay the reasonable expenses, including attorney fees, incurred by Gersh in making this motion to compel.

IT IS FURTHER ORDERED that on or before April 1, 2021, Gersh shall file an affidavit of counsel that sets forth the reasonable expenses, including attorney fees, that were incurred in the presentation of this motion to compel.

Finally, because Anglin does not have a physical mailing or email address on file with the Court, IT IS FURTHER ORDERED that counsel for Gersh shall be responsible for serving a copy of this order on Anglin and filing proof of service with the Court.

DATED this 9th day of February, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge