Daniel J. Kramer*
Sara E. Hershman*
PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3000
Fax: 212-757-3990
Email: dkramer@paulweiss.com
        shershman@paulweiss.com
*Counsel for Plaintiff Tanya Gersh*

Beth Littrell*
SOUTHERN POVERTY LAW
   CENTER
P.O. Box 1287
Decatur, GA 30030
Phone: 404-221-5876
Fax: 404-221-5857
Email: beth.littrell@splcenter.org
*Counsel for Plaintiff Tanya Gersh*

John Morrison
MORRISON, SHERWOOD,
   WILSON & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
Phone: 406-442-3261
Fax: 406-443-7294
Email: john@mswdlaw.com
*Counsel for Plaintiff Tanya Gersh*

*Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>                    *Plaintiff*,<br>v.<br><br>ANDREW ANGLIN,<br><br>                    *Defendant*. | Case No.  9:17-cv-00050-DLC-KLD<br><br>**DECLARATION OF SARA E. HERSHMAN IN SUPPORT OF PLAINTIFF'S MOTION TO HOLD DEFENDANT ANDREW ANGLIN IN CONTEMPT OF THIS COURT'S FEBRUARY 9, 2021 ORDER AND TO ENFORCE DISCOVERY PURSUANT TO THAT ORDER** |

1

## **DECLARATION OF SARA E. HERSHMAN**

I, Sara E. Hershman, hereby declare:

1.  I am an attorney with the law firm Paul, Weiss, Rifkind, Wharton & Garrison LLP in New York, NY.  The facts set forth herein are based on my personal knowledge or information made known to me in the course of my representation of Tanya Gersh.

2.  I hereby file this Declaration in support of Plaintiff's Motion to Hold Defendant Andrew Anglin in Contempt of This Court's February 9, 2021 Order and to Enforce Discovery Pursuant to That Order.

3.  On April 18, 2017, Ms. Gersh brought an action against Anglin based on an extraordinary campaign of anti-Semitic harassment and intimidation that Anglin and his avowedly neo-Nazi website, the Daily Stormer, carried out against her and her family.  (Dkt. 1.)

4.  Anglin has refused to cooperate with the discovery process and has disobeyed the Court's orders throughout this action.

5.  On June 7, 2018, Plaintiff served her first set of discovery requests on Anglin.  On July 9, 2018, Anglin served his responses to Plaintiff's first discovery requests, which consisted entirely of objections.  (Dkt. 113-1, 124-1.)

6.  The responses Anglin filed on August 11, 2018 after the Court granted him an extension to file more substantive responses were incomplete.  (Dkt. 112,

2

113.) Anglin refused to cooperate with Plaintiff's counsel's efforts to meet and confer to resolve the issues, forcing Plaintiff to file her first motion to compel Anglin to completely respond to Plaintiff's interrogatories and requests for documents on October 31, 2018. (Dkt. 112, 123.)

7. On January 18, 2019, the Court granted Plaintiff's first motion to compel, subject to certain limitations, including compelling Anglin to provide information on his assets, which the Court found was appropriate because Plaintiff alleged malice and asserted a claim for punitive damages. (Dkt. 131 at 26, 28.)

8. Anglin subsequently failed to appear for his properly noticed deposition on April 30, 2019. (Dkt. 186.)

9. On April 30, 2019, the Clerk of Court entered default against Anglin pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 188.)

10. On June 21, 2019, Plaintiff filed a motion for default judgment. (Dkts. 201, 202.)

11. After a hearing at which Anglin again failed to appear, on August 8, 2019, the Court entered a default judgment against Anglin for compensatory and punitive damages in the total amount of $14,042,438. (Dkts. 214, 215.)

12. Anglin has not yet paid any portion of the monetary judgment against him, or shown any intent to do so.

13. In an effort to aid enforcement of the monetary judgment, Plaintiff

sought discovery on Anglin's assets.  On September 3, 2020 and September 4, 2020, Plaintiff served a Second Set of Interrogatories and Requests for Documents ("Discovery Requests") on Anglin, returnable by October 4, 2020.  (Dkt. 229, Exs. A, B.)

14.     Anglin failed to answer, acknowledge, or otherwise respond to Plaintiff's Discovery Requests within the 30-day deadline set forth in Rules 33 and 34 of the Federal Rules of Civil Procedure.

15.     On December 11, 2020, Plaintiff moved this Court to compel Anglin's responses.  (Dkts. 228, 229.)

16.     The Court granted Plaintiff's motion to compel in an Order entered on February 9, 2021 (the "February 9 Order").  (Dkt. 232.)  Attached hereto as **Exhibit 1** is a true and correct copy of the February 9 Order.

17.     On February 12, 2021, Plaintiff served a copy of the February 9 Order on Andrew Anglin at all his known mailing addresses via Federal Express, and filed proof of service with the Court, as the Court directed in the February 9 Order.  (Dkt. 233.)  Attached hereto as **Exhibit 2** is a true and correct copy of the Notice of Compliance with Service Requirements Plaintiff filed with the Court on February 12, 2021.

18.     On February 17, 2021, Plaintiff received notice that three of the copies of the February 9 Order sent by Federal Express were delivered, and three

were returned as undeliverable. The packages addressed to Anglin were delivered to the following three addresses and were not returned: 3827 N. High Street, Worthington, OH 43085; 7407 Brandshire Lane, Apt. B, Dublin, OH 43017; 979 High Street, Suite 2, Worthington, OH 43805-4047. Attached hereto as **Exhibit 3** are true and correct copies of the tracking receipts for the copies of the February 9 Order Plaintiff served on Anglin via Federal Express.

19. Pursuant to the Court's direction in the February 9 Order to file an affidavit of counsel that set forth the reasonable expenses, including attorneys' fees, that were incurred in the presentation of Plaintiff's motion to compel, Plaintiff filed an Affidavit of Attorneys' Fees on February 19, 2021. (Dkt. 234.) Attached hereto as **Exhibit 4** is a true and correct copy of that Affidavit.

20. The February 9 Order set a deadline of April 1, 2021 for Anglin to comply with Plaintiff's post-judgment discovery requests, as modified by the Order.

21. The April 1, 2021 deadline for Anglin to comply with the February 9 Order has expired. To date, Anglin has not produced any of the required discovery or responded to the February 9 Order in any way.

22. In addition, Anglin has failed to show cause why he should not be required to pay the attorneys' fees awarded to Ms. Gersh in connection with the motion to compel or to object to the $8,232 in attorneys' fees set forth in the fee

5

affidavit submitted by counsel.

23. Even as Anglin avoids complying with court orders and paying the judgments against him, he continues to publish on—and profit from—the Daily Stormer.

24. Attached hereto as **Exhibit 5** are true and correct copies of three recent posts published on the Daily Stormer, designated as follows:

   a. "Be Merry on Christmas, Because a Child Was Born in Bethlehem and the Truth Will Set You Free," The Daily Stormer (Dec. 31, 2020), https://dailystormer.su/be-merry-on-christmas-because-a-child-was-born-in-bethlehem-and-the-truth-will-set-you-free/

   b. "Jewish Attorney General Nominee Announces Jewish War on the White Race! YIKES!," The Daily Stormer (Feb. 21, 2021), https://dailystormer.su/jewish-attorney-general-nominee-announces-a-jewish-war-on-the-white-race-yikes/

   c. "Support the Daily Stormer: How to Buy and Send Monero," The Daily Stormer (Feb. 21, 2021), https://dailystormer.su/support-the-daily-stormer-how-to-buy-and-send-monero/

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 21, 2021.

Sara E. Hershman