IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | CV 17-50-M-DLC-KLD |
| Plaintiff, | |
| vs. | FINDINGS & RECOMMENDATION |
| ANDREW ANGLIN, publisher of the *Daily Stormer*, | |
| Defendant. | |

This matter comes before the Court on Plaintiff Tanya Gersh's motion to hold Defendant Andrew Anglin in civil contempt of this Court's February 9, 2021 order compelling him to respond to Gersh's post-judgment discovery requests. (Doc. 235). Because of the service-related issues discussed below, the motion should be denied.

## I.    **Background**

Gersh filed this action on April 18, 2017, alleging that Anglin had engaged in an online anti-Semitic harassment and intimidiation campaign against her and her family through his neo-Nazi website, the Daily Stormer. (Doc. 1). On August 8, 2019, the Court entered a default judgment against Anglin and in favor of Gersh for compensatory damages in the amount of $4,042,438 and punitive damages in

the amount of $10,000,000. (Doc. 215). Anglin has yet to pay any portion of the monetary judgment entered against him.

In early September 2020, Gersh sought discovery concerning Anglin's financial assets to aid in enforcement of the monetary judgment. (Docs. 229-1; 229-2). Gersh attempted to serve the discovery requests on Anglin via Federal Express and email at his last known mailing addresses.[1]  (Docs. 229-1; 229-2; 229-3; 229-4; Doc. 232). Anglin did not respond, and on November 30, 2020, Gersh's counsel sent a meet and confer letter to Anglin's last known mailing and email addresses, advising Anglin that if he did not respond within ten days, Gersh would file a motion to compel. (Doc. 229-11). Anglin again failed to respond, and Gersh filed a motion to compel pursuant to Rule 37 of Federal Rules of Civil Procedure. (Doc. 228).

The Court granted Gersh's motion to compel on February 9, 2021. (Doc. 232). The Court ordered Anglin to respond to Gersh's post-judgment interrogatories seeking information on Anglin's whereabouts, contact information, and assets for the time period from November 1, 2016 to the date of the Court's order. (Doc. 232, at 9-10). The Court also ordered Anglin to respond to Gersh's post-judgment discovery requests seeking the production of documents showing

---

[1] The Court has previously determined that Gersh's attempt to serve Anglin by email without his written consent was not sufficient to satisfy Rule 5(b). (Doc. 232, at 9).

Anglin's income, expenses, assets, debts, debts, securities, cryptocurrency

hodlings, domain name holdings, intellectual property assets, and other ownership

assets held by Anglin for the time period from November 1, 2016 to the date of the

Court's order. (Doc. 232, at 12-13). The Court gave Anglin until April 1, 2021,

within which to respond to Gersh's discovery requests and show cause why he

should not be required to pay the reasonable expenses, including attorney fees,

incured by Gersh in making her motion to compel. (Doc. 232, at 14).

Because Anglin does not have a physical mailing address, email address, or

any other contact information on file with the Court, the Court ordered that counsel

for Gersh be responsible for serving a copy of the February 9, 2021 order on

Anglin and filing proof service with the Court. (Doc. 232, at 15). On February 12,

2021, Gersh filed a Certificate of Service attesting to service of a copy of the

February 9, 2021 order upon Anglin at all his known mailing addresses by Federal

Express. (Doc. 233-1; Doc. 236-1, at ¶ 17).  Three packages were returned as

undeliverable. (Doc. 236-5, at 12; Doc. 236-5, at 8; Doc. 236-5, at 10). However,

Gersh has submitted Federal Express tracking receipts showing that two packages

containing the February 9, 2021 order were successfully delivered on February 10,

2021 to physical addresses in Ohio. (Doc. 233-2, at 2 & 6; Doc. 236-2, at 9 & 13;

Doc. 236-5, at 2). It appears that no signatures were required for delivery, and the

packages were later returned to the shipper with new tracking numbers. (Doc. 236-5, at 4; Doc. 236-5, at 6).

Anglin did not comply with or otherwise respond to to the Court's order by the April 1, 2021 deadline. (Doc. 236-1, at ¶ 21). On April 21, 2021, Gersh filed the pending motion asking the Court to hold Anglin in civil contempt based on Rule 37 of the Federal Rules of Civil Procedure and its inherent contempt power.[2] (Doc. 235). Again, Gersh attempted to serve Anglin with a copy of the motion via Federal Express. (Doc. 235, at 4). Gersh requests that the Court find Anglin in contempt for failing to comply with the February 9, 2021 order, give Anglin thirty days to purge himself of the contempt, and direct that a bench warrant for Anglin's arrest be issued if he fails to purge himself of the contempt within the time specified.[3] Gersh also asks the Court to enter judgment awarding her $8,232 for attorneys' fees incurred in making the motion to compel. (Doc. 236, at 6-7). Anglin has not responded to Gersh's motion, which is ripe for ruling.

