Daniel J. Kramer*
Robert N. Kravitz*
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3000
Fax: 212-757-3990
Email: dkramer@paulweiss.com
       rkravitz@paulweiss.com
*Counsel for Plaintiff Tanya Gersh*

John Morrison
MORRISON, SHERWOOD,
  WILSON & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
Phone: 406-442-3261
Fax: 406-443-7294
john@mswdlaw.com
*Counsel for Plaintiff Tanya Gersh*

Beth Littrell*
SOUTHERN POVERTY LAW
CENTER
P.O. Box 1287
Decatur, GA 30030
Phone: 404-221-5876
Fax: 404-221-5857
Email: beth.littrell@splcenter.org
*Counsel for Plaintiff Tanya Gersh*

*Admitted *pro hac vice*

**UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
MISSOULA DIVISION**

| | |
|---|---|
| TANYA GERSH,<br><br>    *Plaintiff*,<br><br>  v.<br><br>ANDREW ANGLIN,<br><br>    *Defendant*. | Case No. 9:17-cv-00050-DLC-KLD<br><br>**PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S POST-JUDGMENT DISCOVERY REQUESTS** |

Comes now Plaintiff Tanya Gersh, through counsel, pursuant to Rules 26, 33, 34, and 37 of the Federal Rules of Civil Procedure, and moves this honorable Court to compel Defendant Andrew Anglin to immediately and completely without further objection or delay respond to two sets of Plaintiff's post-judgment discovery requests: (i) Plaintiff's Second Set of Interrogatories, and (ii) Plaintiff's Second Request for Production of Documents. Plaintiff also moves the Court to sanction Defendant pursuant to Rule 37(b) for his continued lack of cooperation with discovery. Plaintiff's counsel hereby certifies that counsel has attempted through meet and confer efforts to obtain responsive answers to the requests without Court intervention as detailed below and in the brief in support of the motion. As grounds for the motion, Plaintiff submits herewith the accompanying memorandum brief and exhibits, and sets them forth as follows:

1. This is the fourth time that Plaintiff has had to move to compel Defendant to comply with discovery requests in this action.

2. In December 2018, prior to entry of judgment against Defendant, Plaintiff moved to compel Defendant to respond to discovery requests. (Dkt. 123.)

3. On January 18, 2019, this Court granted in part and denied in part Plaintiff's first motion to compel, giving Defendant 30 days to respond to Plaintiff's Requests for Production. (Dkt. 131.)

4. In its Order granting Plaintiff's first motion to compel, the Court stated: "If Gersh ultimately obtains judgment for punitive, damages, she may seek additional discovery as necessary for the purpose of enforcing that judgment." (Dkt. 131.)

5. After several more months of discovery disputes, delay, and court-ordered meet-and-confers, on March 29, 2019, Plaintiff again moved to compel Defendant to produce responsive documents. (Dkt. 169.) Defendant never acknowledged or responded this motion and produced no documents.

6. On April 30, 2019, Defendant failed to appear for his properly noticed deposition. He ceased participating in the litigation and failed to appear at any of the subsequent hearings before this Court. (Dkt. 185.)

7. On August 8, 2019, this Court entered a default judgment against Defendant, in the amount of $4,042,438 in compensatory damages and $10,000,000 in punitive damages. (Dkt. 214, 215.)

8. To date, Defendant has not paid any amount of the judgment or demonstrated any intent to do so.

9. On September 3, 2020 and September 4, 2020, Plaintiff served post-judgment discovery requests, Plaintiff's Second Set of Interrogatories and Requests for Production of Documents, on Defendant at all of his known addresses and email addresses. (Dkt. 229, Exs. A & B.)

10. On December 11, 2020, Plaintiff filed a Motion to Compel Defendant to Respond to Plaintiff's Post-Judgment Discovery Requests. (Dkt. 229.)

11. On February 9, 2021, this Court granted Plaintiff's Motion to Compel. (Dkt. 232.) The Court ordered Anglin to respond to Plaintiff's post-judgment interrogatories seeking information about Anglin's whereabouts and contact information, the operation of the Daily Stormer website, and Anglin's assets, limited to the time period from November 1, 2016 to the date of the Court's Order. (*Id.* at 9, 10.) The Court also ordered Anglin to produce documents responsive to Plaintiff's post-judgment document requests, which sought documents showing Anglin's income, expenses, assets, debts, and any communications Anglin had about those matters from Anglin's bank accounts, securities, cryptocurrency holdings, domain name holdings, intellectual property assets, and other ownership interests held by Anglin from the period November 1, 2016 to the present date. (*Id.* at 12, 13.) The deadline for complying with these directives was April 1, 2021. (*Id.* at 14.)

