Daniel J. Kramer*
Robert N. Kravitz*
PAUL, WEISS, RIFKIND,
    WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3000
Fax: 212-757-3990
Email: dkramer@paulweiss.com
        rkravitz@paulweiss.com
*Counsel for Plaintiff Tanya Gersh*

John Morrison
MORRISON, SHERWOOD,
    WILSON & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
Phone: 406-442-3261
Fax: 406-443-7294
Email: john@mswdlaw.com
*Counsel for Plaintiff Tanya Gersh*

Beth Littrell*
SOUTHERN POVERTY LAW
    CENTER
P.O. Box 1287
Decatur, GA 30030
Phone: 404-221-5876
Fax: 404-221-5857
Email: beth.littrell@splcenter.org
*Counsel for Plaintiff Tanya Gersh*

*Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>                              *Plaintiff,*<br><br>               v.<br><br>ANDREW ANGLIN,<br><br>                              *Defendant.* | Case No. 9:17-cv-00050-DLC-KLD<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO RESPOND TO PLAINTIFF'S POST-JUDGMENT DISCOVERY REQUESTS** |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES ........................................................................ ii

INTRODUCTION AND SUMMARY OF ARGUMENT ........................................1

I.     FACTUAL BACKGROUND............................................................................1

II.    LEGAL STANDARD ....................................................................................7

      A.     The Federal Rules of Civil Procedure Entitle a Judgment Creditor to Post-Judgment Discovery on a Judgment Debtor's Assets..........................................................................7

      B.     The District Court Has Discretion to Order a Judgment Creditor to Comply with Post-Judgment Discovery, and to Issue Sanctions Where Necessary. ................................................9

      C.     Service by U.S. Mail is Adequate under Federal Rule of Civil Procedure Rule 5(b)...........................................................12

III.    ARGUMENT................................................................................................13

      A.     Plaintiff Is Entitled to the Requested Discovery.................................13

      B.     The Court Is Empowered to Manage Discovery, and an Order Compelling Responses Is Required. ..................................16

      C.     Service of the Discovery Requests Was Adequate ..............................18

IV.    CONCLUSION.............................................................................................21

EXHIBIT INDEX .....................................................................................23

CERTIFICATE OF COMPLIANCE.......................................................................24

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baker* v. *Limber*,
   647 F.2d 912 (9th Cir. 1981) ................................................................................10

*Bd. of Trustees of the Sign, Pictorial, and Display Industry Welfare
   Fund* v. *PS Servs. Co., LLC*,
   2018 WL 6990411 (N.D. Cal. Dec. 21, 2018).....................................................10

*Brown* v. *China Integrated Energy, Inc.*,
   2012 WL 12884911 (C.D. Cal. July 12, 2012)....................................................13

*Cal. Dep't. of Soc. Servs.* v. *Leavitt*,
   523 F.3d 1025 (9th Cir. 2008) .............................................................................12

*Carlson* v. *FedEx Ground Package Sys., Inc.*,
   2012 WL 4760889 (D. Mont. Sept. 12, 2012)......................................................9

*Del Thibodeau* v. *ADT Security Servs.*,
   2018 WL 2684254 (S.D. Cal. June 5, 2018) .......................................................13

*FDIC* v. *Lewis*,
   2015 WL 4579323 (D. Nev. July 29, 2015), *aff'd*, *AmTrust Bank* v.
   *Lewis*, 687 F. Appx. 667 (9th Cir. 2017)............................................................10

*FTC* v. *Enforma Natural Prods., Inc.*,
   362 F.3d 1204 (9th Cir. 2004) .............................................................................11

*Garcia* v. *City of Santa Clara*,
   2017 WL 1398263 (N.D. Cal. Apr. 19, 2017)......................................................12

*Hasting* v. *United States Postal Service*,
   2017 WL 2936781 (S.D. Cal. July 10, 2017) ......................................................13

*Hunt* v. *Cnty. of Orange*,
   672 F.3d 606 (9th Cir. 2012) .................................................................................9

*Magnuson* v. *Video Yesteryear*,
   85 F.3d 1424 (9th Cir. 1996) ...............................................................................13

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Marshall* v. *The Billings Clinic*,
No. CV-14-93-BLC-SPW-CSO, 2015 WL 7574758 (D. Mont.
Nov. 25, 2015) ....................................................................................................8

*Mission Capital Works, Inc.* v. *SC Restaurants, Inc.*,
2009 WL 4895315 (S.D. Cal. Dec. 10, 2009) ..................................................10

*Nelson-Ricks Cheese Co., Inc.* v. *Lakeview Cheese Co., LLC*,
2020 WL 5658349 (D. Idaho Sept. 23, 2020) ..................................................12

*Okada* v. *Whitehead*,
2020 WL 2078244 (C.D. Cal. Feb. 11, 2020) .....................................................9

*Patterson* v. *State, Dep't of Justice, Motor Vehicle Div.*,
46 P.3d 642 (Mont. 2002)..................................................................................11

