IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>      Plaintiff,<br><br>vs.<br><br>ANDREW ANGLIN, publisher of the *Daily Stormer*,<br><br>      Defendant. | CV 17-50-M-DLC-KLD<br><br>ORDER |

  This matter comes before the Court on Plaintiff Tanya Gersh's renewed motion to compel Defendant Andrew Anglin to respond to her post-judgment discovery requests pursuant to Rules 26, 33, 34, 37, and 69 of the Federal Rules of Civil Procedure. (Doc. 246). Gersh also seeks reasonable expenses, including attorney's fees, under Fed. R. Civ. P. 37(a), and sanctions under Rule 37(b). Because Gersh has addressed the service-related issues identifed in the Court's November 1, 2021 Findings and Recommendation on Gersh's motion for contempt (Doc. 243), her motion to compel (Doc. 246) is granted as set forth below.

**I.** **Background**

  Gersh filed this action on April 18, 2017, alleging that Anglin had engaged in an online anti-Semitic harassment and intimidiation campaign against her and her family through his neo-Nazi website, the Daily Stormer. Gersh alleged state

1

law claims against Anglin for invasion of privacy, intentional infliction of emotional distress, violations of Montana's Anti-Intimidation Act, and punitive damages. (Doc. 1). On August 8, 2019, the Court entered a default judgment against Anglin and in favor of Gersh for compensatory damages in the amount of $4,042,438 and punitive damages in the amount of $10,000,000. The Court also granted injunctive relief, directing Anglin to permanently remove from his website the offensive content that was the subject of Gersh's lawsuit. (Docs. 214, 215). In response to a demand letter sent on May 27, 2020, Anglin complied with the injunctive portion of the judgment. (Doc. 220 at ¶ 9). However, Anglin has yet to pay any portion of the monetary judgment entered against him.

In early September 2020, Gersh sought discovery concerning Anglin's financial assets to aid in enforcement of the monetary judgment. (Docs. 229-1; 229-2). As explained in prior orders, Anglin's current whereabouts are unkown, as has been the case throughout these post-judgment proceedings. (Doc. 243, at 9). Gersh attempted to serve her post-judgment discovery requests on Anglin via Federal Express at six Ohio addresses previously known to belong to Anglin.[1] (Docs. 229-1; 229-2; 229-3; 229-4). Three sets of the discovery requests were

---

[1] Gersh also attempted to serve Anglin by email without his written consent, which the Court determined was not sufficient to satisfy Fed. R. Civ. P. 5(b). (Doc. 232, at 9).

2

returned as undeliverable and one set was refused, but two were successfully delivered to physical addresses in Ohio. (Doc. 229-3). Anglin failed to acknowledge or respond the discovery requests, and Gersh filed a motion to compel pursuant to Fed. R. Civ. P. 37.[2] (Doc. 228). The Court took the Federal Express receipts submitted by Gersh as sufficient proof of service, and granted the motion to compel on February 9, 2021. (Doc. 232). The Court gave Anglin until April 1, 2021, within which to respond to Gersh's discovery requests and show cause why he should not be required pay the reasonable expenses, including attorney fees, incurred by Gersh in making her motion to compel. (Doc. 232, at 14).

Because Anglin does not have a physical mailing address, email address, or any other contact information on file with the Court, the Court ordered that counsel for Gersh be responsible for serving a copy of the February 9, 2021 order on Anglin and filing proof of service with the Court. (Doc. 232, at 15). On February 12, 2021, Gersh filed a Certificate of Service demonstrating that a copy of the February 9, 2021 order was successfully delivered via Federal Express to two physical addresses in Ohio known to belong to Anglin. (Doc. 243, at 3).

---

[2] The Certificate of Service states that Gersh served the motion to compel on Anglin via Federal Express at all his known mailing addresses. (Doc. 228, at 7).

3

Anglin did not comply with or otherwise repsond to the Court's order on the motion to compel by the April 1, 2021, deadline. (Doc. 236-1, at ¶ 21).

On April 21, 2021, Gersh filed a motion to hold Anglin in civil contempt pursuant to Rule 37 of the Federal Rules of Civil Procedure and its inherent contempt power. (Doc. 235). Again, Gersh certified that she served Anglin with a copy of the motion to hold him in contempt via Federal Express at six Ohio addresses. (Doc. 235, at 4). Anglin did not respond to the motion, and has made no further filings in the case.

On November 1, 2021, the Court recommended that Gersh's motion to hold Anglin in contempt be denied on the ground that the Federal Express delivery of Gersh's post-judgment discovery requests and her motion to compel did not satisfy the service by mail provisions of Fed. R. Civ. P. 5(b). (Doc. 243). See *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1429 (9th Cir. 1996). The Court further determined that Gersh's attempts to serve Anglin with the February 9, 2021 order granting her motion to compel and her motion to hold Anglin in contempt were similarly deficient. (Doc. 243, at 11). The Court explained that if Gersh still intended on pursuing post-judgment discovery, she would have to begin by serving her post-judgment discovery requests in compliance with Rule 5(b) and providing proof of service to the Court. (Doc. 243, at 13).

Gersh has done just that. On November 11, 2021, Gersh served Anglin with Plaintiff's Second Set of Interrogatories and Second Set of Requests for Documents via certified U.S. Mail at Anglin's known mailing addresses. (See Doc. 245 and attached exhibits). These discovery requests seek the same information sought Gersh's in September 2020 discovery requests, but are limited to the period from November 1, 2016 to the present, in accordance with the discovery limitations delineated in the Court's February 9, 2021 order. (Doc. 232, at 11-12; Doc. 245-5, at 5 ¶ 17; Doc. 245-6, at 6, ¶ 17). On December 8, 2021, Gersh filed a certificate of service notifying the Court that she has served her post-judgment interrogatories and requests for documents on Anglin by mailing them to his six last-known Ohio addresses by regular and certified U.S. Mail, return receipt requested, in accordance with Rule 5(b), on November 11, 2021. (Doc. 245, at 2; Doc. 245-1; Doc. 245-2; Doc. 245-3). Gersh has also provided a U.S. Postal Service confirmation showing that the discovery requests were delivered to Anglin at a parcel locker in Columbus, Ohio on November 26, 2021. (Doc. 245, at 3; Doc. 245-4). In addition, under Fed. R. Civ. P. 5(b)(2)(C), when service is made by mail, service is complete upon mailing. Gersh has thus provided sufficient sufficient proof of service under Rule 5(b).

On December 27, 2021, counsel for Gersh sent Anglin a letter to all his known addresses, via certified U.S. Mail and email, requesting that Anglin meet

5

and confer with Gersh concerning post-judgment discovery on his assets. (Doc. 247, at 22; Doc. 247-3). On January 6, 2022, Gersh filed a second motion to compel (Doc. 246) that is identical in all substantive respects to her first motion to compel (Doc. 228). Gersh states in briefing that, as of January 6, 2022, Anglin had not responded to her discovery requests or to her request for a meet and confer. (Doc. 247, at 12). In order to aid her in executing on the judgment entered against Anglin more than two years ago, Gersh asks the Court to compel Anglin to produce responses to her post-judgment discovery requests and impose sanctions under Fed. R. Civ. P. 37(b). Gersh certifies that she has served a copy of her current motion to compel on Anglin via U.S. Mail at all his known mailing addresses. (Doc. 246, at 9). As stated above, when service is made by mailing it to the person's last known address, "service is complete upon mailing." Fed. R. Civ. P. 5(b)(2)(C). Gersh's certificate of service is thus sufficient to establish service under Rule 5(b). Anglin has not responded to Gersh's motion to compel, which is ripe for ruling.

Because the pending motion to compel is based on the same facts, applicable law, and substantively identical discovery requests, the following legal standards and discussion are largely taken verbatim from the Court's February 9, 2021 order on Gersh's first motion to compel. (Doc. 232). They are restated here for purposes

6

of thoroughness and clarity, and include updated references to the documents of record.

## II. Legal Standards

Post-judgment discovery is governed by Federal Rule of Civil Procedure 69, which provides, in relevant part, that "[i]n aid of the judgment or execution, the judgment creditor ... may obtain discovery from any person – including the judgment debtor – as provided in these rules or by the state where the court is located." Fed. R. Civ. P. 69(a)(2). Under Federal Rules of Civil Procedure 26, 33, and 34, a party may propound interrogatories or requests for the production of documents and electronically stored information on any nonprivilged matter that is relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1), 33(a)(2), 34(a).

"Generally, the scope of post-judgment discovery is broad." *Ryan Inv. Corp. v. Pedregal de Cabo San Lucas*, 2009 WL 5114077, at *1 (N.D. Cal. Dec. 18, 2009). One purpose of post-judgment "discovery is 'to identify assets that can be used to satisfy a judgment.'" *Ryan*, 2009 WL 5114077, at 1 (quoting *1ST Tech.., LLC v. Rational Enters. Ltd*, 2007 WL 5596692, at *4 (D. Nev. Nov. 13, 2007)). "Another purpose is 'to discover concealed or fraudulently transferred assets'." *Ryan*, 2009 WL 114077, at *1 (quoting *Fid. Nat'l fin., Inc. v Friedman*, 2007 WL 446134, at *2 (D. Ariz. Feb. 7, 2007)).

7

The rules governing discovery in post-judgment "proceedings 'are quite permissive.'" *Twin Falls NSC, LLC v. Southern Idaho Ambulatory Surgery*, 2020 WL 55523384, at *10 (D. Idaho Sept. 14, 2020) (quoting *Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 138 (2014)). A "judgment creditor must be given the freedom to make a broad inquiry to discover hidden or concealed assets of the judgment debtor." *Twin Falls NSC*, 2020 WL 55523384, at *10 (quoting T*extron Fin. Corp. v. Gallegos*, 2016 WL 4077505, at *3 (S.D. Cal. Aug. 1, 2016)). "Even though Rule 69 discovery may resemble the proverbial fishing expedition, a judgment creditor is *entitled* to fish for assets of the judgment debtor." *Twin Falls NSC*, 2020 WL 55523384, at *10 (quoting *Textron*, 2016 WL 4077505, at *3) (emphasis in original). In addition, there is presumption "in favor of full discovery of any matters arguably related to the judgment creditor's efforts to trace the debtor's assets and otherwise enforce its judgment." *Twin Falls SC*, 2020 WL 55523384 at *10 (quotation marks and internal brackets omitted).

Federal Rule of Civil Procedure 37 governs the failure to respond to discovery requests, including post-judgment discovery requests. See e.g. *Twin Falls* NSC, 2020 WL 5523384, at *10, 20 (granting motion to compel post-judgment discovery); *Bd. of Trustees of the Sign, Pictorial, and Display Industrye Welfare Fund v. PS Servs. Co.*, LLC, 2018 WL 6990411, at *2-3 (N.D. Cal. Dec. 21, 2018) (same). If a party fails to appropriately respond to discovery requests, the

8

party seeking discovery may move for a court order "compelling the opposing party to fulfill its discovery obligations." *Carlson v. FedEx Ground Package Sys.,Inc.,* 2012 WL 4760889, at *1 (D. Mont. Sept. 12, 2012); Fed. R. Civ. P. 37(a)(3)(B)(iii)(iv). A judgment debtor who fails to timely respond or object to post-judgment discovery waives all objections. See *Okada v. Whitehead,* 2020 WL 2078244, at *2 (C.D. Cal. Feb. 11, 2020); *U.S. v. Provost,* 2013 WL 1800200, at *2 (E.D. Cal. Apr. 29, 2013).

### III. Discussion

#### A. Interrogatories

Gersh's post-judgment discovery requests contain sixteen interrogatories seeking information on Anglin's current whereabouts, contact information, and assets, including information on the operation of his website, the Daily Stormer. (Doc. 247-1).

Interrogatories 1 and 2 request information about Anglin's whereabouts and his contact information. Because this information would undoubtedly aid in Gersh in collecting on and executing the judgment, the Court finds these interrogatories are permissible post-judgment discovery requests. (Doc. 247-1, at 10).

Interrogatories 6, 7, and 14 request information about the operation of the Daily Stormer website, including, for example, the website's ownership and management structure and the identity of persons responsible for receiving,

9

processing, or transferring donations. (Doc. 247-1 at 11-14). The Court finds the information sought in these interrogatories is sufficiently related to Gresh's efforts to identify and trace Anglin's assets so as to constitute permissible post-judgment discovery.

Gersh's remaining interrogatories, Interrogatories 3-5, 8-13, and 15-16 (Doc. 247-1), request information about Anglin's assets, which Gersh has defined as

> any resource with economic value that an indiviudal or business entity owns in whole or in part, directly or indirectly, or controls with the expectation that it will provide a future benefit, or any property owned in whole or in part, directly or indirectly, by a Person or business entity regarded as having value, available to meet debts, commitments, or legacies, or able to generate cash flow, reduce expenses, or improve sales.

(Doc. 247-1 at 3 ¶ 3).

The information requested in Gersh's remaining interrogatories falls squarely within this definition. For example, Gersh seeks details about Anglin's employment income, financial transactions, debts, donations made to or in support of the Daily Stormer, and intellectual property ownership. (Doc. 245-5). Because these interrogatories seek information about Anglin's assets and would aid Gersh in the execution of the judgment, they are permissible post-judgment discovery.

**B.    Requests for Production**

Gersh's post-judgment discovery requests contain nineteen requests for production seeking documents showing Anglin's income, expenses, assets, debts, and any communications Anglin had about those matters. (Doc. 247-2). These

10

requests seek production of documents from Anglin's bank accounts, securities, crytpocurrency holdings, domain name holdings, intellectual property assets, and other ownship interests held by Anglin. (Doc. 247-2). The Court finds these are permissible post-judgment discovery requests because the information sought is related to Gersh's efforts to identify Anglin's assets and otherwise enforce the judgment entered in this case.

### C. Rule 37 Sanctions

Gersh seeks an award of reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(A). Where, as here, the court grants a Rule 37 motion to compel, it "must, after giving an opportunity to be heard, require the party …whose conducted necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The court must not order this payment, however, if the moving party filed the motion before attempting in good faith to obtain discovery without court intervention; the opposing party's nondisclosure or response was substantially justified; or other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A).

Here, the record reflects that Gersh attempted in good faith to obtain the discovery without court intervention, as evidenced by the meet and confer letter dated December 2, 2021. (Doc. 247-3). There is no indication that Anglin's failure

11

to respond was substantially justified, and the Court is not aware of any circumstances making an award of expenses unjust.

Gersh also requests sanctions under Rule 37(b), including in the form of fees and expenses. Rule 37(b) provides that "if a party… fails to obey an order to provide or permit discovery…, the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). Gersh argues sanctions are warranted under Rule 37(b) based on Anglin's pattern of evasive and uncooperative behavior and failure to comply with the prior discovery orders, as detailed above.

Anglin is cautioned that if he fails to obey this discovery order, the Court may treat the failure as contempt of court and impose sanctions against him in the future. Fed. R. Civ. P. 37(b)(2)(A)(vii).

## IV. Conclusion

For the reasons set forth above,

IT IS ORDERED that Gersh's Motion to Compel (Doc. 246) is GRANTED. Anglin shall have up to and including March 11, 2022, within which to provide full and complete responses to Gersh's Second Set of Interrogatories (Doc. 247-1) and Second Set of Requests for Production (Doc. 247-2).

IT IS FURTHER ORDERED that Anglin shall have until March 11, 2022 within which to be heard and show cause why he should not be required to pay the

12

reasonable expenses, including attorney fees, incurred by Gersh in making this motion to compel.

IT IS FURTHER ORDERED that on or before March 11, 2022, Gersh shall file an affidavit of counsel that sets forth the reasonable expenses, including attorney fees, that were incurred in the presentation of this motion to compel.

Finally, because Anglin does not have a physical mailing or email address on file with the Court, IT IS FURTHER ORDERED that counsel for Gersh shall be responsible for serving a copy of this order on Anglin and demonstrating proper service under Fed. R. Civ. P. 5(b).

DATED this 7th day of February, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge