Daniel J. Kramer*
Robert N. Kravitz*
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
Phone: 212-373-3000
Fax: 212-757-3990
Email: dkramer@paulweiss.com
         rkravitz@paulweiss.com
*Counsel for Plaintiff Tanya Gersh*

John Morrison
MORRISON, SHERWOOD,
  WILSON & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
Phone: 406-442-3261
Fax: 406-443-7294
Email: john@mswdlaw.com
*Counsel for Plaintiff Tanya Gersh*

Beth Littrell*
SOUTHERN POVERTY LAW
  CENTER
P.O. Box 1287
Decatur, GA 30030
Phone: 404-221-5876
Fax: 404-221-5857
Email: beth.littrell@splcenter.org
*Counsel for Plaintiff Tanya Gersh*

*Admitted *pro hac vice*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br><div align="right">*Plaintiff*,</div><br>v.<br><br>ANDREW ANGLIN,<br><br><br><div align="right">*Defendant*.</div> | Case No. 9:17-cv-00050-DLC-KLD<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO HOLD DEFENDANT ANDREW ANGLIN IN CONTEMPT OF THIS COURT'S FEBRUARY 7, 2022 ORDER AND TO ENFORCE DISCOVERY PURSUANT TO THAT ORDER** |

## <u>TABLE OF CONTENTS</u>

I.    FACTUAL BACKGROUND............................................................................2

    A.    The Underlying Litigation....................................................................2

    B.    Anglin's Defiance of Post-Judgment Discovery and of the
        Court's February 7, 2022 Order ............................................................3

II.   ARGUMENT ...........................................................................................6

    A.    The Applicable Legal Standards ...........................................................7

    B.    Anglin's Continued Noncompliance with This Court's Order
        Warrants Contempt Sanctions, Including Incarceration .....................14

III.  CONCLUSION........................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Boulton* v. *U.S. Tax Lien Ass'n, Inc.*,
  813 F. App'x 294 (9th Cir. 2020) ............................................9

*Calif. Dep't of Soc. Servs.* v. *Leavitt*,
  523 F.3d 1025 (9th Cir. 2008) ............................................9

*Campidoglio LLC* v. *Wells Fargo & Co.*,
  870 F.3d 963 (9th Cir. 2017) ............................................9

*Conn. Gen. Life Ins. Co.* v. *New Images of Beverly Hills*,
  482 F.3d 1091 (9th Cir. 2007) ............................................8

*In re Count Liberty, LLC*,
  370 B.R. 259 ............................................14

*In re Dual-Deck Video Cassette Recorder Antitrust Litig.*,
  10 F.3d 693 (9th Cir. 1993) ............................................10, 11

*Dumpson* v. *Ade*,
  1:18-cv-01011 (D. D.C. Aug. 9, 2019) ............................................6

*Fed. Trade Comm'n* v. *Affordable Media, LLC*,
  179 F.3d 1228 (9th Cir. 1999) ............................................11

*Fed. Trade Comm'n* v. *Enforma Nat'l Prods., Inc.*,
  362 F.3d 1204 (9th Cir. 2004) ............................................11

*Fidelity Nat'l Fin. Inc.* v. *Friedman*,
  2008 WL 11338476 (C.D. Cal. May 22, 2008) ............................................13

*Inst. of Cetacean Research* v. *Sea Shepherd Conservation Soc'y*,
  774 F.3d 935 (9th Cir. 2014) ............................................9, 10

*Invesco High Yield Fund* v. *Jecklin*,
  2021 WL 3778595 (9th Cir. Aug. 25, 2021) ............................................7, 10, 12

*Mankel* v. *Gov't Emps.' Ret. Co.*,
  2017 WL 3234382 (D. Nev. July 31, 2017) ............................................8

*In re Marciano*,
  2013 WL 180057 (C.D. Cal. Jan. 17, 2013) ............................................12

*Methven & Assocs. Prof. Corp.* v. *Kelley*,
    669 F. App'x 923 ...........................................................................................9

*Obeidallah* v. *Anglin*,
    No. 2:17-cv-00720-EAS-EPD (S.D. Ohio July 29, 2019) ........................6

*Reno Air Racing Ass'n, Inc.* v. *McCord*,
    452 F.3d 1126 (9th Cir. 2006) ...............................................................10

*Richmark Corp.* v. *Timber Falling Consultants*,
    959 F.2d 1468 (9th Cir. 1992) .................................................................8

*Rob Kolson Creative Productions, Inc.* v. *Stander*,
    2020 WL 4334116 (C.D. Cal. May 20, 2020) ....................................11, 13

*Sand Creek Partners, Ltd.* v. *Am. Fed. Savings & Loan Assoc. of Colo.*,
    2015 WL 10401403 (D. Nev. Sept. 15, 2015) .......................................13

*Sec. Life Ins. Co. of Am.* v. *Duncanson & Holt, Inc.*,
    11 F. App'x. 926 (9th Cir. 2001) ..............................................................7

*Shell Offshore Inc.* v. *Greenpeace, Inc.*,
    815 F.3d 623 (9th Cir. 2016) .................................................................11

*Shuffler* v. *Heritage Bank*,
    720 F.2d 1141 (9th Cir. 1983) ...............................................................10

*United States* v. *Ayres*,
    166 F.3d 991 (9th Cir. 1999) ...................................................................8

*United States* v. *Bright*,
    596 F.3d 683 (9th Cir. 2010) .................................................................11

*United States* v. *Carter*,
    17 F.3d 396 (9th Cir. 1994) .....................................................................8

*United States* v. *Rite Aid Corp.*,
    2021 WL 1196250 (E.D. Cal. Mar. 30, 2021) .........................................7

*United States* v. *Westinghouse Elec. Corp.*,
    648 F.2d 642 (9th Cir. 1981) ...................................................................8

*In re Vaso Active Pharm., Inc.*,
    514 B.R. 416 (D. Del. 2014) .............................................................12, 13

*Wilhelm* v. *Yott*,
    2009 WL 106922110 (E.D. Cal. May 4, 2009) .....................................13

**Statutes**

18 U.S.C. § 401 ................................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 37 ...............................................................................3, 6, 7, 8, 12, 14

Fed. R. Civ. P. 55 ..............................................................................................................3

Plaintiff Tanya Gersh, by and through her undersigned counsel, respectfully submits this Memorandum of Law in support of her Motion to Hold Defendant Andrew Anglin in Contempt of This Court's February 7, 2022 Order and to Enforce Discovery Pursuant to That Order.

## PRELIMINARY STATEMENT

Ms. Gersh brings this motion after unsuccessful attempts to obtain post-judgment discovery from Defendant Andrew Anglin, who owes Ms. Gersh more than $14 million in compensatory and punitive damages under an August 2019 judgment entered against him for the online anti-Semitic harassment and intimidation campaign he launched against her and her family.  Ms. Gersh properly served Anglin with post-judgment discovery requests in November 2021, which he did not respond to.  On February 7, 2022, the Court entered an order compelling Anglin to respond to those requests (the "February 7 Order").  Anglin has not responded to or complied with that Order.

Accordingly, Ms. Gersh now seeks an order: (i) finding Anglin in contempt for failing to comply with the Court's February 7 Order; (ii) giving him thirty (30) days to purge himself of contempt by complying with the February 7 Order; and (iii) directing that, if Anglin fails to purge himself of the contempt within the time period specified, a bench warrant be issued for his arrest and

incarceration until such time as he purges himself of contempt by complying with the February 7 Order.

Ms. Gersh also respectfully requests that the Court enter judgment awarding her $3,507.50 in attorneys' fees in connection with her motion to compel post-judgment discovery from Anglin, as provided for in the February 7 Order.

## I.     FACTUAL BACKGROUND

## A.     The Underlying Litigation

Ms. Gersh brought an action against Anglin in April 2017 based on an extraordinary campaign of anti-Semitic harassment and intimidation that Anglin and his avowedly neo-Nazi website, the *Daily Stormer*, carried out against her and her family.

As detailed in Ms. Gersh's Complaint, Anglin's attacks began with his false accusation that Ms. Gersh extorted Sherry Spencer, the mother of white nationalist Richard Spencer.  (Dkt. 1).  Anglin then publicized Ms. Gersh's contact information and called for a "troll storm" against her.  Anglin's attacks met their target, with Ms. Gersh, her 12-year-old son, the rest of her family, and her colleagues receiving hundreds of anti-Semitic, hateful, and harassing communications—including death threats.  (*Id.*).  Anglin also posted images of Ms. Gersh and her family that featured superimposed yellow Stars of David and the gates of the Auschwitz concentration camp.  (*Id.*).

Anglin did not appear for his properly noticed deposition on April 30, 2019, and the Court issued an order directing the Clerk of Court to enter his default. (Dkt. 186). On April 30, 2019, the Clerk of Court entered default against Anglin pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. 188).

On June 21, 2019, Ms. Gersh filed a motion for a default judgment pursuant to Rule 55(b)(2) and Rule 37(d) based on Anglin's failure to obey the Court's orders and comply with his discovery obligations. (Dkt. 201, 202). The Court held an evidentiary hearing on July 11, 2019. (Dkt. 216). Anglin did not respond to Ms. Gersh's motion or appear at the hearing. (*Id.*). On July 15, 2019, Magistrate Judge Lynch entered findings and recommendations recommending a default judgment against Anglin, awarding Ms. Gersh $4,042,438 in compensatory damages and $10,000,000 in punitive damages. (Dkt. 211). The Court adopted Judge Lynch's findings and recommendations and entered a Judgment against Anglin in those amounts. (Dkt. 214, 215). To date, Anglin has yet to pay any portion of the monetary judgment against him, or show any intent to do so.

## B.    Anglin's Defiance of Post-Judgment Discovery and of the Court's February 7, 2022 Order

In an effort to aid enforcement of the monetary judgment, Ms. Gersh sought discovery of Anglin's assets on November 11, 2021 through Plaintiff's Second Set of Interrogatories and Requests for Documents ("Discovery

Requests").  (Dkt. 247-1, 247-2).  Ms. Gersh moved to compel Anglin to respond to those requests after he failed to do so.  (Dkt. 246, 247).

The Court granted Ms. Gersh's motion to compel on February 7, 2022.  (Dkt. 249 (Kravitz Decl. Ex. 1)).  The Court ordered Anglin to respond to Plaintiff's post-judgment interrogatories seeking information about Anglin's whereabouts and contact information, the operation of the Daily Stormer website, and Anglin's assets, during the time period from November 1, 2016 to the present. (*Id.* at 12–13).  The Court also ordered Anglin to produce documents responsive to Plaintiff's post-judgment document requests, which sought documents showing Anglin's income, expenses, assets, debts, and any communications Anglin had about those matters from Anglin's bank accounts, securities, cryptocurrency holdings, domain name holdings, intellectual property assets, and other ownership interests held by Anglin from the period November 1, 2016 to the present date. (*Id.*).  The deadline for complying with these directives was March 11, 2022.  (*Id.* at 13).

The Court further ordered that Anglin would have until March 11, 2022, within which to be heard and show cause why he should not be required to pay the reasonable expenses, including attorneys' fees, Ms. Gersh incurred in making her motion to compel, and that, by that same date, Ms. Gersh should file an

affidavit of counsel that sets forth the reasonable expenses, including attorneys' fees, that were incurred in the presentation of her motion to compel. (*Id.* at 12–13).

The February 7 Order further ordered that Ms. Gersh serve copies of the February 7 Order on Anglin at his known addresses via U.S. Mail and file proof of such service with the Court. (*Id.* at 13). Ms. Gersh filed a Notice of Compliance with the February 7 Order's service requirements on February 10, 2022. (Kravitz Decl. ¶ 30; Dkt. 250 (Kravitz Decl. Ex. 2)). One package addressed to Anglin was successfully delivered and was not returned. (Kravitz Decl. ¶ 31; Kravitz Decl. Ex. 3). On February 11, 2022, Ms. Gersh filed an affidavit setting forth the $3,507.50 in attorneys' fees incurred in connection with the motion to compel. (Kravitz Decl. ¶ 32; Dkt. 251 (Kravitz Decl. Ex. 4)).

The March 11, 2022 deadline for Anglin to comply with the February 7 Order has come and gone. He has failed to comply or to respond in any way to the February 7 Order. (Kravitz Decl. ¶¶ 34–35). He also failed to show cause why he should not be required to pay the attorneys' fees awarded to Ms. Gersh in connection with the motion to compel or to object to the $3,507.50 in attorneys' fees set forth in the fee affidavit submitted by Ms. Gersh's counsel. (Kravitz Decl. ¶ 36). In the February 7 Order, this Court "cautioned" Anglin "that if he fails to obey this discovery order, the Court may treat the failure as contempt

of court and impose sanctions against him in the future. Fed. R. Civ. P. 37(b)(2)(A)(vii)." (Dkt. 249 at 12).

In addition, Anglin has still not paid a penny to Ms. Gersh on the underlying judgment. (Kravitz Decl. ¶ 12). In fact, even as Anglin avoids complying with court orders and paying the judgments against him, he continues to publish on—and profit from—the Daily Stormer, authoring vitriolic anti-Semitic posts and openly soliciting cryptocurrency donations from his followers (even admitting his website has "long been banned from operating within the normal financial system"). (Kravitz Decl. ¶ 38; Kravitz Decl. Ex. 5). Anglin has boasted on the Daily Stormer that, because of the increase in the value of Bitcoin that has been donated to him, "the funds we have doubled, [and] money isn't even entering my mind." (*Id.*).

Two other similar judgments remain pending against Anglin in other courts in actions brought by other victims of harassment and intimidation by Anglin and his Daily Stormer website. (*Dumpson* v. *Ade*, 1:18-cv-01011, ECF 43 (D. D.C. Aug. 9, 2019); (*Obeidallah* v. *Anglin*, No. 2:17-cv-00720-EAS-EPD, ECF 81 (S.D. Ohio July 29, 2019)).

## II.   ARGUMENT

Anglin should be held in contempt for his disobedience of the Court's February 7 Order and, if he fails to purge the contempt by complying with the

discovery orders set forth in the February 7 Order, a bench warrant should be issued for his arrest and incarceration until he purges his contempt.

## A.    The Applicable Legal Standards

District courts have authority to punish contemptuous actions. 18 U.S.C. § 401.[1]  Pursuant to Rule 37 of the Federal Rules of Civil Procedure, where a party fails to obey a court order compelling discovery, the court may issue sanctions, including "treating as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(vii); *see Invesco High Yield Fund* v. *Jecklin*, 2021 WL 3778595, at *1 (9th Cir. Aug. 25, 2021); *see also United States* v. *Rite Aid Corp.*, 2021 WL 1196250, at *13 (E.D. Cal. Mar. 30, 2021) (quoting Rule 37).

Courts frequently find that failure to comply with an order to produce discovery is grounds for holding a party in contempt.  *See, e.g., Jecklin*, 2021 WL 3778595, at *1 (holding district court properly issued civil contempt order where "[defendant] failed to provide *any* discovery responses in response to the district court's [] order granting Plaintiffs' motion to compel") (emphasis in original); *Sec. Life Ins. Co. of Am.* v. *Duncanson & Holt, Inc.*, 11 F. App'x. 926, 927 (9th Cir. 2001) (finding no abuse of discretion where district court held defendant in

---

[1]    "A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as–
(1)   Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
(2)   Misbehavior of any of its officers in their official transactions;
(3)   Disobedience or resistance to its lawful writ, process, order, rule, decree, or command."

contempt for failure to comply with discovery order); *United States* v. *Ayres*, 166 F.3d 991, 996 (9th Cir. 1999) (finding the "effectively uncontroverted" evidence of the defendant's failure to comply with orders of discovery provided grounds for finding of contempt); *United States* v. *Carter*, 17 F.3d 396, 396 (9th Cir. 1994) (affirming imposition of civil contempt sanctions to compel compliance with order to produce documents); *Richmark Corp.* v. *Timber Falling Consultants*, 959 F.2d 1468, 1482 (9th Cir. 1992) (affirming order of contempt sanctions for failure to comply with order compelling discovery under Rule 37(b)); *United States* v. *Westinghouse Elec. Corp.*, 648 F.2d 642, 651–52 (9th Cir. 1981) (finding district court did not abuse its discretion in issuing civil contempt sanctions under Rule 37(b) for failing to comply with discovery orders), *overruled on other grounds by Fed. Trade Comm'n* v. *Actavis*, 570 U.S. 136 (2013); *Mankel* v. *Gov't Emps.' Ret. Co.*, 2017 WL 3234382, at *2–3 (D. Nev. July 31, 2017) (issuing civil contempt sanctions under Rule 37 for failure to comply with discovery order).

District courts have great discretion in deciding whether to impose sanctions under Rule 37.  *See, e.g.*, *Conn. Gen. Life Ins. Co.* v. *New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007) (noting district courts have discretion in resolving discovery disputes caused by "contumacious refusal to produce required discovery or comply with orders compelling discovery" and, when issuing Rule 37 sanctions, should consider whether "a party's discovery

violations make it impossible for a court to be confident that the parties will ever have access to the true facts") (quoting *Valley Eng'rs* v. *Elec. Eng'g Co.*, 158 F.3d 1051, 1058 (9th Cir. 1998)); *see also, e.g.*, *Boulton* v. *U.S. Tax Lien Ass'n, Inc.*, 813 F. App'x 294 (Mem) (9th Cir. 2020) (affirming grant of sanctions in light of "'Plaintiffs' prolonged and repeated noncompliance with the magistrate judge's discovery and scheduling orders" because it "undermined 'the public's interest in expeditious resolution of litigation'") (quoting *Conn. Gen. Life Ins. Co.*, 482 F.3d at 1096)).  "[W]hether to issue sanctions, or to deny the discovery sought pursuant to such a motion, is within the district court's 'wide discretion in controlling discovery.'"  *Campidoglio LLC* v. *Wells Fargo & Co.*, 870 F.3d 963, 975 (9th Cir. 2017) (quoting *Jeff D.* v. *Otter*, 643 F.3d 278, 289 (9th Cir. 2011)).

The Court also has inherent power to find a party in contempt for violating a court order.  *See Inst. of Cetacean Research* v. *Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 957 (9th  Cir. 2014) ("[T]he power of courts to punish for contempts is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law.") (internal quotations omitted); *Methven & Assocs. Prof. Corp.* v. *Kelley*, 669 F. App'x 923 (Mem) ("[C]ourts have wide latitude to find individuals in contempt for violation of court orders."); *Calif. Dep't of Soc. Servs.* v. *Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) ("There is no question that courts have

inherent power to enforce compliance with their lawful orders through civil contempt.") (internal quotations omitted); *Shuffler* v. *Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir. 1983) ("A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or refrain from doing an act."). Contempt proceedings "ensure that the court's vindication of litigants' rights is not merely symbolic." *Institute of Cetacean Research*, 774 F.3d at 952.

Civil contempt consists of a party's "disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno Air Racing Ass'n, Inc.* v. *McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006); *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). For example, a party's noncompliance with a discovery order is sufficient grounds for holding that party in contempt. *See, e.g.*, *Jecklin*, 2021 WL 3778585, at *1 (finding plaintiffs "satisfied their 'burden of showing by clear and convincing evidence that [Jecklin] violated a specific and definite order of the court'" where defendant had "failed to provide any discovery responses in response to the district court's [] order granting Plaintiffs' motion to compel" post-judgment discovery) (emphasis in original) (quoting *Fed. Trade Comm'n* v. *Affordable Media*, 179 F.3d 1227, 1239 (9th Cir. 1999)). "The contempt need not

be willful, and there is no good faith exception to the requirement of obedience to a court order." *Dual-Deck*, 10 F.3d at 695 (internal quotations omitted).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court." *Fed. Trade Comm'n* v. *Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999) (citation omitted).  In such a proceeding, the moving party bears the burden to show that the contemnor: (1) violated the court order (2) beyond substantial compliance, (3) not based on a good faith and reasonable interpretation of the order, (4) by clear and convincing evidence.  *United States* v. *Bright*, 596 F.3d 683, 694 (9th Cir. 2010) (internal quotations omitted); *see also Fed. Trade Comm'n* v. *Enforma Nat'l Prods., Inc.*, 362 F.3d 1204, 1211 (9th Cir. 2004) (quoting *Affordable Media,* 179 F.3d at 1239).

Courts may wield their "civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for losses sustained." *Shell Offshore Inc.* v. *Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016) (internal quotations omitted).  Upon an adequate showing by the movant, the Court may hold a party in contempt, and may issue a bench warrant for the contemnor's arrest.  *See Rob Kolson Creative Productions, Inc.* v. *Stander*, 2020 WL 4334116, at *8 (C.D. Cal.

May 20, 2020) ("In addition to ordering money sanctions, the court's civil contempt authority includes the power to issue a bench warrant for the contemnor's arrest.") (citing *Perry* v. *O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985); *see also Jecklin*, 2021 WL 3778595, at *1 (9th Cir. Aug. 25, 2021) (upholding lower court civil contempt order and arrest warrant where contemnor failed to comply with court order); *In re Marciano*, 2013 WL 180057 (C.D. Cal. Jan. 17, 2013) (affirming bankruptcy court decision issuing bench warrant for contemnor's arrest for failure to comply with court order to turn over particular assets).

While the court has a wide range of sanctions available under Rule 37, in the case where "a final judgment and order has already been issued against [a judgment debtor]" who has already refused to comply with court orders, the use of harsher sanctions under Rule 37 is warranted. *See In re Vaso Active Pharm., Inc.*, 514 B.R. 416, 425 n.59 (D. Del. 2014) (issuing finding of contempt with possibility of incarceration against a judgment debtor who repeatedly failed to appear, pay a judgment, or comply with discovery orders, noting other permissible Rule 37 sanctions "seem[ed] futile").

Thus, courts do not hesitate to issue contempt sanctions, including a bench warrant for the judgment debtor's arrest, against judgment debtors to ensure compliance with court-ordered discovery. *See, e.g.*, *Jecklin*, 2021 WL 3778595,

at *1 (9th Cir. Aug. 25, 2021) (upholding lower court civil contempt order and arrest warrant where contemnor failed to comply with court order); *see also, e.g.*, *Rob Kolson Creative Productions, Inc.* v. *Stander*, 2020 WL 4334116, at *8–9 (C.D. Cal. May 20, 2020) (finding parties in contempt for discovery abuses and subject to possible incarceration); *Fidelity Nat'l Fin. Inc.* v. *Friedman*, 2008 WL 11338476, at *4 (C.D. Cal. May 22, 2008) (issuing contempt sanctions and possibility of incarceration for post-judgment contemnors' failure to produce documents); *Sand Creek Partners, Ltd.* v. *Am. Fed. Savings & Loan Assoc. of Colo.*, 2015 WL 10401403, at *2 (D. Nev. Sept. 15, 2015) (issuing bench warrant for contemnor's arrest, after judgment debtor failed to comply with orders to produce documents or appear for judgment debtor examination); *Wilhelm* v. *Yott*, 2009 WL 106922110, at *6 (E.D. Cal. May 4, 2009) (issuing contempt sanctions, including possibility of arrest and incarceration, where contemnor repeatedly disobeyed court orders and appear at duly noticed hearings).

Courts have found the civil contempt sanction of incarceration appropriate "when it is strongly believed there is no reason to expect compliance with increased monetary sanctions, particularly if there has been a history of noncompliance with the court." *In re Vaso Active Pharm., Inc.*, 514 B.R. at 425 (citing *In the Matter of Kennedy*, 80 B.R. 674, 675 (Bankr. D. Del. 1987); *In re Norris*, 192 B.R. 863, 874 (Bankr. W.D. La. 1995), *aff'd*, 114 F.3d 1182 (5th Cir.

1997); *In re Frankel*, 192 B.R. 623, 632 (Bankr. S.D.N.Y.1996); *In re Duggan*, 133 B.R. 671, 672 (Bankr. D. Mass. 1991)); *see also In re Count Liberty, LLC,* 370 B.R. 259, 274 ("Incarceration is an appropriate coercive sanction for civil contempt so long as the contemnor can avoid the sentence imposed on him, or purge himself of it, by complying with the terms of the original order.") (quoting *Hicks* v. *Feiock*, 485 U.S. 624, 635 n.7 (1988) (internal quotations omitted)).

**B.    Anglin's Continued Noncompliance with This Court's Order Warrants Contempt Sanctions, Including Incarceration**

Under these standards, contempt sanctions against Anglin are warranted, including his arrest and incarceration if he continues his noncompliance with this Court's February 7 Order.  This Court "cautioned" Anglin "that if he fails to obey this discovery order, the Court may treat the failure as contempt of court and impose sanctions against him in the future.  Fed. R. Civ. P. 37(b)(2)(A)(vii)." (Dkt. 249 at 12).  In light of Anglin's noncompliance with the February 7 Order, those sanctions are now warranted and Anglin's failure to comply should be treated as contempt of court.

As demonstrated in the accompanying declaration, Anglin has violated a specific and definite order of the Court.  He has not produced any of the required discovery or responded in any way to the discovery request or the Court's Order.  "Substantial compliance," therefore, is not an issue.  Nor is there any issue of Anglin complying with a good faith and reasonable interpretation of the

February 7 Order.  Given Anglin's longstanding refusal to participate in these proceedings, it is evident that he will need to be incarcerated to compel his compliance with the Court's February 7 Order.

Anglin also failed to show cause why he should not be required to pay the attorneys' fees awarded to Ms. Gersh in connection with the motion to compel or to object to the $3,507.50 in attorneys' fees set forth in the fee affidavit submitted by Ms. Gersh's counsel.  Judgment should therefore be entered against him in that amount.

## III.    CONCLUSION

For the reasons set forth above, an order finding Anglin in contempt and directing the issuance of a warrant for his arrest if he does not purge his contempt should be entered, and adjudging Anglin liable for Ms. Gersh's attorneys' fees in connection with the motion to compel.  A proposed order setting forth the requested relief accompanies this motion.

DATED:  March 25, 2022

Respectfully submitted,

**PAUL, WEISS, RIFKIND,**
**   WHARTON & GARRISON LLP**

BY:

/s/Daniel J. Kramer
Daniel J. Kramer*
Robert N. Kravitz*
1285 Avenue of the Americas

New York, NY 10019-6064
Phone: 212-373-3000
Fax: 212-757-3990
Email:  dkramer@paulweiss.com
          rkravitz@paulweiss.com
*Counsel for Plaintiff Tanya Gersh*

John Morrison
MORRISON, SHERWOOD,
 WILSON & DEOLA, PLLP
401 N. Last Chance Gulch St.
Helena, MT 59601
Phone: 406-442-3261
Fax: 406-443-7294
john@mswdlaw.com
*Counsel for Plaintiff Tanya Gersh*

Beth Littrell*
SOUTHERN POVERTY LAW CENTER
P.O. Box 1287
Decatur, GA 30030
Phone: 404-221-5876
Fax: 404-221-5857
Email: beth.littrell@splcenter.org
*Counsel for Plaintiff Tanya Gersh*

*Admitted *pro hac vice*

16

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing brief complies with Local

Rule 7.1(d)(2).  It contains 3,486 words, excluding the caption, certificate of

compliance, tables of contents and authorities.

/s/Daniel J. Kramer
Attorney for Plaintiff Tanya Gersh
on behalf of all Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this date the foregoing document was filed with the clerk of court for the United States District Court of Montana through the Court's CM/ECF filing system, and by virtue of this filing notice will be sent electronically to all counsel of record.

I further certify that on this date I caused a copy of the foregoing document to be served via U.S. Mail upon the following party:

Andrew Anglin
6827 High Street, Suite 121
Worthington, OH 43805

Andrew Anglin
915 N. High Street
Columbus, OH 43201

Andrew Anglin
364 West Lane Avenue, Apt. 117
Columbus, OH 43201-100

Andrew Anglin
3827 High Street, Suite 121
Worthington, OH 43805

Andrew Anglin
7407 Brandshire Lane, Apt. B
Dublin, OH 43017-3400

Andrew Anglin
979 High Street, Suite 2
Worthington, OH 43805-4047

DATED:      March 25, 2022

                                    /s/Daniel J. Kramer
                                    Attorney for Plaintiff Tanya Gersh
                                    on behalf of all Attorneys for Plaintiff