IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH,<br><br>                Plaintiff,<br><br>vs.<br><br>ANDREW ANGLIN, publisher of the *Daily Stormer*,<br><br>                Defendant. | CV 17-50-M-DLC-KLD<br><br>FINDINGS & RECOMMENDATION |

This matter comes before the Court on Plaintiff Tanya Gersh's motion to hold Defendant Andrew Anglin in civil contempt of this Court's February 7, 2022 order compelling him to respond to Gersh's post-judgment discovery requests. (Doc. 252). The motion should be granted for the reasons set forth below.

I. **Background**

Gersh filed this action on April 18, 2017, alleging that Anglin had engaged in an online anti-Semitic harassment and intimidiation campaign against her and her family through his neo-Nazi website, the Daily Stormer. (Doc. 1). On August 8, 2019, the Court entered a default judgment against Anglin and in favor of Gersh for compensatory damages in the amount of $4,042,438 and punitive damages in the amount of $10,000,000. (Doc. 215). Anglin has yet to pay any portion of the monetary judgment entered against him.

On November 11, 2021, Gersh properly served Anglin with post-judgment discovery requests seeking information concerning Anglin's financial assets to aid in enforcement of the monetary judgment. (See Docs. 247-1; 247-2; 249, at 5). Anglin failed to respond, and Gersh filed a motion to compel pursuant to Rule 37 of Federal Rules of Civil Procedure. (Doc. 246).

The Court granted Gersh's motion to compel on February 7, 2022. (Doc. 249). The Court ordered Anglin to respond to Gersh's post-judgment interrogatories seeking information on Anglin's wheareabouts and contact information, the operation of the Daily Stormer website, and Anglin's assets for the time period from November 1, 2016 to the date of the Court's order. (Doc. 249 at 12-13). The Court also ordered Anglin to respond to Gersh's post-judgment discovery requests seeking the production of documents showing Anglin's income, expenses, assets, debts, and any communications Anglin had about those matters from Anglin's bank accounts, securities, cryptocurrency holdings, domain name holdings, intellectual property assets, and other ownership interests held by Anglin for the time period from November 1, 2016 to the date of the Court's order. (Doc. 249, at 12-13). The Court gave Anglin until March 11, 2022 within which to respond to Gersh's discovery requests and show cause why he should not be required to pay the reasonable expenses, including attorney fees, incurred by Gersh in making her motion to compel. (Doc. 249, at 12-13). The Court cautioned Anglin

that if he failed to comply, the Court might treat the failure as contempt of court and impose sanctions against him in the future. (Doc. 249, at 12).

Because Anglin does not have a physical mailing address, email address, or any other contact information on file with the Court, the Court ordered that counsel for Gersh be responsible for serving a copy of the February 7, 2022 order on Anglin and demonstrating proper service under Federal Rule of Civil Procedure 5(b). (Doc. 249, at 13). On February 10, 2022, Gersh filed a Notice of Compliance with the February 7, 2022 order's service requirements. (Doc. 250; Doc. 250-2; Doc. 253-1, at ¶ 30). On February 11, 2022, Gersh received notice that a copy of the February 7, 2022 order sent by U.S. mail was delivered to a physical address in Dublin, Ohio and was not returned. (Doc. 253-1, at ¶ 31; Doc. 253-3; Doc. 253-4, at 2). On February 11, 2022, Gersh filed an affidavit setting forth $3,507.50 in attorneys' fees incurred in connection with making the motion to compel. (Doc. 251).

Anglin did not comply with or otherwise respond to to the Court's order by the March 11, 2022 deadline. (Doc. 253-1, at ¶¶ 34-35). Anglin has also failed to show cause why he should not be required to pay the $3,507.50 in attorneys' fees incurred by Gersh in making the motion to compel. (Doc. 253-1, at ¶ 36).

On March 25, 2022, Gersh filed the pending motion asking the Court to hold Anglin in civil contempt based on Rule 37 of the Federal Rules of Civil

Procedure and its inherent contempt power.[1] (Doc. 252). Gersh requests that the Court find Anglin in contempt for failing to comply with the February 7, 2022 order, give Anglin thirty days to purge himself of the contempt, and direct that a bench warrant for Anglin's arrest be issued if he fails to purge himself of the contempt within the time specified.[2] Gersh also asks the Court to enter judgment awarding her $3,507.50 for attorneys' fees incurred in making the motion to compel. (Doc. 253, at 20). Anglin has not responded to Gersh's motion, which is ripe for ruling.

## II.     Legal Standards

Rule 37 of Federal Rules of Civil Procedure authorizes a district court to impose sanctions against a party who fails to obey a court order compelling discovery. Fed. R. Civ. P. 37(b)(2). Rule 37 lists several permissible sanctions, including treating a party's failure to comply with a discovery order as contempt of court. Fed. R. Civ. P. 37(b)(vii). District courts have broad discretion in deciding whether to impose sanctions under Rule 37. See e.g. *Connecticut Gen. Life Ins. Co.*

---

[1] There has been no docket activity in this case since March 25, 2022. Thus, as of the date of this Findings & Recommendation, the record reflects that Anglin still has not complied with or responded to the Court's February 7, 2022 order.

[2] The proposed order Gersh has submitted as an exhibit to her motion indicates she is additionally requesting that if Anglin fails to purge himself of the contempt within the time period specified, the Court assess a civil fine of $100 per day for every day that Anglin remains in contempt. (Doc. 252-1, at 5).

4

*v. New Images of Beverly Hills*, 482 F.3d 1091, 1097 (9th Cir. 2007). In deference to that discretion, the Ninth Circuit has upheld district court orders imposing civil contempt as a sanction for failing to comply with discovery orders in a variety of situations. See e.g. *United States v. Ayres,* 166 F.3d 991, 996 (9th Cir. 1999) (upholding civil contempt based on uncontroverted evidence of the defendant's failure to comply with discovery orders); *United States v. Carter*, 17 F.3d 396 (9th Cir. 1994) (affirming imposition of civil contempt sanctions to coerce compliance with an order to produce documents); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1481-82 (9th Cir. 1992) (affirming a finding of civil contempt for failure to comply with discovery orders); *United States v. Westinghouse Elec. Corp.*, 648 F.2d 642, 651-52 (9th Cir. 1981) (affirming imposition of civil contempt sanctions under Rule 37(b) for failing to comply with discovery orders), *overruled on other grounds by Fed. Trade Comm'n v. Actavis*, 570 U.S. 136 (2013).

In addition to the authority provided under Rule 37, district courts have inherent power to hold a party in civil contempt for violating a court order. See e.g. *Calif. Dept. of Social Servs. v. Leavitt*, 523 F.3d 1025, 1033 (9th Cir. 2008) ("There is no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt."); *Gifford v. Heckler*, 741 F.2d 263, 265 (9th Cir. 1984) ("A district court has the power to adjudge in civil contempt any person

who willfully disoberys a specific and definite order of the court."). As with Rule 37, district courts have broad discretion in deciding whether to exercise their ineherent contempt power. *Lasar v. Ford Motor Co.*, 399 F.3d 1101, (9th Cir. 2005).

Unlike sanctions for criminal contempt, which are punitive and meant to punish, *Ayres*, 166 F.3d at 995, sanctions for civil contempt are remedial in nature. *United States v. Bright*, 596 F.3d 683, 695-96 (9th Cir. 2010). "Given the remedial purpose of the sanction, a finding of contempt must be accompanied by conditions by which the contempt may be purged," and the contempt must be lifted if the conditions are met. *Bright*, 596 F.3d at 696.

Civil contempt is established when a party disobeys "a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1130 (9th Cir. 2006). See also *In re Dual-Deck Video Cassette Recorder Antitrust Litigation*, 10 F.3d 693, 695 (9th Cir. 1993). In the Ninth Circuit, "[t]he standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the [non-moving party] violated a specific and definite order of the court." *Fed. Trade Comm'n v. Affordable Media LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). In addition, the moving party must also demonstrate by clear and convincing evidence that the violation was "beyond

substantial compliance" and was "not based on a good faith and reasonable interpretation of the order." *Bright*, 596 F.3d at 694. See also *In re Dual-Deck*, 10 F.3d at 695.

If the moving party meets its burden, the burden then shifts to the alleged contemnor to show a present inability to comply. *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629-30 (9th Cir. 2016); *United States v. Drollinger*, 80 F.3d 389, 393 (9th cir. 1996). If compliance is factually impossible, "neither the moving party nor the court has any reason to proceed with the civil contempt action." *United States v. Rylander*, 460 U.S. 752, 757 (1983). Present inability to comply is therefore a complete defense to a finding of civil contempt. *Drollinger*, 80 F.3d at 393.

"A court may wield its civil contempt powers for two separate and independent purposes: (1) to coerce the defendant into compliance with the court's order; and (2) to compensate the complainant for the losses sustained." *Shell Offshore Inc. v. Greenpeace, Inc.,* 815 F.3d 623, 629 (9th Cir. 2016) (quotations omitted). See also *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003) ("Civil penalties must either be compensatory or designed to coerce compliance.")

"In addition to ordering monetary sanctions, the court's civil contempt authority includes the power to issue a bench warrant for the contemnor's arrest." *Rob Kolson Creative Productions, Inc. v. Stander*, 2020 WL 4334116, at *8 (C.D.

Cal. May 20, 2020 (citing *Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985). See also *In re Si Yeon Park, Ltd.*, 198 B.R. 959, 969 (Bankr. C.D. Cal. 1996) (recognizing that "[i]n a sufficiently egregious civil contempt proceedings involving a private party, the United States Marshals can arrest the contemnor pursuant to a bench warrant, and incarcerate that indiviudal until compliance is achieved."). As a general rule, however, the "the district court 'should apply the least coercive sanctions (e.g., a monetary penalty) reasonably calculated to win compliance with its orders'" *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980)).

**III.   Discussion**

    **A.   Civil Contempt**

To prevail on her contempt motion, Gersh has the initial burden of demonstrating by clear and convincing evidence that Anglin violated the Court's February 7, 2022 discovery order, and that the violation was (1) beyond substantial compliance and (2) not based on a good faith and reasonable interpretation of the order. See *In re Dual-Deck*, 10 F.3d at 695.

Gersh has easily met this burden here. She has submitted evidence demonstrating that Anglin did not comply with or otherwise respond to the Court's order compelling discovery by the March 11, 2022 deadline or by the time she filed her contempt motion two weeks later. (Doc. 253-1, at ¶¶ 34-35). There has

been no docket activity in the case since March 25, 2022. Because there is nothing in the record to suggest that Anglin has provided the discovery at issue or responded to the discovery order in any way, he has not substantially complied with the Court's order. Likewise, and in light of Anglin's longstanding refusal to comply with his discovery obligations and participate in these proceedings, there is no evidence that Anglin's violation was based on a good faith and reasonable interpretation of the Court's order.

Because Gersh has met her initial burden, it falls on Anglin now to demonstrate that he is presently unable to comply with the February 7, 2022 discovery order. *Shell Offshore*, 815 F.3d at 629-30. As explained in prior orders, however, Anglin has a history of failing to comply with his discovery obligations and effectively ceased participating in this litigation after his counsel withdrew in April 2019. (See e.g. Doc. 232; Doc. 243; Doc. 249). He did not appear at the hearing on Gersh's motion for default judgment in July 2019, and has made no further filings in the case. Anglin did not respond to Gersh's motion to compel the postjudgment discovery at issue, and has made no attempt to demonstrate an inabilty to comply with the Court's February 7, 2022 order granting that motion. The standard for civil contempt is thus satisfied, and civil contempt sanctions against Anglin are warranted.

Based on Anglin's longstanding refusal to participate in these proceedings, Gersh contends it is evident that he will need to be incarcerated to compel his compliance with the February 7, 2022 order. Gersh therefore asks the Court to direct that a bench warrant for Anglin's arrest be issued if he does not purge himself of the contempt within thirty days.

The district court's authority to issue a bench warrant as a sanction for civil contempt is well-established in the Ninth Circuit. In *Perry v. O'Donnell,* 759 F.2d 702, 706 (9th Cir. 1985), for example, the Ninth Circuit held the district court did not abuse its discretion in awarding fees and expenses as a civil contempt sanction where the contemnor did not comply with a court order even after being found in contempt and a bench warrant for her arrest had been issued. Likewise, in *Sand Creek Partners, Ltd. v. Am. Fed. Savings & Loan Assoc. of Colorado,* 2015 WL 10401403, at **1-2 (D. Nev. Sept. 15, 2015), a magistrate judge recommended entering monetary sanctions and issuing a bench warrant where contemnor failed to comply with several court orders, despite having been provided notice and an opportunity to be heard. The district court entered the recommended monetary sanctions and issued a bench warrant. *Sand Creek*, 2016 WL 829974 (D. Nev. Mar. 2, 2016).

Additionally, in a case out of the District of Montana, the court adjudged the defendant in civil contempt to failing to respond to requests for production

submitted by the Federal Trade Commission. *Fed. Trade Comm'n v. Ellsworth*, 2014 WL 2767534 (D. Mont. June 18, 2014). The court ordered that a bench warrant for the defendant's arrest would issue if he failed to purge himself of the contempt within ten days. *Ellsworth*, 2014 WL 2767534, at *10. See also *Wilhelm v. Yott,* 2009 WL 106922110, at *6 (E.D. Cal. May 4, 2009) (recommending that plaintiff and his attorney be held in contempt for repeatedly disobeying court orders and cautioning that failure to appear at upcoming court hearing might result in a warrant for their arrest); *In re Si Yeon Park,* 198 B.R. 956 (Bankr. C.D. Cal. 1996) (recognizing that the court can issue a bench warrant in sufficiently egregious civil contempt proceedings involving a private party, but the finding that enforcement remedy was not available under the circumstances, which involved a request for injunctive relief against a state court, not a private party); *TracFone Wireless Inc. v. Holden Property Servs. LLC.,* 103 F. Supp. 3d. 1357, 1362 (S.D. Fla. 2015) (issuing contempt sanctions for failure to comply with discovery orders, and cautioning that continued failure to provide court-ordered discovery could result in arrest and imprisonment).

      The Court is mindful that the "imposition and selection of sanctions pursuant to Rule 37(b) must be consistent with due process requirements." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783 (9th Cir. 1983). Likewise, "due process is a limitation on the court's contempt power." *Falstaff*, 702 F.2d at 783.

"Thus, due process is a limitation upon the application of [civil contempt] sanctions -whether imposed pursuant to the court's inherent contempt power or to the Rule 37(b) contempt power." *Falstaff,* 702 F.2d at 783.

Unlike criminal contempt, sanctions for civil contempt are avoidable and thus require fewer procedural protections. *Ayres,* 166 F.3d at 995; *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 831 (1994). Civil contempt "may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond reasonable doubt is required." *Ayres,* 166 F.3d at 995 (quoting *Bagwell,* 512 U.S. at 827). While the court generally should not impose civil contempt sanctions based solely upon the affidavits, due process does not require a full-blown evidentiary hearing where "the affidavits offered in support of a finding of contempt are uncontroverted." *Ayres,* 166 F.3d at 995 (quoting *Peterson v. Highland Music Inc.,* 140 F.3d 1313, 1324 (9th Cir. 1998), *cert denied,* 525 U.S. 983 (1998)). Thus, where issue of contempt is effectively uncontroverted, procedures that afford the contemnor notice and an opportunity to be heard are sufficient to satisfy due process. *Ayres*, 166 F.3d at 996.

The procedures employed thus far are sufficient to satisfy Anglin's right to due process. The evidence submitted by Gersh in support of her contempt motion is both compelling and uncontroverted. Anglin has demonstrated a longstanding

12

pattern of evasive, uncooperative, and defiant conduct throughout the course of this litigation. Given Anglin's long history of noncompliance, a bench warrant is a reasonable and appropriate civil contempt sanction calculated to coerce Anglin's compliance with the February 7, 2022 order. See, *In re Vaso Active Pharm, Inc.*, 514 B.R. 416, 425 (D. Del. 2014) (recognzing that civil contempt sanction of incarceration may be appropriate "when it is strongly believed there is no reason to expect compliance with increased monetary sanctions, particularly if there has been a history of noncompliance with the court").

Although Gersh does not ask for monetary sanctions in her motion and supporting brief, the Court notes that she has submitted a proposed order indicating that she is additionally requesting a civil fine of $100 per day for every day that Anglin remains in contempt. (Doc. 252-1, at 5). Given Anglin's history of noncompliance and failure to pay any portion of the roughly $14 million dollar default judgment entered against him nearly three years ago, however, the Court finds that finds that imposing monetary contempt sanctions would be futile and would not serve the purpose of coercing Anglin to comply with the February 7, 2022 order.

    **B.**    **Attorney Fees**

If a Rule 37 motion to compel is granted, the court "must, after giving an opportunity to be heard, require the party … whose conduct necessitated the

motion to pay the movant's resonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). In the February 7, 2022 order granting Gersh's motion to compel, the Court gave Anglin until March 11, 2022 within which to be heard and show cause why he should not be required to pay the reasonable expenses, including attorney fees, incurred by Gersh in making her motiont compel. (Doc. 249, at 12-13). The Court further ordered that, on or before March 11, 2022, Gersh file an affidavit of counsel setting forth the reasonable expenses, including attorney fees, that were incurred in the presentation of the motion to compel. (Doc. 249, at 13).

Anglin has made no attempt to show cause why he should not be required to pay Gersh's reasonable expenses, including attorney fees. As directed by the Court, Gersh's counsel submitted a fee affidavit detailing attorneys' fees and costs in the amount of $3,507.50 incurred in making the motion to compel. (Doc. 251).

## IV. Conclusion

For the reasons outlined above,

IT IS RECOMMENDED that Gersh's Motion to Hold Defendant Andrew Anglin in Contempt of this Court's February 7, 2022 Order and to Enforce Discovery Pursuant to that Order (Doc. 252) be GRANTED. Anglin should be held in civil contempt, and should be adjudged liable for Gersh's attorneys' fees and costs in the amount of $3,507.50.

IT IS FURTHER RECOMMENDED that:

(1) the Court give Anglin thirty days to purge himself of contempt by complying with all requests for production and interrogatories as set forth in the Court's February 7, 2022 order, and;

(2) the Court issue a bench warrant for Anglin's apprehension if he fails to purge himself of the contempt within the time period specified.

Finally, IT IS ORDERED that, within five business days of the date of this Findings & Recommendation, Gersh's counsel shall serve a copy of this Findings & Recommendation on Anglin in accordance with Fed. R. Civ. P. 5(b) at each of the addresses set forth in Gersh's prior proof of service (Doc. 250) and shall file proof of such service with the Court.

The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after entry hereof, or objection is waived.

DATED this 11th day of May, 2022.

_____
Kathleen L. DeSoto
United States Magistrate Judge