IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| TANYA GERSH, | CV 17–50–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| ANDREW ANGLIN, publisher of the *Daily Stormer*, | |
| Defendant. | |

Before the Court is United States Magistrate Judge Kathleen L. DeSoto's Findings & Recommendation (Doc. 254) regarding Plaintiff Tanya Gersh's Motion to Hold Defendant Andrew Anglin in Civil Contempt (Doc. 252). Because neither party objected, they are not entitled to *de novo* review. 28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Therefore, the Court reviews the Findings and Recommendation for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

On November 11, 2021, Gersh served Anglin with post-judgment discovery requests seeking information concerning Anglin's financial assets to aid in

1

enforcement of the monetary judgment entered against him by this Court. (*See* Docs. 247-1; 247-2; 249 at 5.) Anglin failed to respond to these requests and Gersh filed a motion to compel (Doc. 246), which this Court granted on February 7, 2022. (Doc. 249.) The deadline set for a response, March 11, 2022, has passed and Anglin has again failed to respond. Gersh now requests that the Court find Anglin in contempt for failing to comply with the Court's Order, give Anglin thirty days to purge himself of the contempt, and direct that a bench warrant for Anglin's arrest be issued if he fails to purge himself. (*See* Docs. 252; 252-1 at 4–5; 253 at 19–20.) Gersh also requests that the court enter judgment awarding her $3,507.50 in attorney's fees incurred in making the motion to compel. (Doc. 253 at 20.)

Judge DeSoto recommends that this Court grant Gersh's motion to hold Anglin in civil contempt and adjudge Anglin liable for Gersh's attorney's fees and costs in the amount of $3,507.50. (Doc. 254 at 14.) Judge DeSoto further recommends that Anglin be given thirty (30) days to purge himself of contempt and that the Court issue a bench warrant should Anglin fail to do so. (*Id.* at 15.) The Court finds no clear error in Judge DeSoto's Findings and Recommendation and adopts them in full.

Accordingly, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 254) are ADOPTED IN FULL. The Court holds Anglin in civil contempt and adjudges Anglin liable for Gersh's attorneys' fees and costs in

the amount of $3,507.50.

IT IS FURTHER ORDERED that:

(1) the Court gives Anglin thirty (30) days to purge himself of contempt by complying with all requests for production and interrogatories as set forth in the Court's February 7, 2022, Order, and;

(2) the Court will issue a bench warrant for Anglin's apprehension if he fails to purge himself of the contempt within the time period specified.

IT IS FURTHER ORDERED that Gersh's contempt motion (Doc. 252) is GRANTED.

DATED this 28th day of September, 2022.

Dana L. Christensen, District Judge
United States District Court