//

[2] There has been no substantive docket activity in this case since April 21, 2021. Thus, as of the date of this Findings & Recommendation, the record reflects that Anglin still has not complied with or responded to the Court's February 9, 2021 order.

[3] The proposed order Gersh has submitted as an exhibit to her motion indicates she is additionally requesting that if Anglin fails to purge himself of the contempt within the time period specified, the Court assess a civil fine of $100 per day for every day that Anglin remains in contempt. (Doc. 235-1, at 5).

II.    **Legal Standards**

Rule 37 of Federal Rules of Civil Procedure authorizes a district court to impose sanctions against a party who fails to obey a court order compelling discovery. Fed. R. Civ. P. 37(b)(2). Rule 37 lists several permissible sanctions, including treating a party's failure to comply with a discovery order as contempt of court.  Fed. R. Civ. P. 37(b)(vii). District courts have broad discretion in deciding whether to impose sanctions under Rule 37. See e.g. *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). In deference to that discretion, the Ninth Circuit has upheld district court orders imposing civil contempt as a sanction for failing to comply with discovery orders in a variety of situations. See e.g. *United States v. Ayres,* 166 F.3d 991, 996 (9th Cir. 1999) (upholding civil contempt based on uncontroverted evidence of the defendant's failure to comply with discovery orders); *United States v. Carter*, 17 F.3d 396 (9th Cir. 1994) (affirming imposition of civil contempt sanctions to coerce compliance with an order to produce documents); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481-82 (9th Cir. 1992) (affirming a finding of civil contempt for failure to comply with discovery orders); *United States v. Westinghouse Elec. Corp.*, 648 F.2d 642, 651-52 (9th Cir. 1981) (affirming imposition of civil contempt sanctions under Rule 37(b) for failing to ocmply with

discovery orders), *overruled on other grounds by Fed. Trade Comm'n v. Actavis*, 570 U.S. 136 (2013).

In addition to the authority provided under Rule 37, district courts have inherent power to hold a party in civil contempt for violating a court order. See e.g. *Calif. Dept. of Social Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) ("There is no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Gifford v. Heckler*, 741  F.2d 263, 265 (9th Cir. 1984) ("A district court has the power to adjudge in civil contempt any person who willfully disoberys a specific and definite order of the court.").  As with Rule 37, district courts have broad discretion in deciding whether to exercise their ineherent contempt power.   *Lasar v. Ford Motor Co.*, 399 F.3d 1101, (9th Cir. 2005).

Unlike sanctions for criminal contempt, which are punitive and meant to punish, *Ayres*, 166 F.3d at 995, sanctions for civil contempt are remedial in nature. *United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010). "Given the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which the contempt may be purged," and the contempt must be lifted if the conditions are met. *Bright*, 596 F.3d at 696.

Civil contempt is established when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to

comply." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir.

2006). See also *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10

F.3d 693, 695 (9th Cir. 1993). In the Ninth Circuit, "[t]he standard for finding a

party in civil contempt is well settled: The moving party has the burden of showing

by clear and convincing evidence that the [non-moving party] violated a specific

and definite order of the court." *Fed. Trade Comm'n v. Affordable Media LLC*, 179

F.3d 1228, 1239 (9th Cir. 1999). In addition, the moving party must also

demonstrate by clear and convincing evidence that the violation was "beyond

substantial compliance" and was "not based on a good faith and reasonable

interpretation of the order." *Bright*, 596 F.3d at 694. See also *In re Dual-Deck*, 10

F.3d at 695.

　　　If the moving party meets its burden, the burden then shifts to the alleged

contemnor to show a present inability to comply. *Shell Offshore Inc. v.

Greenpeace, Inc.*, 815 F.3d 623, 629-30 (9th Cir. 2016); *United States v.

Drollinger*, 80 F.3d 389, 393 (9th cir. 1996). If compliance is factually impossible,

"neither the moving party nor the court has any reason to proceed with the civil

contempt action." *United States v. Rylander*, 460 U.S. 752, 757 (1983). Present

inability to comply is therefore a complete defense to a finding of civil contempt.

*Drollinger*, 80 F.3d at 393.

"A court may wield  its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for the losses sustained." *Shell Offshore Inc. v. Greenpeace, Inc.,* 815 F.3d 623, 629 (9th Cir. 2016) (quotations omitted). See also *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003) ("Civil penalties must either be compensatory or designed to coerce compliance.")

"In addition to ordering monetary sanctions, the court's civil contempt authority includes the power to issue a bench warrant for the contemnor's arrest." *Rob Kolson Creative Productions, Inc. v.  Stander*, 2020 WL 4334116, at *8 (C.D. Cal. May 20, 2020 (citing *Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985). See also *In re Si Yeon Park, Ltd.*, 198 B.R. 959, 969 (Bankr. C.D. Cal. 1996) (recognizing that "[i]n a sufficiently egregious civil contempt proceedings involving a private party, the United States Marshals can arrest the contemnor pursuant to a bench warrant, and incarcerate that indiviudal until compliance is achieved."). As a general rule, however, the "the district court 'should apply the least coercive sanctions (e.g., a monetary penalty) reasonably calculated to win compliance with its orders'" *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980)).

//

//

### III.   **Discussion**

Before considering the merits of Gersh's contempt motion and whether sanctions in the form of a bench warrant are justified here, the Court addresses a threshold procedural issue relating to service that has plagued these post-judgment proceedings. As explained in the February 9, 2021 order, Anglin's current whereabouts are unknown, as has been the case throughout these proceedings. (Doc. 232, at 8). Anglin is no longer represented by counsel, and does not have a physical mailing address, email address, or any other contact information on file with the Court. (Doc. 232, at 8). As Anglin likely intends, this poses a practical problem when it comes to serving him with filings and orders entered in the case.

Rule 5 of the Federal Rules of Civil Procedure governs service of pleadings and other papers, including the discovery requests and post-judgment motions at issue here. Rule 5 provides that service can be accomplished by various means, including by "mailing [the pleading] to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).

In September 2020, Gersh attempted to serve her post-judgment discovery requests on Anglin via Federal Express at six Ohio addresses previously known to belong to Anglin. (Doc. 232, at 8-9). Three sets of the discovery requests were returned as undeliverable and one set was refused, but two were successfully delivered to physical addresses in Ohio. (Doc. 292, at 9).  For purposes of Gersh's

post-judgment discovery requests and motion to compel, the Court took the

Federal Express receipts submitted by Gersh as sufficient proof of service. (Doc.

232, at 9).

In doing so, however, the Court did not address the Ninth Circuit's decision

in *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1429 (9th Cir. 1996), which held

that service by Federal Express does not comply with the service by mail

requirements of Rule 5(b)(2)(C). Although it was decided more than two decades

ago, *Magnuson* has not been overturned and remains good law in the Ninth

Circuit.[4] See e.g. *Hasting v. United States Postal Service*, 2017 WL 2936781, at *4

(S.D. Cal. July 10, 2017) (citing *Magnuson*'s statement that "mail" as used in Rule

5 means U.S. Mail); *Del Thibodeau v. ADT Security Services*, 2018 WL 2684254,

at *3 (S.D. Cal. June 5, 2018) (citing *Magnuson* and recognizing that re-serving a

party pursuant to U.S. mail corrects deficient service by Federal Express); *Stepp v.*

*Rexnord Industries, Inc.*, 2014 WL 3866135, at *4 (S.D. Indiana Aug. 5, 2014)

(relying on several cases, including *Magnuson,* to hold that use of Federal Express

instead of the United States Postal Service to accomplish service of a subpoena

does not constitute "mailing it to the person's last known address" as required by

Fed. R. Civ. P. 5(b)(2)(C));  *Brown v. China Integrated Energy, Inc.*, 2012 WL

---

[4] *Magnuson* has been cited generally with approval by the Ninth Circuit as recently
as 2018. See *Van v. Language Line Services, Inc.*, 733 Fed. Appx. 349 (9th Cir.
April 30, 2018).

10

12884911, at *3 (C.D. Cal. July 12, 2012) (noting that the Ninth Circuit specifically concluded in *Magnuson* "that the 'mail' contemplated in the rule is mail delivered by the U.S. Postal Service, and that service by Federal Express does not satisfy Rule 5(b)"); *Cachet Residential Builders, Inc. v. Gemini Ins. Co.*, 547 F.Supp.2d 1028, 1030 (D. Ariz. 2007) (recognizing that several circuits, including the Ninth Circuit, have held that "the term 'mail' in the Federal Rules of Civil Procedure governing service does not encompass private carriers.").

The Ninth Circuit has recognized that strict compliance with Rule 5(b) may be excused for "exceptional good cause." *Magnuson*, 85 F.3d at 1431 (citing *Salley v. Board of Governors, Univ. of North Carolina*, 136 F.R.D. 417, 420 (M.D.N.C. 1991). However, Gersh has not cited or addressed *Magnuson* in any of her post-judgment briefing, much less made any attempt to show there was exceptional good cause to excuse her from strict compliance with the service by mail requirements of Rule 5(b). Accordingly, and having now considered *Magnsuon*, the Court finds that the Federal Express delivery of Gersh's post-judgment discovery requests and her motion to compel did not satisfy the service by mail provisions of Rule 5(b).

Gersh's attempts to serve Anglin with the Court's February 9, 2021 order and the pending contempt motion are similarly deficient. As explained above, Gersh served the February 9, 2021 order on Anglin via Federal Express at all

11

mailing addresses known to belong to Anglin. (Doc. 236-1, at ¶ 17). Gersh has

submitted Federal Express receipts showing that two packages containing the

February 9, 2021 order were successfully delivered on February 10, 2021 to

physical addresses in Ohio. (Doc. 233-2, at 2 & 6; Doc. 236-2, at 9 &13; Doc. 236-

5, at 2). It appears that no signatures were required for delivery, however, and the

packages were later returned to the shipper with new tracking numbers. (Doc. 236-

5, at 4; Doc. 236-5, at 6). Likewise, the certificate of service for Gersh's contempt

motion certifies that she served Anglin with a copy of the motion via Federal

Express at the same six Ohio addresses. (Doc. 235, at 4). As with service of

Gersh's discovery requests and motion to compel, delivery of the Court's February

9, 2021 order and Gersh's contempt motion by Federal Express is not sufficient to

satisfy the service by mail provisions of Rule 5(b).

The service of process issues detailed above are problematic, particularly in

light of the liberty interests implicated by Gersh's request for sanctions in the form

of an arrest warrant. In addition, the Court is mindful that the "imposition and

selection of sanctions pursuant to Rule 37(b) must be consistent with due process

requirements." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783

(9th Cir. 1983). Likewise, "due process is a limitation on the court's contempt

power." *Falstaff*, 702 F.2d at 783. "Thus, due process is a limitation upon the

application of [civil contempt] sanctions - whether imposed pursuant to the court's

inherent contempt power or to the Rule 37(b) contempt power." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783 (9th Cir. 1983). Unlike criminal contempt, sanctions for civil contempt are avoidable and thus require fewer procedural protections. *Ayres,* 166 F.3d at 995; *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 831 (1994). Civil contempt sanctions "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Bagwell,* 512 U.S. at 831.

Because service of the post-judgment pleadings by Federal Express was improper, it is not at all clear that the procedures employed thus far are sufficient to ensure that Anglin has received notice and an opportunity to be heard, as required to satisfy right to due process. The Court certainly does not condone Anglin's apparent attempt to avoid service and his longstanding pattern of evasive, uncooperative, and defiant conduct in this case. Nevertheless, absent evidence that Anglin has been served with any of the post-judgment pleadings in accordance with the requirements of Rule 5(b), the Court cannot recommend that he be held in contempt or that a bench warrant for his arrest be issued.

The service deficiencies identified above bring these post-judgment proceedings back to square one. If Gersh still intends on pursuing post-judgment discovery, she must begin by serving her post-judgment discovery requests in compliance with Rule 5(b) and providing proof of service to the Court.

**IV.**   **Conclusion**

For the reasons outlined above,

IT IS RECOMMENDED that Gersh's Motion to Hold Defendant Andrew Anglin in Contempt of this Court's February 9, 2021 Order and to Enforce Discovery Pursuant to that Order (Doc. 235) be DENIED.

IT IS FURTHER RECOMMENDED that the Court's February 9, 2021 Order granting Gersh's motion to compel and requiring Anglin to show cause why he should not be required to pay Gersh's attorney fees be VACATED.

NOW, THEREFORE, IT IS ORDERED that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 1st day of November, 2021.

_____
Kathleen L. DeSoto
United States Magistrate Judge

14