12. The Court further ordered that Anglin would have until April 1, 2021, within which to be heard and show cause why he should not be required to pay the reasonable expenses, including attorneys' fees, Ms. Gersh incurred in

4

making her motion to compel. (*Id.*) Defendant failed to comply with the court's Order.

13. On April 21, 2021, Plaintiff filed a Motion to Hold Defendant Andrew Anglin in Contempt of this Court's February 9, 2021 Order and Enforce Discovery Pursuant to That Order. (Dkt. 235.)

14. On November 1, 2021, this Court denied Plaintiff's motion to hold Anglin in contempt, and directed Plaintiff to serve Defendant with post-judgment discovery requests via U.S. Mail in accordance with Federal Rule of Civil Procedure Rule 5(b). (Dkt. 243.)

15. On November 11, 2021, Plaintiff served Defendant with Plaintiff's Second Set of Interrogatories and Second Request for Production of Documents (the "Discovery Requests") via certified U.S. Mail at Anglin's known mailing addresses.

16. On December 8, 2021, Plaintiff filed proof of service of the Discovery Requests with this Court. (Dkt. 245.)

17. Defendant's responses to the Discovery Requests were due on December 13, 2021. To date, Defendant has not responded to the Discovery Requests.

18. In accordance with Montana Local Rule 26.3(c), Plaintiff's counsel made a good faith attempt to resolve this discovery dispute out of court.

On December 27, 2021, counsel for Plaintiff sent a letter to Anglin, via certified U.S. Mail and email to all his known addresses, requesting that Anglin meet and confer with Plaintiff concerning the Discovery Requests. Anglin neither responded nor proposed a date and time to meet and confer to resolve these issues.

19. Plaintiff's post-judgment Discovery Requests are targeted to obtain information necessary for the purpose of enforcing Plaintiff's judgment for compensatory and punitive damages.

20. Despite Plaintiff's good faith attempts to obtain information on Anglin's assets, Anglin's complete lack of respect for and cooperation with the judicial process have made these attempts fruitless, and Plaintiff is now forced to seek court intervention in the matter.

21. This motion is supported by an accompanying memorandum of law.

For the foregoing reasons, Plaintiff requests the Court compel Defendant to immediately and completely respond to Plaintiff's Second Set of Interrogatories and Second Request for Production in their entirety. Plaintiff also moves this Court to impose sanctions pursuant to Rule 37(b), to the extent this Court deems just and proper. In particular, in accordance with the sanctions allowable under Rule 37(b)(2), Plaintiff asks that this Court order Anglin to pay the reasonable expenses, including attorney's fees and costs, caused by Anglin's failure to comply

with the Court's discovery orders and incurred in connection with bringing this motion. Pursuant to Rule 37(b)(2)(A)(vii), Anglin's failure to comply with a discovery order may also constitute grounds for the Court to hold Anglin in contempt.

DATED  January 6, 2022

**PAUL, WEISS, RIFKIND,  
  WHARTON & GARRISON LLP**

BY:

/s/ Daniel J. Kramer
Daniel J. Kramer*
Robert N. Kravitz*
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3000
Fax: 212-757-3990
Email:  dkramer@paulweiss.com
             rkravitz@paulweiss.com
*Counsel for Plaintiff Tanya Gersh*

John Morrison
MORRISON, SHERWOOD,
  WILSON & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
Phone: 406-442-3261
Fax: 406-443-7294
john@mswdlaw.com
*Counsel for Plaintiff Tanya Gersh*

Beth Littrell*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30030
Phone: 404-221-5876
Fax: 404-221-5857
Email: beth.littrell@splcenter.org
*Counsel for Plaintiff Tanya Gersh*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record. I further certify that on this date the foregoing document was served upon Defendant Andrew Anglin via U.S. Mail at all his known mailing addresses.

DATED:	January 6, 2022

                                            /s/Daniel J. Kramer
                                            Attorney for Plaintiff Tanya Gersh
                                            on behalf of all Attorneys for Plaintiff