*Petras* v. *A-1 Moving & Storage*,
2011 WL 149702 (E.D. Cal. Apr. 19, 2011) .....................................................10

*Republic of Argentina* v. *NML Capital, Ltd.*,
573 U.S. 134 (2014)......................................................................................8, 10

*Richmark Corp.* v. *Timber Falling Consultants*,
959 F.2d 1468 (9th Cir. 1992) .............................................................................9

*Rosiere* v. *SEC*,
2010 WL 489526 (D. Nev. Feb. 5, 2010)..........................................................13

*RRW Legacy Mgmt. Grp., Inc.* v. *Walker*,
2017 WL 1283480 (W.D. Wash. Apr. 6, 2017) .................................................12

*Ryan Inv. Corp.* v. *Pedregal de Cabo San Lucas*,
2009 WL 5114077 (N.D. Cal. Dec. 18, 2009).....................................................8

*Twin Falls NSC, LLC* v. *So. Idaho Ambulatory Surgery Ctr.*,
2020 WL 5523384 (D. Idaho Sept. 24, 2020) ..................................................10

*U.S.* v. *Provost*,
2013 WL 1800300 (E.D. Cal. Apr. 29, 2013) .....................................................9

## TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Van* v. *Language Line Servs., Inc.*,
    733 Fed. App'x 349 (9th Cir. 2018) ...................................................................13

*Voice* v. *Stormans Inc.*,
    757 F.3d 1015 (9th Cir. 2014) .........................................................................11

**Statutes**

MCA 27-1-1503 ...................................................................................................1

**Other Authorities**

Fed. R. Civ. P. 5 ...............................................................................2, 6, 12, 13, 18

Fed. R. Civ. P. 26 ..............................................................................1, 8, 9, 13, 21

Fed. R. Civ. P. 33 ..............................................................................1, 8, 9, 11, 13

Fed. R. Civ. P. 34 ........................................................................................1, 8, 13

Fed. R. Civ. P. 37 ........................................................................................passim

Fed. R. Civ. P. 69 .....................................................................................1, 8, 10

Montana Local Rule 26.3(c) .........................................................................7, 17

Wright & Miller, Federal Practice & Proc. § 3014, *Discovery in Aid of*
    *Execution* (2020).........................................................................................7

## INTRODUCTION AND SUMMARY OF ARGUMENT

Pursuant to Federal Rules of Civil Procedure 26, 33, 34, 37, and 69, Plaintiff Tanya Gersh respectfully moves the Court to compel Defendant Andrew Anglin to immediately answer Plaintiff's Second Set of Interrogatories and produce documents responsive to Plaintiff's Second Set of Requests for Production of Documents (the "Discovery Requests").

On November 11, 2021, Plaintiff Tanya Gersh served her Discovery Requests on Defendant Andrew Anglin, in connection with Plaintiff's efforts to collect upon a $14,042,438 judgment this court entered on August 8, 2019. (*See* Dkt. 214, 215.)  In defiance of federal and local rules, Defendant has refused to produce any responses or even to acknowledge these post-judgment Discovery Requests.  Plaintiff respectfully requests that this Court enter an order compelling Defendant to immediately respond without objection to Plaintiff's Second Set of Requests for Production and Second Set of Interrogatories.

## I.      FACTUAL BACKGROUND

Plaintiff filed the above-captioned action on April 18, 2017, alleging invasion of privacy, intentional infliction of emotional distress, and violation of the Montana Anti-Intimidation Act for a campaign of anti-Semitic harassment and intimidation that Anglin conducted against Plaintiff and her family through his neo-Nazi website, the *Daily Stormer*.  (Dkt. 1.)  On August 8, 2019, Plaintiff obtained a

1

judgment against Anglin, pursuant to which this Court ordered Anglin to pay $4,042,438 in compensatory damages and $10,000,000 in punitive damages, which Plaintiff has been unable to collect.  (Dkt. 214, 215.)

To aid enforcement of the judgment, Plaintiff attempted to serve Anglin with Interrogatories and Requests for Production of Documents, seeking post-judgment discovery on Anglin's assets at all his known addresses.  (*See* Ex. 1, Ex. 2.)  On November 11, 2021, Plaintiff attempted to serve Anglin with these post-judgment Discovery Requests, returnable by December 13, 2021, via certified U.S. Mail, return receipt requested, to six Ohio addresses previously known to belong to Anglin, in accordance with Federal Rule of Civil Procedure Rule 5(b).  (*See* Dkt. No. 245, Ex. B, Ex. C.)  The post-judgment Discovery Requests were successfully delivered to Anglin at a parcel locker in Columbus, Ohio on November 26, 2021. (*See* Dkt. No. 245, Ex. D.)  Anglin failed to respond to any of the post-judgment Discovery Requests, thus preventing Plaintiff from identifying Anglin's current assets as is necessary to aid Plaintiff in enforcing this Court's judgment for punitive and compensatory damages.

Anglin's lack of response to Plaintiff's most recent Discovery Requests is but one example of Anglin's pattern of evasive and uncooperative conduct throughout the course of this litigation.  Anglin evaded service of the Complaint for several months, requested extensions to respond to Plaintiff's first set of discovery

requests, and gave incomplete responses with boilerplate objections, even after this Court ordered Anglin to provide complete answers and document productions. (Tr. of Preliminary Pretrial Conf. at 21:20–23; Dkt. 13–19, 39, 100–03, 112–13, 123–24, 126, 128, 131; Exs. 5–8.) Even with the extension, Anglin's responses were late and incomplete—for the most part, he either refused to produce responsive documents or claimed that no such documents were in his "possession, custody or control." (Exs. 7–10.) In particular, Anglin objected to Plaintiff's discovery requests on Anglin's assets, producing only the location of one cryptocurrency wallet to which he has access, information which is readily available on the *Daily Stormer*'s website because it is the wallet address to which he solicits donations from his followers. (Ex. 8.) Anglin also promised he would produce additional documents, a promise which he did not honor and later repudiated, asserting objections based on relevancy and burden. (Exs. 9, 10; Dkt. 124.)

Plaintiff's counsel made multiple good faith attempts to meet and confer with Anglin in the months following, but the parties were unable to come to agreement on any of the issues. On October 31, 2018 and December 10, 2018, Plaintiff was forced to move to compel Anglin to respond to the discovery requests and sought sanctions. (Dkt. 113, 124.) On January 18, 2019, the Court in large part granted Plaintiff's motion to compel Anglin's responses to her discovery demands, finding they were relevant and proportional to the needs of the case. (Dkt. 131.)

This Court found Anglin's prior supplemental responses, particularly those regarding his assets, to be incomplete. (*Id.*) This Court found Plaintiff was entitled to view Anglin's financial statements, as well as the name and location of any institution where Anglin has maintained an account during the course of his misconduct and the litigation, because Plaintiff sought punitive damages and alleged malice under Montana state law. (*Id.*) Critically, this Court stated that, "If Gersh ultimately obtains judgment for punitive damages, she may seek additional discovery as necessary for the purpose of enforcing that judgment." (*Id.*)

After several months' worth of additional discovery disputes, delays, and Court-ordered meet and confers, Plaintiff again moved to compel Anglin to produce documents. (Dkt. 169.) Anglin did not respond to the motion, produced no additional documents or interrogatory answers, and on April 30, 2019, also failed to appear for his properly noticed deposition. (Dkt. 185.) The Clerk of this Court entered default against Anglin and, soon after, this Court's entry of judgment against Anglin in the amount of $4,042,438 in compensatory damages and $10,000,000 in punitive damages followed. (Dkt. 188, 211, 214, 215.) To date, Anglin has failed to pay any amount of the judgment, and has silently ignored Plaintiff's efforts to execute on the judgment.

On September 3, 2020 and September 4, 2020, Plaintiff served post-judgment Discovery Requests on Anglin at all his known mail and email addresses.

In accordance with the Court's January 18, 2019 Order, Plaintiff's post-judgment Discovery Requests sought information "necessary to aid in enforcing [the Court's] judgment" for punitive and compensatory damages. (*See* Dkt. 229, Exs. A, B; Dkt. 131.) Anglin did not acknowledge or respond to those post-judgment Discovery Requests.

On December 11, 2020, Plaintiff filed a Motion to Compel Defendant to Respond to Plaintiff's Post-Judgment Discovery Requests. (Dkt. 229.) On February 9, 2021, this Court granted Plaintiff's Motion to Compel. (Dkt. 232.) The Court ordered Anglin to respond to Plaintiff's post-judgment interrogatories seeking information about Anglin's whereabouts and contact information, the operation of the *Daily Stormer* website, and Anglin's assets, limited to the time period from November 1, 2016 to the date of the Court's Order. (*Id.* at 9–13.) The Court also ordered Anglin to produce documents responsive to Plaintiff's post-judgment document requests, which sought documents showing Anglin's income, expenses, assets, debts, and any communications Anglin had about those matters from Anglin's bank accounts, securities, cryptocurrency holdings, domain name holdings, intellectual property assets, and other ownership interests held by Anglin from the period November 1, 2016 to the present date. (*Id.* at 12, 13.) The deadline for complying with these directives was April 1, 2021. (*Id.* at 14.) The Court further ordered that Anglin would have until April 1, 2021, within which to be heard and

show cause why he should not be required to pay the reasonable expenses, including attorneys' fees, Ms. Gersh incurred in making her motion to compel. (*Id.*) Defendant failed to comply with the Court's Order.

On April 21, 2021, Plaintiff filed a Motion to Hold Defendant Andrew Anglin in Contempt of this Court's February 9, 2021 Order and Enforce Discovery Pursuant to That Order. (Dkt. 235.)  On November 1, 2021, this Court denied Plaintiff's motion to hold Anglin in contempt because of "service deficiencies" the Court identified, namely that Plaintiff had served Anglin with documents via Federal Express rather than U.S. Mail in accordance with Rule 5(b) of the Federal Rules of Civil Procedure. (Dkt. 243.)  The Court directed Plaintiff to serve Defendant with Plaintiff's post-judgment Discovery Requests via U.S. Mail in accordance with Federal Rule of Civil Procedure Rule 5(b) and provide proof of service to the Court. (*Id.*).

On November 11, 2021, Plaintiff served Defendant with Plaintiff's Second Set of Interrogatories and Second Set of Requests for Documents (the "Discovery Requests") via certified U.S. Mail at Anglin's known mailing addresses. (Dkt. 245, Ex. E, Ex. F (Ex. 1, Ex. 2).) These Discovery Requests seek the same information sought in Plaintiff's September 2020 discovery requests, but are limited to the period from November 1, 2016 to the present, in accordance with the limitation the Court placed on discovery in its February 9, 2021 Order.  On December 8, 2021,

Plaintiff filed proof of service of the Discovery Requests with this Court.  (Dkt. 245.) On December 27, 2021, in accordance with Rule 26.3(c) of this Court, Plaintiff sent Anglin a letter via certified U.S. Mail and email requesting to meet and confer to resolve this discovery dispute.  (Ex. 3.)  Anglin has neither responded to the Discovery Requests nor Plaintiff's request for a meet and confer.

Anglin's failure to comply with his discovery obligations has cost Plaintiff's counsel significant expenditures of time and financial resources.  His silence in response to Plaintiff's post-judgment Discovery Requests is yet another example of his ongoing display of lack of respect for the judicial process, which has caused needless delay and burdens on Plaintiff and this Court.  In order to aid Plaintiff in finally executing on the judgment this Court entered against Anglin more than two years ago, Plaintiff asks the Court to compel Anglin to produce responses to Plaintiff's post-judgment Discovery Requests without further objection or delay and impose sanctions under Fed. R. Civ. P. 37(b).

## II.    LEGAL STANDARD

### A.    The Federal Rules of Civil Procedure Entitle a Judgment Creditor to Post-Judgment Discovery on a Judgment Debtor's Assets.

Rule 69(a)(2) permits a judgment creditor "[i]n aid of the judgment or execution" to "obtain discovery from any person—including the judgment debtor," using any discovery procedures provided in the Federal Rules of Civil Procedure. Fed. R. Civ. P. 69(a)(2); *see also* Wright & Miller, Federal Practice & Proc. § 3014,

*Discovery in Aid of Execution* (2020) (citing Advisory Committee Note to Fed. R. Civ. P. R. 69 (1970)).  Rules 26(b), 33, and 34 authorize a party to serve on another party interrogatories and requests for production of documents and electronically stored information on any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1), 33, 34.  The responding party has the burden to show the discovery should not be allowed. *Marshall* v. *The Billings Clinic*, No. CV-14-93-BLC-SPW-CSO, 2015 WL 7574758, at *4 (D. Mont. Nov. 25, 2015).  Potentially permissible discovery under these Rules is broad, and may even include discovery from third parties with knowledge of the judgment debtor's assets, including assets on which execution can issue, assets that have been fraudulently transferred, or assets which are otherwise beyond the reach of execution.  *See Republic of Argentina* v. *NML Capital, Ltd.*, 573 U.S. 134, 138 (2014) ("The rules governing discovery in postjudgment execution proceedings are quite permissive."); *see also Ryan Inv. Corp.* v. *Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *4 (N.D. Cal. Dec. 18, 2009) (noting that, under Rule 69, "a judgment creditor is *entitled* to fish for assets of the judgment debtor") (emphasis in original) (internal citations and quotations omitted).

Under Rule 37 of the Federal Rules of Civil Procedure, the "party seeking discovery may request an order compelling the opposing party to fulfill its discovery obligations" if the responding party fails to appropriately respond to

discovery requests.  *Carlson* v. *FedEx Ground Package Sys., Inc.*, 2012 WL 4760889, at *1 (D. Mont. Sept. 12, 2012); Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  The Court may use its power to compel where a party fails to answer an interrogatory or produce documents or otherwise fails to obey the strictures of Rules 33 and 34.  Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).  The responding party effectively waives any objection to the discovery requests by failing to make a timely response.  *See Richmark Corp.* v. *Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); *see also Okada* v. *Whitehead*, 2020 WL 2078244, at *2 (C.D. Cal. Feb. 11, 2020) (granting motion to compel post-judgment discovery and noting that, "[b]y failing to timely respond or object to discovery, [the judgment debtor] waived all objections"); *U.S.* v. *Provost*, 2013 WL 1800300, at *2 (E.D. Cal. Apr. 29, 2013) (granting motion to compel post-judgment discovery responses and noting judgment debtor's objections had been waived by failing to timely respond).

### B. The District Court Has Discretion to Order a Judgment Creditor to Comply with Post-Judgment Discovery, and to Issue Sanctions Where Necessary.

The district court has broad discretionary power to manage discovery. *Hunt* v. *Cnty. of Orange*, 672 F.3d 606, 616–17 (9th Cir. 2012).  As part of this power, the district court has authority to order a judgment creditor to comply with

post-judgment discovery to aid a judgment creditor in executing on a judgment. *See Republic of Argentina*, 573 U.S. at 138; *see also Twin Falls NSC, LLC* v. *So. Idaho Ambulatory Surgery Ctr.*, 2020 WL 5523384, at *10, *20 (D. Idaho Sept. 24, 2020) (granting order to compel to discovery requests under the "very broad" scope of post-judgment discovery); *Bd. of Trustees of the Sign, Pictorial, and Display Industry Welfare Fund* v. *PS Servs. Co., LLC*, 2018 WL 6990411, at *2–3 (N.D. Cal. Dec. 21, 2018) (granting motion to compel "relevant and disclosable documents" concerning judgment debtor's assets); *Petras* v. *A-1 Moving & Storage*, 2011 WL 149702, at *2–3 (E.D. Cal. Apr. 19, 2011) (granting motion to compel responses to discovery requests to aid in execution of judgment); *Mission Capital Works, Inc.* v. *SC Restaurants, Inc.*, 2009 WL 4895315, at *4 (S.D. Cal. Dec. 10, 2009) (same).

To help Rule 69(a)(2) serve its purpose, which is "to identify assets from which the judgment might be satisfied," the district court may, under Rule 37, compel discovery on a judgment debtor's assets, and issue sanctions against a judgment debtor who refuses to comply with the post-judgment discovery process. *Baker* v. *Limber*, 647 F.2d 912, 920 (9th Cir. 1981) (finding the district court's issuance of an order to compel post-judgment discovery and sanctions "was an appropriate means of ensuring [Rule 69's] purpose was not frustrated"); *see also, e.g., FDIC* v. *Lewis*, 2015 WL 4579323, at *18 (D. Nev. July 29, 2015) (issuing sanctions for judgment debtor's failure to comply with post-judgment discovery and

produce substantive responses), *aff'd*, *AmTrust Bank* v. *Lewis*, 687 F. Appx. 667, 671 (9th Cir. 2017) (finding district court did not abuse discretion by issuing sanctions for failure to comply with post-judgment discovery); Fed. R. Civ. P. 37(b), (d).  Rule 37(d) permits this Court to impose sanctions against a party who fails to respond to interrogatories or produce documents under Rule 33 or 34, respectively. "[T]he imposition of sanctions for failure to comply with discovery procedures is regarded with favor."  *Patterson* v. *State, Dep't of Justice, Motor Vehicle Div.*, 46 P.3d 642, 644 (Mont. 2002).

        In order to obtain sanctions, the judgment creditor has the burden to show by clear and convincing evidence the judgment debtor violated a specific and definite order of the court, which the judgment debtor can then rebut by showing why the debtor could not comply.  *FTC* v. *Enforma Natural Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004).  If the motion to compel is granted or if the "requested discovery is provided after the motion was filed," the court may, after a hearing, require the non-disclosing party to pay reasonable expenses and attorneys' fees incurred in making the motion.  Fed. R. Civ. P. 37(a)(5)(A).  In the U.S. Court of Appeals for the Ninth Circuit, "[a]ttorneys' fees are recoverable by *pro bono* attorneys to the same extent that they are recoverable by attorneys who charge for their services."  *Voice* v. *Stormans Inc.*, 757 F.3d 1015, 1017 (9th Cir. 2014) (citing *Blanchard* v. *Bergeron*, 489 U.S. 87, 94 (1989) ("[W]here there are lawyers or

organizations that will take a plaintiff's case without compensation, that fact does not bar the award of a reasonable fee.")); *see also Garcia* v. *City of Santa Clara*, 2017 WL 1398263, at *5 (N.D. Cal. Apr. 19, 2017) (awarding pro bono counsel attorneys' fees as discovery sanction against defendants under Rule 37(b)(2)).

Moreover, courts have "inherent power to enforce compliance with their lawful orders through civil contempt," including with respect to orders to comply with post-judgment discovery orders. *Cal. Dep't. of Soc. Servs.* v. *Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) (quoting *Shillitani* v. *United States*, 384 U.S. 364, 370 (1966)); *see also, e.g.*, *Nelson-Ricks Cheese Co., Inc.* v. *Lakeview Cheese Co., LLC*, 2020 WL 5658349, at *3–5 (D. Idaho Sept. 23, 2020) (issuing sanctions and finding judgment debtor in contempt for failure to comply with motion to compel post-judgment discovery order); *RRW Legacy Mgmt. Grp., Inc.* v. *Walker*, 2017 WL 1283480, at *2–3 (W.D. Wash. Apr. 6, 2017) (issuing sanctions and holding judgment debtor in contempt "for his failure to accede to this Court's direction that he participate in post-judgment discovery").

### C.    Service by U.S. Mail is Adequate under Federal Rule of Civil Procedure Rule 5(b).

Rule 5 of the Federal Rules of Civil Procedure governs service of pleadings and other papers, including the discovery requests and post-judgment motions.  Rule 5 provides that service can be accomplished by various means, including by "mailing [the pleading] to the person's last known address – in which

event service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C).  In the Ninth Circuit, service by U.S. Mail is considered adequate service of discovery requests under Rule 5(b).  *See Magnuson* v. *Video Yesteryear*, 85 F.3d 1424, 1430–31 (9th Cir. 1996) (holding service by U.S. mail is required under Rule 5(b)); *see also Van* v. *Language Line Servs., Inc.*, 733 Fed. App'x 349, 353 (9th Cir. 2018) (citing *Magnuson* with approval); *Hasting* v. *United States Postal Service*, 2017 WL 2936781, at *4 (S.D. Cal. July 10, 2017) (noting that "mail" as used in Rule 5 means U.S. Mail); *Brown* v. *China Integrated Energy, Inc.*, 2012 WL 12884911, at *3 (C.D. Cal. July 12, 2012) ("[T]he 'mail' contemplated in [Rule 5(b)] is mail delivered by the U.S. Postal Service.") (citing *Magnuson*); *Rosiere* v. *SEC*, 2010 WL 489526, at *4 (D. Nev. Feb. 5, 2010) (following *Magnuson*).  Re-serving a party on whom documents were previously served by Federal Express via U.S. Mail corrects previously deficient service.  *See Del Thibodeau* v. *ADT Security Servs.*, 2018 WL 2684254, at *3–4 (S.D. Cal. June 5, 2018) (recognizing that re-serving a party via U.S. mail corrects deficient service by Federal Express).

## III.   ARGUMENT

### A.    Plaintiff Is Entitled to the Requested Discovery.

Under the legal standard set forth above, Plaintiff is clearly entitled to relief.  Plaintiff has made proper post-judgment discovery demands under Rules 26, 33, and 34, pursuant to Plaintiff's right to obtain post-judgment discovery in aid of

execution of the judgment under Rule 69(a)(2).   Plaintiff focused these post-judgment discovery demands on information concerning Anglin's assets, which Plaintiff defined as:

> [A]ny resource with economic value that an individual or business entity owns in whole or in part, directly or indirectly, or controls with the expectation that it will provide a future benefit, or any property owned in whole or in part, directly or indirectly, by a Person or business entity regarded as having value, available to meet debts, commitments, or legacies, or able to generate cash flow, reduce expenses, or improve sales.

> (*See* Ex. 1, Ex. 2.)

Plaintiff's post-judgment Discovery Requests seek relevant information that is proportional to the needs of the case at this stage of litigation. Anglin, already in violation of this Court's previous orders compelling him to produce documents and information on his assets, has failed to respond to, much less acknowledge, Plaintiff's post-judgment Discovery Requests.  Anglin has been, and will continue to be, unable to demonstrate good cause as to why he has not produced responsive documents or answers to Plaintiff's demands for information on his assets, information which Plaintiff is unable to access but is readily available to Anglin, and entirely within his control.  Plaintiff's post-judgment Interrogatories seek information only on Anglin's current whereabouts, contact information, and assets, including information on the operation of the *Daily Stormer*.  (*See* Ex. 1.) The majority of these Interrogatories focus on identifying Anglin's current financial

assets, including details about recent transactions, donations, and debts.   (*Id.*)
Likewise, Plaintiff's post-judgment Request for Production of Documents seeks
documents showing Anglin's income, expenses, assets, and debts, as well as any
communications Anglin had concerning the same.   (*See* Ex. 2.)  These requests for
production seek documents from Anglin's bank accounts, securities, cryptocurrency
holdings, domain name holdings, intellectual property assets, and other ownership
interests Anglin has.  (*Id.*)

All the information sought in Plaintiff's post-judgment Discovery
Requests is proper under the Rules, and is not duplicative of any prior discovery
efforts Plaintiff has made, because each of the post-judgment Discovery Requests
seeks information pertaining to the current state of Anglin's assets, over two years
after this Court entered the judgment.   (*Compare* Exs. 1, 2 *with* Exhs. 5, 6.)
Plaintiff's post-judgment Discovery Requests are targeted to aid execution of the
over $14 million judgment against Anglin, now more than two years old, of which
Anglin has not paid one cent, nor evinced any effort to do so.  Obtaining information
on Anglin's assets is crucial to the post-judgment phase of litigation, and the benefits
of obtaining such information through discovery far outweigh the minimal burden
on Anglin that producing this information would entail.

Finally, this Court previously granted Plaintiff discovery concerning
the subjects on which Plaintiff receives information in these Discovery Requests.

(*See* Dkt. 232.)  In the Order granting Plaintiff's Motion to Compel Post-Judgment Discovery, this Court approved of the information sought in Plaintiff's post-judgment interrogatories as "permissible post-judgment discovery," but limited the permissible period of discovery to the period beginning on November 1, 2016.  (*Id.* at 10–12.)  This Court also approved of the information Plaintiff sought in her post-judgment document requests as "permissible post-judgment discovery" because they are "related to Gersh's efforts to identify Anglin's assets and otherwise enforce the judgment entered in this case," and again limited the permissible discovery period to the period beginning on November 1, 2016.  (*Id.* at 12–13.)  In Plaintiff's Second sets of Interrogatories and Request for Documents, Plaintiff seeks the same information as in the discovery requests of which this Court previously approved, but limits the Relevant Period to the period beginning November 1, 2016, in accordance with limitation prescribed by the Court's February 9, 2021 Order.  (*Id.* at 10–13.)

### B.   The Court Is Empowered to Manage Discovery, and an Order Compelling Responses Is Required.

This Court is empowered to order Anglin, as a judgment creditor, to comply with post-judgment discovery to aid Plaintiff, a judgment creditor, in executing on the judgment entered on August 8, 2019.  In fact, this Court's January 18, 2019 Order compelling Anglin to respond to Plaintiff's first set of discovery requests found Anglin's initial responses to requests seeking information

on his assets were insufficient and specifically provided that, if Plaintiff successfully obtained punitive damages, Plaintiff would be allowed to seek post-judgment discovery as necessary to aid in enforcement of the judgment. (Dkt. 131.) Before seeking court intervention, Plaintiff's counsel in good faith attempted to obtain information from Anglin by serving Anglin with the post-judgment Discovery Requests at all his known addresses and email addresses. (Dkt. 245.) Anglin had 30 days to respond to the Discovery Requests, yet, continuing his patterns of uncooperativeness and evasiveness throughout the course of this litigation, has failed to respond or acknowledge the Discovery Requests at all. Because, as he did prior to the judgment, Anglin has failed to timely respond to Plaintiff's Discovery Requests, any objections he could have made have been effectively waived.

In accordance with Montana Local Rule 26.3(c), Plaintiff's counsel made a good faith attempt to resolve this discovery dispute out of court. On December 27, 2021, counsel for Plaintiff sent a letter to Anglin to all his known addresses, via certified U.S. mail and email, requesting that Anglin meet and confer with Plaintiff concerning post-judgment discovery on his assets. (Ex. 3.) Anglin neither responded nor proposed a date and time to meet and confer to resolve these issues.

None of Plaintiff's previous attempts to obtain discovery on Anglin's assets have been successful, even though this Court entered an order that specifically

required Anglin to produce such information.  Plaintiff's counsel's attempts to obtain

information on Anglin's assets before and after this Court entered judgment against

Anglin have been fruitless, and Plaintiff is left no further choice but to request that

this Court compel Defendant to provide complete and immediate responses to

Plaintiff's post-judgment Discovery Requests, and award fees and costs.

### C.  Service of the Discovery Requests Was Adequate.

In accordance with Rule 5(b) and this Court's November 1, 2021 Order,

Plaintiff served Anglin with post-judgment Discovery Requests by certified U.S.

Mail with signature required at all Anglin's known mailing addresses.  (Dkt. 245.)

In doing so, Plaintiff has corrected the service deficiencies the Court identified in its

November 1, 2021 Order. (Dkt. 243.)  The post-judgment Discovery Requests were

successfully delivered to Anglin at a parcel locker in Columbus, Ohio on November

26, 2021.  (*See* Dkt. No. 245, Ex. D.)  Anglin failed to respond to any of the post-

judgment Discovery Requests, thus preventing Plaintiff from identifying Anglin's

current assets as is necessary to aid Plaintiff in enforcing this Court's judgment for

punitive and compensatory damages.

Even before Plaintiff sought post-judgment discovery, Anglin was

aware of this lawsuit and of the judgment against him.  He has posted about this

lawsuit and the SPLC on the *Daily Stormer* multiple times.  For example, writing

about this lawsuit, Anglin has posted:

> The same people who are suing me with the stated intent of silencing my free speech have engaged in a campaign to make it impossible for my website to even be online at all. . . . The SPLC has already effectively bankrupt this site – they sue you and then they shut down your ability to raise money to defend yourself, that is obviously a criminal conspiracy.

("Sandy Hoax Crisis Actors Suing Hero Alex Jones for Calling Them

on Their Bullshit," *Daily Stormer* (Apr. 20, 2018), https://dailystormer.su/sandy-

hoax-crisis-actors-suing-hero-alex-jones-for-calling-them-on-their-bullshit/

(Ex. 4).)

He has also written:

> Remember that site the Daily Stormer, where it was just this edgy hipster guy with some weird type of autism who was making fun of neo-Nazis ironically but also ironically actually a neo-Nazi, and then unironic liberals got so confused that the SPLC and like a whole bunch of other Jewish groups sued him in federal court for making fun of them?

("Millie Bobby Brown Forced Off Twitter by Unironic Homosexual

Mafia," *Daily Stormer* (Apr. 16, 2018), https://dailystormer.su/millie-bobby-brown-

forced-off-twitter-by-unironic-homosexual-mafia/ (Ex. 4).)

Anglin is aware of the efforts Plaintiff has made to serve him with

documents related to this lawsuit, and the difficulties therewith.  (*See, e.g.,* "Daily

Stormer's Top 10 Stories of 2017," *Daily Stormer* (Dec. 31, 2017),

https://dailystormer.su/daily-stormers-top-ten-stories-of-2017/ ("The last was the

SPLC, at the behest of a disgraced fake news artist, getting someone to perjure himself and say he saw me in Ohio.") (Ex. 4).)  He has claimed to his followers that he lives in foreign countries and attempted to discredit accounts that he is in fact domiciled in Ohio, avoiding service of documents filed in this lawsuit.  (*See, e.g.,* "Huffington Post on Andrew Anglin: 'Did We Mention He's Short???,'" *Daily Stormer* (Dec. 19, 2017) (Ex. 4).)

Anglin actively solicits donations from his followers to "support the Daily Stormer," providing his followers with instructions on how send him cryptocurrency.  (*See, e.g.,* "Support the Daily Stormer: How to Buy and Send Monero," Daily Stormer (Feb. 21, 2021), https://dailystormer.su/support-the-daily-stormer-how-to-buy-and-send-monero/; "Apocalypse Prep: Retard's Guide to Using Bitcoin," Daily Stormer (Apr. 13, 2020), https://dailystormer.su/apocalypse-prep-retards-guide-to-using-bitcoin/ (Ex. 4).)  He has even boasted about the fact that he has raised tens of thousands of dollars in this manner.  ("We Hit $62,685 on Friday," Daily Stormer (Oct. 16, 2021), https://dailystormer.su/we-hit-62685-on-friday/) (Ex. 4).)

This Court should no longer countenance Anglin's decision to flout this Court's authority and his shameless calls for financial donations from his followers that support his ability to continue to publish a website that targets minorities and

spreads misinformation.  Ordering Anglin to produce post-judgment discovery on his assets and such other sanctions as this Court deems just and proper will permit Plaintiff to come one step closer to righting the wrongs Anglin perpetrated against her.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff moves the Court to enter an order compelling Defendant to immediately produce documents responsive to Plaintiff's Second Request for Production of Documents and Plaintiff's Second Set of Interrogatories, pursuant to Federal Rule 37(a)(3)(B)(iii), (iv) or supplement his responses as necessary pursuant to Rule 26(e)(1).  In addition, Plaintiff requests reasonable expenses and attorneys' fees incurred in making this motion pursuant to Rule 37(a)(5).  Plaintiff also moves for sanctions against Defendant as the Court sees fit under Rule 37(b), including in the form of fees and expenses as contemplated by Rule 37, in recognition of Anglin's past pattern of evasiveness and uncooperativeness with the discovery process that has caused needless expense, delay, and burdens upon the Plaintiff and this Court.

DATED:  January 6, 2022

**PAUL, WEISS, RIFKIND,**
  **WHARTON & GARRISON LLP**

BY:

/s/Daniel J. Kramer
Daniel J. Kramer*
Robert N. Kravitz*
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3000
Fax: 212-757-3990
Email:  dkramer@paulweiss.com
      rkravitz@paulweiss.com
*Counsel for Plaintiff Tanya Gersh*

John Morrison
MORRISON, SHERWOOD,
  WILSON & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
Phone: 406-442-3261
Fax: 406-443-7294
john@mswdlaw.com
*Counsel for Plaintiff Tanya Gersh*

Beth Littrell*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30030
Phone: 404-221-5876
Fax: 404-221-5857
Email: beth.littrell@splcenter.org
*Counsel for Plaintiff Tanya Gersh*

*Admitted *pro hac vice*

## EXHIBIT INDEX

| Ex. | Description |
|-----|-------------|
| 1 | Plaintiff's Second Set of Interrogatories on Defendant Andrew Anglin |
| 2 | Plaintiff's Second Requests for Production of Documents on Defendant Andrew Anglin |
| 3 | Letter from Plaintiff's Counsel to Andrew Anglin dated December 27, 2021 |
| 4 | Daily Stormer Articles |
| 5 | Plaintiff's First Set of Interrogatories on Defendant Andrew Anglin (Dkt. 113-1) |
| 6 | Plaintiff's First Requests for Production of Documents on Defendant Andrew Anglin (Dkt. 124-1) |
| 7 | Defendant Andrew Anglin's Initial Objections and Responses to Plaintiff's First Set of Interrogatories (Dkt. 102-2) |
| 8 | Defendant Andrew Anglin's Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories (Dkt. 113-3) |
| 9 | Defendant Andrew Anglin's Initial Objections and Responses to Plaintiff's First Requests for Production of Documents (Dkt. 124-3) |
| 10 | Defendant Andrew Anglin's Supplemental Objections and Responses to Plaintiff's First Requests for Production of Documents (Dkt. 124-4) |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with Local Rule 7.1(d)(2). It contains 4,858 words, excluding the caption, certificate of compliance, tables of contents, and authorities.

/s/Daniel J. Kramer
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record.  I further certify that on this date the foregoing document was served upon Defendant Andrew Anglin via U.S. Mail at all his known mailing addresses.

DATED:      January 6, 2022

/s/Daniel J. Kramer_____
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff